IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT COURT OF DELAWARE

| | |
|---|---|
| SARA S. ECHEVARRIA, ) | |
| ) | |
| Plaintiff, ) | C.A. No.: 05-284 |
| ) | |
| v. ) | NON-ARBITRATION |
| ) | |
| U-HAUL INTERNATIONAL, INC., ) | TRIAL BY JURY DEMANDED |
| ROGER MAYFIELD and NATIONWIDE ) | |
| GENERAL INSURANCE COMPANY, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT U-HAUL INTERNATIONAL, INC.'S
ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant, U-Haul International, Inc. (hereinafter "U-Haul") by and through its attorneys, Blank Rome LLP and Quarles & Brady LLP, hereby answers the Plaintiff's Complaint as follows:

1.   U-Haul lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of Plaintiff's Complaint and therefore denies the same.

2.   U-Haul admits that it is a Nevada corporation, that it does business at 2721 North Central Avenue, Phoenix, Arizona 85004 and has appointed CT Corporation System, 3225 North Central Avenue, Phoenix, Arizona 85012 as an agent for service of process. The remaining allegations of paragraph 2 state legal conclusions to which no answer is required.

3.   U-Haul lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of Plaintiff's Complaint and therefore denies the same.

900200.00001/40153607v1

4. U-Haul lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of Plaintiff's Complaint and therefore denies the same.

5. U-Haul lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of Plaintiff's Complaint and therefore denies the same.

6. U-Haul lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of Plaintiff's Complaint and therefore denies the same.

## Counts I and II
### Negligence and *Res Ipsa Loquitor* Against Defendant, Roger Mayfield

The allegations contained in Counts I and II of Plaintiff's Complaint, paragraphs 1 through 16, are not directed toward U-Haul nor is any relief sought from U-Haul. Therefore, U-Haul makes no response to the allegations contained in Counts I and II. Insofar as any of the allegations contained in Counts I and II are construed as being directed toward U-Haul, U-Haul denies the same.

## Count III
### Negligence Against Defendant U-Haul International, Inc.

17. U-Haul restates and realleges its answers to paragraphs 1 through 16 of Plaintiff's Complaint as if fully set forth herein.

18. U-Haul denies the allegations contained in paragraph 18 of Plaintiff's Complaint including those contained in subparagraphs (a) through (e).

19. U-Haul denies the allegations contained in paragraph 19 of Plaintiff's Complaint.

900200.00001/40153607v1

20. U-Haul lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of Plaintiff's Complaint and therefore denies the same.

21. U-Haul lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of Plaintiff's Complaint and therefore denies the same.

22. U-Haul lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of Plaintiff's Complaint and therefore denies the same.

23. U-Haul lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of Plaintiff's Complaint and therefore denies the same.

24. U-Haul lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of Plaintiff's Complaint and therefore denies the same.

**Count IV**
**Strict Liability Against Defendant U-Haul International, Inc.**

25. U-Haul restates and realleges its answers to paragraphs 1 through 24 of Plaintiff's Complaint as if fully set forth herein.

26. U-Haul denies the allegations of paragraph 26.

27. U-Haul denies the allegations of paragraph 27.

28. U-Haul denies the allegations contained in paragraph 28 of Count IV of Plaintiff's Complaint including those contained in subparagraphs (a) through (d).

29. U-Haul denies the allegations contained in paragraph 29 of Count IV of Plaintiff's Complaint.

30. U-Haul lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of Plaintiff's Complaint and therefore denies the same.

31. U-Haul lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of Plaintiff's Complaint and therefore denies the same.

32. U-Haul lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of Plaintiff's Complaint and therefore denies the same.

33. U-Haul lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of Plaintiff's Complaint and therefore denies the same.

34. U-Haul lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 of Plaintiff's Complaint and therefore denies the same.

### Count V
### Breach of Warranty Against Defendant U-Haul International, Inc.

35. U-Haul restates and realleges its answers to paragraphs 1 through 34 of Plaintiff's Complaint as if fully set forth herein.

36. The allegations of paragraph 36 state legal conclusions to which no answer is required. To the extent an answer is required, U-Haul denies the same.

37. The allegations of paragraph 37 state legal conclusions to which no answer is required. To the extent an answer is required, U-Haul denies the same.

38. The allegations of paragraph 38 state legal conclusions to which no answer is required. To the extent an answer is required, U-Haul denies the same.

39. U-Haul lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39 of Plaintiff's Complaint and therefore denies the same.

40. U-Haul lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40 of Plaintiff's Complaint and therefore denies the same.

41. U-Haul lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 41 of Plaintiff's Complaint and therefore denies the same.

42. U-Haul lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42 of Plaintiff's Complaint and therefore denies the same.

43. U-Haul lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43 of Plaintiff's Complaint and therefore denies the same.

## Count VI
### Res Ipsa Loquitur (D.R.E. 304) Against Defendant U-Haul International, Inc.

44. U-Haul restates and realleges its answers to paragraphs 1 through 43 of Plaintiff's Complaint as and for its answers to paragraph 44 of Count VI as though fully set forth herein.

45. U-Haul denies the allegations contained in paragraph 45 of Count VI of Plaintiff's Complaint including those contained in subparagraphs (a) through (d).

46. U-Haul lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46 of Plaintiff's Complaint and therefore denies the same.

