IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT COURT OF DELAWARE

| | |
|---|---|
| SARA S. ECHEVARRIA,<br><br>    Plaintiff,<br><br>v.<br><br>U-HAUL INTERNATIONAL, INC.,<br>ROGER MAYFIELD, and<br>NATIONWIDE GENERAL INSURANCE<br>COMPANY,<br><br>    Defendants. | Case No.: 05-284 (GMS)<br><br>Removed from Superior Court,<br>New Castle County, Delaware<br>C.A. No.: 05C-03-188 WCC |

## PLAINTIFF SARA S. ECHEVARRIA'S MOTION FOR REMAND

Plaintiff Sara S. Echevarria (hereinafter "Plaintiff") in the above-captioned proceeding, hereby moves this Court to remand this action to the Superior Court of the State of Delaware in and for New Castle County pursuant to 28 U.S.C. § 1447. The grounds for remand are as follows:

1. Plaintiff filed her Complaint (attached hereto as Ex. A) in this case in the Superior Court of the State of Delaware in and for New Castle County on March 16, 2005 against Defendants U-Haul International, Inc., Roger Mayfield, and Nationwide General Insurance Company.

2. Defendant U-Haul International, Inc. (hereinafter "U-Haul") was served with the Complaint on April 22, 2005 pursuant to Delaware's long-arm statute, 10 Del. C. § 3104.

3. Defendant Nationwide General Insurance Company (hereinafter "Nationwide") was served with the Complaint on April 9, 2005 pursuant to 18 Del. C. §§ 524

and 525, which provide for service of process on the Insurance Commissioner for the State of Delaware on behalf of non-resident insurers.

4. Defendant Roger Mayfield has not yet been served with the Complaint.

5. On May 10, 2005, Defendant U-Haul filed a Notice of Removal (attached hereto as Ex. B) in this Court and a Notice of Filing Petition for Removal (attached hereto as Ex. C) in the Delaware Superior Court.

6. In its Notice of Removal, Defendant U-Haul states that "Nationwide, through its authorized representative, has consented to the removal of this action from The Superior Court of the State of Delaware, New Castle County to Federal Court for the Federal District of Delaware."

7. Defendant Nationwide did not sign the Notice of Removal or file any type of written consent to Defendant U-Haul's Notice of Removal.

8. Under 28 U.S.C. § 1446(b), any Defendant seeking removal of an action from a state court to federal court must file a notice of removal within thirty (30) days of service of the complaint upon the defendant. Delaware adopts the "later-served defendant" rule regarding 1446(b)'s 30-day requirement in multiple defendant cases. *Liberty Mut. Ins. Co. v. Bayer Corp.*, 2002 U.S. Dist. LEXIS 12581, at *7-8 (D. Del. July 8, 2002) (attached hereto as Ex. D). That is, "'each defendant to an action is entitled to thirty days after service to remove an otherwise removable action and … all defendants can consent to that removal, even if their own thirty-day periods have expired.'" *Id.* at *7 (quoting *Griffith v. Am. Home Prods.*, 85 F. Supp. 2d 995, 998 (E.D. W. Va. 2000)).

9. Because Defendant U-Haul was the "later-served defendant", the thirty day removal period applicable to both Defendant U-Haul and Defendant Nationwide starts to run from April 22, 2005, the day Defendant U-Haul was served. Thus, the thirty day removal period expired on May 23, 2005.

10. In order for a removal notice to be procedurally valid, all defendants who have been served with the complaint must join in the removal petition. *Albert v. BMW*, 2002 U.S. App. LEXIS 24704, at *3-4 (3d Cir. June 10, 2002) (attached hereto as Ex. E). This is commonly referred to as the "unanimity requirement." Under 28 U.S.C. § 1447(c) a motion for remand may be made based on a defect in the removal procedure. *See also Albert*, 2002 U.S. App. LEXIS 24704, at *3.

11. Other Circuit Courts have held that while it is not necessary for each defendant to sign the notice of removal, in order for a defendant to "join in" the notice of removal, that defendant must file something in writing consenting to the notice of removal. *See Roe v. O'Donohue*, 38 F.3d 298, 301 (7th Cir. 1994) ("To 'join' a motion is to support it in writing."); *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1262 n.11 (5th Cir. 1988) ("[T]here must be some timely filed written indication from each served defendant, or from some person or entity purporting to formally act on its behalf in this respect and to have authority to do so, that it has actually consented to such action.").

12. In fact, a mere statement in the notice of removal that all served defendants consent to removal has been held to be insufficient to satisfy the unanimity requirement. *See O'Donohue*, 38 F.3d at 301 (holding that the notice of removal stating that "all other defendants who have been served with summons in this action have stated that they do not

object to the removal of this action to federal court" was deficient because all served defendants were required to "join in" the notice by supporting it themselves in writing); *Getty Oil*, 841 F.2d at 1262 n.11 (holding that the notice removal stating that the defendant "do[es] not oppose and consent[s] to this Petition for Removal" was deficient because all served defendants were required to "join in" the notice by supporting it themselves in writing).

13. In the instant case, Defendant Nationwide did not timely consent to Defendant U-Haul's Notice of Removal in writing. The paragraph in Defendant U-Haul's Notice of Removal averring that Defendant Nationwide consents to the Notice of Removal in insufficient to satisfy the unanimity requirement.

WHEREFORE, Plaintiff Sara S. Echevarria respectfully requests that the Court grant its Motion for Remand and remand this matter to the Superior Court of the State of Delaware in and for New Castle County.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ Richard A. DiLiberto, Jr.

Richard A. DiLiberto, Jr. (#2429)
Jennifer M. Kinkus (#4289)
The Brandywine Building, 17th Floor
1000 West Street
P.O. Box 391
Wilmington, Delaware 19899-0391
(302) 571-6657
Attorneys for Plaintiff

Dated: May 24, 2005