# EXHIBIT "A" TO PLAINTIFF SARA S. ECHEVARRIA'S MOTION FOR REMAND

EFiled: Mar 16 2005 3:40PM EST
Filing ID 5376193

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

| | | |
|---|---|---|
| SARA S. ECHEVARRIA, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No : |
| | ) | |
| v. | ) | NON-ARBITRATION |
| | ) | |
| U-HAUL INTERNATIONAL, INC., | ) | TRIAL BY JURY DEMANDED |
| ROGER MAYFIELD, and | ) | |
| NATIONWIDE GENERAL INSURANCE | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

1.      Plaintiff, Sara S. Echevarria, is a resident of the State of Delaware,

residing at 214 Johnce Road, Newark, Delaware 19711.

2.      Defendant, U-Haul International, Inc. (hereinafter "U-Haul"), is an

Arizona Corporation doing business at 2721 North Central Avenue, Phoenix, Arizona 85004

Their agent for service of process is C T Corporation System, 3225 North Central Avenue,

Phoenix, Arizona 85012. Pursuant to 10 Del. C. § 3104, U-Haul is deemed to have appointed the

Secretary of the State of Delaware as its agent for acceptance of process in this matter.

3.      Defendant, Roger Mayfield (hereinafter "Mayfield"), is a resident of the

State of Florida, residing at 12855 South Belcher Road, B-8, Largo, Florida 33773.  Pursuant to

10 Del. C. § 3112, he is deemed to have appointed the Secretary of the State of Delaware as his

agent for acceptance of process in this matter.

4.      Defendant, Nationwide General Insurance Company, (hereinafter

"Nationwide") is an insurance company authorized to conduct and is conducting insurance

63287 1001

business within the State of Delaware. Its agent for service of process is the Insurance Commissioner, 841 Silver Lake Blvd., Dover, Delaware 19901

     5.    On or about Saturday, May 15, 2004, at approximately 12:09 p.m., plaintiff, Sara Echevarria, was driving her automobile eastbound on Delaware Route 2, in the left traffic lane, passing through the intersection of Upper Pike Creek Road, Newark, Delaware. At the same time, defendant Mayfield, was driving a motor vehicle and towing a U-Haul trailer, traveling westbound on Delaware Route 2 in the left traffic lane approaching the intersection of Upper Pike Creek Road, Newark, Delaware.

     6.    As plaintiff was proceeding into the intersection of Route 2 and Upper Pike Creek Road, the U-Haul trailer defendant Mayfield was pulling broke free from the hitch and traveled westbound, jumping the center concrete median, and continued westbound into the eastbound traffic lane. The U-Haul trailer's tongue struck plaintiff's driver's side front fender and door, slicing through the area between the front and back door like a can opener. The impact of the collision caused plaintiff's vehicle to travel approximately 5 feet before being flipped onto its roof and then traveled approximately 15 feet. Plaintiff's vehicle continued sliding on its roof in a counterclockwise direction. Plaintiff was trapped in her vehicle, on its sunroof, for approximately 25 minutes before being extricated by emergency personnel using a wench to remove the roof from the car.

## Count I

## Negligence Against Defendant, Roger Mayfield

     7.    The allegations contained in paragraphs 1 through 6 hereof are incorporated herein by reference.

2

8.    The aforesaid collision was proximately caused by the negligence of defendant Mayfield, who was negligent in that he:

(a)    Failed to prevent the trailer from escaping, in violation of 21 Del. C. § 4371;

(b)    Knowingly moved the trailer on a highway when he knew or should have known the trailer was in an unsafe condition, in violation of 21 Del. C. § 2115(b);

(c)    Failed to give full time and attention to the operation of his motor vehicle, in violation of 21 Del. C. § 4176(b);

(d)    Operated his motor vehicle in a careless and imprudent manner, without due regard for traffic conditions then existing, in violation of 21 Del. C. § 4176(a);

(e)    Drove his vehicle in a willful or wanton manner without due regard for the safety of persons or property, in violation of 21 Del. C. § 4175(a);

(f)    Operated his motor vehicle in a manner which allowed the trailer to cross over the median, in violation of 21 Del. C. § 4124;

(g)    Operated his vehicle in a manner which allowed the trailer to cross over a central dividing section or other separation or dividing line, in violation of 21 Del. C. § 4126(a)(1);

(h)    Operated his vehicle in a manner which allowed the trailer to travel in the improper lane, in the improper direction, in violation of 21 Del. C. § 4126(a)(3); and

(i)    Was otherwise negligent.

