# EXHIBIT "C" TO PLAINTIFF SARA S. ECHEVARRIA'S MOTION FOR REMAND

RECEIVED MAY 1 1 2005

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
## IN AND FOR NEW CASTLE COUNTY

SARA S. ECHEVARRIA,                    )
                                        )
        Plaintiff,                    )
                                        )
v.                                      )    C.A. No.: 05C-03-188 WCC
                                        )
U-HAUL INTERNATIONAL, INC.,             )    NON-ARBITRATION
ROGER MAYFIELD, and                     )
NATIONWIDE GENERAL INSURANCE            )    TRIAL BY JURY DEMANDED
COMPANY,                                )
                                        )
        Defendants.                   )

## DEFENDANT U-HAUL INTERNATIONAL, INC.'S NOTICE
## OF FILING PETITION FOR REMOVAL

PLEASE TAKE NOTICE that defendant U-Haul International, Inc. ("U-Haul"), by its

attorneys, Blank Rome LLP and Quarles & Brady LLP, has filed a Petition for Removal

removing this action to the United States District Court for the District of Delaware on the 10th

day of May, 2005. A true and accurate copy of the Petition of Removal is attached hereto as

Exhibit 1.

Dated: May 10, 2005

BLANK ROME LLP

Steven L. Caponi (DSBA No. 3484)
Chase Manhattan Centre
1201 Market St., Suite 800
Wilmington DE 19801
(302) 425-6408
(302) 428-5106 (Fax)

Attorneys for Defendant U-Haul International, Inc.

Of Counsel:

Francis H. LoCoco
Quarles & Brady LLP
411 East Wisconsin Avenue
Milwaukee, WI 53122
414-277-5341
414-978-8841 (Fax)

Monica M. Tynan
ILARDC #06210307
Quarles & Brady LLP
Citicorp Center
500 W. Madison Street, Suite 3700
Chicago, IL  60661-2511
312-715-5000
312-715-5155 (Fax)

900200 00001/40153375v1

# EXHIBIT 1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT COURT OF DELAWARE

SARA S. ECHEVARRIA,        :

                          :

     Plaintiff,          :     Case No. _____

v.                         :

                          :     Removed from Superior Court,

U-HAUL INTERNATIONAL, INC.,  :     New Castle County, Delaware

ROGER MAYFIELD, and       :     C.A. No. 05-03-188 WCC

NATIONWIDE GENERAL INSURANCE  :

COMPANY,                :     **NOTICE OF REMOVAL OF**

                          :     **ACTION UNDER 28 U.S.C. §**

     Defendants.      :     **1441(a)**

## DEFENDANT U-HAUL INTERNATIONAL INC.'S NOTICE OF REMOVAL

PLEASE TAKE NOTICE that defendant U-Haul International, Inc. ("U-Haul"), by its attorneys, Blank Rome LLP and Quarles & Brady LLP, states as follows in support of the removal of this action:

1.    On April 22, 2005, U-Haul was officially served with plaintiff's *Summons* and *Complaint* in an action entitled *Sara S. Echevarria v. U-Haul International, Inc., Roger Mayfield, and Nationwide General Insurance Company,* Superior Court of the State of Delaware, New Castle County, Case No. 05C-03-188 WCC. A copy of these pleadings are attached as Exhibit 1 along with plaintiff's *Notice Pursuant to 10 DEL. C. § 3104, Answers to Form 30 Interrogatories, Verification to Form 30 Interrogatories, Affidavit of Counsel Pursuant to Rule 3(h)(I) and (II)* and *First Set of Interrogatories to Defendant.* These pleadings and discovery requests constitute all process, pleadings and orders received by U-Haul in this action prior to this Petition for Removal.

2.    This Notice of Removal is being filed within thirty (30) days from receipt of the Summons and Complaint, and is therefore timely pursuant to 28 U.S.C. §1446(b).

3. According to the Complaint, plaintiff, Sara S. Echevarria, is a resident of the State of Delaware. *See* Plaintiff's Compl. ¶ 1.

4. Defendant, U-Haul, is an Nevada corporation with its principal place of business located at 2721 North Central Avenue, Phoenix, Arizona.

5. According the Complaint, Defendant, Roger Mayfield, is a resident of the State of Florida. *See* Plaintiff's Compl. ¶ 3.

6. As of May 10, 2005, the date of this Removal, Roger Mayfield has not been served in the state proceeding. Upon information and belief, Mayfield is not a citizen of Delaware.

7. Defendant, Nationwide General Insurance Company ("Nationwide"), is an Ohio Corporation with its principal place of business located in Columbus, Ohio.

8. Nationwide, through its authorized representative, has consented to the removal of this action from The Superior Court of the State of Delaware, New Castle County to Federal Court for the Federal District of Delaware.

9. The United States District Court has original jurisdiction over the Summons and Complaint under 28 U.S.C. § 1332(a) as the matter in controversy exceeds $75,000.00 in value, exclusive of interest and costs, and this action is between citizens of different states. Although plaintiff has not alleged any specific dollar amount in controversy in the Complaint, plaintiff has alleged permanent injuries to her head, eyes, back, left arm, left elbow, hands, bruising, rib pain, concussion, and spinal cord, past and future medical expenses, past and future wage loss, and past and future pain and suffering.

10. Because this Court has original jurisdiction over this action under 28 U.S.C. § 1332(a), this action is removable pursuant to 28 U.S.C. § 1441(a).

900200 00001/40153374v1

11.    Written notice of the filing of this Notice of Removal, the exhibits thereto and the Notice of Filing of Notice of Removal was, or will be, given to plaintiff's counsel by hand delivering to them copies thereof this 10th day of May, 2005. A copy of the Notice of Filing of Notice of Removal, which has been or will be filed with the Clerk of the Court of the Superior Court of the State of Delaware, New Castle County, is attached hereto as Exhibit 2.

**WHEREFORE**, Defendant U-Haul International, Inc. removes this action from the Superior Court of the State of Delaware in and for New Castle County to this honorable Court.

Dated: May 10, 2005.

BLANK ROME LLP

Steven L. Caponi (DSBA No. 3484)
Chase Manhattan Centre
1201 Market St., Suite 800
Wilmington DE 19801
(302) 425-6408
(302) 428-5106 (Fax)

Attorneys for Defendant U-Haul International, Inc.


Of Counsel:

Francis H. LoCoco
Quarles & Brady LLP
411 East Wisconsin Avenue
Milwaukee, WI 53122
414-277-5341
414-978-8841 (Fax)

Monica M. Tynan
ILARDC #06210307
Quarles & Brady LLP
Citicorp Center
500 W. Madison Street, Suite 3700
Chicago, IL 60661-2511
312-715-5000
312-715-5155 (Fax)

900200 00001/40153374v1

## CERTIFICATE OF SERVICE

I, Steven L. Caponi, hereby certify that on this 10th day of May, 2005, copies of

Defendant U-Haul International Inc.'s Notice Of Removal was served by hand upon:

Richard A. DiLiberto, Jr.
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building, 17th Fl.
1000 West Street
Wilmington, DE 19801

Steven L. Caponi (# 3484)

# EXHIBIT 1

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

| | | |
|---|---|---|
| SARA S. ECHEVARRIA, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No.: 05C-03-188 WCC |
| | ) | |
| v. | ) | NON-ARBITRATION |
| | ) | |
| U-HAUL INTERNATIONAL, INC., | ) | TRIAL BY JURY DEMANDED |
| ROGER MAYFIELD, and | ) | |
| NATIONWIDE GENERAL INSURANCE | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE PURSUANT TO 10 DEL. C. § 3104

TO:     U-Haul International, Inc.
        c/o C T Corporation System
        3225 N. Central Avenue
        Phoenix, AZ 85012

PLEASE TAKE NOTICE that there has been served upon the Secretary of the

State of Delaware the original of a Summons, Complaint, Plaintiff's Answers to Form 30

Interrogatories, Affidavit of Counsel Pursuant to Rule 3(a)(1)(ii) and (iii), Plaintiff's First Set of

Interrogatories to Defendant, and Plaintiff's First Request for Production Directed to Defendants,

copies of which are attached hereto, in which you are named as a defendant in the action brought

by Sara S. Echevarria. Said Summons, Complaint, Plaintiff's Answers to Form 30

Interrogatories, Affidavit of Counsel Pursuant to Rule 3(a)(1)(ii) and (iii), Plaintiff's First Set of

Interrogatories to Defendant, and Plaintiff's First Request for Production Directed to Defendants

were served upon the Secretary of State of the State of Delaware on March 28, 2005. Under the

provisions of 10 Del. C. § 3104, service of the original Summons, Complaint, Plaintiff's

Answers to Form 30 Interrogatories, Affidavit of Counsel Pursuant to Rule 3(a)(1)(ii) and (iii),

Plaintiff's First Set of Interrogatories to Defendant, and Plaintiff's First Request for Production

Directed to Defendants upon the Secretary of State as aforesaid is as effectual to all intents and purposes as if it had been made upon you personally within the State of Delaware.

