# EXHIBIT "D" TO PLAINTIFF SARA S. ECHEVARRIA'S MOTION FOR REMAND

2002 U.S. Dist. LEXIS 12581

LIBERTY MUTUAL INSURANCE COMPANY, Plaintiff, v. BAYER CORPORATION, et al., Defendants.

C.A. No. 02-343 GMS

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

2002 U.S. Dist. LEXIS 12581

July 8, 2002, Decided

**DISPOSITION-1:** [*1] Plaintiff's motion to remand was denied.

**COUNSEL:** For LIBERTY MUTUAL INSURANCE COMPANY, plaintiff: Nancy Chrissinger Cobb, Christopher T. Logullo, Chrissinger & Baumberger, Wilmington, DE.

For BAYER CORPORATION, defendant: Allen M. Terrell, Jr., Anne Shea Gaza, Richards, Layton & Finger, Wilmington, DE.

For CENTURY INDEMNITY COMPANY, INSURANCE COMPANY OF NORTH AMERICA, defendants: John D. Balaguer, Christian J. Singewald, White & Williams, Wilmington, DE.

For THE HOME INSURANCE COMPANY, defendant: Lauren Remick Martone, Clark, Ladner, Fortenbaugh & Young, Philadelphia, PA. John S. Spadaro, Jonathan L. Parshall, Murphy, Spadaro & Landon, Wilmington, DE.

For THE HOME INSURANCE COMPANY, THE HOME INSURANCE COMPANY, cross-claimants: Lauren Remick Martone, Clark, Ladner, Fortenbaugh & Young, Philadelphia, PA. John S. Spadaro, Jonathan L. Parshall, Murphy, Spadaro & Landon, Wilmington, DE.

For BAYER CORPORATION, cross-defendant: Allen M. Terrell, Jr., Anne Shea Gaza, Richards, Layton & Finger, Wilmington, DE.

For CENTURY INDEMNITY COMPANY, INSURANCE COMPANY OF NORTH AMERICA, cross-defendants: John D. Balaguer, Christian J. Singewald, White & Williams, Wilmington, [*2] DE.

For BAYER CORPORATION, counter-claimant: Allen M. Terrell, Jr., Anne Shea Gaza, Richards, Layton & Finger, Wilmington, DE.

For LIBERTY MUTUAL INSURANCE COMPANY, counter-defendant: Nancy Chrissinger Cobb, Chrissinger & Baumberger, Wilmington, DE.

For LIBERTY MUTUAL INSURANCE COMPANY, counter-defendant: Nancy Chrissinger Cobb, Christopher T. Logullo, Chrissinger & Baumberger, Wilmington, DE.

**JUDGES:** Gregory M. Sleet, UNITED STATES DISTRICT JUDGE.

**OPINIONBY:** Gregory Moneta Sleet

**OPINION: MEMORANDUM AND ORDER**

**I. INTRODUCTION**

On February 28, 2002, the plaintiff, Liberty Mutual Insurance Company ("Liberty") commenced the above-captioned action in the Superior Court in and for New Castle County, Delaware. In its complaint, Liberty seeks declaratory relief relating to an insurance coverage dispute with Bayer Corporation ("Bayer"), Century Indemnity Company ("Century"), Insurance Company of North America ("INA"), and Home Insurance Company ("Home"). On May 6, 2002, Bayer filed its notice of removal to the United States District Court for the District of Delaware on the basis of diversity jurisdiction.

Presently before the court is Liberty's motion to remand the case [*3] to the Delaware Superior Court. In support of its motion, Liberty argues that, because the time for removal begins to run with the first-served defendant, Bayer's motion is untimely. It further argues that Century, Home, and INA are not competent to give proper consent to Bayer's removal because such consent did not occur within thirty days after they were served. For the following reasons, the court will deny Liberty's motion.

**II. BACKGROUND**

For purposes of the instant motion, the court will discuss only the facts relevant to the question of whether Bayer's notice of removal was timely.

On March 5, 2002, Liberty provided each of the defendants with a courtesy copy of the complaint in the present case. On March 12, 2002, Liberty asserts that it served Century, INA, and Home by serving the Delaware Insurance Commissioner. Home contends, however, that it was not actually served until approximately April 30, 2002. INA and Century do not appear to contest that they were served on March 12, 2002.

