IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT COURT OF DELAWARE

| | |
|---|---|
| SARA S. ECHEVARRIA, : | |
| : | |
| Plaintiff, : | Case No. 05-284 (GMS) |
| : | |
| v. : | Removed from Superior Court, |
| : | New Castle County, Delaware |
| U-HAUL INTERNATIONAL, INC., : | |
| ROGER MAYFIELD, and : | C.A. No.: 05C-03-188 WCC |
| NATIONWIDE GENERAL INSURANCE : | |
| COMPANY : | |
| : | |
| Defendants. : | |

**DEFENDANT U-HAUL INTERNATIONAL INC.'S RESPONSE TO
PLAINTIFF'S MOTION FOR REMAND**

Defendant U-Haul International, Inc. ("U-Haul"), by its counsel Blank Rome LLP and Quarles & Brady LLP, states as follows:

### INTRODUCTION

Plaintiff Sara S. Echevarria's Motion for Remand is a transparent and unsupported attempt to send this case back to state court despite the parties' complete diversity and unanimous consent to this Court's jurisdiction. Nationwide General Insurance Company ("Nationwide") did not need to consent to removal. Because it is impossible to predict whether Nationwide can be liable as plaintiff's uninsured/underinsured vehicle insurer until Roger Mayfield is joined, Nationwide is a nominal defendant.

In addition, there is no controlling law suggesting that U-Haul's Notice of Removal was defective. The cases plaintiff cites for the proposition that a consent to removal must be filed in writing have not been adopted by this District or the Third Circuit. Further, the defect in the Notice of Removal, if there is any, is purely technical. As attested to in U-Haul's Notice of Removal, and supported by Nationwide's joinder, Nationwide did consent in writing to U-Haul's removal prior to U-Haul's filing of the Notice of Removal.

118619.00601/40154327v1

Moreover, counsel for U-Haul decided not to file Nationwide's consent to removal after consulting with the Delaware District Court Clerk of the Court. (Caponi Aff. at ¶ 5, attached hereto as Ex. 1).

## BACKGROUND FACTS

Plaintiff filed her Complaint in the Superior Court of the State of Delaware in and for New Castle County on March 16, 2005. (Compl.). Plaintiff's Complaint named U-Haul, Roger Mayfield and Nationwide as defendants. (Id.). U-Haul was served on April 22, 2005. (Pl. Motion for Remand at ¶ 2). Nationwide was served on April 9, 2005. (Pl. Motion for Remand at ¶ 3). Roger Mayfield has not yet been served. (Pl. Motion for Remand at ¶ 4).

Plaintiff alleges that Nationwide provided uninsured/underinsured vehicle coverage to plaintiff. (Compl. at ¶ 52). Plaintiff claims, based on information and belief, that either U-Haul and/or Mayfield are uninsured and/or underinsured. (Compl. at ¶ 54). Plaintiff alleges no facts to support this claim.

U-Haul filed a Notice of Removal on May 10, 2005. (Pl. Motion for Remand, Ex. B). Prior to filing the Notice of Removal, U-Haul obtained a written consent to removal from Nationwide. (A copy of Nationwide's written consent is attached hereto as Ex. 2). U-Haul's Notice of Removal provided that "Nationwide, through its authorized representative, has consented to the removal of this action. . . " (Pl. Motion for Remand, Ex. B at ¶ 8).

Before filing the Notice of Removal, on May 10, 2005, Steve Caponi's office, counsel for U-Haul, consulted this District Court Clerk of the Court regarding filing the Notice of Removal. (Caponi Aff. at ¶ 5). The Clerk of the Court informed Mr. Caponi that it was unnecessary to attach Nationwide's written consent to removal. (Caponi Aff. at ¶ 5).

Upon receipt of plaintiff's Motion for Remand, counsel for U-Haul, Frank LoCoco, contacted Richard DiLiberto, Jr., Ms. Echevarria's counsel, to request that he withdraw the

motion to remand. (LoCoco Aff. at ¶ 3, attached hereto as Ex. 3). On May 26, 2005, Mr. LoCoco wrote to Mr. DiLiberto and explained in the letter that Nationwide had consented in writing to removal prior to U-Haul's removal. (LoCoco Aff. at ¶ 4, Ex. A). Mr. LoCoco also explained to Mr. DiLiberto that the Clerk of the Court had instructed U-Haul that attaching the written consent was unnecessary. (LoCoco Aff. at ¶ 5). Mr. DiLiberto refused to withdraw the motion. (LoCoco Aff. at ¶ 6).

