# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT COURT OF DELAWARE

SARA S. ECHEVARRIA,

    Plaintiff,

v.

U-HAUL INTERNATIONAL, INC.,
ROGER MAYFIELD, and
NATIONWIDE GENERAL INSURANCE
COMPANY

    Defendants.

Case No. 05-284 (GMS)

Removed from Superior Court,
New Castle County, Delaware
C.A. No.: 05C-03-188 WCC

### AFFIDAVIT OF STEVEN L. CAPONI

STATE OF DELAWARE    )
                                 )ss
NEW CASTLE COUNTY    )

    STEVEN L. CAPONI, being first duly sworn, on oath, deposes and states as follows:

    1.    I am an attorney at Blank Rome LLP, counsel of record for defendant U-Haul International, Inc., in this matter and make this affidavit upon personal knowledge being duly authorized to do so.

    2.    In early May 2005, I was retained to serve as Delaware counsel for U-Haul International, Inc. ("U-Haul") in connection with the above captioned matter. On May 10, 2005, I was charged with finalizing and filing with the Court, a Notice of Removal removing this matter from the Delaware Superior Court to Federal District Court for the District of Delaware.

    3.    In connection with the preparation of the Notice of Removal, I reviewed the relevant portions of the United States Code Annotated, the Federal Rules of Civil Procedure and the corresponding Local District Court Civil Rules addressing the removal process. A review of these sources suggested that, for the proceeding to be properly removed from the Delaware State Court, all defendants were required to consent to the Notice of Removal. As of May 10, 2005,

U-Haul and Nationwide General Insurance Company ("Nationwide") were the only defendants that had been properly served with the complaint.

4. In connection with the Notice of Removal, I was provided with the May 4, 2005 letter from Sonja Blackhawk, stating that Nationwide was joining in U-Hauls request to remove this action from the Delaware state court. Due to the ambiguity in the applicable codes, statute and Third Circuit case law, it was unclear whether: (i) Nationwide was required to submit an affidavit supporting the Notice of Removal; (ii) the May 4, 2005 letter should be attached as an exhibit to the Notice of Removal; or (iii) if it was sufficient to state in the Notice of Removal that Nationwide had consented to the removal of the action from the Delaware state court.

5. In an effort to clarify the manner in which Nationwide's consent to the Notice of Removal should be brought to the attention of this Court, my office contacted the Clerk of the Court for the Delaware District Court. After discussing the three options identified in the preceding paragraph, the Clerk of the Court indicated that it was unnecessary to submit the May 4, 2005 letter as an exhibit and that it would be sufficient to state in the Notice of Removal that Nationwide's consent had been obtained. Following these instructions, paragraph 8 was inserted into the Notice of Removal and the May 4, 2005 letter from Nationwide was not attached as an exhibit. Had the Clerk of the Court been unavailable or indicated that an affirmative statement in the Notice of Removal was insufficient to convey Nationwide's consent, the May 4, 2005 letter would have been attached as an exhibit to the Notice of Removal.

_____

Subscribed and sworn to before me
this 6 day of June, 2005

_____
Notary Public, State of
My Commission :

SHERRI L. CAMP
NOTARY PUBLIC
STATE OF DELAWARE
My Commission Expires Jan. 12, 2006

-2-