IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT COURT OF DELAWARE

| | | |
|---|---|---|
| SARA S. ECHEVARRIA, | : | |
| | : | |
| Plaintiff, | : | Case No.: 05-284 (GMS) |
| | : | |
| v. | : | Removed from Superior Court, |
| | : | New Castle County, Delaware |
| U-HAUL INTERNATIONAL, INC., | : | C.A. No.: 05C-03-188 WCC |
| ROGER MAYFIELD, and | : | |
| NATIONWIDE GENERAL INSURANCE | : | |
| COMPANY, | : | |
| | : | |
| Defendants. | : | |

## PLAINTIFF'S REPLY TO DEFENDANT U-HAUL INTERNATIONAL, INC.'S RESPONSE TO PLAINTIFF'S MOTION FOR REMAND

Plaintiff, Sara S. Echevarria, by her counsel Young Conaway Stargatt & Taylor, LLP, states as follows:

### INTRODUCTION

The arguments Defendant U-Haul International, Inc. (hereinafter "U-Haul") sets forth in its Response to Plaintiff's Motion for Remand are without merit. First, Defendant Nationwide General Insurance Company (hereinafter "Nationwide") is not a nominal party to this litigation. Second, the Notice of Removal filed by Defendant U-Haul was defective in that Defendant Nationwide's failure to join in or consent to the Notice was a substantive defect. Finally, the defect in removal cannot now be cured because the thirty-day time period for removal has expired.

### FACTS

Plaintiff brought suit against Defendant Nationwide in order to recover uninsured/underinsured motorist benefits (hereinafter "UM/UIM benefits") pursuant to

Plaintiff's policy of insurance with Defendant Nationwide. Complaint at ¶ 52. Plaintiff bases her claim for UM/UIM motorist benefits on the belief that either Defendant U-Haul or Defendant Roger Mayfield (hereinafter "Mayfield") are uninsured and/or underinsured. Complaint at ¶ 54. During a telephone conversation on July 22, 2004 between Plaintiff's counsel and Karen Burczewski, the claims adjuster for Republic Western Insurance Company (hereinafter "Republic Western"), the automobile insurance carrier for Defendants U-Haul and Mayfield, Ms. Burczewski informed Plaintiff's counsel that the insurance policy applicable to the accident is a minimum limits policy. Affidavit of Information Regarding Coverage Limits Under Insurance Policy With Republic Western Insurance Company, sworn to and subscribed by Richard A. DiLiberto, Esq., June 9, 2005 (attached hereto as Ex. A). Additionally, Republic Western has denied coverage for this accident, effectively making Defendants U-Haul and Mayfield uninsured. Correspondence from Karen A. Burczewski, Claims Adjuster, Republic Western Insurance Co., to Richard A. DiLiberto, Jr., Esq., Young Conaway Stargatt & Taylor, LLP, July 2, 2004 (attached hereto as Ex. B). Moreover, Sonja Blackhawk, the claims adjuster for Nationwide wrote a letter to Republic Western discussing the cause of the accident and requesting that Republic Western support its contention that the trailer was in proper working order and maintained. Correspondence from Sonja Blackhawk, Claims Department, Nationwide General Insurance Co., to Karen Burczewski, Republic Western Insurance Co., Jan. 12, 2005 (attached hereto as Ex. C).

With respect to Defendant Mayfield, Plaintiff's counsel has repeatedly attempted to contact Defendant Mayfield to inform him of this lawsuit and to instruct him to put his insurance carrier on notice of the lawsuit. Correspondence from Richard A. DiLiberto, Jr., Esq., Young Conaway Stargatt & Taylor, LLP, to Roger Mayfield, June 9, 2004; July 22, 2004;

2

August 12, 2004; August 27, 2005 (attached hereto as Ex. D). Defendant Mayfield neither

responded to any of Plaintiff's counsel's attempts at communication, nor informed any insurance

carrier of this lawsuit, to Plaintiff's knowledge.

