# EXHIBIT E

2002 U.S. Dist. LEXIS 19725

PROVIDENT PIONEER PARTNERS, L.P., Plaintiff, v. ELECTRIC & GAS TECHNOLOGY INC., and PIONEER POWER INC., Defendants.

C.A. No. 01-781-SLR

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

2002 U.S. Dist. LEXIS 19725

September 6, 2002, Decided

**DISPOSITION-1:** [*1] Plaintiff's motion to remand was granted. Matter was remanded to Superior Court of State of Delaware, New Castle County. Defendant EGT's motions to transfer and extend time were denied at moot. Request for attorney's fees was denied.

**COUNSEL:** For Provident Pioneer Partners LP, PLAINTIFF: David L. Finger, David L. Finger, Esq, Wilmington, DE USA.

For Electric & Gas Technology Inc, DEFENDANT: Rachel B Mersky, Walsh, Monzack & Monaco, Wilmington, DE USA.

**JUDGES:** Sue L. Robinson, United States District Judge.

**OPINIONBY:** Sue L. Robinson

**OPINION:** MEMORANDUM ORDER

I. INTRODUCTION

Plaintiff Provident Pioneer Partners, L.P. ("PPP") initiated this breach of contract action in Delaware state court alleging defendants Electric Gas & Technology, Inc. ("EGT") and Pioneer Power, Inc. ("PPI") failed to perform certain obligations made pursuant to an amended agreement stemming from a settlement of litigation n1 in Texas. As a result of EGT's and PPI's alleged failure to perform, PPP sought to rescind the agreement as well as its obligations to perform. (D.I. 1) In response, EGT removed the action to this court and then moved to transfer to the United States District Court for the Northern District of Texas, Dallas Division, [*2] pursuant to 28 U.S.C. § 1391 and 1404(a). (D.I. 1, 3) EGT asserts Texas is the more appropriate forum since all events related to the case arose in Texas and almost all witnesses reside there. (D.I. 3)

- - - - - - - - - - - - - - Footnotes - - - - - - - - -
- - - - - -

n1 The parties have a history of protracted litigation and unconsummated agreements.

(D.I. 16) Apparently this litigation emanates from a 1995 asset purchase agreement signed between Nathan Mazurek as president of American Circuit Breaker Corporation and Superior Technology, a wholly owned subsidiary of EGT. PPP is a limited partnership created by Mazurek in March 1997, because of failures to perform certain obligations, suit was instituted in Texas state court, which was subsequently transferred to the United States District Court for the Northern District of Texas, Dallas Division. By December 1997, the District Court entered an order dismissing the litigation without prejudice because the parties had entered into a settlement. The following terms were included in the settlement: 1) ACB assigned its obligations to PPP; 2) PPI was created as a vehicle to distribute ACB's assigned assets between PPP and EGT; and 3) it was agreed that if settlement failed suit could be initiated only in the United States District Court for the Northern District of Texas. (D.I. 16, Ex. E) In 1998, another settlement was reached to resolve outstanding is sues. In 1999, the parties entered a third agreement. As this lawsuit demonstrates, the matter remains unresolved.

- - - - - - - - - - - - End Footnotes- - - - - - - -
- - - - - -

[*3]

In response, PPP moves for remand (D.I. 7) arguing diversity jurisdiction is lacking as there are residents of Delaware on both sides of the litigation. EGT contends diversity is present because PPI was only joined in the litigation to avoid diversity. EGT argues PPI is a shell corporation controlled by PPP and is not a true or indispensable party to the litigation. EGT argues PPI's failure to file any responsive pleading in this case further evinces that it is not a true party. (D.I. 16) In

reply, PPP asserts EGT has offered nothing to support its conclusory allegations against itself or PPI. (D.I. 17) Moreover, PPP asserts PPI is a necessary party to which PPP is obligated to transfer all of its equity. This lawsuit was filed to declare that PPI could not enforce its contractual rights against PPP. (See D.I. 16, Ex. G)

## II. DISCUSSION

28 U.S.C. § 1447(c) provides "if at any time before final judgment it appears that the case was removed [from state court] improvidently and without jurisdiction, the district court shall remand the case." According to the Third Circuit Court of Appeals, it "is settled that the removal statues are to be strictly [*4] construed against removal and all doubts should be resolved in favor of remand." Steel Valley Authority v. Union Switch Signal Division, 809 F.2d 1006, 1010 (3d Cir. 1987). In determining whether remand based on improper removal is appropriate, the court "must focus on the plaintiff's complaint at the time the petition for removal was filed," n2 and assume all factual obligation therein as true. Id. The court must determine whether nominal or fraudulently joined parties exist that can be disregarded or if there are indispensable parties that must be included. Id. Moreover, when a non-diverse party has been joined as a defendant, then in the absence of a substantial federal question the removing defendant may avoid remand only by demonstrating that the non-diverse party was fraudulently joined." Batoff v. State Farm Ins. Co., 977 F.2d 848, 851 (3d Cir. 1992). The removing party bears a "heavy burden of persuasion." Id., quoting Steel Valley, 809 F.2d at 1010.

- - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - - -

n2 Id;    Abels v. State Farm Fire & Casualty Co., 770 F.2d 26, 29 (3d Cir. 1985).

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - - -

[*5]

According to the Third Circuit, joinder is fraudulent when there is "no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action" or to "seek a joint judgment." Batoff, 977 F.2d at 851. A federal court must find joinder proper and remand to state court if "there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants." Id.

## III. ANALYSIS

Applying these principles to this action, the court finds there is a lack of complete diversity. The undisputed evidence reflects PPP is a limited partnership incorporated in Delaware. (D.I. 10) The citizenship of a limited partnership, for diversity purposes, is the citizenship of each of its partners, both general and limited. Carden v. Arkoma Assoc., 494 U.S. 185, 195-96, 108 L. Ed. 2d 157, 110 S. Ct. 1015 (1990). The general partner of PPP is Provident Canada Corporation ("PCC") (D.I. 10, Ex. A) Since PCC is incorporated in Delaware (D.I. 10, Ex. B), PPP is a citizen of Delaware. On the other side, EGT is incorporated [*6] in and therefore a citizen of Texas. (D.I. 3) As a Delaware corporation, PPI is a Delaware citizen. (D.I. 10, Ex. C)

Despite EGT's arguments that PPI is not an indispensable party and was fraudulently joined, the court finds the grounds for fraudulent joinder under Bartoff are not present. The agreement reflects there are contractual obligations among the parties that, if not consummated, could create claims for relief. (D.I. 10, Ex. G; F) Further, EGT has offered no affirmative proof to demonstrate the scheme or sham alleged. The absence of any responsive pleading by PPI does nothing more than suggest neglect or inadvertence. The Supreme Court has interpreted the "diversity statute to require 'complete diversity of citizenship.'" Carden, 494 U.S. at 187. Herein, complete diversity is absent

## IV. CONCLUSION

For the reasons stated, at Wilmington this 6th day of September, 2002;

IT IS ORDERED that:

1. Plaintiff PPP's motion n3 to remand is granted. (D.I. 7)

2. This matter is remanded to the Superior Court of the State of Delaware, New Castle County.

3. Defendant EGT's motions to transfer and extend time are denied at moot. (D.I. 3, 15)

- - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - - -

n3 The request for attorney's fees is denied (D.I. 8).

