IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SARA S. ECHEVARRIA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 05-284 (GMS) |
| ) | |
| U-HAUL INTERNATIONAL, INC., ) | |
| ROGER MAYFIELD, and NATIONWIDE ) | |
| GENERAL INSURANCE COMPANY, ) | |
| ) | |
| Defendants. ) | |

## ORDER

WHEREAS, on March 16, 2005, Sara S. Echevarria ("Echevarria") filed this personal injury action in the Superior Court of the State of Delaware, New Castle County (the "Superior Court") against U-Haul International, Inc. ("U-Haul"), Roger Mayfield ("Mayfield"), and Nationwide General Insurance Company ("Nationwide");

WHEREAS, on May 10, 2005, U-Haul filed a Notice of Removal (D.I. 1) (the "Notice") pursuant to 28 U.S.C. § 1446, based on the court's diversity jurisdiction under 28 U.S.C. § 1332(a);

WHEREAS, U-Haul's Notice states that Nationwide, through its authorized representative, consents to the removal;

WHEREAS, on May 24, 2005, Echevarria filed a Motion to Remand to State Court (D.I. 4), asserting that U-Haul's notice was invalid because Nationwide did not file a statement in writing consenting to the notice of removal;

WHEREAS, on June 4, 2005 and June 7, 2005, respectively, Nationwide and U-Haul filed responses to Echevarria's motion (D.I. 7, 9);

WHEREAS, Nationwide's response states that it gave written consent to the removal to U-Haul in a letter from Sonja Blackhawk to Monica Tynan, Esq., dated May 4, 2005;

WHEREAS, U-Haul's response contends that its Notice was not defective because Nationwide consented to removal, prior to the filing of the Notice, and has now formally joined the removal;

WHEREAS, U-Haul's response further contends that, on May 10, 2005, its counsel, Steve Caponi ("Caponi") contacted the Clerk of Court for the District of Delaware regarding whether: (1) Nationwide was required to submit an affidavit supporting the Notice; (2) the May 4, 2005 letter from Nationwide consenting to removal should be attached as an exhibit to the Notice; or (3) it was sufficient to state in the Notice that Nationwide had consented to removal;

WHEREAS, the Clerk of Court indicated to Caponi that it was not necessary to submit the May 4, 2005 letter as an exhibit, and that it would be sufficient to state in the Notice that Nationwide consented to the removal; and

WHEREAS, after having considered the parties' submissions (D.I. 4, 7, 9, 12), and based on the facts of the case as stated above, the court concludes that remanding the case to the Superior Court is not in the best interest of justice;

IT IS HEREBY ORDERED that:

1.  The plaintiff's Motion to Remand to State Court (D.I. 4) is DENIED.

Dated: October 5, 2005

UNITED STATES DISTRICT JUDGE

FILED
OCT 5 2005
U.S. DISTRICT COURT
DISTRICT OF DELAWARE