IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SARA S. ECHEVARRIA, | |
|     Plaintiff, | |
| v. | C.A. No. 05-284 GMS |
| U-HAUL INTERNATIONAL, INC., ROGER MAYFIELD, and NATIONWIDE GENERAL INSURANCE COMPANY, | TRIAL BY JURY DEMANDED |
|     Defendants. | |

### JOINT STATUS REPORT

Counsel for all parties have conferred and submit the following Joint Status Report for discussion at the conference currently scheduled for February 27, 2006 at 2:45 p.m. in Courtroom 4A:

1. **Jurisdiction and Service**.

The Court has diversity subject matter jurisdiction over this dispute. The dispute involves personal injury claims by the plaintiff against the various defendants stemming from a motor vehicle accident which occurred in Delaware on May 15, 2004. On that date, plaintiff was traveling eastbound on Kirkwood Highway. Defendant Roger Mayfield was traveling westbound on Kirkwood Highway driving a U-Haul vehicle pulling a U-Haul trailer which he had leased in Florida. The trailer became detached from the vehicle, traveled across the median and struck the plaintiff's vehicle. As a result of that contact, the plaintiff's vehicle flipped onto its roof. The plaintiff had to be extracted from her vehicle and alleges serious personal injuries including, but not limited to, closed head

injuries/post-concussive syndrome, spinal cord compression, herniated cervical discs, physical trauma requiring surgery to remove glass fragments, emotional injury, loss of earnings and medical expenses. All parties currently in the case are subject to the Court's jurisdiction and have all been served. Plaintiff anticipates filing an Amended Complaint to bring in three additional parties. Those parties are U-Haul Company of Arizona, U-Haul Company of Colorado and U-Haul Company of Florida who are believed to be the owner of the truck Mayfield was driving, the owner of the trailer Mayfield was towing, and the company who actually rented the truck and trailer to Mayfield, respectively.

2.  **Substance of the Action.**

The basic facts of the accident are set forth in response to No. 1 above. Plaintiff has asserted various legal theories against U-Haul and Mayfield including negligence, willful and wanton conduct, strict liability and breach of warranty. A default has been entered against Mayfield. Nationwide is plaintiff's uninsured/underinsured motorist carrier. The extent of any coverage Mayfield may have is not yet known. U-Haul and Nationwide have filed answers denying the substance of the legal allegations and have asserted numerous affirmative defenses.

3.  **Identification of Issues**.

The factual issues will center around the precise cause of the trailer detaching from the truck and whether the responsibility for the detachment lies with Mayfield, one of the U-Haul entities or a combination of one or more defendants. Liability experts will likely be retained by the parties. There is also

an issue of whether, and to what extent, there is mandatory minimum insurance coverage available to Mayfield. Anticipated legal issues may include choice of law issues.

    4.    **Narrowing of Issues**.

The parties believe that after sufficient discovery is obtained, they will be in a better position to work on narrowing some of the issues in this action.

    5.    **Relief**.

Plaintiff seeks general and special damages and has alleged a claim for punitive damages. At this point, the plaintiff has not computed her special damages nor has she made a settlement demand.

    6.    **Amendment of Pleadings**

Plaintiff will seek to amend the Complaint to add three U-Haul entities and to restructure the legal theories as pled in the original Complaint.

    7.    **Joinder of Parties**

Plaintiff will seek to join the three related U-Haul entities as additional defendants.

    8.    **Discovery.**

Plaintiff anticipates taking discovery from the U-Haul defendants and Roger Mayfield to develop facts relating to, among other things, maintenance of the U-Haul vehicles, leasing of the vehicle to Mayfield, any training which may have been provided to Mayfield during the leasing process and any information developed by the defendants concerning the cause of the uncoupling of the trailer from the truck.

Defendants anticipate discovery of plaintiff's factual and legal allegations including her damages claims. This will, of course, include depositions of law enforcement and emergency medical services. They also anticipate expert discovery on the issues of accident reconstruction, physical injuries claimed, past and future, if any, medical care anticipated and any other issues that arise during discovery.

9. **Estimated trial length.**

The parties believe that this case will take approximately 5-6 full trial days.

10. **Jury trial**

Plaintiff has requested a jury trial.

11. **Settlement.**

There have been limited settlement discussions to date. The parties anticipate that referral to the Magistrate Judge for mediation at the appropriate time might be useful.

12. **Such other matters as counsel considers conducive to the just, speedy and inexpensive determination of this action.**

Currently, the parties have no other issues to raise with the Court.

13. **A statement that counsel for the parties have conferred about each of the above matters.**

Counsel for the parties have conferred about the matters set forth in this Joint Status Report.

| MURPHY SPADARO & LANDON | MORGAN SHELSBY & LEONI |
|---|---|
| */s/ Roger D. Landon* | */s/ Robert J. Leoni* |
| ROGER D. LANDON, No. 2460<br>1011 Centre Road, #210<br>Wilmington, DE  19805 | ROBERTJ. LEONI, No. 2888<br>221 Main Street<br>Wilmington, DE  19804 |

BLANK ROME LLP

*/s/ Steven L. Caponi*

STEVEN L. CAPONI, No. 3484
1201 Market Street, #800
Wilmington, DE  19801