IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SARA S. ECHEVARRIA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO.: 05-284 GMS |
| | ) | |
| U-HAUL INTERNATIONAL, INC., | ) | TRIAL BY JURY DEMANDED |
| ROGER MAYFIELD, | ) | |
| NATIONWIDE GENERAL | ) | |
| INSURANCE COMPANY,  U-HAUL | ) | |
| CO. OF ARIZONA, U-HAUL CO. OF | ) | |
| COLORADO and U-HAUL CO. OF | ) | |
| FLORIDA, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## AMENDED COMPLAINT

1.     Plaintiff, Sara S. Echevarria, is a resident and citizen of the State of Delaware, residing at 214 Johnce Road, Newark, Delaware 19711.

2.     Defendant, U-Haul International, Inc. (hereinafter "U-Haul International"), is an Arizona Corporation doing business at 2721 North Central Avenue, Phoenix, Arizona 85004.  Its agent for service of process is C T Corporation System, 3225 North Central Avenue, Phoenix, Arizona 85012.  Pursuant to 10 Del. C. § 3104, U-Haul is deemed to have appointed the Secretary of the State of Delaware as its agent for acceptance of process in this matter.

3.     Defendant, Roger Mayfield (hereinafter "Mayfield"), is a resident and citizen of the State of Florida, residing at 2897 A Meadow Lake Avenue, Largo, Florida 33771.

4.      Defendant, Nationwide General Insurance Company, (hereinafter "Nationwide") is an insurance company authorized to conduct and is conducting insurance business within the State of Delaware.  Its agent for service of process is the Insurance Commissioner, 841 Silver Lake Blvd., Dover, Delaware 19901.

5.      Defendant U-Haul Co. of Arizona (hereinafter "U-Haul Arizona") is an Arizona corporation doing business at 2721 North Central Avenue, Phoenix, Arizona.  Upon information and belief Defendant U-Haul Arizona owned the U-Haul truck which was rented to Mayfield and involved in the May 15, 2004 accident.

6.      Defendant U-Haul Co. of Colorado (hereinafter "U-Haul Colorado") is a Colorado corporation doing business at 7540 York Street, Denver, Colorado 80229-6698.  Upon information and belief, Defendant U-Hall Colorado owned the U-Haul trailer which was rented to Mayfield and involved in the May 15, 2004 accident.

7.      Defendant U-Haul Co. of Florida (hereinafter "U-Haul Florida") is a Florida Corporation doing business at 2311 North 18th Street and I-4, Tampa, Florida 33605-3898.  Upon information and belief, U-Haul Florida rented to Mayfield the U-Haul truck and U-Haul trailer which were involved in the May 15, 2004 accident.

8.      On or about Saturday, May 15, 2004, at approximately 12:09 p.m., plaintiff, Sara Echevarria, was driving her automobile eastbound on Delaware Route 2, in the left traffic lane, passing through the intersection of Upper Pike Creek Road, Newark, Delaware.  At the same time, defendant Mayfield, was driving a U-Haul truck and towing a U-Haul trailer, traveling westbound on Delaware Route 2 in the left traffic lane approaching the intersection of Upper Pike Creek Road, Newark, Delaware.

9.    As plaintiff was proceeding into the intersection of Route 2 and Upper Pike Creek Road, the U-Haul trailer defendant Mayfield was pulling broke free from the hitch and traveled westbound, jumping the center concrete median, and continued westbound into the eastbound traffic lane.  The U-Haul trailer's tongue struck plaintiff's driver's side front fender and door, slicing through the area between the front and back door like a can opener.  The impact of the collision caused plaintiff's vehicle to travel approximately 5 feet before being flipped onto its roof and then traveled approximately 15 feet.  Plaintiff's vehicle continued sliding on its roof in a counterclockwise direction.  Plaintiff was trapped in her vehicle, on its sunroof, for approximately 25 minutes before being extricated by emergency personnel using a wench to remove the roof from the car.

### Count I

### Negligence Against Defendant, Roger Mayfield

10.    The allegations contained in paragraphs 1 through 6̶9 hereof are incorporated herein by reference.

11.    The aforesaid collision was proximately caused by the negligence of defendant Mayfield, who was negligent in that he:

(a)    Failed to prevent the trailer from escaping, in violation of 21 Del. C. § 4371;

(b)    Knowingly moved the trailer on a highway when he knew or should have known the trailer was in an unsafe condition, in violation of 21 Del. C. § 2115(b);

(c)    Failed to give full time and attention to the operation of his motor vehicle, in violation of 21 Del. C. § 4176(b);

(d)     Operated his motor vehicle in a careless and imprudent manner, without due regard for traffic conditions then existing, in violation of 21 Del. C. § 4176(a);

(e)     Drove his vehicle in a willful or wanton manner without due regard for the safety of persons or property, in violation of 21 Del. C. § 4175(a);

(f)     Operated his motor vehicle in a manner which allowed the trailer to cross over the median, in violation of 21 Del. C. § 4124;

(g)     Operated his vehicle in a manner which allowed the trailer to cross over a central dividing section or other separation or dividing line, in violation of 21 Del. C. § 4126(a)(1);

(h)     Operated his vehicle in a manner which allowed the trailer to travel in the improper lane, in the improper direction, in violation of 21 Del. C. § 4126(a)(3); and

(i)     Was otherwise negligent.

