IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SARA S. ECHEVARRIA, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) No. 05-284 GMS |
| U-HAUL INTERNATIONAL, INC., ROGER | ) |
| MAYFIELD, NATIONWIDE GENERAL | ) |
| INSURANCE COMPANY, U-HAUL CO. OF | ) TRIAL BY JURY DEMANDED |
| ARIZONA, U-HAUL CO. OF COLORADO | ) |
| and U-HAUL CO. OF FLORIDA, | ) |
| | ) |
| Defendants. | ) |

## DEFENDANT U-HAUL CO. OF COLORADO'S ANSWER AND AFFIRMATIVE DEFENSES TO THE AMENDED COMPLAINT

Defendant, U-Haul Co. of Colorado ( "U-Haul CO") by and through its undersigned counsel hereby answers the Plaintiff's Amended Complaint as follows:

1. U-Haul CO lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of Plaintiff's Amended Complaint and therefore denies the same.

2. U-Haul CO admits that U-Haul International, Inc. is a Nevada corporation, that it does business at 2721 North Central Avenue, Phoenix, Arizona 85004 and has appointed CT Corporation System, 3225 North Central Avenue, Phoenix, Arizona 85012 as an agent for service of process. The remaining allegations of paragraph 2 state legal conclusions to which no answer is required.

3. U-Haul CO lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of Plaintiff's Amended Complaint and therefore denies the same.

4.      U-Haul CO lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of Plaintiff's Amended Complaint and therefore denies the same.

5.      U-Haul CO admits that U-Haul Co. of Arizona is an Arizona corporation, that it does business at 2721 North Central Avenue, Phoenix, Arizona 85004 and that it owned the 26' truck JH 2178T on May 15, 2004.

6.      U-Haul CO admits that U-Haul Co. of Colorado is a Colorado corporation, that it does business at 7540 York Street, Denver, Colorado 80229-6698 and that it owned the 12' trailer RV 1906G on May 15, 2004.

7.      U-Haul CO admits that U-Haul Co. of Florida is a Florida corporation, that it does business at 2311 North 18th Street and I-4, Tampa, Florida 33605-3898 and that Defendant Mayfield rented the 12' trailer RV 1906G and the 24' truck JH 2178T from this location on May 12, 2004.

8.      U-Haul CO lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of Plaintiff's Amended Complaint and therefore denies the same.

9.      U-Haul CO lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of Plaintiff's Amended Complaint and therefore denies the same.

### Count I
### Negligence Against Defendant Roger Mayfield

The allegations contained in Count I of Plaintiff's Amended Complaint are not directed toward U-Haul CO nor is any relief sought from U-Haul CO. Therefore, U-Haul CO makes no

123128.00601/40161216v.1

response to the allegations contained in Count I. Insofar that any of the allegations contained in Count I are construed as being directed toward U-Haul CO, it denies those allegations.

### Count II
### Negligence Against Defendants U-Haul International, U-Haul Arizona, U-Haul Colorado and U-Haul Florida (collectively "U-Haul Defendants")

18. U-Haul CO restates and realleges its answers to paragraphs 1 through 17 of Plaintiff's Amended Complaint as and for its answer to paragraph 18 of Count II as though fully set forth herein.

19. U-Haul CO denies the allegations contained in paragraph 19 of Plaintiff's Amended Complaint including those contained in subparagraphs (a) through (e).

20. U-Haul CO lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of Plaintiff's Amended Complaint and therefore denies the same.

21. U-Haul CO lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of Plaintiff's Amended Complaint and therefore denies the same.

22. U-Haul CO lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of Plaintiff's Amended Complaint and therefore denies the same.

23. U-Haul CO lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of Plaintiff's Amended Complaint and therefore denies the same.

24. U-Haul CO lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of Plaintiff's Amended Complaint and therefore denies the same.

WHEREFORE, U-Haul Co. of Colorado respectfully requests this Honorable Court for the entry of an Order in favor of U-Haul Co. of Colorado and against Plaintiff, dismissing Count II with prejudice and awarding U-Haul Co. of Colorado such other and further relief as this Court deems appropriate and just.

### Count III
### Strict Liability Against U-Haul Defendants

25. U-Haul CO restates and realleges its answers to paragraphs 1 through 24 of Plaintiff's Amended Complaint as and for its answer to paragraph 25 of Count III as though fully set forth herein.

26. U-Haul CO denies the allegations contained in paragraph 26 of Plaintiff's Amended Complaint.

27. U-Haul CO denies the allegations contained in paragraph 27 of Plaintiff's Amended Complaint.

28. U-Haul CO denies the allegations contained in paragraph 28 of Plaintiff's Amended Complaint including those contained in subparagraphs (a) through (d).

29. U-Haul CO denies the allegations contained in paragraph 29 of Plaintiff's Amended Complaint.

30. U-Haul CO lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of Plaintiff's Amended Complaint and therefore denies the same.

123128.00601/40161216v.1

31. U-Haul CO lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of Plaintiff's Amended Complaint and therefore denies the same.

32. U-Haul CO lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of Plaintiff's Amended Complaint and therefore denies the same.

33. U-Haul CO lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of Plaintiff's Amended Complaint and therefore denies the same.

34. U-Haul CO lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 of Plaintiff's Amended Complaint and therefore denies the same.

WHEREFORE, U-Haul Co. of Colorado respectfully requests this Honorable Court for the entry of an Order in favor of U-Haul Co. of Colorado and against Plaintiff, dismissing Count III with prejudice and awarding U-Haul Co. of Colorado such other and further relief as this Court deems appropriate and just.