47. U-Haul lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 47 of Plaintiff's Complaint and therefore denies the same.

48. U-Haul lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 48 of Plaintiff's Complaint and therefore denies the same.

49. U-Haul lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 49 of Plaintiff's Complaint and therefore denies the same.

50. U-Haul lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 50 of Plaintiff's Complaint and therefore denies the same.

900200.00001/40153607v1

### Count VII
### Plaintiff's Claims Against Defendant, Nationwide General Insurance Company

The allegations contained in Count VII of Plaintiff's Complaint are not directed toward U-Haul nor is any relief sought from U-Haul. Therefore, U-Haul makes no response to the allegations contained in Count VII. Insofar that any of the allegations contained in Count VII are construed as being directed toward U-Haul, U-Haul denies the same.

### Count VIII
### Plaintiff's Joint and Several Claims Against All Defendants

56. U-Haul restates and realleges its answers to paragraphs 1 through 55 of Plaintiff's Complaint as if fully set forth herein.

57. U-Haul denies the allegations contained in paragraph 57.

WHEREFORE, U-Haul respectfully requests this Honorable Court for the entry of an Order in favor of U-Haul and against Plaintiff, dismissing the Complaint in its entirety, with prejudice, and for such other and further relief as this Court deems appropriate and just.

### AFFIRMATIVE DEFENSES

Without prejudice to the denials of the allegations contained in the Plaintiff's Complaint, U-Haul, without waiving the obligations of Plaintiff to prove every factual element of her claims, states as and for its affirmative defenses as follows:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims against U-Haul are barred or limited because the products manufactured, sold or supplied and used by Mayfield were misused, abused, or altered by parties or persons in possession of the products subsequent to U-Haul.

## SECOND AFFIRMATIVE DEFENSE

To the extent Plaintiff's allegations contained in Count IV (Strict Liability) state a claim, such claim and/or claims are barred by the applicable statute of repose.

## THIRD AFFIRMATIVE DEFENSE

Upon information and belief, in the event that product manufactured or supplied by U-Haul is identified as having caused or contributed to any alleged injuries and damages (which is denied) Plaintiff's alleged damages were caused, if at all, by products of others or by the negligence, fault or conduct of others, or by other instrumentalities, over which U-Haul had no control nor right to control.

## FOURTH AFFIRMATIVE DEFENSE

Upon information and belief, the Plaintiff has failed to mitigate her damages.

## FIFTH AFFIRMATIVE DEFENSE

Upon information and belief, if the Plaintiff sustained any damages or injuries, which is specifically denied, said damages and injuries were caused or contributed by the acts, omissions, or fault of Plaintiff, including contributory negligence or contributory fault, and if such acts, omissions or faults do not act as a complete bar, then said acts diminish Plaintiff's right to recover an amount based on relative degree of fault.

## SIXTH AFFIRMATIVE DEFENSE

Upon information and belief, the Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## SEVENTH AFFIRMATIVE DEFENSE

Upon information and belief, the Plaintiff's injuries and damages, if any, were caused by an intervening or superseding cause.

### EIGHTH AFFIRMATIVE DEFENSE

Upon information and belief, the proximate cause of the incident allegedly giving rise to Plaintiff's action was an alteration, modification of the truck, trailer, hitch and/or component parts which was not reasonably foreseeable, made or supplied by an entity other than U-Haul and subsequent to the time the products were first manufactured, sold or supplied by U-Haul.

### NINTH AFFIRMATIVE DEFENSE

Upon information and belief, the design and manufacture of the truck, trailer, hitch and/or component parts referred to in the Plaintiff's Complaint conformed in all respects of the state of the art at the time they were sold or supplied by U-Haul.

### TENTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are time barred.

### ELEVENTH AFFIRMATIVE DEFENSE

U-Haul reserves the right to assert any additional defenses which discovery or other investigation may reveal to be appropriate.

WHEREFORE, U-Haul respectfully requests this Honorable Court for the entry of an Order in favor of U-Haul and against Plaintiff, dismissing the Complaint with prejudice and for such other and further relief as this Court deems appropriate and just.

BLANK ROME LLP

_____
STEVEN L. CAPONI (DSBA No. 3484)
1201 Market St., Suite 800
Wilmington DE 19801
(302) 425-6408
(302) 425-6464 (Fax)

Date: May 17, 2005                    Attorneys for Defendant U-Haul International, Inc.

Of Counsel:

Francis H. LoCoco
Quarles & Brady LLP
411 East Wisconsin Avenue
Milwaukee, WI 53122
414-277-5341
414-978-8841 (Fax)

Monica M. Tynan
ILARDC #06210307
Quarles & Brady LLP
Citicorp Center
500 W. Madison Street, Suite 3700
Chicago, IL 60661-2511
312-715-5000
312-715-5155 (Fax)

## CERTIFICATE OF SERVICE

I, Steven L. Caponi, hereby certify that on this 17th day of May, 2005, a copy of Defendant U-Haul International Inc.'s Answer and Affirmative Defenses to Plaintiff's Complaint was served by hand upon:

> Richard A. DiLiberto, Jr.
> Young Conaway Stargatt & Taylor, LLP
> The Brandywine Building, 17th Fl.
> 1000 West Street
> Wilmington, DE 19801

Steven L. Caponi (#3484)