9    As a direct and proximate result of the collision, plaintiff, Sara Echevarria, suffered personal injuries including, but not limited to, injuries to her head, eyes, back, left arm,

3

63287 1001

left elbow, hands, bruising, rib pain, concussion, and spinal cord compression. Some or all of her injuries are permanent.

      10. As a direct and proximate consequence of her injuries, plaintiff, Sara Echevarria, has experienced scarring, severe pain and suffering with discomfort, both physical and mental in nature. At the scene of the accident, she experienced horror, terror, entrapment, and reasonable fear of impending death.

      11. As a direct and proximate result of her injuries, plaintiff, Sara Echevarria, has been required to undergo prolonged medical treatment, including, but not limited to, surgery, and will be required to undergo such medical treatment in the future.

      12. As a direct and proximate result of her injuries, plaintiff, Sara Echevarria, has incurred medical, pharmaceutical, therapeutic, and related bills and will continue to incur such bills in the future.

      13. As a direct and proximate result of her injuries, plaintiff, Sara Echevarria, has incurred in the past and will continue to incur in the future lost wages and/or a diminished earning capacity.

      14. Defendant Mayfield's conduct amounts to gross negligence, recklessness, and willful and wanton behavior, and as such, he exhibited a reckless disregard for others' safety, thus requiring the imposition of punitive damages.

4

## COUNT II

### *Res Ipsa Loquitur* (D.R.E. 304) Against Defendant Roger Mayfield

15    The allegations contained in paragraphs 1 through 14 hereof are incorporated herein by reference.

16.    Defendant Mayfield is liable pursuant to the doctrine of *res ipsa loquitur*, in that:

(a)    The accident, in the ordinary course of events, does not happen if those who have management and control use proper care;

(b)    The facts are such to warrant an inference of negligence of such force as to call for an explanation or rebuttal from defendant Mayfield;

(c)    The trailer was under the control of defendant Mayfield at the time the negligence likely occurred; and

(d)    The plaintiff's own conduct is not a reasonable cause of the accident.

WHEREFORE, plaintiff, Sara Echevarria, demands judgment against defendant Roger Mayfield for general and special damages, including pain and suffering, punitive damages, the cost of this action, pre- and post-judgment interest, and any other award the Court deems just and proper.

## Count III

### Negligence Against Defendant U-Haul International, Inc.

17    The allegations contained in paragraphs 1 through 16 hereof are incorporated herein by reference.

WP3:1054785 1                                   63287 1001

18. The aforesaid collision was proximately caused by defendant U-Haul's negligence, who was negligent in that it:

(a) Knowingly permitted the trailer to be moved on a highway when it knew or should have known the trailer was in an unsafe condition, in violation of 21 Del. C. § 2115(b);

(b) Failed to properly educate and instruct defendant Mayfield in the safe and appropriate fastening, attaching, securing, use, maintenance and operation of the trailer;

(c) Failed to properly fasten, attach and secure the trailer to the towing vehicle;

(d) Allowed the trailer to be moved on a highway when it knew or should have known that the trailer was not constructed or loaded in a way as to prevent it from escaping from the towing vehicle, in violation of 21 Del. C. § 4371; and

(e) Failed to warn plaintiff and other similarly situated citizens of the dangers associated with the insecurely fastened trailer.

19. Defendant U-Haul's conduct amounts to gross negligence, recklessness, and willful and wanton behavior, and as such, it exhibited a reckless disregard for others' safety, thus requiring the imposition of punitive damages.

20. As a direct and proximate result of the collision, plaintiff, Sara Echevarria, suffered personal injuries including, but not limited to, injuries to her head, eyes, back, left arm, left elbow, hands, bruising, rib pain, concussion, and spinal cord compression. Some or all of her injuries are permanent.

21. As a direct and proximate consequence of her injuries, plaintiff, Sara Echevarria, has experienced scarring, severe pain and suffering with discomfort, both physical

6

63287 1001

and mental in nature. At the scene of the accident, she experienced horror, terror, entrapment, and reasonable fear of impending death.