Failure on your part to obey the command of the within writ could result in a default judgment taken against you. It is suggested that you contact your insurance company immediately in connection with this matter.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Richard A. DiLiberto, Jr. (#2429)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware 19899
Telephone: (302) 571-6657
Facsimile: (302) 576-3290
Attorneys for Plaintiffs

Dated: April __20__, 2005

WP3:1104661 1                                      63287.1001

RECEIVED APR 1 8 2005

EFiled: Mar 16 2005 3:40
Filing ID 5376193 SUMMO

# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
# IN AND FOR NEW CASTLE COUNTY

| | | |
|---|---|---|
| SARA S. ECHEVARRIA, | ) | C.A. No. 05C-03-188 WCC |
| Plaintiff(s), | ) | |
| | ) | |
| v. | ) | SUMMONS |
| | ) | |
| U-HAUL INTERNATIONAL, INC., | ) | SERVICE UPON |
| ROGER MAYFIELD, and | ) | SECRETARY OF |
| NATIONWIDE GENERAL INSURANCE COMPANY, | ) | STATE OF DELAWARE |
| Defendant(s). | ) | |

## THE STATE OF DELAWARE,

## TO THE SHERIFF OF KENT COUNTY:

## YOU ARE COMMANDED:

To summon the above named defendant so that, within 20 days after service hereof upon defendant, exclusive of the day of service, defendant shall serve upon Richard A. DiLiberto, Jr., Esquire, plaintiffs' attorney, whose address is Young, Conaway, Stargatt & Taylor, L.L.P., The Brandywine Bldg., 1000 West Street, 17th Floor, P.O. Box 391, Wilmington, DE 19899-0391, an answer to the complaint (and, if an affidavit of demand has been filed, an affidavit of defense)

To serve upon defendant a copy hereof and of the complaint (and of the affidavit of demand if any has been filed by plaintiff)

Dated: 3/23/05

SHARON AGNEW
Prothonotary
Per Deputy

## TO THE ABOVE NAMED DEFENDANT:

In case of your failure, within 20 days after service hereof upon you, exclusive of the day of service, to serve on plaintiff's attorney named above an answer to the complaint (and, if an affidavit of demand has been filed, an affidavit of defense), judgment by default will be rendered against you for the relief demanded in the complaint (or in the affidavit of demand, if any).

SHARON AGNEW
Prothonotary
Per Deputy

Rev 5/93-1

RECEIVED
& FILED

APR 04 2005
10:00
Secretary of State

EFiled: Mar 16 2005 3:40...EST
Filing ID 5376193

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

| | | |
|---|---|---|
| SARA S. ECHEVARRIA, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No.: |
| | ) | |
| v. | ) | NON-ARBITRATION |
| | ) | |
| U-HAUL INTERNATIONAL, INC., | ) | TRIAL BY JURY DEMANDED |
| ROGER MAYFIELD, and | ) | |
| NATIONWIDE GENERAL INSURANCE | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

1.    Plaintiff, Sara S. Echevarria, is a resident of the State of Delaware,

residing at 214 Johnce Road, Newark, Delaware 19711.

2.    Defendant, U-Haul International, Inc. (hereinafter "U-Haul"), is an

Arizona Corporation doing business at 2721 North Central Avenue, Phoenix, Arizona 85004.

Their agent for service of process is C T Corporation System, 3225 North Central Avenue,

Phoenix, Arizona 85012. Pursuant to 10 Del. C. § 3104, U-Haul is deemed to have appointed the

Secretary of the State of Delaware as its agent for acceptance of process in this matter.

3.    Defendant, Roger Mayfield (hereinafter "Mayfield"), is a resident of the

State of Florida, residing at 12855 South Belcher Road, B-8, Largo, Florida 33773. Pursuant to

10 Del. C. § 3112, he is deemed to have appointed the Secretary of the State of Delaware as his

agent for acceptance of process in this matter.

4.    Defendant, Nationwide General Insurance Company, (hereinafter

"Nationwide") is an insurance company authorized to conduct and is conducting insurance

63287 1001

business within the State of Delaware. Its agent for service of process is the Insurance Commissioner, 841 Silver Lake Blvd., Dover, Delaware 19901.

5.     On or about Saturday, May 15, 2004, at approximately 12:09 p.m., plaintiff, Sara Echevarria, was driving her automobile eastbound on Delaware Route 2, in the left traffic lane, passing through the intersection of Upper Pike Creek Road, Newark, Delaware. At the same time, defendant Mayfield, was driving a motor vehicle and towing a U-Haul trailer, traveling westbound on Delaware Route 2 in the left traffic lane approaching the intersection of Upper Pike Creek Road, Newark, Delaware.

6.     As plaintiff was proceeding into the intersection of Route 2 and Upper Pike Creek Road, the U-Haul trailer defendant Mayfield was pulling broke free from the hitch and traveled westbound, jumping the center concrete median, and continued westbound into the eastbound traffic lane. The U-Haul trailer's tongue struck plaintiff's driver's side front fender and door, slicing through the area between the front and back door like a can opener. The impact of the collision caused plaintiff's vehicle to travel approximately 5 feet before being flipped onto its roof and then traveled approximately 15 feet. Plaintiff's vehicle continued sliding on its roof in a counterclockwise direction. Plaintiff was trapped in her vehicle, on its sunroof, for approximately 25 minutes before being extricated by emergency personnel using a wench to remove the roof from the car.

## Count I

## Negligence Against Defendant, Roger Mayfield

7.     The allegations contained in paragraphs 1 through 6 hereof are incorporated herein by reference.

2

8.    The aforesaid collision was proximately caused by the negligence of defendant Mayfield, who was negligent in that he:

(a)    Failed to prevent the trailer from escaping, in violation of 21 Del. C. § 4371;

(b)    Knowingly moved the trailer on a highway when he knew or should have known the trailer was in an unsafe condition, in violation of 21 Del. C. § 2115(b);

(c)    Failed to give full time and attention to the operation of his motor vehicle, in violation of 21 Del. C. § 4176(b);

(d)    Operated his motor vehicle in a careless and imprudent manner, without due regard for traffic conditions then existing, in violation of 21 Del. C. § 4176(a);

(e)    Drove his vehicle in a willful or wanton manner without due regard for the safety of persons or property, in violation of 21 Del. C. § 4175(a);

(f)    Operated his motor vehicle in a manner which allowed the trailer to cross over the median, in violation of 21 Del. C. § 4124;

(g)    Operated his vehicle in a manner which allowed the trailer to cross over a central dividing section or other separation or dividing line, in violation of 21 Del. C. § 4126(a)(1);

(h)    Operated his vehicle in a manner which allowed the trailer to travel in the improper lane, in the improper direction, in violation of 21 Del. C § 4126(a)(3); and

(i)    Was otherwise negligent.

9.    As a direct and proximate result of the collision, plaintiff, Sara Echevarria, suffered personal injuries including, but not limited to, injuries to her head, eyes, back, left arm,

3

left elbow, hands, bruising, rib pain, concussion, and spinal cord compression. Some or all of her injuries are permanent.

      10.    As a direct and proximate consequence of her injuries, plaintiff, Sara Echevarria, has experienced scarring, severe pain and suffering with discomfort, both physical and mental in nature. At the scene of the accident, she experienced horror, terror, entrapment, and reasonable fear of impending death.

      11.    As a direct and proximate result of her injuries, plaintiff, Sara Echevarria, has been required to undergo prolonged medical treatment, including, but not limited to, surgery, and will be required to undergo such medical treatment in the future.

      12.    As a direct and proximate result of her injuries, plaintiff, Sara Echevarria, has incurred medical, pharmaceutical, therapeutic, and related bills and will continue to incur such bills in the future.

      13.    As a direct and proximate result of her injuries, plaintiff, Sara Echevarria, has incurred in the past and will continue to incur in the future lost wages and/or a diminished earning capacity.

      14.    Defendant Mayfield's conduct amounts to gross negligence, recklessness, and willful and wanton behavior, and as such, he exhibited a reckless disregard for others' safety, thus requiring the imposition of punitive damages.

WP3:1054785 1                                    63287 1001

## COUNT II

### *Res Ipsa Loquitur* (D.R.E. 304) Against Defendant Roger Mayfield

15.    The allegations contained in paragraphs 1 through 14 hereof are incorporated herein by reference.

16.    Defendant Mayfield is liable pursuant to the doctrine of *res ipsa loquitur*, in that:

(a)    The accident, in the ordinary course of events, does not happen if those who have management and control use proper care;

(b)    The facts are such to warrant an inference of negligence of such force as to call for an explanation or rebuttal from defendant Mayfield;

(c)    The trailer was under the control of defendant Mayfield at the time the negligence likely occurred; and

(d)    The plaintiff's own conduct is not a reasonable cause of the accident.