Liberty alleges that it first attempted to serve process on Bayer on March 18, 2002 through service on the Delaware Secretary of State under a Delaware long-arm statute relating to [*4] motor vehicle accidents. Bayer maintains that the Secretary of State did not notify Bayer of that attempted service. Liberty thereafter mailed copies of the summons and complaint to Bayer's headquarters in Pittsburgh, Pennsylvania. Bayer received those papers on April 8, 2002.

On May 6, 2002, Bayer, with the other defendants' consent, filed its notice of removal.

## III. DISCUSSION

As an initial matter, the court notes that there is an apparent conflict between the parties with regard to the date on which Bayer was actually served. Thus, the court is faced with the task of determining whether the March 18, 2002 date or the April 8, 2002 date controls. In making this determination, the court notes that Liberty itself has conceded that, "Bayer may not have been served until April 8, 2002." See Liberty's Brief in Support of its Motion to Remand, at 7. Furthermore, aside from setting forth the procedural history of the attempted service, Liberty does not argue that a March 18, 2002 service date made Bayer's notice of removal on May 6, 2002 untimely. Rather, Liberty focuses its arguments on the fact that Bayer was not the first-served defendant for purposes of determining [*5] when the thirty-day removal period began to run. Thus, because Liberty does not appear to genuinely dispute that Bayer was not served until April 8, 2002, the court concludes that this date governs the court's inquiry. Having established this critical fact, the court will now move on with its consideration of the present motion.

Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." See also *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163-164, 139 L. Ed. 2d 525, 118 S. Ct. 523 (1997). A defendant seeking removal of such an action must file a notice of removal with the district court within thirty days of service of the complaint upon the defendant. See 28 U.S.C. § 1446(b)

In 1999, the Supreme Court clarified the time within which a defendant in a state court action may seek removal. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 143 L. Ed. 2d 448, 119 S. Ct. 1322 (1999). [*6] In that case, the Court held that a "courtesy copy" of a file-stamped complaint faxed to the defendant was not sufficient to trigger the defendant's obligation to remove the case, if at all, within thirty days. In so holding, the Court noted that, "service of process . . . is fundamental to any procedural imposition on a named defendant." *Murphy Bros.*, 526 U.S. at 350. Accordingly, only after a plaintiff has rendered proper service is a defending party obligated to take action. See id.

Multiple defendant litigation, however, raises an additional issue that neither the Supreme Court, nor the Third Circuit, has yet addressed. Specifically, the issue is whether the thirty-day period in which a defendant may remove a state action to federal court runs from the time that the first defendant was served, or from the time that the defendant seeking to remove the action was served.

In the past, a majority of courts have adopted the "first-served defendant" rule. See e.g., *Brown v. Demco, Inc.*, 792 F.2d 478, 481 (5th Cir. 1986); *Biggs Corp v. Wilen*, 97 F. Supp. 2d 1040, 1045 (D. Nev. 2000); *Quinones v. Minority Bus Line Corp.*, 1999 U.S. Dist. LEXIS 5381, [*7] at *5 (S.D.N.Y. Apr. 19, 1999). Courts following this rule reason that an earlier-served defendant who does not seek removal within thirty days of being served has waived his or her right to do so. Those defendants are thus precluded from consenting to a later-served defendant's notice of removal.

In contrast, a growing number of courts, including the Sixth and Eighth Circuits, have adopted the "later-served defendant" rule. See e.g., *Marano Enters. v. Z-Teca Rests., L.P.*, 254 F.3d 753, 757 (8th Cir. 2001); *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 533 (6th Cir. 1999). Under this rule, "each defendant to an action is entitled to thirty days after service to remove an otherwise removable action and . . . all defendants can consent to that removal, even if their own thirty-day periods have expired." *Griffith v. American Home Prods.*, 85 F. Supp. 2d 995, 998 (E.D. Wa. 2000).