## ARGUMENT

### I. U-Haul Did Not Need To Obtain Nationwide's Consent Because Nationwide Is A Nominal Defendant.

Although U-Haul obtained Nationwide's consent to removal out of an abundance of caution, Nationwide's consent was not required for Removal because Nationwide is a nominal plaintiff. One exception to the unanimity rule which requires all defendants to join in the removal is that nominal defendants need not consent to removal. *See Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 369 (7th Cir. 1993). "A defendant is nominal if there is no reasonable basis for predicting that it will be held liable." *Id.* As this case is now postured, Nationwide is a nominal defendant. Based on plaintiff's Complaint, there is no reasonable basis to predict whether Nationwide will be liable. Nationwide can only be liable if Roger Mayfield and/or U-Haul are uninsured or underinsured. (Compl. at ¶ 54). U-Haul is not either underinsured or uninsured and therefore Nationwide cannot be liable for any judgment against U-Haul. (LoCoco Aff. at ¶ 2). Because Roger Mayfield has not been served and has not yet appeared in this case, it is not known whether he is underinsured or uninsured. Moreover, until Roger Mayfield is joined, there can be no recovery against him and therefore no liability to Nationwide. Accordingly, Nationwide is a nominal defendant and need not consent to removal.

## II. Whether Or Not Nationwide Is A Nominal Defendant, U-Haul's Removal Was Not Defective.

U-Haul's affirmative representation to this Court that Nationwide had consented to removal was sufficient to satisfy 28 U.S.C. § 1446. While "[i]t is well-established that all defendants must either join in or consent to a Notice of Removal within the 30-day period provided by 28 U.S.C. § 1446, . . . [t]o require all defendants to physically sign the removal notice . . . would be a 'senseless formalism.'" *Dixon v. BorgWarner*, 2004 WL 801270, * 5 (S.D. Ind. 2004) (*citing Mechanical Rubber & Supply Co. v. American Saw and Mfg. Co.*, 810 F. Supp. 986, 989 (C.D. Ill. 1990)). Because Nationwide did in fact consent, and has now formally joined in this removal, this Court should not adopt plaintiff's argument based on senseless formalism and should deny plaintiff's Motion to Remand.

The cases plaintiff cites in support of its argument that a statement in the notice of removal that the other parties consent does not satisfy the unanimity requirement are inapplicable. Neither case, nor their holdings, have been adopted by the Third Circuit. Moreover, both are distinguishable.

In *Roe v. O'Donohue*, 38 F.3d 298, 301 (7th Cir. 1994)(overruled on other grounds), there was no affirmative statement made in the notice of removal that all of the parties had consented to removal. Instead, the notice merely said that the other defendants did not object to removal. *See id.* Here, U-Haul affirmatively pled that Nationwide had consented to removal.

Also unlike this case, *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1263 (5th Cir. 1998) concerned the "first-served rule." In *Getty*, the court held that even though one defendant joined in the notice of removal within thirty days of service, that joinder failed because the defendant was required to join in the petition within thirty days from which the first defendant was served. *See id.* That is not the rule in this Court. *See Liberty Mut. Ins. Co. v. Bayer Corp.*, 2002 WL 1467331, *2 (D. Del. July 8, 2002) ("each defendant to an action is entitled to thirty

days after service to remove an otherwise removable action and . . . all defendants can consent to that removal, even if their own thirty day periods have expired.'" *Id.* (*quoting Griffith v. Am. Home Prods.*, 85 F. Supp. 2d 995, 998 (E.D. W. Va. 2000)).

Here, Nationwide did timely and affirmatively consent in writing to the removal. (Ex. 2). Nationwide's consent was timely because it came within the 30-day period within which U-Haul was required to file a notice of removal. *See Liberty*, 2002 WL 1467331 at *2. U-Haul attested to Nationwide's consent in the Notice of Removal. U-Haul's representation that it had received Nationwide's written consent was subject to Rule 11, which provides:

> By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,
>
> (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and

Fed. R. Civ. P. 11. U-Haul could not have made its representation that Nationwide consented to removal unless it were true. U-Haul's Notice of Removal was sufficient to put plaintiff and this Court on notice that Nationwide had consented to removal.