## ARGUMENT

**I.** **Defendant Nationwide is not a nominal party; therefore, it was required to join in or consent to the Notice of Removal.**

The unanimity requirement which mandates that all defendants join in or consent

to removal, *Albert v. BMW*, 2002 U.S. App. LEXIS 24704, at *3-4 (3d Cir. June 10, 2002)

(attached to Plaintiff's Motion for Remand as Ex. E), does not apply to nominal parties, 16

JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE, § 107.11[1][d] (Matthew Bender 3d

ed.). However, Defendant Nationwide is **not** a nominal party; and therefore, its joinder in or

consent to the Notice of Removal filed by Defendant U-Haul was required for removal to be

proper. Plaintiff faithfully paid substantial premiums to Defendant Nationwide for UM/UIM

coverage in the amount of $100,000/$300,000 to protect her in this very situation. *See generally*

18 DEL. C. § 3902.

This Court, in *Provident Pioneer Partners, L.P. v. Electric & Gas Technology,*

*Inc.*, 2002 U.S. Dist. LEXIS 19725 (D. Del. Sept. 6, 2002) (attached hereto as Ex. E), addressed

the issue of nominal parties and whether removal was proper. In determining whether a

defendant was a nominal party or a fraudulently joined party, this Court stated:

> According to the Third Circuit, joinder is fraudulent when there is
> "no reasonable basis in fact or colorable ground supporting the
> claim against the joined defendant, or no real intention in good
> faith to prosecute the action" or to "seek a joint judgment." A
> federal court must find joinder proper and remand to state court if
> "there is even **a possibility that a state court would find that the**

63287 1001

**complaint states a cause of action** against any one of the resident defendants."

*Id.* at *5 (internal citation omitted) (quoting *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1997)) (emphasis added). Because of the possibility that either Defendant U-Haul and/or Defendant Mayfield are uninsured and/or underinsured, there is certainly a "possibility that a state court would find that the complaint states a cause of action" against Defendant Nationwide. Therefore, Defendant Nationwide was required to formally join in or consent to the Notice of Removal filed by Defendant U-Haul.

## II.    Defendant U-Haul's Notice of Removal was defective.

Defendant U-Haul cites an Southern District of Indiana case, which is citing a Central District of Illinois case, for the proposition that requiring all defendants to physically sign the Notice of Removal would be a "senseless formalism." Defendant U-Haul's Response at 4. Plaintiff is not arguing that Defendant Nationwide was required to physically sign Defendant U-Haul's Notice of Removal. Defendant Nationwide was required to join in or consent to Defendant U-Haul's Notice of Removal in writing. This could have been accomplished by Defendant Nationwide filing its own separate paper stating its joinder in or consent to the Notice of Removal; or by either Defendant Nationwide or Defendant U-Haul filing the May 4, 2005 letter authored by Sonja Blackhawk, which demonstrates to the Court that Defendant Nationwide joins in or consents to removal.

Next, while the Southern District of Indiana and the Central District of Illinois may view the unanimity requirement as a "senseless formalism", district courts of the Third Circuit do not. While the District of Delaware has not addressed this issue, the Eastern District of Pennsylvania and the District of New Jersey have held that the failure of all defendants to join

4

in or consent to removal is a "substantive defect", not a "senseless formalism." *Carter v. Ingersoll-Rand Co.*, 2001 U.S. Dist. LEXIS 2466, at *10-11 (E.D. Pa. Mar. 12, 2001) (attached hereto as Ex. F); *Miniet v. Automated Packaging Sys., Inc.*, 1996 U.S. Dist. LEXIS 21805, at *17 (D.N.J. May 29, 1996) (attached hereto as Ex. G).

While Defendant Nationwide informed Defendant U-Haul that it consented to removal of this action, Defendant Nationwide's consent was not filed with the Court within the thirty-day removal time period. In *Carter*, the defendants argued that the following facts proved that a defendant, who the plaintiffs argued had not joined in or consented to the removal in writing within the thirty-day time period, had in fact effectively joined in the Removal Notice based on: (1) The fact that the title of the original Removal Notice used the plural term "Defendants"; (2) A letter written prior to the expiration of the 30-day time period from the other defendant to the filing defendant suggesting that they would consider removal; and (3) A voicemail message from the filing defendant for the other defendant agreeing to remove the matter. 2001 U.S. Dist. LEXIS 2466, at *5.