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - - -

[*7]

Sue L. Robinson

United States District Judge

# EXHIBIT F

2001 U.S. Dist. LEXIS 2466

PHILIP I. CARTER, JR., and KATHLEEN CARTER, Plaintiffs, v. INGERSOLL-RAND COMPANY, INC. d/b/a INGERSOLL-RAND COMPANY ARCHITECTURAL HARDWARE, LCN DIVISION and TRU-FIT FRAME AND DOOR CORPORATION, Defendants.

CIVIL ACTION NO. 00-6438

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

2001 U.S. Dist. LEXIS 2466

March 12, 2001, Filed

**DISPOSITION-1:** [*1] Plaintiffs' Motion GRANTED. Action REMANDED to County of Philadelphia Court of Common Pleas Civil Trial Division.

**COUNSEL:** For PHILIP I. CARTER, JR., KATHLEEN CARTER, PLAINTIFFS: RICHARD M. JUREWICZ, GALFAND BERGER, LLP, PHILA, PA USA.

For INGERSOLL-RAND COMAPNY, INC., DEFENDANT: JAYNE A. RISK, PIPER MARBURY RUDNICK & WOLFE, PHILA, PA USA.

For TRU-FIT FRAME AND DOOR CORPORATION, DEFENDANT: ROBERT B MULHERN, JR., PHILADELPHIA, PA USA.

**JUDGES:** John R. Padova, J.

**OPINIONBY:** John R. Padova

**OPINION: MEMORANDUM**

Padova, J.

This matter is before the Court on Plaintiffs' Motion to Remand. For the reasons set forth below, the Court grants Plaintiffs' Motion.

**I. Background**

On Dec. 19, 2000, Defendant Ingersoll-Rand Co., Inc. ("Ingersoll-Rand") filed "Defendants' Notice of Removal" ("Notice"). The Notice stated: "Defendant, Ingersoll-Rand Company requests the above action now pending in the Court of Common Pleas of Philadelphia County, Pennsylvania, be removed to this Court." The Notice was authored by O. Daniel Ansa and Jayne A. Risk ("Risk"), "Attorneys for defendant Ingersoll-Rand Company," and bore Risk's signature. The Notice alleged that "there is complete diversity [*2] of citizenship among the parties." (Notice P 10.)

Attached as an exhibit to the Notice was a copy of Plaintiffs' Amended Complaint filed in the County of Philadelphia Court of Common Pleas Civil Trial Division, naming Ingersoll-Rand and Tru-Fit Frame and Door Corporation ("Tru-Fit") as defendants.

On Jan. 2, 2001, Plaintiffs filed a Motion to Remand on the ground that not all defendants had joined in removal.

On Jan. 4, 2001, both Defendants filed a "Supplemental Clarification to Defendants' Notice of Removal" ("Supplemental Clarification"). This document stated: "The purpose of this supplement to the original Notice of Removal is to clarify that defendants Ingersoll-Rand Company and Tru-Fit Frame and Door Corporation both join in the request to remove this action to federal court." (Supp. Clarification P 3.) It was signed by attorneys for both defendants.

**II. Discussion**

The procedure for removal of an action from state court to federal court is set forth in 28 U.S.C. § 1446. n1 It is firmly established that § 1446 requires all defendants served in the state court action to join in or consent to removal. Lewis v. Rego Co., 757 F.2d 66, 68 (3d Cir. 1985) [*3] ("Section 1446 has been construed to require that when there is more than one defendant, all must join in the removal petition."); Landman v. Borough of Bristol, 896 F. Supp. 406, 408 (E.D. Pa. 1995); Januszka v. Kemper Insurance Co., 1994 U.S. Dist. LEXIS 7194, No. CIV.A.94-2242, 1994 WL 236463, at *1 (E.D. Pa. May 26, 1994) ("Present day cases uniformly hold that all defendants who have been served by original process must either join in or consent to the removal of the case to federal court."); Ogletree v. Barnes, 851 F. Supp. 184, 186 (E.D. Pa. 1994); Collins v. American Red Cross, 724 F. Supp. 353, 359 (E.D. Pa. 1989); McManus v. Glassman's Wynnefield, Inc., 710 F. Supp. 1043, 1045 (E.D. Pa. 1989); Stokes v. Victory Carriers, Inc., 577 F. Supp. 9, 10 (E.D. Pa. 1983); Balestrieri v. Bell Asbestos Mines, Ltd., 544 F. Supp. 528, 529 (E.D. Pa. 1982); Crompton v. Park Ward Motors, Inc., 477 F. Supp. 699, 701 (E.D. Pa. 1979). Equally well

2001 U.S. Dist. LEXIS 2466

established is the rule that each defendant must join in the notice of removal or express its consent to removal within the thirty-day period [*4] defined in § 1446(b). Landman, 896 F. Supp. at 408; Januszka, 1994 WL 236463 at *2 ("the joinder or consent of all named co-defendants upon whom service has been made must also be within thirty days from the date of service."); Ogletree, 851 F. Supp. at 186; McManus, 710 F. Supp. at 1045; Stokes, 577 F. Supp. at 10; Collins, 724 F. Supp. at 359; Balestrieri, 544 F. Supp. at 529; Crompton, 477 F. Supp. at 701. "The removal statutes 'are to be strictly construed against removal and all doubts should be resolved in favor of remand.'" Boyer v. Snap-on Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990) (citations omitted).

- - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - - -

n1 Section 1446 provides:

> (a) A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

> (b) The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one

which is or has become removable . . . "

28 U.S.C. § 1446 (West 1994).

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - - -

[*5]

In this case, Defendant Tru-Fit neither joined the Notice nor consented to removal within thirty days of receiving the Amended Complaint. Defendants' arguments to the contrary are unpersuasive.