12.     As a direct and proximate result of the collision, plaintiff, Sara Echevarria, suffered personal injuries including, but not limited to, injuries to her head, eyes, back, left arm, left elbow, hands, bruising, rib pain, concussion, and spinal cord compression.  Some or all of her injuries are permanent.

13.     As a direct and proximate consequence of her injuries, plaintiff, Sara Echevarria, has experienced scarring, severe pain and suffering with discomfort, both physical and mental in nature.  At the scene of the accident, she experienced horror, terror, entrapment, and reasonable fear of impending death.

14.     As a direct and proximate result of her injuries, plaintiff, Sara Echevarria, has been required to undergo prolonged medical treatment, including, but not limited to, surgery, and will be required to undergo such medical treatment in the future.

15. As a direct and proximate result of her injuries, plaintiff, Sara Echevarria, has incurred medical, pharmaceutical, therapeutic, and related bills and will continue to incur such bills in the future.

16. As a direct and proximate result of her injuries, plaintiff, Sara Echevarria, has incurred in the past and will continue to incur in the future lost wages and/or a diminished earning capacity.

17. Defendant Mayfield's conduct amounts to gross negligence, recklessness, and willful and wanton behavior, and as such, he exhibited a reckless disregard for others' safety, thus requiring the imposition of punitive damages.

WHEREFORE, plaintiff, Sara Echevarria, demands judgment against defendant Roger Mayfield for general and special damages, including pain and suffering, punitive damages, the cost of this action, pre- and post-judgment interest, and any other award the Court deems just and proper.

## Count II

## Negligence Against Defendants U-Haul International, U-Haul Arizona, U-Haul Colorado and U-Haul Florida (collectively "U-Haul Defendants")

18. The allegations contained in paragraphs 1 through 17 hereof are incorporated herein by reference.

19. The aforesaid collision was proximately caused by the U-Haul Defendants' negligence, in that they:

(a) Knowingly permitted the truck and trailer to be moved on a highway when they knew or should have known the truck and trailer were in an unsafe condition, in violation of 21 Del. C. § 2115(b);

00129595                           5

(b)    Failed to properly educate and instruct defendant Mayfield in the safe and appropriate fastening, attaching, securing, use, maintenance and operation of the trailer;

(c)    Failed to properly fasten, attach and secure the trailer to the truck;

(d)    Allowed the trailer to be moved on a highway when they knew or should have known that the trailer was not constructed or loaded in a way as to prevent it from escaping from the truck, in violation of  21 Del. C. § 4371; and

(e)    Failed to warn plaintiff and other similarly situated citizens of the dangers associated with the insecurely fastened trailer.

20.    As a direct and proximate result of the collision, plaintiff, Sara Echevarria, suffered personal injuries including, but not limited to, injuries to her head, eyes, back, left arm, left elbow, hands, bruising, rib pain, concussion, and spinal cord compression.  Some or all of her injuries are permanent.

21.    As a direct and proximate consequence of her injuries, plaintiff, Sara Echevarria, has experienced scarring, severe pain and suffering with discomfort, both physical and mental in nature.  At the scene of the accident, she experienced horror, terror, entrapment, and reasonable fear of impending death.

22.    As a direct and proximate result of her injuries, plaintiff, Sara Echevarria, has been required to undergo prolonged medical treatment, including, but not limited to, surgery, and will be required to undergo such medical treatment in the future.

23.    As a direct and proximate result of her injuries, plaintiff, Sara Echevarria, has incurred medical, pharmaceutical, therapeutic, and related bills and will continue to incur such bills in the future.

24.     As a direct and proximate result of her injuries, plaintiff, Sara Echevarria, has incurred in the past and will continue to incur in the future lost wages and/or a diminished earning capacity.

## Count III

## Strict Liability Against U-Haul Defendants

25.     The allegations contained in paragraphs 1 through 24 hereof are incorporated herein by reference.

26.     The U-Haul Defendants leased the truck and trailer to defendant Mayfield in the regular course of the U-Haul Defendants' commercial truck and trailer rental business prior to May 15, 2004.

27.     The transaction between the U-Haul Defendants and defendant Mayfield was a bailment lease.

28.     The truck and trailer were defective and unreasonably dangerous in that:

(a)     The trailer hitch did not stay attached to the truck when the vehicle struck a bump in the road;

(b)     The safety chains did not prevent the trailer from coming detached from the truck;

(c)     The truck and/or trailer did not have appropriate couplings, connectors and attachments to assure safe transport and lack of detachment of the trailer from the truck; and

(d)     The trailer hitch was inadequate to keep the trailer securely fastened to the truck under foreseeable driving conditions.