### Count IV
### Breach of Warranty Against The U-Haul Defendants

35. U-Haul CO restates and realleges its answers to paragraphs 1 through 34 of Plaintiff's Amended Complaint as and for its answer to paragraph 35 of Count IV as though fully set forth herein.

36. The allegations contained in paragraph 36 of Plaintiff's Amended Complaint state legal conclusions to which no answer is required. To the extent that the allegations of paragraph 36 are construed as factual, U-Haul CO denies the same.

123128.00601/40161216v.1

37. The allegations contained in paragraph 37 of Plaintiff's Amended Complaint state legal conclusions to which no answer is required. To the extent that the allegations of paragraph 37 are construed as factual, U-Haul CO denies the same.

38. The allegations contained in paragraph 38 of Plaintiff's Amended Complaint state legal conclusions to which no answer is required. To the extent that the allegations of paragraph 38 are construed as factual, U-Haul CO denies the same.

39. U-Haul CO lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39 of Plaintiff's Amended Complaint and therefore denies the same.

40. U-Haul CO lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40 of Plaintiff's Amended Complaint and therefore denies the same.

41. U-Haul CO lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 41 of Plaintiff's Amended Complaint and therefore denies the same.

42. U-Haul CO lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42 of Plaintiff's Amended Complaint and therefore denies the same.

43. U-Haul CO lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43 of Plaintiff's Amended Complaint and therefore denies the same.

WHEREFORE, U-Haul Co. of Colorado respectfully requests this Honorable Court for the entry of an Order in favor of U-Haul Co. of Colorado and against Plaintiff, dismissing Count

IV with prejudice and awarding U-Haul Co. of Colorado such other and further relief as this Court deems appropriate and just.

## Count V
## Plaintiff's Claims Against Defendant, Nationwide General Insurance Company

The allegations contained in Count V of Plaintiff's Amended Complaint are not directed toward U-Haul CO nor is any relief sought from U-Haul CO. Therefore, U-Haul CO makes no response to the allegations contained in Count V. Insofar that any of the allegations contained in Count V are construed as being directed toward U-Haul CO, it denies those allegations.

## AFFIRMATIVE DEFENSES

Without prejudice to the denials of the allegations contained in the Plaintiff's Amended Complaint, U-Haul CO, without waiving the obligations of Plaintiff to prove every factual element of his claims, states as and for its affirmative defenses as follows:

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims against U-Haul CO are barred or limited because the products manufactured, sold or supplied and used by Mayfield were misused, abused, or altered by parties or persons in possession of the products subsequent to U-Haul CO.

## SECOND AFFIRMATIVE DEFENSE

To the extent Plaintiff's allegations contained in Count III (Strict Liability) state a claim, such claim and/or claims are barred by the applicable statute of repose.

## THIRD AFFIRMATIVE DEFENSE

Upon information and belief, in the event that product manufactured or supplied by U-Haul CO is identified as having caused or contributed to any alleged injuries and damages (which is denied) Plaintiff's alleged damages were caused, if at all, by products of others or by

the negligence, fault or conduct of others, or by other instrumentalities, over which U-Haul CO had no control nor right to control.

### FOURTH AFFIRMATIVE DEFENSE

Upon information and belief, the Plaintiff has failed to mitigate her damages.

### FIFTH AFFIRMATIVE DEFENSE

Upon information and belief, if the Plaintiff sustained any damages or injuries, which is specifically denied, said damages and injuries were caused or contributed by the acts, omissions, or fault of Plaintiff, including contributory negligence or contributory fault, and if such acts, omissions or faults do not act as a complete bar, then said acts diminish Plaintiff's right to recover an amount based on relative degree of fault.

### SIXTH AFFIRMATIVE DEFENSE

Upon information and belief, the Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted.

### SEVENTH AFFIRMATIVE DEFENSE

Upon information and belief, the Plaintiff's injuries and damages, if any, were caused by an intervening or superseding cause.

### EIGHTH AFFIRMATIVE DEFENSE

Upon information and belief, the proximate cause of the incident allegedly giving rise to Plaintiff's action was an alteration, modification of the truck, trailer, hitch and/or component parts which was not reasonably foreseeable, made or supplied by an entity other than U-Haul CO and subsequent to the time the products were first manufactured, sold or supplied by U-Haul CO.

123128.00601/40161216v.1

### NINTH AFFIRMATIVE DEFENSE

Upon information and belief, the design and manufacture of the truck, trailer, hitch and/or component parts referred to in the Plaintiff's Amended Complaint conformed in all respects to the state of the art at the time they were sold or supplied by U-Haul CO.

### TENTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are time barred.

### ELEVENTH AFFIRMATIVE DEFENSE

U-Haul CO reserves the right to assert any additional defenses which discovery or other investigation may reveal to be appropriate.

WHEREFORE, U-Haul Co. of Colorado respectfully requests this Honorable Court for the entry of an Order in favor of U-Haul Co. of Colorado and against Plaintiff, dismissing the Amended Complaint with prejudice and awarding U-Haul Co. of Colorado such other and further relief as this Court deems appropriate and just.

Dated: April 7, 2006

                                  Respectfully submitted:

                                  Steven L. Caponi (DE I.D. No. 3484)
                                  **BLANK ROME LLP**
                                  Chase Manhattan Centre
                                  1201 Market Street, Suite 800
                                  Wilmington, DE  19801
                                  (302) 425-6408
                                  (302) 428-5106 (Fax)

                                  Attorneys for Defendant
                                  U-Haul Co. of Colorado

Of Counsel:

Francis H. LoCoco
Quarles & Brady LLP
411 East Wisconsin Avenue
Milwaukee, WI  53122
414-277-5341
414-978-8841 (Fax)

123128.00601/40161216v.1