22.     As a direct and proximate result of her injuries, plaintiff, Sara Echevarria, has been required to undergo prolonged medical treatment, including, but not limited to, surgery, and will be required to undergo such medical treatment in the future.

23.     As a direct and proximate result of her injuries, plaintiff, Sara Echevarria, has incurred medical, pharmaceutical, therapeutic, and related bills and will continue to incur such bills in the future.

24.     As a direct and proximate result of her injuries, plaintiff, Sara Echevarria, has incurred in the past and will continue to incur in the future lost wages and/or a diminished earning capacity.

## Count IV

## Strict Liability Against Defendant U-Haul International, Inc.

25.     The allegations contained in paragraphs 1 through 24 hereof are incorporated herein by reference.

26.     Defendant U-Haul leased the trailer to defendant Mayfield in the regular course of U-Haul's commercial truck and trailer rental business prior to May 15, 2004.

27.     The transaction between defendant U-Haul and defendant Mayfield was a bailment lease.

28.     The trailer was defective and unreasonably dangerous in that:

(a)     The trailer hitch did not stay attached to the towing vehicle when the vehicle struck a bump in the road;

7

(b)    The safety chains did not prevent the trailer from coming detached from the towing vehicle;

(c)    The trailer did not have appropriate couplings, connectors and attachments to assure safe transport and lack of detachment from the towing vehicle; and

(d)    The trailer hitch was inadequate to keep the trailer securely fastened to the towing vehicle under foreseeable driving conditions.

29.    Defendant U-Haul is strictly liable pursuant to Restatement (Second) of Torts, § 402A, *et seq.*

30.    As a direct and proximate result of the collision, plaintiff, Sara Echevarria, suffered personal injuries including, but not limited to, injuries to her head, eyes, back, left arm, left elbow, hands, bruising, rib pain, concussion, and spinal cord compression. Some or all of her injuries are permanent.

31.    As a direct and proximate consequence of her injuries, plaintiff, Sara Echevarria, has experienced scarring, severe pain and suffering with discomfort, both physical and mental in nature. At the scene of the accident, she experienced horror, terror, entrapment, and reasonable fear of impending death.

32.    As a direct and proximate result of her injuries, plaintiff, Sara Echevarria, has been required to undergo prolonged medical treatment, including, but not limited to, surgery, and will be required to undergo such medical treatment in the future.

33.    As a direct and proximate result of her injuries, plaintiff, Sara Echevarria, has incurred medical, pharmaceutical, therapeutic, and related bills and will continue to incur such bills in the future.

8

34.     As a direct and proximate result of her injuries, plaintiff, Sara Echevarria, has incurred in the past and will continue to incur in the future lost wages and/or a diminished earning capacity

## Count V

## Breach of Warranty Against Defendant U-Haul International, Inc.

35.     The allegations contained in paragraphs 1 through 34 hereof are incorporated herein by reference.

36.     Defendant U-Haul breached it warranties both expressed and implied to plaintiff, who was affected by the goods and injured by the breach of warranty.

37     Such breach violates 6 Del. C § 2-318.

38.     Defendant U-Haul may not exclude or limit the operation of 6 Del. C § 2-318.

39.     As a direct and proximate result of the collision, plaintiff, Sara Echevarria, suffered personal injuries including, but not limited to, injuries to her head, eyes, back, left arm, left elbow, hands, bruising, rib pain, concussion, and spinal cord compression  Some or all of her injuries are permanent.

40.     As a direct and proximate consequence of her injuries, plaintiff, Sara Echevarria, has experienced scarring, severe pain and suffering with discomfort, both physical and mental in nature  At the scene of the accident, she experienced horror, terror, entrapment, and reasonable fear of impending death.

41.     As a direct and proximate result of her injuries, plaintiff, Sara Echevarria, has been required to undergo prolonged medical treatment, including, but not limited to, surgery, and will be required to undergo such medical treatment in the future

9

42.    As a direct and proximate result of her injuries, plaintiff, Sara Echevarria, has incurred medical, pharmaceutical, therapeutic, and related bills and will continue to incur such bills in the future.

43.    As a direct and proximate result of her injuries, plaintiff, Sara Echevarria, has incurred in the past and will continue to incur in the future lost wages and/or a diminished earning capacity.