WHEREFORE, plaintiff, Sara Echevarria, demands judgment against defendant Roger Mayfield for general and special damages, including pain and suffering, punitive damages, the cost of this action, pre- and post-judgment interest, and any other award the Court deems just and proper.

### Count III

### Negligence Against Defendant U-Haul International, Inc.

17.    The allegations contained in paragraphs 1 through 16 hereof are incorporated herein by reference.

6328/1001

18.    The aforesaid collision was proximately caused by defendant U-Haul's negligence, who was negligent in that it:

(a)    Knowingly permitted the trailer to be moved on a highway when it knew or should have known the trailer was in an unsafe condition, in violation of 21 Del. C. § 2115(b);

(b)    Failed to properly educate and instruct defendant Mayfield in the safe and appropriate fastening, attaching, securing, use, maintenance and operation of the trailer;

(c)    Failed to properly fasten, attach and secure the trailer to the towing vehicle;

(d)    Allowed the trailer to be moved on a highway when it knew or should have known that the trailer was not constructed or loaded in a way as to prevent it from escaping from the towing vehicle, in violation of 21 Del. C. § 4371; and

(e)    Failed to warn plaintiff and other similarly situated citizens of the dangers associated with the insecurely fastened trailer.

19.    Defendant U-Haul's conduct amounts to gross negligence, recklessness, and willful and wanton behavior, and as such, it exhibited a reckless disregard for others' safety, thus requiring the imposition of punitive damages.

20.    As a direct and proximate result of the collision, plaintiff, Sara Echevarria, suffered personal injuries including, but not limited to, injuries to her head, eyes, back, left arm, left elbow, hands, bruising, rib pain, concussion, and spinal cord compression. Some or all of her injuries are permanent.

21.    As a direct and proximate consequence of her injuries, plaintiff, Sara Echevarria, has experienced scarring, severe pain and suffering with discomfort, both physical

6

and mental in nature. At the scene of the accident, she experienced horror, terror, entrapment, and reasonable fear of impending death.

22. As a direct and proximate result of her injuries, plaintiff, Sara Echevarria, has been required to undergo prolonged medical treatment, including, but not limited to, surgery, and will be required to undergo such medical treatment in the future.

23. As a direct and proximate result of her injuries, plaintiff, Sara Echevarria, has incurred medical, pharmaceutical, therapeutic, and related bills and will continue to incur such bills in the future.

24. As a direct and proximate result of her injuries, plaintiff, Sara Echevarria, has incurred in the past and will continue to incur in the future lost wages and/or a diminished earning capacity.

## Count IV

### Strict Liability Against Defendant U-Haul International, Inc.

25. The allegations contained in paragraphs 1 through 24 hereof are incorporated herein by reference.

26. Defendant U-Haul leased the trailer to defendant Mayfield in the regular course of U-Haul's commercial truck and trailer rental business prior to May 15, 2004.

27. The transaction between defendant U-Haul and defendant Mayfield was a bailment lease.

28. The trailer was defective and unreasonably dangerous in that:

(a) The trailer hitch did not stay attached to the towing vehicle when the vehicle struck a bump in the road;

7

(b)    The safety chains did not prevent the trailer from coming detached from the towing vehicle;

(c)    The trailer did not have appropriate couplings, connectors and attachments to assure safe transport and lack of detachment from the towing vehicle; and

(d)    The trailer hitch was inadequate to keep the trailer securely fastened to the towing vehicle under foreseeable driving conditions.

29.    Defendant U-Haul is strictly liable pursuant to Restatement (Second) of Torts, § 402A, *et seq*

30.    As a direct and proximate result of the collision, plaintiff, Sara Echevarria, suffered personal injuries including, but not limited to, injuries to her head, eyes, back, left arm, left elbow, hands, bruising, rib pain, concussion, and spinal cord compression. Some or all of her injuries are permanent.

31.    As a direct and proximate consequence of her injuries, plaintiff, Sara Echevarria, has experienced scarring, severe pain and suffering with discomfort, both physical and mental in nature. At the scene of the accident, she experienced horror, terror, entrapment, and reasonable fear of impending death.

32.    As a direct and proximate result of her injuries, plaintiff, Sara Echevarria, has been required to undergo prolonged medical treatment, including, but not limited to, surgery, and will be required to undergo such medical treatment in the future.

33.    As a direct and proximate result of her injuries, plaintiff, Sara Echevarria, has incurred medical, pharmaceutical, therapeutic, and related bills and will continue to incur such bills in the future.

8

63287 1001

34.    As a direct and proximate result of her injuries, plaintiff, Sara Echevarria, has incurred in the past and will continue to incur in the future lost wages and/or a diminished earning capacity

### Count V

### Breach of Warranty Against Defendant U-Haul International, Inc.

35.    The allegations contained in paragraphs 1 through 34 hereof are incorporated herein by reference.

36.    Defendant U-Haul breached it warranties both expressed and implied to plaintiff, who was affected by the goods and injured by the breach of warranty.

37.    Such breach violates 6 Del. C. § 2-318.

38.    Defendant U-Haul may not exclude or limit the operation of 6 Del. C. § 2-318.

39.    As a direct and proximate result of the collision, plaintiff, Sara Echevarria, suffered personal injuries including, but not limited to, injuries to her head, eyes, back, left arm, left elbow, hands, bruising, rib pain, concussion, and spinal cord compression. Some or all of her injuries are permanent.

40.    As a direct and proximate consequence of her injuries, plaintiff, Sara Echevarria, has experienced scarring, severe pain and suffering with discomfort, both physical and mental in nature. At the scene of the accident, she experienced horror, terror, entrapment, and reasonable fear of impending death.

41.    As a direct and proximate result of her injuries, plaintiff, Sara Echevarria, has been required to undergo prolonged medical treatment, including, but not limited to, surgery, and will be required to undergo such medical treatment in the future.

9

42.    As a direct and proximate result of her injuries, plaintiff, Sara Echevarria, has incurred medical, pharmaceutical, therapeutic, and related bills and will continue to incur such bills in the future.

43.    As a direct and proximate result of her injuries, plaintiff, Sara Echevarria, has incurred in the past and will continue to incur in the future lost wages and/or a diminished earning capacity.

## Count VI

### *Res Ipsa Loquitur* (D.R.E. 304) Against Defendant U-Haul International, Inc.

44.    The allegations contained in paragraphs 1 through 43 hereof are incorporated herein by reference.

45.    Defendant U-Haul is liable pursuant to the doctrine of *res ipsa loquitur*, in that:

(a)    The accident, in the ordinary course of events, does not happen if those who have management and control use proper care;

(b)    The facts are such to warrant an inference of negligence of such force as to call for an explanation or rebuttal from defendant U-Haul;

(c)    The trailer was under the management or control of defendant U-Haul or its servants at the time the negligence likely occurred; and

(d)    The plaintiff's own conduct is not a reasonable cause of the accident.

46.    As a direct and proximate result of the collision, plaintiff, Sara Echevarria, suffered personal injuries including, but not limited to, injuries to her head, eyes, back, left arm,

10

left elbow, hands, bruising, rib pain, concussion, and spinal cord compression. Some or all of her injuries are permanent

47.    As a direct and proximate consequence of her injuries, plaintiff, Sara Echevarria, has experienced scarring, severe pain and suffering with discomfort, both physical and mental in nature. At the scene of the accident, she experienced horror, terror, entrapment, and reasonable fear of impending death.

48.    As a direct and proximate result of her injuries, plaintiff, Sara Echevarria, has been required to undergo prolonged medical treatment, including, but not limited to, surgery, and will be required to undergo such medical treatment in the future.

49.    As a direct and proximate result of her injuries, plaintiff, Sara Echevarria, has incurred medical, pharmaceutical, therapeutic, and related bills and will continue to incur such bills in the future.

50.    As a direct and proximate result of her injuries, plaintiff, Sara Echevarria, has incurred in the past and will continue to incur in the future lost wages and/or a diminished earning capacity.

WHEREFORE, plaintiff, Sara Echevarria, demands judgment against defendant U-Haul for general and special damages, including pain and suffering, punitive damages, the cost of this action, pre- and post-judgment interest and any other award the Court deems just and proper.

## Count VII

## Plaintiff's Claims Against Defendant, Nationwide General Insurance Company

51.    The allegations contained in paragraphs 1 through 50 hereof are incorporated herein by reference.

WP3:1054785 1                                                                63287 1001

52.    At all times relevant hereto, defendant, Nationwide General Insurance Company (hereinafter "Nationwide"), provided uninsured/underinsured vehicle coverage to plaintiff under policy number 89 07 497126.