In light of the Supreme Court's opinion in *Murphy*, which underscored the importance of formal service of process as the sole trigger of a defendant's obligation to exercise its removal rights, the court will now adopt

Page 2

the "later-served defendant" [*8] approach. *See Marano*, 254 F.3d at 756 (noting that "the legal landscape in this area has been clarified, and perhaps the definitive answer portended, by the Supreme Court's decision in *Murphy* . . ."); *see also* 16 JAMES WM. MOORE, MOORE'S FEDERAL PRACTICE § 107.30[3][a] at 107-163 (3d ed. 2001) (forecasting that the Supreme Court would not adopt the "first-served defendant" rule). To hold otherwise would be to unfairly divest a defendant of the right to exercise its removal rights by reason of the happenstance that another defendant was served earlier. n1

- - - - - - - - - - - - - - Footnotes - - - - - - - - - - - -

n1 Adopting the "later-served defendant" rule is also particularly appropriate on these facts because it does not appear that the defendants are in any way affiliated. Accordingly, absent any allegations that the defendants were "part of a common operating entity," stripping later-served defendants of valuable removal rights would be ill-advised. *See Yellow Cab Co. v. Gasper*, 994 F. Supp. 344, 345-47 (W.D. Pa. 1998) (holding that such an affiliation gives one defendant "control over the litigation strategy "of the other defendants, making the "first-served defendant" rule appropriate.).

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - -

[*9]

Applying the "later-served defendant" rule, Bayer's notice of removal must have been filed thirty days from Bayer's receipt of the summons and complaint through service of process on April 8, 2002. Bayer's notice of removal was thus timely filed on May 6, 2002. Bayer likewise timely secured the consent of the three insurer defendants on May 3, 2002 and May 6, 2002. n2

- - - - - - - - - - - - - - Footnotes - - - - - - - - - - - -

n2 Liberty argues that, because the insurer defendants did not consent to the removal within thirty days of the date they were served, their consent is untimely. For the court to agree with this argument would swallow the application of the "later-served defendant" rule. Accordingly, the court concludes that each of the non-moving defendants must only have consented within thirty days of the date the moving party received the summons. Because this ruling still requires unanimous consent for removal, it does not run afoul of the rule of unanimity, as Liberty suggests.

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - -

## IV. CONCLUSION

Applying the "later-served defendant" rule, the court [*10] concludes that Bayer's notice of removal, and the non-moving defendants' consents, were timely. Accordingly, it will not remand this action to the Delaware Superior Court.

For these reasons, IT IS HEREBY ORDERED that:

1. Liberty Mutual's motion to remand (D.I. 10) is DENIED

Date: July 8, 2002

Gregory M. Sleet

UNITED STATES DISTRICT JUDGE

Page 3

# EXHIBIT "E" TO PLAINTIFF SARA S. ECHEVARRIA'S MOTION FOR REMAND

TODD J. ALBERT As Executor of the Estate of Lauren Albert, Deceased, and in His Own Right v. BAYERISCHE MOTORENWERKE AKTIENGESOLLSCHAFT, (BMW); THE ROVER GROUP; SUD VOYAGES; PALM TOURS The Rover Group, Appellant

NO. 01-2751

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

45 Fed. Appx. 170; 2002 U.S. App. LEXIS 24704

May 23, 2002, Submitted Pursuant to Third Circuit LAR 34.1(a)
June 10, 2002, Filed

**NOTICE:**
**PUB-STATUS:** [**1] RULES OF THE THIRD CIRCUIT COURT OF APPEALS MAY LIMIT CITATION TO UNPUBLISHED OPINIONS. PLEASE REFER TO THE RULES OF THE UNITED STATES COURT OF APPEALS FOR THIS CIRCUIT.

**PRIOR HISTORY:** On Appeal From The United States District Court For the Eastern District of Pennsylvania. (D.C. Civil No. 00-cv-02507) District Judge: Honorable Clifford Scott Green. Previously Reported at: 36 Fed. Appx. 65 and Withdrawn from Bound Volume.