**III.   Even If The Failure To File Nationwide's Consent Was A Defect, It Is Now Cured.**

Even if U-Haul should have filed Nationwide's consent along with its Notice of Removal, this defect was merely technical – Nationwide had, in fact, consented in writing – U-Haul and Nationwide should be allowed to cure this defect. *See Callahan v. Callahan*, 247 F. Supp. 2d 935, 940 (S.D. Ohio 2002).

In *Callahan*, the Notice of Removal provided, "The other defendant in the action, Michael Callahan, has agreed to the removal effected by this notice." *Id.* Plaintiff moved for remand arguing that Mr. Callahan did not properly join in the removal. *See id.* The court denied the motion. The court found that "[a]lthough the Notice of Removal was signed only by

Keymark's counsel, this statement indicates that Callahan intended to consent to Keymark's removal of the action." *Id.* In addition, the court found that the defendants had cured any deficiency by filing an Amended Notice of Removal in which they submitted affidavits of Michael Callahan and his counsel. *Id.*

Likewise, in *Sicinski v. Reliance Funding Corporation,* 461 F. Supp. 649, 652 (S.D.N.Y. 1978), the court held that an affidavit consenting to removal after the Petition for Removal was filed cured any defect in the original petition. The court held that a "petition may be amended after time for seeking removal in order 'to set out more specifically grounds for removal that already have been stated, albeit imperfectly, in original petition.'" *Id. (citing* 14 Wright, Miller & Cooper, Federal Practice and Procedure, s 3733 at 734).

Any defect in U-Haul's Notice of Removal has now been cured. Nationwide has filed a joinder formally consenting to removal and clarifying that it did in fact consent in writing prior to the filing of U-Haul's Notice of Removal. (Def. Nationwide General Insurance Company's Response to Plaintiff's Motion to Remand and Joinder in Removal Petition). Based on these pleadings, it is clear that Nationwide did consent to removal in writing prior to the thirty-day removal deadline satisfying the unanimity requirement. Plaintiff's Motion for Remand should be denied.

### CONCLUSION

Due to the fact that Nationwide is a nominal party and yet consented to removal in writing prior to removal, U-Haul respectfully requests that this Court deny plaintiff's Motion to Remand. In addition, since plaintiff had ample opportunity to withdraw this motion upon the reasonable request of U-Haul, it may request through a subsequent motion that this Court order payment of U-Haul's costs and fees in having to respond to this baseless motion.

Dated this 7th day of June, 2005.

        **BLANK ROME LLP**

        */s/ (#4381)*
        *On behalf of*
        STEVEN L. CAPONI (DE ID No. 3484)
        Chase Manhattan Centre
        1201 Market St., Suite 800
        Wilmington DE 19801
        (302) 425-6408
        (302) 425-6464)

        - and -

        FRANCIS H. LoCOCO
            Wis. State Bar No. 1012896
        LARS E. GULBRANDSEN
            Wis. State Bar No. 1037935
        QUARLES & BRADY LLP
        411 E. Wisconsin Ave., Suite 2040
        Milwaukee WI 53202-4497
        (414) 277-500
        (414) 271-3552 (Fax)

        MONICA M. TYNAN, ILARDC #06210307
        QUARLES & BRADY LLP
        Citicorp Center
        500 W. Madison St., Suite 3700
        Chicago IL 60661-2511
        (312) 715-5000
        (312) 715-5155 (Fax)

        *Attorneys for Defendant U-Haul International, Inc.*

## CERTIFICATE OF SERVICE

I, Michelle A. Bimson, do hereby certify that on the 7th day of June 2005, I caused service of *Defendant U-Haul International Inc.'s Response to Plaintiff's Motion for Remand* to be served on the following parties in the manner indicated below.

**VIA E-FILING AND FEDERAL EXPRESS**
Robert J. Leoni
Morgan, Shelsby & Leoni
131 Continental Drive
Suite 206
Newark, DE 19713

**VIA E-FILING AND HAND DELIVERY**
Richard A. DiLiberto, Jr.
Young Conaway Stargatt & Taylor LLP
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391

Michelle A. Bimson (DE ID No. 4381)