The Court held that the title of the Removal Notice, the letter and the voicemail message failed to "establish that [the other defendant] joined or consented to [the filing defendant's] Notice." *Id.* at *6. The Court then referred to numerous federal district court cases (albeit no Delaware District Court cases) which hold that each defendant must "express its position **to the court directly**, and ... one defendant's allegation that another defendant joins in the removal is insufficient." *Id.* at *6-7 (emphasis added). The Court explained that the letter and the voicemail message were communications between the defendants, not to the Court; "therefore they cannot establish [the other defendant's] joinder in or consent to removal." *Id.* at *8. The Court reiterated the fact that the other defendant "made no individual filing with the

5

63287 1001

Court." *Id., see also Id.* at *12 (The other defendant "made no expression to the Court of joinder in or consent to removal within thirty days of receiving Plaintiffs' Amended Complaint, as required."). The facts of the instant case are almost identical to those of *Carter.* Defendant Nationwide informed Defendant U-Haul that it consented to removal within the thirty-day time period; but Defendant Nationwide never expressed its consent to removal to the Court within the thirty-day time period.

Because Defendant U-Haul's Notice for Removal was defective, this Court must remand this case back to state court. "[I]t is settled that the removal statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand." *Steel Valley Auth. v. Union Switch Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987).

**III.   The failure of Defendant Nationwide to join in or consent to Defendant U-Haul's Notice of Removal is a "substantive defect" which cannot cured after the thirty-day time period for removal has expired.**

In *Holly Farms Corp. v. Taylor*, 722 F. Supp. 1152, 1156 (D. Del. 1989), the United States District Court for the District of Delaware stated that only "technical" amendments may be made to a Notice of Removal after the thirty-day time limit of 28 U.S.C. § 1446(b) has expired. Both the Court in *Carter* and the Court in *Miniet* held that the failure of all defendants to join in or consent to a Notice of Removal within the thirty-day time period is a "substantive defect" which cannot be cured after the expiration of the thirty-day time period. *See Carter*, 2001 U.S. Dist. LEXIS 2466, at *8-9 ("The Supplemental Clarification cannot cure the failure of both Defendants to join in or consent to removal because Defendants filed the Supplemental Clarification more than thirty days after they received the Amended Complaint, and this time limit must be strictly enforced."); *Miniet*, 1996 U.S. Dist. LEXIS 21805, at *17 (holding that both the 30-day time period and the requirement that all defendants join in the Removal Notice

are fundamental requirements). In distinguishing between "technical" and "substantive" defects, the *Miniet* Court cited to the District of Delaware's *Holly Farms* case. 1996 U.S. Dist. LEXIS 21805, at *16.

The thirty-day time period expired on May 23, 2005. Defendant Nationwide filed its joinder to Defendant U-Haul's Notice of Removal on June 4, 2005. Therefore, Defendant Nationwide did not join in the Notice of Removal until after May 23, 2005, the substantive defect was not effectively cured, and this Court must grant Plaintiff's Motion for Remand.

Plaintiff is not liable to Defendant U-Haul for costs and fees because the Motion for Remand is based on facts, and the application of those facts to valid case law. Plaintiff did not agree to withdraw the Motion for Remand upon Defendant U-Haul's request based upon the arguments expressed in her Motion for Remand and in this Reply, and such advocacy certainly does not necessitate the imposition of costs upon Plaintiff. Plaintiff's counsel did respond to Defendant U-Haul's request to withdraw the Motion for Remand, and expressed his reasons to maintain Plaintiff's position. Correspondence from Richard A. DiLiberto, Jr., Esq., Young Conaway Stargatt & Taylor, LLP, to Francis H. LoCoco, Esq., Quarles & Brady, LLP, June 1, 2005 (attached hereto as Ex. H).

WP3:1119551 1                                                                                                              63287 1001

**CONCLUSION**

Because Defendant Nationwide is **not** a nominal party and the Notice of Removal was defective

and not effectively cured, Plaintiff Sara S. Echevarria respectfully requests that this Court grant

the Motion for Remand.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Richard A. DiLiberto, Jr. (#2429)
Jennifer M. Kinkus (#4289)
The Brandywine Building, 17th Floor
1000 West Street
P.O. Box 391
Wilmington, Delaware  19899-0391
(302) 571-6657
Attorneys for Plaintiff

Dated:  June 9, 2005

8