Ingersoll-Rand argues that Tru-Fit joined the Notice. (Defendant's Memorandum of Law in Opposition to Plaintiffs' Motion to Remand ("Ingersoll-Rand Mem.") at 5.) Ingersoll-Rand points to the title of the Notice, using the plural "Defendants'." Ingersoll-Rand further points to the December 1, 2000, letter from Tru-Fit counsel to Ingersoll-Rand counsel suggesting that they consider removal to federal court n2 and a voice mail message that counsel for Ingersoll-Rand left for counsel for Tru-Fit agreeing to remove the matter. (Ingersoll-Rand Mem. at 5-6.) Ingersoll-Rand argues that the letter and the voice mail are evidence that both Defendants joined the removal. (Ingersoll-Rand Mem. at 5.) Tru-Fit advances a different theory. It argues that the December 1, 2000, letter constituted consent to Ingersoll-Rand's removal. (Defendant Tru-Fit Frame and Door Corporation's Memorandum of Law in Support of Denying Plaintiff's Motion to Remand ("Tru-Fit Mem.") at 2-3.)

- - - - - - - - - - - - - - Footnotes - - - - - - - - -

n2 The letter states:

> I am attempting to verify with my client that it is a New Jersey corporation with its principal place of business located in Pennsauken, New Jersey as is alleged in the Complaint. I assume that your client is not a citizen of the Commonwealth of Pennsylvania. Therefore, there appears to be diversity of citizenship jurisdiction that would entitle us to remove this case to federal court. Please give me a call at your early convenience so that we can discuss this."

(Ingersoll-Rand Mem. Ex. C.)

- - - - - - - - - - - End Footnotes- - - - - - - -
- - - - -

[*6]

The title of the Notice, the December 1, 2000, letter, and the voice mail fail to establish that Tru-Fit joined or consented to Ingersoll-Rand's Notice. Courts consistently have required each defendant to express its position to the court directly, and have held that one defendant's allegation that another defendant joins in removal is insufficient. See Landman, 896 F. Supp. at 409 ("For removal to be allowed under 28 U.S.C. § 1446, each defendant must file its own timely removal petition or file its own timely statement consenting to removal by a co-defendant."). In Landman, one defendant filed a removal petition asserting that its co-defendant consented to removal. Landman, 896 F. Supp. at 408. The petition did not include any documentation signed by the other defendant or its representative. Id. The Court stated: "Unfortunately for both, one defendant's attempt to speak on behalf of another defendant will not suffice. . . . Statements made in a removal petition concerning a co-defendant's position on removal are inappropriate without some form of filing by the co-defendant." Id. at 409 (citations [*7] omitted). See also Michaels v. State of New Jersey, 955 F. Supp. 315, 320-21 (D.N.J. 1996) ("Most courts, however, have held that it is not enough for defendants who have not signed the removal petition to merely advise the removing defendant that they consent thereto, or for a removing defendant to represent such consent to the court on behalf of the other defendants. Rather, most courts require all defendants to voice their consent directly to the court.") (emphasis in original) (citations omitted); Ogletree, 851 F. Supp. 184 (rejecting defendants' argument that allegation in notice that all defendants consented to removal was sufficient, and remanding action to state court); Fellhauer v. City of Geneva, 673 F. Supp. 1445, 1448 (N.D. Ill. 1987) (rejecting defendant's argument that one defense counsel's expression of consent to other defendant's counsel in a telephone conversation established consent to removal, and stating: "The removal statutes require that all defendants communicate their consent to the court -- not to one another.") (emphasis in original).

These cases make clear that the title of the Notice, the December 1, 2000, letter [*8] and the voice mail do not establish either joinder or consent by Tru-Fit to Ingersoll-Rand's removal. The letter and voice mail were communications between defendants, not to the Court; therefore they cannot establish Tru-Fit's joinder in or consent to removal. In the cases above cited, an express allegation by one defendant that a co-defendant consented to removal was insufficient to

establish joinder or consent; a fortiori in this case, where Ingersoll-Rand did not expressly allege that Tru-Fit joined the removal, the Notice is insufficient to establish Tru-Fit's joinder or consent. Even if the Court were to construe the title of the Notice as an implicit allegation by Ingersoll-Rand that Tru-Fit joined the Notice, such allegation would be insufficient to effect the joinder or consent of Tru-Fit because Tru-Fit made no individual timely filing with the Court.

Tru-Fit argues alternatively that the Supplemental Clarification cured any procedural defect in removal. (Tru-Fit Mem. at 3-5.) The Supplemental Clarification cannot cure the failure of both Defendants to join in or consent to removal because Defendants filed the Supplemental Clarification more than thirty days after they [*9] received the Amended Complaint, and this time limit must be strictly enforced. Both Defendants allege that they received Plaintiffs' Amended Complaint on December 1, 2000. (Defendant, Tru-Fit Frame and Door Corporation's Response to Plaintiff's Motion to Remand P 4; Response of Defendant, Ingersoll-Rand Company, to Plaintiffs' Motion to Remand P 3.) The thirty-day deadline fell on December 31, 2000, a Sunday. January 1, 2001, was a legal holiday. Pursuant to Federal Rule of Civil Procedure 6, the time period in which Defendants could file a timely notice or consent to removal extended to the end of January 2, 2001. Fed. R. Civ. P. 6(a). Defendants filed the Supplemental Clarification on January 4, 2001. This is to say, Tru-Fit first expressed to the Court its consent to removal of the action from state court thirty-four days after receiving the Amended Complaint.

The established doctrine in this district precludes a conclusion that the Supplemental Clarification cured the failure of both Defendants to join in or consent to removal within thirty days of receiving the Amended Complaint. See Ogletree, 851 F. Supp. at 190 ("While a few courts have allowed non-signing [*10] defendants to submit affidavits of consent after the thirty-day period had expired, it is well-settled in this district that 'the thirty-day limitation is mandatory and the court is without authority to expand it.'") (citations omitted); McManus, 710 F. Supp. at 1045 ("Although § 1446(b)'s thirty-day requirement is not jurisdictional, 'the time limitation is mandatory and must be strictly construed.' . . . If all defendants do not join the removal petition within the thirty-day period, remand is the proper course."); Collins, 724 F. Supp. at 359 ("The thirty-day limitation is mandatory and the court is without discretion to expand it."); Balestrieri, 544 F. Supp. at 529 ("This 30-day limitation is mandatory and cannot be extended by the court."); Crompton, 477 F. Supp. at 701 (The time limit for removal provided in §

1446 (b) "cannot be extended by consent of the parties or order of the court.").