29.     The U-Haul Defendants are strictly liable pursuant to Restatement (Second) of Torts, § 402A, *et seq.*

30.     As a direct and proximate result of the collision, plaintiff, Sara Echevarria, suffered personal injuries including, but not limited to, injuries to her head, eyes, back, left arm, left elbow, hands, bruising, rib pain, concussion, and spinal cord compression.  Some or all of her injuries are permanent.

31.     As a direct and proximate consequence of her injuries, plaintiff, Sara Echevarria, has experienced scarring, severe pain and suffering with discomfort, both physical and mental in nature.  At the scene of the accident, she experienced horror, terror, entrapment, and reasonable fear of impending death.

32.     As a direct and proximate result of her injuries, plaintiff, Sara Echevarria, has been required to undergo prolonged medical treatment, including, but not limited to, surgery, and will be required to undergo such medical treatment in the future.

33.     As a direct and proximate result of her injuries, plaintiff, Sara Echevarria, has incurred medical, pharmaceutical, therapeutic, and related bills and will continue to incur such bills in the future.

34.     As a direct and proximate result of her injuries, plaintiff, Sara Echevarria, has incurred in the past and will continue to incur in the future lost wages and/or a diminished earning capacity.

## Count IV

## Breach of Warranty Against the U-Haul Defendants

35.     The allegations contained in paragraphs 1 through 34 hereof are incorporated herein by reference.

36.    The U-Haul Defendants breached their warranties both expressed and implied to plaintiff, who was affected by the goods and injured by the breach of warranty.

37.    Such breach violates 6 <u>Del</u>. <u>C</u>. § 2-318.

38.    The U-Haul Defendants may not exclude or limit the operation of 6 <u>Del</u>. <u>C</u>. § 2-318.

39.    As a direct and proximate result of the collision, plaintiff, Sara Echevarria, suffered personal injuries including, but not limited to, injuries to her head, eyes, back, left arm, left elbow, hands, bruising, rib pain, concussion, and spinal cord compression.  Some or all of her injuries are permanent.

40.    As a direct and proximate consequence of her injuries, plaintiff, Sara Echevarria, has experienced scarring, severe pain and suffering with discomfort, both physical and mental in nature.  At the scene of the accident, she experienced horror, terror, entrapment, and reasonable fear of impending death.

41.    As a direct and proximate result of her injuries, plaintiff, Sara Echevarria, has been required to undergo prolonged medical treatment, including, but not limited to, surgery, and will be required to undergo such medical treatment in the future.

42.    As a direct and proximate result of her injuries, plaintiff, Sara Echevarria, has incurred medical, pharmaceutical, therapeutic, and related bills and will continue to incur such bills in the future.

43.    As a direct and proximate result of her injuries, plaintiff, Sara Echevarria, has incurred in the past and will continue to incur in the future lost wages and/or a diminished earning capacity.

WHEREFORE, plaintiff, Sara Echevarria, demands judgment against the U-Haul Defendants and Mayfield jointly and severally for general and special damages, including pain and suffering, the cost of this action, pre- and post-judgment interest and any other award the Court deems just and proper.

## Count V

### Plaintiff's Claims Against Defendant, Nationwide General Insurance Company

44.     The allegations contained in paragraphs 1 through 43 hereof are incorporated herein by reference.

45.     At all times relevant hereto, defendant, Nationwide General Insurance Company (hereinafter "Nationwide"), provided uninsured/underinsured vehicle coverage to plaintiff under policy number 89 07 497126.

46.     Plaintiff's counsel attempted to contact defendant Mayfield to put him on notice of plaintiff's personal injury claim, and advising defendant Mayfield to put his insurance company on notice of the claim.  Letters were sent to defendant Mayfield, on June 9, 2004, July 22, 2004, August 12, 2004, and August 27, 2004.  To date, no response has been received.

47.     Upon information and belief, the U-Haul Defendants and/or Mayfield are uninsured and/or underinsured.

48.     As plaintiff's underinsured and uninsured vehicle insurer, Nationwide is responsible for plaintiff's damages on behalf of the U-Haul Defendants and/or Mayfield, pursuant to contract and/or 18 Del. C § 3902.

WHEREFORE, plaintiff, Sara Echevarria, demands judgment against defendant Nationwide for general and special damages, including pain and suffering, punitive damages, the

cost of this action, pre- and post-judgment interest and any other award the Court deems just and proper.

MURPHY SPADARO & LANDON

_____
ROGER D. LANDON, No. 2460
1011 Centre Road, #210
Wilmington, DE  19805
(302) 472-8112
Attorney for Plaintiff