## Count VI

### *Res Ipsa Loquitur* (D.R.E. 304) Against Defendant U-Haul International, Inc.

44    The allegations contained in paragraphs 1 through 43 hereof are incorporated herein by reference.

45.    Defendant U-Haul is liable pursuant to the doctrine of *res ipsa loquitur*, in that:

(a)    The accident, in the ordinary course of events, does not happen if those who have management and control use proper care;

(b)    The facts are such to warrant an inference of negligence of such force as to call for an explanation or rebuttal from defendant U-Haul;

(c)    The trailer was under the management or control of defendant U-Haul or its servants at the time the negligence likely occurred; and

(d)    The plaintiff's own conduct is not a reasonable cause of the accident.

46.    As a direct and proximate result of the collision, plaintiff, Sara Echevarria, suffered personal injuries including, but not limited to, injuries to her head, eyes, back, left arm,

10

left elbow, hands, bruising, rib pain, concussion, and spinal cord compression. Some or all of her injuries are permanent

47. As a direct and proximate consequence of her injuries, plaintiff, Sara Echevarria, has experienced scarring, severe pain and suffering with discomfort, both physical and mental in nature. At the scene of the accident, she experienced horror, terror, entrapment, and reasonable fear of impending death.

48. As a direct and proximate result of her injuries, plaintiff, Sara Echevarria, has been required to undergo prolonged medical treatment, including, but not limited to, surgery, and will be required to undergo such medical treatment in the future.

49 As a direct and proximate result of her injuries, plaintiff, Sara Echevarria, has incurred medical, pharmaceutical, therapeutic, and related bills and will continue to incur such bills in the future.

50 As a direct and proximate result of her injuries, plaintiff, Sara Echevarria, has incurred in the past and will continue to incur in the future lost wages and/or a diminished earning capacity

WHEREFORE, plaintiff, Sara Echevarria, demands judgment against defendant U-Haul for general and special damages, including pain and suffering, punitive damages, the cost of this action, pre- and post-judgment interest and any other award the Court deems just and proper.

## Count VII

## Plaintiff's Claims Against Defendant, Nationwide General Insurance Company

51. The allegations contained in paragraphs 1 through 50 hereof are incorporated herein by reference.

11

52.     At all times relevant hereto, defendant, Nationwide General Insurance Company (hereinafter "Nationwide"), provided uninsured/underinsured vehicle coverage to plaintiff under policy number 89 07 497126.

53.     Plaintiff's counsel attempted to contact defendant Mayfield to put him on notice of plaintiff's personal injury claim, and advising defendant Mayfield to put his insurance company on notice of the claim. Letters were sent to defendant Mayfield, on June 9, 2004, July 22, 2004, August 12, 2004, and August 27, 2004. To date, no response has been received.

54.     Upon information and belief, defendants U-Haul and/or Mayfield are uninsured and/or underinsured.

55.     As plaintiff's underinsured and uninsured vehicle insurer, Nationwide is responsible for plaintiff's damages on behalf of defendants U-Haul and/or Mayfield, pursuant to contract and/or 18 Del. C § 3902.

WHEREFORE, plaintiff, Sara Echevarria, demands judgment against defendant Nationwide for general and special damages, including pain and suffering, punitive damages, the cost of this action, pre- and post-judgment interest and any other award the Court deems just and proper.

## Count VIII

## Plaintiff's Joint and Several Claims Against All Defendants

56.     The allegations contained in paragraphs 1 through 55 hereof are incorporated herein by reference.

57.     The negligent acts of all defendants combined to produce injuries to plaintiff, Sara Echevarria, which are or may be indivisible injuries resulting in harm, damages, and losses, not capable of apportionment between and among said defendants.

12

WP3:1054785 1

63287 1001

WHEREFORE, plaintiff, Sara Echevarria, demands judgment against all defendants, jointly, severally, and individually, for her respective punitive, special and general damages, plus the cost of this action, pre- and post-judgment interest, and any other award the Court deems just and proper.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Richard A. DiLiberto, Jr. (#2429)
The Brandywine Building, 17th Floor
1000 West Street
P.O. Box 391
Wilmington, Delaware  19899-0391
(302) 571-6657
Attorneys for Plaintiff

Dated: _March 8, 2005_

13

63287 1001