53.    Plaintiff's counsel attempted to contact defendant Mayfield to put him on notice of plaintiff's personal injury claim, and advising defendant Mayfield to put his insurance company on notice of the claim.  Letters were sent to defendant Mayfield, on June 9, 2004, July 22, 2004, August 12, 2004, and August 27, 2004.  To date, no response has been received.

54.    Upon information and belief, defendants U-Haul and/or Mayfield are uninsured and/or underinsured.

55.    As plaintiff's underinsured and uninsured vehicle insurer, Nationwide is responsible for plaintiff's damages on behalf of defendants U-Haul and/or Mayfield, pursuant to contract and/or 18 Del. C § 3902.

WHEREFORE, plaintiff, Sara Echevarria, demands judgment against defendant Nationwide for general and special damages, including pain and suffering, punitive damages, the cost of this action, pre- and post-judgment interest and any other award the Court deems just and proper.

### Count VIII

### Plaintiff's Joint and Several Claims Against All Defendants

56.    The allegations contained in paragraphs 1 through 55 hereof are incorporated herein by reference.

57.    The negligent acts of all defendants combined to produce injuries to plaintiff, Sara Echevarria, which are or may be indivisible injuries resulting in harm, damages, and losses, not capable of apportionment between and among said defendants.

12

WHEREFORE, plaintiff, Sara Echevarria, demands judgment against all defendants, jointly, severally, and individually, for her respective punitive, special and general damages, plus the cost of this action, pre- and post-judgment interest, and any other award the Court deems just and proper.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Richard A. DiLiberto, Jr. (#2429)
The Brandywine Building, 17th Floor
1000 West Street
P.O. Box 391
Wilmington, Delaware 19899-0391
(302) 571-6657
Attorneys for Plaintiff

Dated: _March 8, 2005_

13

EFiled: Mar 16 2005 3:40PM EST
Filing ID 5376193

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

| | | |
|---|---|---|
| SARA S. ECHEVARRIA, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No.: |
| | ) | |
| v. | ) | NON-ARBITRATION |
| | ) | |
| U-HAUL INTERNATIONAL, INC., | ) | TRIAL BY JURY DEMANDED |
| ROGER MAYFIELD, and | ) | |
| NATIONWIDE GENERAL INSURANCE | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

## CERTIFICATE OF VALUE

I, Richard A. DiLiberto, Jr., Esquire, attorney for plaintiff, hereby certify in good

faith at this time in my opinion that the plaintiff's sum of damages is in excess of $100,000.00,

exclusive of costs and interest.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Richard A. DiLiberto, Jr. (#2429)
The Brandywine Building, 17th Floor
1000 West Street
P.O. Box 391
Wilmington, Delaware 19899-0391
(302) 571-6657
Attorneys for Plaintiff

Dated: March  8 , 2005

WP3:1089626 1

63287 1001

# SUPERIOR COURT CIVIL CASE INFORMATION STATEMENT (CIS)

EFiled: May 19 2005 3:40PM EDT
Filing ID 5376193

COUNTY: <u>N</u>  K  S          CIVIL ACTION NUMBER: _____

Civil Case Code: <u>CPIA</u>          Civil Case Type: <u>PERSONAL INJURY</u>

(See Reverse Side For Code And Type)

| CAPTION: | NAME AND STATUS OF PARTY FILING DOCUMENT: |
|---|---|
| SARA S. ECHEVARRIA, PLAINTIFF<br><br>v<br><br>U-HAUL INTERNATIONAL, INC., ROGER MAYFIELD, AND NATIONWIDE GENERAL INSURANCE COMPANY, DEFENDANTS | <u>SARA S. ECHEVARRIA, PLAINTIFF</u><br><br>DOCUMENT TYPE: (E G  COMPLAINT; ANSWER WITH COUNTERCLAIM)<br><br><u>COMPLAINT</u><br>NON-ARBITRATION ☒          eFILE ☒<br>(CERTIFICATE OF VALUE MAY BE REQUIRED)<br>ARBITRATION ☐    MEDIATION ☒    NEUTRAL ASSESSMENT ☐<br>DEFENDANT (CIRCLE ONE)    ACCEPT    REJECT<br>JURY DEMAND    YES ☒    NO ☐<br>TRACK ASSIGNMENT REQUESTED: (CIRCLE ONE)<br>EXPEDITED    STANDARD    COMPLEX |
| ATTORNEY NAME(S):<br><br>RICHARD A. DILIBERTO, JR.<br><br>ATTORNEY ID(S):<br><br>2429 | IDENTIFY ANY RELATED CASES NOW PENDING IN THE SUPERIOR COURT BY CAPTION AND CIVIL ACTION NUMBER INCLUDING JUDGE'S INITIALS |
| FIRM NAME:<br><br>YOUNG CONAWAY STARGATT & TAYLOR, LLP<br><br>ADDRESS:<br><br>THE BRANDYWINE BUILDING<br>1000 WEST STREET, 17TH FLOOR<br>WILMINGTON, DELAWARE 19801<br>P.O. BOX 391<br>WILMINGTON, DELAWARE 19899-0391 | EXPLAIN THE RELATIONSHIP(S): |
| TELEPHONE NUMBER:<br><br>302-571-6657<br><br>FAX NUMBER:<br>302-576-3290<br>E-MAIL ADDRESS:<br><br>RDILIBERTO@YCST COM | OTHER UNUSUAL ISSUES THAT AFFECT CASE MANAGEMENT:<br><br>(IF ADDITIONAL SPACE IS NEEDED PLEASE ATTACH PAGE) |

THE PROTHONOTARY WILL NOT PROCESS THE COMPLAINT, ANSWER, OR FIRST RESPONSIVE PLEADING IN THIS MATTER FOR SERVICE UNTIL THE CASE INFORMATION STATEMENT (CIS) IS FILED  THE FAILURE TO FILE THE CIS AND HAVE THE PLEADING PROCESSED FOR THE SERVICE MAY RESULT IN THE DISMISSAL OF THE COMPLAINT OR MAY RESULT IN THE ANSWER OR FIRST RESPONSIVE PLEADING BEING STRICKEN.

Revised 9/2003

EFiled: Mar 16 2005 3:40___EST
Filing ID 5376193

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

| | | |
|---|---|---|
| SARA S. ECHEVARRIA, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No.: |
| | ) | |
| v. | ) | NON-ARBITRATION |
| | ) | |
| U-HAUL INTERNATIONAL, INC., | ) | TRIAL BY JURY DEMANDED |
| ROGER MAYFIELD, and | ) | |
| NATIONWIDE GENERAL INSURANCE | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendants | ) | |

## PLAINTIFF'S ANSWERS TO FORM 30 INTERROGATORIES

1.    Give the name and present or last known residential and employment address and telephone number of each eyewitness to the incident which is the subject of the litigation.

ANSWER:    Sara S. Echevarria
214 Johnce Road
Newark, Delaware 19711

Roger Mayfield
12855 S. Belcher Road, B-8
Largo, Florida 33773

Darlene Wynne
302 Misty Vale Drive
Middletown, Delaware 19709

Hamid Homeli
124 Walker Way
Newark, Delaware 19711

Paulette S. Smoak
159 Upper Valley Lane
Newark, Delaware

63287 1001

2.    Give the name and present or last known residential and employment address and telephone number of each person who has knowledge of the facts relating to the litigation.

ANSWER:    In addition to those individuals identified in plaintiff's answer to interrogatory number 1, Delaware State Police Corporeal Robert Truitt, plaintiff's family and friends, counsel, employees of Young Conaway Stargatt & Taylor, Nationwide Insurance Company, Republic Western Insurance Company, and the following treating medical personnel have knowledge of the facts relating to this litigation:

Mill Creek Fire Company
4021 Skyline Drive
Wilmington, Delaware 19808

Christiana Care Health Services
501 West 14th Street
Wilmington, Delaware 19801

A. Mansoory, M.D.
Mansoory & Morovati
324 East Main Street
Suite 204
Newark, Delaware 19711

Andrew Barrett, M.D.
Delaware Ophthalmology Consultants
1941 Limestone Road
Suite 120
Wilmington, Delaware 19808

Carl Yacoub, M.D.
Comprehensive Neurology Center of Delaware
550 Stanton-Christiana Road
Suite 101
Newark, Delaware 19713

Eric W. Schwarz, D.O.
Hockessin Center
Christiana Care Health Services
726 Yorklyn Road
Hockessin, Delaware 19707

2

Tony R. Cucuzzella, M.D.
Christiana Spine Center
Medical Arts Pavilion 2, Suite 2210
4735 Ogletown-Stanton Road
Newark, Delaware 19713

Lawrence D. Chang, M.D.
Advanced Plastic Surgery Center
Ogletown-Stanton Road
Suite 1208
Newark, Delaware 19713

Family Chiropractic Office, P.A.
Pike Creek Shopping Center
4748-B Limestone Road
Wilmington, Delaware 19808

Pro Physical Therapy
1812 Marsh Road
Suite 505
Wilmington, Delaware 19810

Touch of Health Massage Alliance
P.O. Box 392
Hockessin, Delaware 19707

Thomas J. Harries, M.D.
4701 Randolph Road
Suite 209B
Rockville, Maryland 20852

3.      Give the names of all persons who have been interviewed in connection with the above litigation, including the names and present or last known residential and employment addresses and telephone numbers of the persons who made said interviews and the names and present or last known residential and employment addresses and telephone numbers of persons who have the original and copies of the interview.