**DISPOSITION-1:** Appeal was dismissed.

**COUNSEL:** For TODD J. ALBERT, Appellee: Shanin Specter, Kline & Specter, Philadelphia, PA.

For BAYERISCHE MOTORENWERKE AKTIENGESOLLSCHAFT, Appellant: Leland I. Lekkner, Lavin, Coleman, O'Neil, Ricci, Finarelli & Gray, Philadelphia, PA, Gerard Cedrone, Lavin, Coleman, O'Neil, Ricci, Finarelli & Gray, Mount Laurel, NJ.

**JUDGES:** BEFORE: MCKEE, STAPLETON and WALLACE, * Circuit Judges

* Honorable J. Clifford Wallace, United States Circuit Judge for the Ninth Circuit, sitting By designation.

**OPINIONBY:** Walter K. Stapleton

**OPINION:** [*171] OPINION OF THE COURT

STAPLETON, Circuit Judge:

[**2] Our power to review a District Court's order to remand a case to state court is limited by 28 U.S.C. § 1447(d) (1994), which states, "an order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise." The statute provides one exception, not relevant here, for civil rights cases. See id. The Supreme Court has construed this section narrowly, stating, "section [§ 1447(d)] and § 1447(c) must be construed together . . . . This means that only remand orders issued under § 1447(c) and invoking the grounds specified therein . . . are immune from review under § 1447(d)." Thermtron Products, Inc. v. Hermansdorfer, 423 U.S. 336, 345-46, 46 L. Ed. 2d 542, 96 S. Ct. 584 (1976).

Section 1447(c) states:

A motion to remand the case on the basis of any defect in removal procedure must be within 30 days after filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

[**3] 28 U.S.C. § 1447(c) (1994). We have construed this section to allow the District Court to remand for "(1) lack of district court subject matter jurisdiction or (2) a defect in removal procedure." PAS v. Travelers Ins. Co., 7 F.3d 349, 352 (3d Cir. 1993). Thus, when a District Court bases its decision to remand on one of these grounds, § 1447(d) bars our review. See Balazik v. County of Dauphin, 44 F.3d 209, 213 (3d Cir. 1995). Further, § 1447(d) "prohibits review of all remand orders issued pursuant to § 1447(c) whether erroneous or not and whether review is sought by appeal or by extraordinary writ." Thermtron Products, Inc., 423 U.S. at 343; see also Feidt v. Owens Corning Fiberglas Corp., 153 F.3d 124, 126 (3d Cir. 1998).

Here it is clear that the District Court's order was based on a procedural defect in the notice of removal, and thus the bar applies. The District Court determined that the Rover Group and BMW violated the so-called rule of unanimity which [**4] requires that "when there is more than one defendant, all must join in the removal petition." Lewis v. Rego Co., 757 F.2d 66, 68 (3d Cir. 1985). This is a procedural requirement. See Balazik,

44 F.3d at 213 ("Failure of all defendants to join is a 'defect in removal procedure' within the meaning of § 1447(c) . . ."). In Balazik, plaintiffs brought a § 1983 suit against 13 defendants seeking relief and damages from a county taxing scheme. Three of the defendants removed the case from state court pursuant to §§ 1331, 1441, and 1443. The remaining ten defendants did not join in the removal notice. See id. at 211. Plaintiffs made a timely motion to have the proceedings remanded, claiming that the District Court lacked subject matter jurisdiction. See id. at 212. The District Court rejected the plaintiffs contention that it lacked jurisdiction, but remanded as a matter of comity under the Tax Injunction Act and Fair Assessment in Fair Assessment in Real Estate Ass'n v. McNary, 454 U.S. 100, 70 L. Ed. 2d 271, 102 S. Ct. 177 (1981). On appeal, [**5] the plaintiffs contended that the court of appeals could not review the decision because "not all of the defendants joined in the removal, thus [*172] constituting a 'defect in removal procedure.'" 44 F.3d at 213. The court stated,

> We agree that the failure of all defendants to remove creates a defect in removal procedure within the meaning of § 1447(c). We would have been required to resolve the issue of our review on that basis, had the district court so held. However, as earlier noted, . . . the district court did not rule on a § 1447(c) ground. Thus, the bar to appellate review commanded by § 1447(c) and § 1447(d) is inapplicable in light of the district court's ground of decision . . . . 44 F.3d at 213.