Tru-Fit argues that "other Courts have also permitted defendants to cure technical defects in removal petitions." (Tru-Fit Mem. at 4.) Tru-Fit errs by implying that the failure of all defendants to timely join in or consent [*11] to removal is a "technical" defect. See Fellhauer, 673 F. Supp. at 1449 ("It is well settled that the failure to join or gain the consent of all defendants in timely fashion is a substantive defect.") (citations omitted). Furthermore, Tru-Fit relies on cases that are inapposite. Michaels permitted defendants who had not signed a removal petition to cure the defect after the thirty-day period by filing their consent with the court only because of the "extraordinary circumstances" that the only party objecting to removal was a defendant who was a nominal party, with respect to which the court dismissed the complaint. Michaels, 955 F. Supp. at 322, 330. Eltman v. Pioneer Communications of America, 151 F.R.D. 311 (N.D. Ill. 1993) excused the failure of a defendant to timely join in or consent to removal because the defendant "appeared to be a nominal party." Eltman, 151 F.R.D. at 315. The court explained that the nominal status of a defendant is "what transforms a defect [in the nominal party's removal procedure] into a 'technicality.'" Id. at 316. Defendants here do not argue that Tru-Fit is a nominal [*12] party to this action; therefore, the authority Tru-Fit cites does not support the argument that the Supplemental Clarification cured the procedural defects in Defendants' attempt to remove this action.

## III. Conclusion

Tru-Fit made no expression to the Court of joinder in or consent to removal within thirty days of receiving Plaintiffs' Amended Complaint, as required. Following the well established rules governing removal in this district and the command that the removal statutes are to be strictly construed against removal, the Court grants Plaintiffs' Motion to Remand. An appropriate Order follows.

## ORDER

**AND NOW,** this   day of March, 2001, upon consideration of Plaintiffs' Motion to Remand (Doc. No. 4), Defendant, Tru-Fit Frame and Door Corporation's Response to Plaintiffs' Motion to Remand (Doc. No. 6), and Response of Defendant, Ingersoll-Rand Company, to Plaintiffs' Motion to Remand (Doc. No. 7), **IT IS HEREBY ORDERED** that Plaintiffs' Motion is **GRANTED.** It is further **ORDERED** that this action is **REMANDED** to the County of Philadelphia Court of Common Pleas Civil Trial Division.

BY THE COURT:

John R. Padova, J.

# EXHIBIT G

1996 U.S. Dist. LEXIS 21805

CARIDAD MINIET and CHARLES MINIET, Plaintiffs, v. AUTOMATED PACKAGING SYSTEMS, INC., PRODUCTION PACKAGING, INC. and A.B.C. COMPANIES 1-5, Defendants.

CIVIL ACTION NO. 96-1970 (AJL)

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY

1996 U.S. Dist. LEXIS 21805

May 29, 1996, Decided
May 29, 1996, Filed; June 3, 1996, Entered

**NOTICE:**
**PUB-STATUS:** [*1]  NOT FOR PUBLICATION

**DISPOSITION-1:** Remanded to the Superior Court of New Jersey.

**COUNSEL:** Michael F. Lombardi, Esq., Lombardi & Lombardi, P.A., Edison, New Jersey, for Plaintiffs.

John G. Devlin, Esq., John G. Devlin & Associates, East Brunswick, New Jersey.

James Lisovicz, Esq., McElroy, Deutsch & Mulvaney, Morristown, New Jersey, for Defendants.

**JUDGES:** ALFRED J. LECHNER, JR., U.S.D.J.

**OPINIONBY:** ALFRED J. LECHNER, JR.

**OPINION:** LETTER-OPINION

ORIGINAL FILED WITH THE CLERK OF THE COURT

Counsel:

This is an action by plaintiffs Caridad Miniet ("Caridad Miniet") and her husband, Charles Miniet ("Charles Miniet") (collectively, the "Miniets") against defendants Automated Packaging Systems, Inc. ("Automated Packaging"), Production Packaging, Inc. ("Production Packaging") and A.B.C. Companies 1-5 (collectively, the "Defendants"). The Miniets contend the Defendants are liable for personal injuries suffered by Caridad Miniet. Pursuant to such allegations the Miniets seek, among other relief, judgment against the Defendants, compensatory damages, interest and costs of suit. Removal jurisdiction is alleged pursuant to 28 U.S.C. §§ 1446 and 1332.

Presently before the court is the motion, timely raised [*2] sua sponte, whether this matter should be remanded to state court pursuant to 28 U.S.C. § 1447(c). For the reasons set forth below n1, this matter is remanded to the Superior Court of New Jersey, Law Division, Middlesex County (the "Superior Court") pursuant to 28 U.S.C. § 1447(c).

- - - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - - -

n1 On 9 May 1996, the parties appeared before the court for a scheduling conference (the "Scheduling Conference"). Pursuant to the Scheduling Conference, the court requested briefs from the parties regarding the issue of remand. The parties were asked to submit such briefs by 24 May 1996. In response, Automated Packaging submitted a brief in support of removal (the "Automated Packaging Brief in Support of Removal") and a memorandum of law in support of removal, with Exhibits A-C attached.

- - - - - - - - - - - - - End Footnotes- - - - - - - - - - - - - -

Facts

On 6 March 1996, the Miniets filed a complaint (the "Complaint") against the Defendants in the Superior Court. The Complaint alleges, among other things, that the Defendants, "did design, assemble, manufacture, make, package, [*3] distribute and/or sell a certain automatic bagging machine identified as the 'Autobag' [(the "Autobag")] ... " Complaint, First Count, P 1. The Complaint further alleges that "on September 6, 1995, the [Autobag] was located and in use at Graber-Rogg, Inc. [("Graber-Rogg")] ... " Id., P 2. The Complaint contends that "on September 6, 1995, ... Caridad Miniet, was employed by Graber-Rogg as an assembly line worker." Id., P 3. The Complaint further contends that "on September 6, 1995, ... Caridad Miniet did suffer a slicing and crushing injury to the fourth finger of her left hand with amputation of the distal digit thereof due to contact of her left hand with the [Autobag] ... " Id., P 4.

On 23 April 1996, Automated Packaging filed a notice of removal (the "Notice of Removal"). The Notice of Removal states: "[Automated Packaging] desires to remove said suit or action to [the district court] from the [Superior Court], and that the time limited (sic) for such removal has not expired, inasmuch as the Complaint was not filed until March 3, 1996 n2 and was not served upon either Automated Packaging ... or the co-defendant, Production Packaging ... until April [*4] 2, 1996." Notice of Removal, P 6 (emphasis added). Significantly, the Notice of Removal does not state when either Automated Packaging or Production Packaging first received the Complaint, through service or otherwise.

- - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n2 While the Notice of Removal states the Complaint was filed in the Superior Court on 3 March 1996, it appears the Complaint was in fact filed in the Superior Court on 6 March 1996.

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - -

Additionally and significantly, the Notice of Removal was filed by Automated Packaging alone. The Notice of Removal indicated neither whether Production Packaging joined in the Notice of Removal nor whether Production Packaging consented to the proposed removal. n3

- - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n3 The issue of Production Packaging's position regarding the Notice of Removal was first addressed pursuant to the Automated Packaging Brief in Support of Removal. Automated Packaging specifically contends the Notice of Removal was filed without the consent of Production Packaging because "at the time of the filing of the Notice of removal, no entry of Appearance was made by counsel on behalf of co-defendant Production Packaging ...." Automated Packaging Brief in Support of Removal, P 8. Automated Packaging argues that any contact between counsel for Automated Packaging with the then unrepresented Production Packaging would have been improper. Id., P 10. Automated Packaging contends that once it learned Production Packaging obtained representation, Automated Packaging consulted with counsel for Production

Packaging and received Production Packaging's consent regarding removal. Id., P 11.

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - -

[*5]

Discussion

Under the general Federal removal statutes, an action brought in state court can be removed to the Federal district court if that Federal district court would have had original jurisdiction over the action. 28 U.S.C. § 1441(a). n4 A defendant seeking to remove a case must file "a notice of removal ... containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served ..." Id. § 1446(a).

- - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n4 Section 1441(a) provides in pertinent part:

Except as otherwise expressly provided by Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants to the district court embracing the place where such action is pending ... 28 U.S.C. § 1441(a).

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - -

An action that has been removed to Federal court may be remanded to state court on the basis of a defect in the removal procedure. Id. § 1447(c). When confronted with a [*6] motion to remand a case to state court, the removing party has the burden of establishing the propriety of removal. See Boyer v. Snap-on Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990), cert. denied, 498 U.S. 1085, 112 L. Ed. 2d 1046, 111 S. Ct. 959 (1991); Steel Valley Auth. v. Union Switch and Signal Div., Am. Standard, Inc., 809 F.2d 1006, 1011 (3d Cir. 1987), cert. dismissed sub nom., American Standard, Inc. v. Steel Valley Auth., 484 U.S. 1021, 98 L. Ed. 2d 756, 108 S. Ct. 739 (1988); Moore v. DeBiase, 766 F. Supp. 1311, 1315 (D.N.J. 1991); Mountain Ridge State Bank v. Investor Funding Corp., 763 F. Supp. 1282, 1288 (D.N.J. 1991); Davis v. Baer, 599 F. Supp. 776, 779 (E.D.Pa. 1984).

The removing party must show Federal subject matter jurisdiction exists and that removal is proper. Boyer,

913 F.2d at 111; Steel Valley, 809 F.2d at 1011; Moore, 766 F. Supp. at 1315; Mountain Ridge, 763 F. Supp. at 1288; Capone v. Harris Corp., 694 F. Supp. 111, 112 (E.D.Pa. 1988); Blow v. Liberty Travel, Inc., 550 F. Supp. 375, 375-76 (E.D.Pa. 1982).

1. Timeliness of the Notice of Removal

Failure to file a notice of removal within the time [*7] period provided by the removal statute is a sufficient basis for remand. See Mountain Ridge, 763 F. Supp. at 1288; Capone, 694 F. Supp. at 112; Blow, 550 F. Supp. at 375-76.

Section 1446(b) sets forth the time in which a removal petition must be filed:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim upon which such action or proceeding is based....

28 U.S.C. § 1446(b) (emphasis added). The burden of proof is on the removing party to show removal was timely. See Boyer, 913 F.2d at 111; Steel Valley, 809 F.2d at 1011.

To meet its burden, the removing party in the instant matter, Automated Packaging, must show it filed a notice of removal within thirty days after receipt of the Complaint, through service or otherwise; this thirty day period commences with the receipt of the summons and complaint by either defendant. The date upon which formal service of process was received is not dispositive of whether removal was timely. See Foster v. Mutual Fire, Marine & Inland Ins. Co., 986 F.2d 48, 51-51 [*8] (3d Cir. 1993) (thirty-day period begins running when defendant has "sufficient information ... to determine federal jurisdiction," irrespective of when formal service was made); Greensmith Co. v. Com Systems, Inc., 796 F. Supp. 812, 813 (D.N.J. 1992) (same); North Jersey Sav. & Loan v. Fidelity & Deposit Co. of Maryland, 125 F.R.D. 96, 100 (D.N.J. 1988) (same); Maglio v. F.W. Woolworth Co., 542 F. Supp. 39, 41 (E.D.Pa. 1982) (Section 1446 "specifically reads 'receipt by the defendant,' and the statute clearly does not require service.")

Automated Packaging cannot carry its burden of proving timely removal simply by stating removal was effected within thirty days after formal service of process. In Unique Oriental Rugs v. Carolina Freight Carriers Corp., 1991 U.S. Dist. LEXIS 21679, NO. 91-1331, slip op. (D.N.J. 30 May 1991), the defendant's notice of removal stated: "This action was commenced by service of process ... and the time has not elapsed within which [defendant] is allowed to file [the petition for removal]." Slip op. at 2. It was held that the petition for removal did not contain sufficient proof of timely removal. It was also held that "the petition does not address, [*9] and it is not possible to determine from the face of the petition..., whether the defendant received a complaint prior to the formal service of the summons and complaint." Id. at 3. Therefore, it could not "be determined whether removal was effected within thirty days, as required." Id. at 4.

The fact that the Complaint in the instant matter was served on Automated Packaging on 2 April 1996 is not dispositive of when Automated Packaging received the initial pleading "setting forth the claim upon which such action or proceeding is based," as required by 28 U.S.C. § 1446(b). As mentioned, the Complaint was filed on 6 March 1996. Accordingly, forty-eight days have passed between the date the Complaint was filed and the date when Automated Packaging filed its Notice of Removal. The Third Circuit, in addressing a matter concerning Pennsylvania civil practice, has stated:

> We recognize that in cases in which Federal jurisdiction arises due to diversity, the defendant may be given notice of removability prior to being able to ascertain the nature of the case. While parties may indeed wish to know the subject matter of the suit before making a decision as to whether to [*10] remove it, they may resolve this by filing a motion to compel filing of the complaint.