ANSWER:    Counsel has interviewed plaintiff, Sara Echevarria.  Any notes are protected by the attorney/client privilege and/or work product doctrine.  Personnel of Young Conaway Stargatt & Taylor, LLP have interviewed Delaware State Police Cpl. Robert Truitt, Witnesses Darlene Wynne and Paulette Smoak, and plaintiff's family

3

members. Any notes are protected by the attorney/client privilege and/or work product doctrine.

       4.     Identify all photographs, diagrams or other representations made in connection with the matter in litigation, giving the name and present or last known residential and employment address and telephone number of the person having the original and copies thereof. (In lieu thereof, a copy can be attached.)

       **ANSWER:**   **In addition to the drawing attached to the Police Accident Report, plaintiff's counsel has photographs of the property damage to plaintiff's vehicle and the U-Haul trailer, photographs of Sara Echevarria, and photographs of the accident scene.**

       5.     Give the name, professional address and telephone number of all expert witnesses presently retained by the party together with the dates of any written opinions prepared by said expert. If an expert is not presently retained, describe by type the experts whom the party expects to retain in connection with the litigation.

       **ANSWER:**   **We anticipate calling plaintiff's treating physicians as experts at trial. We may also call an expert to opine on trailer hitch safety.**

       6.     Give a brief description of any insurance policy, including excess coverage, that is or may be applicable to the litigation, including:

       (a)     The name and address of all companies insuring the risk;

       (b)     The policy number(s);

       (c)     The type of insurance;

       (d)     The amounts of primary, secondary and excess coverage.

WP3:1089550 1                                     63287 1001

**ANSWER:**

I.    (a)    Nationwide Insurance Company

      (b)    Claim No.: 89 07 497126 05152004 01

      (c)    PIP/UIM

      (d)    PIP: $100,000/ $300,000; UIM: $100,000/$300,000

II.   (a)    Republic Western Insurance Company

      (b)    Claim No.: 02 C 62 441

      (c)    Unknown

      (d)    Unknown

7.    Give the name, professional address, and telephone number of all physicians, chiropractors, psychologists, and physical therapists who have examined or treated you at any time during the ten-year period immediately prior to the date of the incident at issue in this litigation.

**ANSWER:**

Stuart Felzer, M.D. – Family Physician
1941 Limestone Road
Wilmington, Delaware 19808
302-633-1442

Richard Kim, M.D. - Allergist
Asthma Allergy Care-Delaware
1941 Limestone Road
Suite 209
Wilmington, Delaware 19808
302-995-2952

Robert Abel, Jr., M.D. - Ophthalmologist
Delaware Ophthalmology
1941 Limestone Road
Suite 120
Wilmington, Delaware 19808
302-633-6200

5

Brian J. Galinat, M.D. – Orthopaedic Surgeon
Limestone Medical Center
1941 Limestone Road
Suite 204
Wilmington, Delaware 19808
302-633-3555

Robert E. Wisniewski, M.D. – OB/GYN
Ostrum & Wisniewski
4745 Ogletown Stanton Road
Suite 106
Newark, Delaware 19713
302-454-9800

James C. Baker, D.D.S. – Dentist
1304 North Broom Street
Wilmington, Delaware 19806
302-658-9511


YOUNG CONAWAY STARGATT & TAYLOR, LLP

Richard A. DiLiberto, Jr. (#2429)
The Brandywine Building, 17th Floor
1000 West Street
P.O. Box 391
Wilmington, Delaware  19899-0391
(302) 571-5008
Attorneys for Plaintiffs

Dated: *March 8, 2005*

6

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

SARA S. ECHEVARRIA,       )
                          )
             Plaintiff,    )    C.A. No.:
                          )
                          )    NON-ARBITRATION
v.                      )
                          )    TRIAL BY JURY DEMANDED
U-HAUL INTERNATIONAL, INC.,    )
ROGER MAYFIELD, and        )
NATIONWIDE GENERAL INSURANCE  )
COMPANY,                )
           Defendants.   )

## PLAINTIFF'S VERIFICATION TO FORM 30 INTERROGATORIES

STATE OF DELAWARE    )
                    ) SS.
NEW CASTLE COUNTY   )

BE IT REMEMBERED, that on this _14th_ day of _March_, 2005, personally appeared before the undersigned, a Notary Public in and for the State and County aforesaid, Sara S. Echevarria, known to me personally to be such and acknowledged that she has read the within Plaintiff's Answers to Form 30 Interrogatories, and that the facts set forth therein are true and correct to the best of her knowledge, information and belief.

_Sara S Echevarria_
Sara S. Echevarria

SWORN TO AND SUBSCRIBED before me, this _14th_ day of _March_, 2005.

_Sara Kang_
Notary Public
My Commission Expires: 25 March 2006

63287 1001

WP3:1089550 1

EFiled: Mar 16 2005 3:40PM EST
Filing ID 5376193

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

SARA S. ECHEVARRIA,                    )
                                        )
                    Plaintiff,          )    C.A. No.:
                                        )
                                        )    NON-ARBITRATION
v                                       )
                                        )    TRIAL BY JURY DEMANDED
U-HAUL INTERNATIONAL, INC.,             )
ROGER MAYFIELD, and                     )
NATIONWIDE GENERAL INSURANCE            )
COMPANY,                                )
                                        )
                    Defendants.         )

**AFFIDAVIT OF COUNSEL PURSUANT
TO RULE 3(h) (I) and (II)**

STATE OF DELAWARE      )
                       ) SS
NEW CASTLE COUNTY      )

      I, Richard A. DiLiberto, Jr., Esquire, being duly sworn, this _____8_____ day of

March, 2005, do depose and say:

      1.    I am the attorney for plaintiff in the above-referenced action

      2.    This action involves a claim for personal injuries where plaintiff seeks

special damages for lost wages and medical expenses. To the extent that plaintiff seeks to

recover for past medical and related expenses, copies of bills that are presently in plaintiff's

possession or in the possession of her attorneys will be made available to the defendants in this

action as their appearances are entered in this litigation.

63287 1001

3    To the extent that they exist and are available to plaintiff's attorneys,

photocopies of the plaintiff's tax returns for the past three (3) years will be provided to

defendants when their appearances are entered in this action.

_____
Richard A. DiLiberto, Jr. (#2429)

SWORN TO AND SUBSCRIBED before me the day and year above written the

day and year above written.

_____
Notary Public

My Commission Expires: __8/8/06__

KIMBERLY S. JONES
NOTARY PUBLIC
STATE OF DELAWARE
My Commission Expires Aug. 8, 2006

2

EFiled:  Mar 16 2005  3:40 [ ] EST
Filing ID 5376193

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

| | | |
|---|---|---|
| SARA S. ECHEVARRIA, | ) | |
| | ) | |
| Plaintiff, | ) | C A. No.: |
| | ) | |
| v. | ) | NON-ARBITRATION |
| | ) | |
| U-HAUL INTERNATIONAL, INC., | ) | TRIAL BY JURY DEMANDED |
| ROGER MAYFIELD, and | ) | |
| NATIONWIDE GENERAL INSURANCE | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S FIRST SET
## OF INTERROGATORIES TO DEFENDANT[1]

### Definitions

As used in these Interrogatories with regard to a person, corporation or other such entity, the word "identify" means state the name, present or last known home address and telephone number and present or last known business address and telephone number of the person, corporation or entity.  As used with regard to a document, photograph or other tangible object, it means give a description of the document, photograph or object and state its subject matter, the names and addresses of the persons who prepared or obtained it and the persons who directed that it be prepared or obtained, the date on which it was prepared or obtained, and the name and address of the person having custody of it.

### Interrogatories

1.    State the names and present or last known addresses of persons who have knowledge of the facts alleged in the pleadings.  As to each person named, list after the name of

---

[1]    These interrogatories are continuing Interrogatories, the Answers to which are to be kept current.

63287 1001

the person his or her occupation, if known, and the number or numbers of the paragraph or

paragraphs of the Complaint or Answer containing the facts of which the person has knowledge.

ANSWER:

2.     Give the name and address of each person who has been interviewed on

your behalf. As to each person interviewed, state:

(a)     The date of such interview;

(b)     The name and last known address of each person who has a resume

of such interview.