Here the District Court ruled on the procedural defect ground. Like the plaintiffs in Balazik, the plaintiffs here argued that the notice of removal was defective because not all of the defendants consented. The defendants argued that the court should disregard the rule of unanimity because "(1) service upon all defendants was either improper, or plaintiffs failed to establish that service was proper; (2) plaintiffs did not file a return of service forthwith; and, (3) [**6] the remaining defendants are nominal and/or fraudulently joined defendants." App. at 6; see also app at 113, n1. The District Court rejected these arguments finding that plaintiff properly served on Sud Voyages and Palm Tours in Morocco App. at 6-7. Further, the District Court determined that Sud Voyages and Palm Tours were not nominal or fraudulently joined defendants. See app. at 7-8.


- - - - - - - - - - - - - - Footnotes - - - - - - - - -

> n1 We recognized an exception to the rule of unanimity of Balazik, stating: "The unanimity rule may be disregarded where: (1) a non-joining defendant is an unknown or nominal party; or (2) where a defendant has been fraudulently joined." 44 F.3d at 213 n. 4.

- - - - - - - - - - - - End Footnotes - - - - - - - - - - - -

The District Court thus remanded this case to state court on a procedural ground within the meaning of § 1447(c) and, pursuant to § 1447(d), we cannot review this decision.

We are unpersuaded by defendants' claim that because the District Court had to rule on the exception to the unanimity rule, a separate exception to the § 1447(d) bar applies. In [**7] Waco v. United States Fidelity & Guaranty Co., 293 U.S. 140, 79 L. Ed. 244, 55 S. Ct. 6 (1934), the Supreme Court considered a case in which removal was based on the entry of a diverse party into the underlying dispute. The diverse party removed the case on the grounds that a separable controversy existed. The District Court dismissed the third party and remanded for lack of jurisdiction because diversity had been destroyed. See id. at 142. The Supreme Court held that while no appeal could lie from the remand order itself, "in logic and in fact the decree of dismissal preceded that of remand and was made by the District Court while it had control of the cause. Indisputably, this order is the subject of an appeal . . ." Id. at 143. This is not a true exception to the § 1447(d) bar, rather the Waco Court recognized that where a separate decision necessarily preceded the decision to remand, the court of appeals can review the earlier decision. See Trans Penn Wax Corp. v. McCandless, 50 F.3d 217, 222 (3d Cir. 1995) ("The Court in Waco did not [**8] create an exception to the bar of review of remand orders; it held only that separable decisions underlying and preceding the remand could be reviewed.").

Following Waco, we have held that "a district court cannot prevent appellate review of a final collateral order by contemporaneously remanding a case to state court. . . . Such an order, however, must satisfy two separate jurisdictional requirements. First, it must avoid the bar to [*173] appellate review in 28 U.S.C. § 1447(d). Second, it must satisfy the finality requirement of 28 U.S.C. § 1291." Carr v. American Red Cross, 17 F.3d 671, 675 (3d Cir. 1994) (citing Powers v. Southland Corp., 4 F.3d 223, 226 (3d Cir. 1993). Under the first prong, "the order must be both logically precedent to, and separable from, the remand decision." Id. Defendants contend that the District Court's remand is "based on its finding that Sud Voyages and Palm Tours actually are defendants in

this litigation. The decision is the substantive decision on which the remand depends. If [**9] that decision is incorrect, the remand is incorrect. Thus the District Court's remand order is reviewable." Grey Br. at 5. This argument is unavailing.

Here, unlike in Waco, there is no separate issue to consider or order to be appealed. Rather, the defendants request review of a decision that was part and parcel of the District Court's decision to remand in the first place. That is, the District Court ruled on whether the Moroccan defendants were fraudulently added or nominal defendants. In making its decision, the District Court rejected the defendants' argument that the Moroccan tour companies are nominal defendants because no court sitting in Pennsylvania would have personal jurisdiction over the Moroccan companies. The court had to make that decision in order to rule on whether the rule of unanimity applied and thus whether removal was procedurally proper. Therefore, there is no separable decision for us to review and the Waco line of cases does not apply.

CONCLUSION

This appeal will be dismissed for want of jurisdiction.

/s/ Walter K. Stapleton

Circuit Judge