Foster, 986 F.2d at 54 n.6. Although the holding in Foster was concerned with Pennsylvania state court practice and the use of summonses and writs of praecipe, it nevertheless highlights the burden placed upon the removing party to act promptly within the permitted thirty-day period.

The Circuit in Foster contemplated a situation wherein the thirty-day period in which to file a notice of removal began to run before a complaint was filed. The Circuit's underlying rationale is equally applicable to the situation presently before the court. It cannot be determined from the Notice of Removal whether Automated Packaging received the Complaint through service or otherwise before 2 April 1996. n5

- - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n5 Formal service of the Complaint does not necessarily constitute the initial

pleading "setting forth the claim upon which" the action is based. A plaintiff may serve a complaint and summons on a defendant on the same day he attempts to file them with the state court. If the complaint is returned to the plaintiff by the court due to a procedural defect (e.g. failure to include the filing fee), however, and is not formally filed for another two weeks, the defendant does not receive another 14 days in which to file a notice of removal. When reviewing a Notice of Removal, any doubt must be resolved in favor of remand. Boyer, supra, 913 F.2d at 111 (quotation omitted).

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - - -

[*11]

An analysis of the Notice of Removal does not reveal whether the removal of this matter was timely. The Notice of Removal merely states: "[Automated Packaging] desires to remove said suit or action to [the district court] from the [Superior Court], and that the time limited (sic) for such removal has not expired, inasmuch as the Complaint was not filed until March 3, 1996 and was not served upon either Automated Packaging ... or the co-defendant, Production Packaging ... until April 2, 1996." Notice of Removal, P 6. There is nothing in the Notice of Removal, however, indicating when Automated Packaging first received a copy of the initial pleading, through service or otherwise, as required by 28 U.S.C. § 1446. The conclusory statement that the removal is timely is insufficient.

As mentioned, the date of formal service is not dispositive of when the thirty-day time limitation begins to run; the thirty-day period begins to run when a defendant first receives a copy of the initial pleading, through service or otherwise, and learns an action has been commenced. See Foster, 986 F.2d at 51-52.

The notice of Removal does not indicate whether Automated Packaging received [*12] copies of the Complaint prior to formal service. It is, therefore, not possible to determine from the face of the Notice of Removal when Automated Packaging first gained "sufficient information ... to determine federal jurisdiction." Id.

As explained by the Circuit: "Removal statutes 'are to be strictly construed against removal and all doubts should be resolved in favor of remand.'" Boyer, 913 F.2d at 111 (quoting Steel Valley, 809 F.2d 1006 at 1010); see Moore, 766 F. Supp. at 1314; Mountain

Ridge, 763 F. Supp. at 1288; Institute of Pa. Hosp. v. Travelers Ins. Co., 825 F. Supp. 727 (E.D.Pa. 1993).

Automated Packaging would have been free to amend the Notice of Removal to cure this defect before the running of the thirty-day statutory period for removal. n6 See 28 U.S.C. § 1653; Burns v. G.S. Nelson Electric, 1991 U.S. Dist. LEXIS 6259, No. 91-2335, 1991 WL 77588 at *1 (E.D.Pa. 6 May 1991); Moser v. Bostitch Div. of Textron, Inc., 609 F. Supp. 917, 919 (W.D.Pa. 1985). However, after that period has expired, amendments are allowed only to cure technical defects. See Holly Farms Corp. v. Taylor, 722 F. Supp. 1152, 1156 (D.Del. 1989); Moser, 609 F. Supp. at 919. "Where [*13] the defect is 'fundamental,' ... the notice of removal may not be untimely amended." CBS, Inc. v. Snyder, 762 F. Supp. 71, 73 (S.D.N.Y. 1991). The thirty-day requirement imposed by 28 U.S.C. § 1446 is fundamental. Automated Packaging has not sought to amend its Notice of Removal

- - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - - - -

n6 Pursuant to 28 U.S.C. § 1446(b), a notice of removal must be filed "within thirty days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which [the] action or proceeding is based ..." 28 U.S.C. § 1446(b); see Mountain Ridge, 763 F. Supp. at 1288.

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - - -

Automated Packaging has the burden of showing timely removal; all doubts must be resolved in favor of remand. See Boyer, 913 F.2d at 111. Automated Packaging, however, has not carried its burden of showing timely removal in this case. The removal is defective. Accordingly, the matter will be remanded pursuant to 28 U.S.C. § 1447(c).

2. Consent/Joinder of Production Packaging [*14]

"As a general matter, courts have construed [the removal statutes] as requiring, in cases involving multiple defendants, that all defendants join in the petition for removal." McManus v. Glassman's Wynnefield, Inc., 710 F. Supp. 1043, 1045 (E.D.Pa. 1989); see Lewis v. Rego Co., 757 F.2d 66, 68 (3d Cir. 1985); Nelson v. United Artist Theater Circuit, Inc., 835 F. Supp. 844, 845 n.1 (E.D.Pa. 1993); Prowell v. West Chemical Products, Inc., 678 F. Supp. 553, 554 (E.D.Pa. 1988); Consumers Distributing Co. v. Tele-

Save Merchandising Company, 553 F. Supp. 974, 976 (D.N.J. 1982).

As the Third Circuit has noted:

> There are exceptions to the rule requiring that all defendants join in the removal petition. One exception arises when a defendant has not been served at the time the removing defendants file their petition. In that situation the removal petition will be effective provided that it alleges that the defendants who did not join in it were not served in the state proceeding.

Lewis, 757 F.2d at 68 (emphasis added); see Nelson, 835 F. Supp. at 845 n.1 ("All served defendants must join the removal notice..."); Knowles v. American Tempering, [*15] Inc., 629 F. Supp. 832, 835 (E.D.Pa. 1985).

As suggested by the Circuit's analysis, "to avail themselves of [this exception], defendants must have set forth in their removal petition an explanation for the absence of a co-defendant's joinder." Knowles, 629 F. Supp. at 835 n.1 (citing Lewis, 757 F.2d 66 at 68); see Northern Illinois Gas Co. v. Airco Indus. Gases, 676 F.2d 270, 273 (7th Cir. 1982) ("[A] petition filed by less than all of the named defendants is considered defective if it fails to contain an explanation for the absence of co-defendants.")