ANSWER:

3.     Give the names and last known addresses of persons from whom

statements have been procured in regard to the facts alleged in the pleadings. As to each person

named, state:

(a)     The name and last known address of the person who took the

statement;

(b)     State when the statement was taken;

2

(c)     The names and last known addresses of all persons presently having copies of the statements.

ANSWER:

4.     Give the names and last known addresses of all persons who were present at the scene of the accident when the accident occurred noting specifically those who were eyewitnesses.

ANSWER:

5.     Give the names and last known addresses of all persons who were present at the scene of the accident within ten minutes after it occurred.

ANSWER:

6.    With reference to any report, memorandum or resume prepared by you or anyone acting on your behalf but not necessarily limited to any investigator, insurance adjuster or other person pertaining to any of the facts alleged or referred to in the pleadings, give the date of each such matter in writing and as to each date given, state:

(a)    The name and address of the person or persons who prepared such writing and the name, address and identity of the employer of such person or persons;

(b)    Whether such writing was prepared by you or on your behalf;

(c)    The number of pages of such writings;

(d)    A general description of such matter in writing (as, for instance, two-page typed summary of an interview between investigator Jones and witness Smith dated March 3, 1989, or, five-page report by investigator Smith concerning the results of his investigation of the facts of the accident, etc.);

(e)    Whether such writing was prepared under the supervision of or pursuant to the instructions of your attorney;

(f)    The names and addresses of persons who have copies of such matter in writing.

ANSWER:

4

7.    Has any sketch, diagram, plat, photograph or motion picture been made or taken in regard to any fact alleged in the pleadings. If so, as to each sketch, diagram, plat, photograph or motion picture made or taken in regard to any fact alleged in the pleadings, state:

(a)    Whether it is a sketch, diagram, plat, photograph or motion picture;

(b)    The name and last known address of the person who prepared the sketch, diagram or plat or who took the photograph or motion picture;

(c)    A general description of its subject;

(d)    The date it was prepared or taken;

(e)    Whether it was prepared or taken under the supervision or direction of the defendant's attorney;

(f)    The name and present or last known address of each person who has a copy of it

ANSWER:

8.    State in narrative form how the subject accident occurred.

ANSWER:

5

9.    State the name and address of the owner of the vehicle which you were driving at the time of the accident upon which this suit is based.

ANSWER:

10.    State the exact location at which the accident occurred.

ANSWER:

11.    State the date and time of the accident.

ANSWER:

12.    State the point of origin, the destination and the purpose of your trip at the time of the accident.

ANSWER:

6

13.     Describe the street upon which the accident occurred in detail, including measurements, surface type material and general conditions.

ANSWER:

14.     Describe the weather conditions of the street at the time of the accident.

ANSWER:

15.     Describe the general weather conditions and visibility at the time of the accident.

ANSWER:

16.     State the exact position of your vehicle in reference to the street and curbs at the moment of the collision.

ANSWER:

7

17.    State the exact point of impact on your vehicle.

ANSWER:

18.    State whether the accident was reported to the police and, if so, which

police department.

ANSWER:

19.    State whether or not any person was charged with a violation of any laws

as a result of this accident, and if the answer is in the affirmative, state:

        (a)    The name and address of the person charged;

        (b)    The nature of the charge;

        (c)    The statute citation;

        (d)    The plea which was entered.

ANSWER:

8

63287 1001

20.    Do you claim that the plaintiff was comparatively negligent in any way, in a manner which proximately caused the accident? If so, please specify with particularity how plaintiff was negligent. If you claim that the plaintiff violated any state statute, designate the statute and state in what manner it was violated.

ANSWER:

21.    Have the defendants or anyone acting on the defendants' behalf conducted a surveillance of the plaintiff(s)?

**ANSWER:**

22.    If your answer to interrogatory no. 21 is "yes", you are directed to supply the following additional information:

(a)    the name, address and telephone number of each person, and the name, address and telephone number of his or her employer, who took part in the surveillance and describe each person's role in the surveillance;

9

(b)    the name, address and telephone number of the person who requested the surveillance and the date of the request;

(c)    the purpose of doing the surveillance;

(d)    the date, the day of the week, and the time of day during which the surveillance was attempted;

(e)    the location (including the neighborhood and street address) of the surveillance (e.g., plaintiff's(s') residence, plaintiff's(s') place of work, plaintiff's(s') church, etc.);

(f)    whether any defendant and/or their agents contacted anyone in person, by telephone or by correspondence to acquire information about the plaintiff(s) and, if so, give the name and address of each person contacted, the date of the contact, the manner of the contact (telephone call, personal visit) and the location where the contact took place (e.g., plaintiff's(s') employer, plaintiff's(s') neighborhood, etc.);

(g)    whether the person who did the surveillance was in possession of any photographic or video equipment and, if so, describe the equipment and give the date, time of day and location when the equipment was in use;

(h)    whether photography or filming was attempted and, if so, give the date, time of day and location of the person doing the surveillance as to each photograph taken and each time filming was attempted;

(i)    whether any reports, summaries, notes or memoranda exists which describe, refer or relate in any way to the surveillance conducted and, if so, please describe the document by date of preparation, by subject matter and by identifying the preparer and all persons in possession of the original or copies of the document;

WP3:1089629 1                                                    63287 1001

(j)    whether the person or companies who did the surveillance have ever been hired by the defendants or defendants' insurers or defendants' legal representatives to do a surveillance on other persons, other than the plaintiff(s);

(k)    the amount of all fees and expenses charged to date by the person or company which has done (or is doing) the surveillance;

(l)    the name, address and telephone number of the person who authorized said person to make contact with the plaintiff(s) including;

(i) the date on which said person was authorized to surveil plaintiff(s);

(ii) the name and address of the employer of the person who hired said person to surveil plaintiff(s);

(m)    A detailed description of all writings which in any way relate to the hiring of said person for the purpose of surveilling plaintiff(s) including specifically:

(i) the date of the writing;

(ii) the description of the writing (e.g., two-page letter, one-page report, one-page memorandum, etc.);

(iii) the person who prepared the writing, including his address and telephone number;

(iv) the name, address and telephone number of all persons to whom the writing was sent or shown;

(v) the name, address and telephone number of all persons presently having the original or copies of said writing; and

(vi) a detailed description of the contents of said writing;

11

(n)    As to the contact between said person, or any of defendant's representatives or agent, with the plaintiff(s), state whether any photographs, slides, motion picture films, or tape recordings were taken or attempted and, if so, state specifically the following:

(i)  whether the contact involved the use of a motion picture film, slide photograph or tape recording;

(ii)  whether the plaintiff(s) was/were advised that he/she/they was/were being filmed, photographed or taped recorded;

(iii)  the date and time of day that the motion picture film, slide, photograph or tape recording was made;

(iv)  a detailed description of what is contained in the motion picture film, slide, photograph or tape recording; and

(v)  the name and address of all person(s) having the original or copies of said item.

**ANSWER:**

23.    If a surveillance of the plaintiff(s) was conducted at any time, you are directed to provide the following information about the company and the persons who participated in the surveillance:

12

    (a)    whether they are licensed in any state and, if so, please give the state of licensure, the date of licensure and the present status of said license;

    (b)    whether a license was ever suspended or revoked at any time and, if so, the date of, and reason for, the suspension or revocation;

    (c)    whether they possess a concealed deadly weapon, license, and of so, please give state of licensure, the date of licensure and the present status of said license;

    (d)    whether a concealed deadly weapon, license was ever suspended or revoked at any time, and if so, the date of any reason for the suspension or revelation;

    (e)    whether they have ever been charged with or indicted and/or convicted of any crime, and if so, the date of arrest and/or conviction, charge, disposition, police agency, and charge involved;

    (f)    whether they have ever been subject to any administrative, civil or non-criminal investigation, inquiry, hearing, lawsuit, or charge regarding any acts of violence, improper surveillance or investigation, or acts of untruthfulness;

    (g)    whether they possessed a weapon at the time of any surveillance, and if so, identify the weapon, and the dates and times of possession;

    (h)    their home and business address, educational and work history, specific training in investigation and detective and/or police work, including schools and/or courses attended, grades or degrees attained, and military history;

    (i)    whether defendant provided any instructions, guidelines and/or training to such persons, and if so, identify such with particularity, and produce any documents, manuals, films, records, or any other evidence regarding such instructions, guidelines, and/or training.

13

**ANSWER:**

24.    If a surveillance of the plaintiff(s) was conducted at any time, please describe the year, make and model of all vehicles which were used by the persons doing the surveillance as well as the tag number and state of registration of the vehicle.