Stated differently, "it is defendant's burden under the removal statute ... to explain affirmatively the absence of codefendants in the petition for removal, and failure to set out such an explanation renders the removal petition defective." Romashko v. Avco Corp., 553 F. Supp. 391, 392 (N.D.Ill. 1983).

In the instant matter, Production Packaging neither joined with Automated Packaging in filing of the Notice of Removal nor consented to the proposed removal. The Notice of Removal, moreover, does not contain an explanation as to why Automated Packaging failed to join Production Packaging in the removal or receive [*16] Production Packaging's consent. Accordingly, the Notice of Removal is defective, and the matter will be remanded pursuant to 28 U.S.C. § 1447(c). See Lewis, 757 F.2d at 68; Knowles, 629 F. Supp. at 835.

As discussed: "Removal statutes 'are to be strictly construed against removal and all doubts should be resolved in favor of remand'" Boyer, 913 F.2d at 111 (quoting Steel Valley, 809 F.2d at 1010); see Moore, 766 F. Supp. at 1314; Mountain Ridge, 763 F. Supp. at 1288; Institute of Pa. Hosp., 825 F. Supp. 727.

Automated Packaging would have been free to Amend the Notice of Removal to cure this defect before the running of the thirty-day statutory period for removal. See, 28 U.S.C. § 1653; Burns, 1991 U.S. Dist. LEXIS 6259, No. 91-2335, 1991 WL 77588 at *1; Moser, 609 F. Supp. at 919. Significantly, it has not done so. However, after that period has expired, amendments are allowed only to cure technical defects. Holly Farms, 722 F. Supp. at 1156. "Where the defect is 'fundamental,' ... the notice of removal may not be untimely amended." CBS, Inc., 762 F. Supp. at 73. Automated Packaging, therefore, may not now amend the Notice of Removal. n7

- - - - - - - - - - - - - - Footnotes - - - - - - - - - -
- - - - - -

N7 Even if the Automated Packaging Brief in Support of Removal is considered as an attempt to amend the Notice of Removal, it was received well beyond the thirty-day period

- - - - - - - - - - - - End Footnotes- - - - - - - -
- - - - - -

[*17]

Both the thirty-day requirement imposed by 28 U.S.C § 1446 and the requirement that all defendants join in the removal petition are fundamental.

Automated Packaging has the burden of showing proper removal; all doubts must be resolved in favor of remand. See Boyer, 913 F.2d at 111. Automated Packaging has not carried its burden of showing proper removal in this case.

Accordingly, the matter will be remanded pursuant to 28 U.S.C. § 1447(c).

Conclusion

For the reasons stated, this matter is remanded to the Superior Court pursuant to 28 U.S.C. § 1447(c). An order accompanies this opinion.

ALFRED J. LECHNER, JR., U.S.D.J.

ORDER

This matter having been raised by the court's sua sponte review of the Notice of Removal filed by defendant Automated Packaging, and the court having considered the submissions and found the removal is defective, and for the reasons set forth in a Letter-Opinion filed on this date, and for good cause shown,

IT IS, on this 29th day of May, 1996,

ORDERED, that this matter be and hereby is remanded to the Superior Court of New Jersey, Law Division,

1996 U.S. Dist. LEXIS 21805

Middlesex **[\*18]** County, pursuant to 28 U.S.C. § 1447(c).

ALFRED J. LECHNER, JR., U.S.D.J.

# EXHIBIT H

# YOUNG CONAWAY STARGATT & TAYLOR, LLP

BRUCE M. STARGATT
BEN T. CASTLE
SHELDON N. SANDLER
RICHARD A. LEVINE
RICHARD A. ZAPPA
FREDERICK W. IOBST
RICHARD H. MORSE
DAVID C. McBRIDE
JOSEPH M. NICHOLSON
CRAIG A. KARSNITZ
BARRY M. WILLOUGHBY
JOSY W. INGERSOLL
ANTHONY G. FLYNN
JEROME K. GROSSMAN
EUGENE A. DiPRINZIO
JAMES L. PATTON, JR.
ROBERT L. THOMAS
WILLIAM D. JOHNSTON
TIMOTHY J. SNYDER
BRUCE L. SILVERSTEIN
WILLIAM W. BOWSER
LARRY J. TARABICOS
RICHARD A. DiLIBERTO, JR.
MELANIE K. SHARP
CASSANDRA F. ROBERTS
RICHARD J A. POPPER
TERESA A. CHEEK
NEILLI MULLEN WALSH
JANET Z. CHARLTON
ROBERT S. BRADY
JOEL A. WAITE
BRENT C. SHAFFER
DANIEL P. JOHNSON
CRAIG D. GREAR
TIMOTHY JAY HOUSEAL
BRENDAN LINEHAN SHANNON
MARTIN S. LESSNER
PAULINE K. MORGAN
C BARR FLINN
NATALIE WOLF
LISA B. GOODMAN
JOHN W. SHAW
JAMES P HUGHES, JR.
EDWIN J. HARRON
MICHAEL R. NESTOR
MAUREEN D. LUKE
ROLIN P. BISSELL
SCOTT A. HOLT

JOHN T DORSEY
M BLAKE CLEARY

———

ATHANASIOS E. AGELAKOPOULOS
JOSEPH M. BARRY
SEAN M. BEACH
DONALD J. BOWMAN. JR.
TIMOTHY P. CAIRNS
CURTIS J. CROWTHER
MARGARET M. DiBIANCA
ERIN EDWARDS
KENNETH J. ENOS
IAN S. FREDERICKS
JAMES J. GALLAGHER
DANIELLE GIBBS
ALISON G.M. GOODMAN
SEAN T GREECHER
KARA S. HAMMOND
DAWN M JONES
RICHARD S. JULIE
KAREN E. KELLER
JENNIFER M. KINKUS
EDWARD J. KOSMOWSKI
JOHN C. KUFFEL
TIMOTHY E. LENGKEEK
MATTHEW B LUNN
JOSEPH A. MALFITANO
GLENN C MANDALAS
ADRIA B MARTINELLI
MICHAEL W. McDERMOTT
MATTHEW B. McGUIRE
MARIBETH L. MINELLA
EDMON L. MORTON
D. FON MUTTAMARA-WALKER
JENNIFER R. NOEL
JOHN J. PASCHETTO
ADAM W POFF
SETH J. REIDENBERG
FRANCIS J. SCHANNE
MICHELLE SHERRETTA
MICHAEL P. STAFFORD
JOHN E. TRACEY
ALFRED VILLOCH, III
MARGARET B. WHITEMAN
CHRISTIAN DOUGLAS WRIGHT
SHARON M ZIEG