**ANSWER:**

25.    Did any persons involved in the surveillance of the plaintiff(s) enter onto plaintiff's(s') property or enter into plaintiff's(s') place of employment and, if so, you are directed to give the following additional information:

        (a)    date, day of week and time of day;

        (b)    name and address of the person(s) involved in the surveillance at that time;

        (c)    reason for entering the property;

14

(d)    whether any verbal communications occurred with anyone, including the plaintiff's(s') and plaintiff's(s') relatives, about the plaintiff(s) and, if so, describe what was said;

(e)    whether the persons identified in your answer to subsection (b) have ever been charged with, arrested or indicted for and/or convicted of any crime, and if so, the date of arrest and/or conviction, charge, disposition, police agency, and charge involved;

(f)    whether the persons identified in your response to subsection (b) have been subject any administrative, civil or non-criminal investigation, inquiry, hearing, lawsuit, or charge regarding any acts of violence, improper surveillance or investigation, or acts of untruthfulness;

(g)    whether the persons identified in your response to subsection (b) possessed a weapon at the time of any surveillance, and if so, identify the weapon and the dates and times of possession;

(h)    the home and business addresses, educational and work histories, specific training in investigation and detective and/or police work, including schools and/or courses attended, grades or degrees attained, and military history of each person identified in your response to subsection (b);

(i)    whether defendant provided any instructions, guidelines and/or training to such persons, and if so identify such with particularity and produce any documents, manuals, films, records, or any other evidence regarding such instructions, guidelines, or training.

**ANSWER:**

15

    63287 1001

26.  Did any person involved in the surveillance of the plaintiff(s) have any telephone contact with anyone at any time about the plaintiff(s) and, if so, you are directed to give the following additional information:

(a)  date, day of week and time of day of the telephone call;

(b)  name and address of the person who was conducting the surveillance at the time;

(c)  reason for making the call;

(d)  description of what was said and each person participating in the telephone call.

**ANSWER:**

27.  State whether you or your vehicle has been involved in any other collision prior to or subsequent to the accident upon which this suit is based.

ANSWER:

16

28.    When did you first receive a driver's license and from what state?  Has your license ever been suspended or revoked?  If so, please identify dates, states suspending or revoking, and reasons.

ANSWER:

29.    What state issued the driver's license that you held on the date of the subject accident?  What date was it issued?  Were there any restrictions on your license?  If so, please identify such restrictions.

ANSWER:

30.    Have you ever received a warning, summons or charge from any Law Enforcement Agency relative to your violation of any motor vehicle laws, and if so, state:

       (a)    The date of such arrest, summons or warning;

       (b)    The nature of the offense charged;

       (c)    The Law Enforcement Agency bringing the charge;

       (d)    The disposition of the charge;

       (e)    The circumstances surrounding the incident subject to the charge.

ANSWER:

31.    Was your automobile in proper working order when you got into it on the day of the accident to begin the trip on which this accident occurred?  If not, what was its condition?

ANSWER:

32.    Was any part of your automobile not functioning properly on the date of the accident?

ANSWER:

33.    Describe in detail your course of travel leading to the scene of the accident in question, including any and all stops which you may have made en route, the reason for such stops and the duration of such stops.

ANSWER:

34    Was your front windshield completely clean at the time of the accident, and if not, describe its condition?

ANSWER:

18

35.     Were the auto windows completely clean at the time of the accident?

ANSWER:

36.     Did you take any evasive action to avoid the collision and if so, what action did you take?

ANSWER:

37.     Describe the path that your vehicle followed immediately after the point of impact.

ANSWER:

38.     Did you have any defective vision on the date of the subject accident and if so, had you received a prescription for eye glasses prior to that date and were you wearing glasses at the time of the accident?

ANSWER:

19

39     If you have a car radio, was it playing on the date of the accident at the time of the accident?  Was there a cellular telephone in the car?  Were you using it at the time of the accident?  Please provide your cellular telephone number, account number, and identify the provider.

ANSWER:

40     If you smoke, were you smoking at the time of the accident or were you preparing to light a cigar, cigarette or pipe immediately prior to the time of the accident?

ANSWER:

41     Were you eating or drinking anything prior to or at the time of the accident?

ANSWER:

20

42.    Did you have any objects on the front seat of your vehicle that in any way distracted your attention immediately prior to the impact and if so, describe the circumstances surrounding such distraction, relating in detail any objects that may have been on the front seat of your car or in the front portion of your car at that time.

ANSWER:

43.    State whether there were any passengers in your car at the time of the accident, and their names and addresses and seating arrangement.

ANSWER:

44.    State whether you consumed any alcoholic beverages or medications whatsoever within eight (8) hours prior to the accident which is the subject of this litigation, the places where such alcoholic beverages or medications were obtained and the nature and amount thereof.

ANSWER:

45.    State whether or not you had any physical disability at the time of the accident, which is the subject of this action, and if so, state the specific nature thereof.

ANSWER:

46.    State your places of residence for the past ten years and give the dates of each residence in chronological order.

ANSWER:

47    State the name and address of every expert retained or employed by you in anticipation of this litigation or preparation for trial, whether or not you expect to call him as a witness at trial, and, as to each, state:

(a)    The dates of initial employment;

(b)    The date or dates of any reports, letters or other writings prepared by such person, a brief description of such writings (as two-page letter, three-page report, etc );

(c)    Whether such expert also rendered any service in connection with any aspect of any subject matter involved in this litigation, other than in anticipation of this litigation or preparation for trial (as, for instance, giving medical attention required by the accident, designing machinery involved in the accident, etc.).

ANSWER:

48.     With reference to any expert you expect to call to testify as a witness at the trial, state the name and address of such expert and, as to each expert named, state:

(a)     The area of the expert's specialty;

(b)     The subject matter on which the expert is expected to testify;

(c)     The substance of the facts and opinions to which the expert is expected to testify;

(d)     The summary of the grounds for each such opinion.

ANSWER:

49.     State whether you had any liability insurance of any kind in effect on the date of the accident which is the subject of this litigation.

ANSWER:

50.     If the answer to the previous Interrogatory is "yes", then state:

(a)     The name and address of the insurer;

(b)     The name and address of the agent who wrote such insurance;

(c)     The general title or designation of the policy (as, for instance, general liability automobile policy, general liability policy, etc.),

23

(d)   The name and business address of each person who has a copy of

it

ANSWER:

51.   If there is any insurance available through your employer, please state:

(a)   The name of the company;

(b)   The policy limits;

(c)   The number of the policy;

(d)   The person who has possession of the same.

ANSWER:

52.   With reference to the policy referred to in Answer to Interrogatories No.

49 and 51 above, please state the amount of coverage for:

(a)   General liability;

(b)   Medical expenses, if additional;

(c)   Punitive damages, if awarded.

24

ANSWER:

53.    Are there any policies of insurance applicable to the defendant other than those referred to in Answers 49 to 51 above?

ANSWER:

54.    As to any accidents of any kind which involved the defendant prior to or subsequent to the accident which is the subject of this action, state the following:

(a)    The date of the accident;

(b)    The place of the accident;

(c)    A detailed description of how the accident happened;

(d)    Name, address and employers of all persons who were witnesses to this accident;

(e)    Names of all persons who were injured in the accident and a description of the injuries sustained and extent of medical treatment rendered;

(f)    If defendant or her representatives acquired the information contained in their responses to subparagraphs (a)-(e) from a third person, state the following:

25

63287 1001

      (i)     Name, address and employer of the person who provided the information to defendant or his representatives;

      (ii) The date the information was provided;

      (iii) The name, address and employer of the person or persons who received the information;

      (iv)   Whether the contents of such information are contained in or referred to in any writing and, if so, a description of the writing, its date, the name and address of its preparer and the names and addresses of all persons having the original or copies of this writing.

ANSWER:

55    Has the defendant, his attorney, his insurance company, or anyone acting in his interest or on his behalf had any contact with the plaintiff(s) or anyone else concerning any aspect of this litigation including, but not limited to, interviews with plaintiff(s) or persons who know plaintiff(s), investigations of plaintiff(s) or the taking of photographs or motion pictures of plaintiff(s)?