THE BRANDYWINE BUILDING
1000 WEST STREET, 17TH FLOOR
WILMINGTON, DELAWARE 19801

P.O. BOX 391
WILMINGTON, DELAWARE 19899-0391

(302) 571-6600
(800) 253-2234 (DE ONLY)
FAX: (302) 571-1253

WRITER'S DIRECT DIAL NUMBERS
VOICE: (302) 571-6657
FAX: (302) 576-3290

E-MAIL: rdiliberto@ycst.com

H ALBERT YOUNG
1929-1982
H JAMES CONAWAY. JR.
1947-1990
WILLIAM F. TAYLOR
1954-2004

———

STUART B. YOUNG
EDWARD B. MAXWELL. 2ND
OF COUNSEL

———

JOHN D MCLAUGHLIN, JR.
ELENA C. NORMAN (NY ONLY)
PATRICIA A. WIDDOSS
SPECIAL COUNSEL

———

GEORGETOWN OFFICE
110 WEST PINE STREET
P.O. BOX 594
GEORGETOWN. DELAWARE 19947
(302) 856-3571
(800) 255-2234 (DE ONLY)
FAX: (302) 856-9338

June 1, 2005

Francis H. Lococo, Esquire
Quarles & Brady, LLP
411 East Wisconsin Avenue
Milwaukee, WI 53202-4497

   Re: Echevarria v. U-Haul International, Inc., et al.
     C.A. No. 05-284 (GMS)

Dear Francis:

   This letter is in response to your letter of May 26, 2005 addressing plaintiff's Motion for Remand. I did return your call on Thursday afternoon, May 26, and you were not in. I was out of the office for the holiday weekend thereafter, but was able to reach you Tuesday morning, May 31.

   After thoroughly researching this issue, we have decided that remand is proper and we will not withdrawal our Motion. While you were in contact with Nationwide and received a letter from Nationwide in which they consent to removal, prior to the expiration of the 30-day time period for removal, neither you, nor counsel for Nationwide, filed anything with the Court demonstrating that Nationwide either joined in your Notice of Removal or consented to it. Because the 30-day period for removal has expired, this defect cannot be cured by amendment and remand is proper.

WP3:1117115 1

63287.1001

YOUNG CONAWAY STARGATT & TAYLOR, LLP
Francis H. Lococo, Esquire
June 1, 2005
Page 2

    Nationwide's letter to U-Haul, which was never filed with the Court, is
insufficient to establish Nationwide's joinder in or consent to removal.  And, because the failure
of all served defendants to consent to removal is a fundamental defect which cannot be cured by
amendment after the expiration of the 30-day time period in § 1446(b), filing that letter now will
not cure the defective removal.  The 30-day time limit expired on May 23, 2005.  As a result, we
will not withdrawal our Motion for Remand.  I disagree with your position claiming you are
entitled to costs.  The statutes governing removal are strictly construed against removal and all
doubts should be resolved in favor of remand.

       Very truly yours,

       Richard A. DiLiberto, Jr.


RAD:lbc
cc: Steven L. Caponi, Esquire

*************** –COMM.   RNAL– ********************* DATE JUN–01–20:   **** TIME 16:01 ********

```
        MODE = MEMORY TRANSMISSION              START=JUN–01 16:00    END=JUN–01 16:01

        FILE NO.=532

  STN    COMM.    ONE–TOUCH/    STATION NAME/TEL NO.                        PAGES      DURATION
  NO.              ABBR NO.

  001     OK       ☎            0122H63287H1001H H14142713552H            003/003    00:01:00


                                                          –YCST                      –

  ***************************************** –        – **** –                – **********
```

## YOUNG CONAWAY STARGATT & TAYLOR, LLP

**The Brandywine Building**
**1000 West Street, 17th Floor**
**P.O. Box 391**
**Wilmington, Delaware  19899-0391**

**Voice:**  (302) 571-6600
**Fax:**  (302) 576-3290

**FROM:**  Richard A. DiLiberto, Jr., Esquire       **DATE:**  June 1, 2005
**PHONE:**  (302) 571-6657                         **CLIENT MATTER:**  63287 1001

### PLEASE DELIVER AS SOON AS POSSIBLE TO:

| | RECIPIENT | COMPANY | FAX NO. | PHONE NO. |
|---|---|---|---|---|
| 1. | Francis H. LoCoco, Esquire | | 414-271-3552 | |
| 2. | Steven L. Caponi, Esquire | | 302-425-6464 | |

Total number of pages including this page: 3
If you have any problems with this transmission, please call (302) 571-6657.

Message:

CONFIDENTIALITY NOTICE: This facsimile (this page and any accompanying page(s)) is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication, or the taking of any action in reliance on the contents of this information, may be strictly prohibited. If you have received this facsimile in error, please notify us immediately by telephone (collect), and return the original message to us at the above address via the U.S. Postal Service. Thank you.

```
*************** -COMM    URNAL- *************** DATE JUN-01-2(    ***** TIME 16:04 *********

        MODE = MEMORY TRANSMISSION              START=JUN-01 16:02      END=JUN-01 16:04

        FILE NO.=533

   STN   COMM.   ONE-TOUCH/   STATION NAME/TEL. NO.                      PAGES    DURATION
   NO.           ABBR NO.

   001   OK    ☎           0122#63287#1001#H#4256464#               003/003   00:00:58


                                                        -YCST                    -

********************************* -          - ***** -                   - *********
```

# YOUNG CONAWAY STARGATT & TAYLOR, LLP

**The Brandywine Building**
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391

**Voice:** (302) 571-6600
**Fax:** (302) 576-3290

FROM: Richard A. DiLiberto, Jr., Esquire          DATE: June 1, 2005
PHONE: (302) 571-6657                    CLIENT MATTER: 63287 1001

### PLEASE DELIVER AS SOON AS POSSIBLE TO:

| | RECIPIENT | COMPANY | FAX NO. | PHONE NO. |
|---|---|---|---|---|
| 1. | Francis H. LoCoco, Esquire | | 414-271-3552 | |
| 2. | Steven L. Caponi, Esquire | | 302-425-6464 | |

Total number of pages including this page: 3
If you have any problems with this transmission, please call (302) 571-6657.

Message:

CONFIDENTIALITY NOTICE: This facsimile (this page and any accompanying page(s)) is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication, or the taking of any action in reliance on the contents of this information, may be strictly prohibited. If you have received this facsimile in error, please notify us immediately by telephone (collect) and return the original message to us at the above address via the U.S. Postal Service. Thank you.