ANSWER:

WP3:1089629 1                                         63287 1001

56    If the answer to the preceding Interrogatory is in the affirmative, state separately as to each such contact the following:

(a)    The date and time of day that the contact with plaintiff(s) took place;

(b)    The purpose of the contact;

(c)    The name of the person who made contact with the plaintiff(s) and the name, address and telephone number of his employer and all other persons who were present when the contact with plaintiff(s) was made;

(d)    A detailed description of the place where the contact took place, including street address and location within a building, if applicable;

(e)    The name, address and telephone number of the person who authorized said person to make contact with the plaintiff(s) including;

(i)    The date on which said person was authorized to make contact with plaintiff(s);

(ii)   The name and address of the employer of the person who hired said person to make said contact;

(f)    A detailed description of all writings which in any way relate to the hiring of said person for the  purpose of making contact with plaintiff(s) including specifically:

(i)    The date of the writing;

(ii)   A description of the writing (e.g., two-page letter, one-page report, one-page memorandum, etc.);

27

(iii) The person who prepared the writing, including his address and telephone number;

(iv) The name, address and telephone number of all persons to whom the writing was sent or shown;

(v)    The name, address and telephone number of all persons presently having the original or copies of said writing; and

(vi) A detailed description of the contents of said writing;

(g)    As to the contact between said person and plaintiff(s), state whether any writings exist which record, describe, or in any way relate to the contact between said person, or any of the defendant's agents who made contact with plaintiffs including:

(i)    The date the writing was prepared;

(ii) The name and address of the preparer of the document or writing;

(iii) A description of the writing (e.g., two-page report, one-page memorandum, etc.);

(iv) A description of the contents of the writing;

(v)    The name and address of each person to whom the writing was sent or reviewed;

(vi) The name and address of each person having the original or copies of said writings;

(h)    As to the contact between said person, or any of defendant's representatives or agent, with the plaintiff(s), state whether any photographs, slides, motion

28

picture films, or tape recordings were taken or attempted and, if so, state specifically the following:

    (i)    Whether the contact involved the use of a motion picture film, slide, photograph or tape recording;

    (ii)  Whether the plaintiff(s) were advised that he/she/they was/were being filmed, photographed or tape recorded;

    (iii)  The date and time of day that the motion picture film, slide, photograph or tape recording was made;

    (iv)  A detailed description of what is contained in the motion picture film, slide, photograph or tape recording; and

    (v)    The name and address of all person(s) having the original or copies of said item.

    ANSWER:

    57.    Unless otherwise covered in response to the preceding Interrogatory, state separately as to each photograph, motion picture film, slide, tape recording, report or writing which in any way relates to any contacts between the defendant (including defendant's representatives, defendant's attorney or any other person) and the plaintiff(s) at any time since the date of the accident which is the subject of this case, the following:

29

(a)    The date and time of day that the item (e.g., motion picture film, slide, photograph or writing) was prepared;

(b)    The name and address of the person who was responsible for preparing the item;

(c)    The name and address of the person who hired the individual who prepared the item;

(d)    The name and address of the person or persons who received the original or copies of the item;

(e)    A detailed description of the contents of each item;

(f)    The exact location where the contact to which the item refers took place.

ANSWER:

58.    Regarding the U-Haul trailer at issue,

(a)    When, where, by whom and to whom was it rented;

(b)    Identify all persons involved in such transaction, and identify all documents memorializing or touching upon such transaction;

(c)    Describe how, when, where and by whom the trailer was attached to the Mayfield vehicle;

WP3:1089629 1                                                        63287 1001

(d)    Describe how U-Haul properly educated and instructed Mr. Mayfield and/or its employees and leasing agents in the safe and appropriate fastening, attaching, securing, use, maintenance and operation of the trailer and attach all documentation;

(e)    Identify the trailer by vehicle identification number, license plate registration number, and any other identifying information;

(f)    Provide the location of the trailer and whether any modifications have been made since May 15, 2004. If so, explain the modifications and reasons therefore;

(g)    Identify the manufacturer of the hitching mechanism, whether it was modified prior to or subsequent to May 15, 2004, and if so, why and by whom;

(h)    Express whether any recalls were made on the hitching mechanism, and if so, when, by whom and for what reason, and whether such recalls were completed.

ANSWER:

59.    Describe how U-Haul properly educated customers (other than Mr. Mayfield) and/or its employees and leasing agents in the safe and appropriate fastening, attaching, securing, use, maintenance, and operation of trailers. Attach all documentation. If your response is different than that in Interrogatory No. 58(d), explain why.

ANSWER:

31

60.    Identify all incidents, both prior and subsequent to May 15, 2004 when a U-Haul trailer became unintentionally detached from the vehicle towing it, and an accident occurred. For each incident, identify:

    (a)    The persons and vehicle involved;

    (b)    The date and location of the accident;

    (c)    The facts of the incident;

    (d)    The injuries to persons and/or animals and/or damages to property which occurred;

    (e)    Any settlements of claims;

    (f)    If litigation occurred, the case caption, attorneys involved, and results of litigation;

    (g)    What measures, if any, were taken after each such incident to attempt to prevent a future incident.

ANSWER:

61.    Why did the May 15, 2004 incident occur? What could have been done to prevent it?

ANSWER:

WP3:1089629 1

63287 1001

62.     For the corporate defendants, identify your witnesses, pursuant to Rule 30(b)(6) who will testify as to the allegations, responses and defenses in your Answer, the topics raised in the Complaint, and the information requested in these Interrogatories and the companion Request for Production.

ANSWER:

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Richard A. DiLiberto, Jr. (#2429)
The Brandywine Building, 17th Floor
1000 West Street
P.O. Box 391
Wilmington, Delaware  19899-0391
(302) 571-6657
Attorneys for Plaintiff

Dated: March __8__, 2005

33

EFiled: Mar 16 2005 3:40
Filing ID 5376193

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

SARA S. ECHEVARRIA,                    )
                                       )
                    Plaintiff,         )     C.A. No.:
                                       )
v.                                     )     NON-ARBITRATION
                                       )
U-HAUL INTERNATIONAL, INC.,            )     TRIAL BY JURY DEMANDED
ROGER MAYFIELD, and                    )
NATIONWIDE GENERAL INSURANCE           )
COMPANY,                               )
                                       )
                    Defendants.        )

## PLAINTIFF'S FIRST
## REQUEST FOR PRODUCTION DIRECTED TO DEFENDANTS

The plaintiff requests defendants to produce for examination and copying at the office of undersigned counsel within forty-five (45) days of service of this Request, the following:

### Definitions

"Document", as used in this request is employed in the broadest sense possible under Superior Court Civil Rule 34 and means, without limitation, any written, printed, typed, photocopied, photographed, recorded (electronically or otherwise) or otherwise reproduced communications, compilations, or reproductions, and includes computer generated or stored information or data, whether assertedly privileged or not, and including all drafts of any documents and all copies of documents which are not identical by reason of markings thereon.

WP3:1089633 1                                              63287 1001

**Requests**

1.     Copies of all photographs, sketches, diagrams, videotapes, or other drawings taken by or prepared by you or on your behalf or in your possession or available to you concerning any aspect of the litigation.

**RESPONSE:**

2.     Copies of all insurance policies, including excess coverage, that is or may be applicable to this litigation.

**RESPONSE:**

3.     Copies of all statements or summaries or interviews taken of any person with respect to any issue in the case including but not limited to plaintiff or her agents and defendant or defendant's agents.

**RESPONSE:**

4.     Copies of all reports of investigation, findings of fact, observation of acts or circumstances or any other matter relating to any aspect of the litigation.

2

**RESPONSE:**

5.    Any reports by any person qualifying as an expert containing opinions and/or acts on which opinions are based concerning any aspect of the litigation.

**RESPONSE:**

6.    Any other document or thing in your possession or available to you, in addition to the items specified in previous requests or production.

**RESPONSE:**

7.    All documents or things referenced in answering plaintiff's interrogatories directed to defendants.

**RESPONSE:**

8.    All documents or objects upon which defendants intend to rely upon at trial.

**RESPONSE:**

3

63287 1001

9.     Copies of all documents relating to the rental of the trailer between defendants U-Haul International, Inc. and Roger Mayfield.

**RESPONSE:**

10.     Copies of all documents U-Haul provided to Roger Mayfield and/or to U-Haul employees and leasing agents, to educate and instruct them in the safe and appropriate fastening, attaching, securing, use, maintenance and operation of the trailer.

**RESPONSE:**

YOUNG CONAWAY STARGATT & TAYLOR, LLP

_Richard A. DiLiberto, Jr._

Richard A. DiLiberto, Jr. (#2429)
The Brandywine Building, 17th Floor
1000 West Street
P.O. Box 391
Wilmington, Delaware  19899-0391
(302) 571-6657
Attorneys for Plaintiff

Dated: _March 8, 2005_

4

Edward Novak, Esq.
Quarles & Brady Streich Lang LLP
One Renaissance Square
Two North Central Avenue
Phoenix, Arizona 85004-2391
602-229-5200 Tel
602-229-5690 Fax

ENOVAK@QUARLES.Com

## CERTIFICATE OF SERVICE

I, Steven L. Caponi, hereby certify that on this 10th day of May, 2005, copies of Defendant U-Haul International, Inc.'s Notice Of Filing Petition For Removal was served electronically and by hand upon:

Richard A. DiLiberto, Jr.
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building, 17th Fl.
1000 West Street
Wilmington, DE 19801


Steven L. Caponi (#3484)

900200 00001/40153375v1

## CERTIFICATE OF SERVICE

I, Steven L. Caponi, hereby certify that on this 10th day of May, 2005, copies of

Defendant U-Haul International Inc.'s Notice Of Removal was served by hand upon:

Richard A. DiLiberto, Jr.
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building, 17th Fl.
1000 West Street
Wilmington, DE 19801


Steven L. Caponi (# 3484)

-4-