IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SARA S. ECHEVARRIA, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. NO. 05-284 GMS |
| | ) | |
| v. | ) | |
| | ) | |
| U-HAUL INTERNATIONAL, INC., | ) | TRIAL BY JURY OF |
| ROGER MAYFIELD, and | ) | TWELVE DEMANDED |
| NATIONWIDE GENERAL INSURANCE | ) | |
| COMPANY, U-HAUL CO. OF ARIZONA, | ) | |
| U-HAUL CO. OF COLORADO, and U-HAUL | ) | |
| CO. OF FLORIDA, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT NATIONWIDE GENERAL INSURANCE COMPANY'S ANSWER TO AMENDED COMPLAINT WITH CROSSCLAIMS AND DENIAL OF ALL CROSSCLAIMS**

1. Admitted upon information and belief.

2. Admitted upon information and belief.

3. Admitted upon information and belief.

4. Admitted.

5. Admitted upon information and belief.

6. Admitted upon information and belief.

7. Admitted upon information and belief

8. Denied as stated.

9. Denied as stated.

## COUNT I

### Negligence Against Defendant, Roger Mayfield

10. Answers 1 through 6 are incorporated herein by reference.

11. (a) – (j) Denied.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

## COUNT II

### Negligence Against U-Haul Defendants

18. Answers 1 through 16 are incorporated herein by reference.

19. (a) – (e) The averments in this paragraph are not directed to this answering Defendant and all allegations against this answering defendant are denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

## COUNT III

### Strict Liability Against Defendant U-Haul International, Inc.

25. Answers 1 through 24 are incorporated herein by reference.

26. The averments in this paragraph are not directed to this answering Defendant and all allegations against this answering defendant are denied.

27. The averments in this paragraph are not directed to this answering Defendant and all allegations against this answering defendant are denied.

28. (a) – (d) The averments in this paragraph are not directed to this answering Defendant and all allegations against this answering defendant are denied.

29. The averments in this paragraph are not directed to this answering Defendant and all allegations against this answering defendant are denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

## COUNT IV

### Breach of Warranty Against U-Haul Defendants

35. Answers 1 through 34 are incorporated herein by reference.

36. The averments in this paragraph are not directed to this answering Defendant and all allegations against this answering defendant are denied.

37. The averments in this paragraph are not directed to this answering

Defendant and all allegations against this answering defendant are denied.

38. The averments in this paragraph are not directed to this answering Defendant and all allegations against this answering defendant are denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

## COUNT V

### Plaintiff's Claims Against Defendant, Nationwide General Insurance Company

44. Answers 1 through 50 are incorporated herein by reference.

45. Denied as stated.

46. Defendant is without information sufficient to form a belief as to the truth of the averments in this paragraph.

47. Denied.

48. Denied.

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

To the extent Plaintiff's Complaint sets forth a cause of action for damages paid or payable by a policy of insurance issued pursuant to 21 Del.C. §2118, such claim is barred by the provisions of 21 Del.C. §2118 (g).

## THIRD AFFIRMATIVE DEFENSE

Plaintiff was comparatively negligent and proximately caused all alleged injuries and damages in Plaintiff failed to maintain a proper lookout, failed to maintain proper control of the vehicle, and was otherwise negligent.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate her damages.

## SIXTH AFFIRMATIVE DEFENSE

Punitive damages are unconstitutional and are otherwise unavailable to Plaintiff.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to follow the terms and conditions of the subject policy and Plaintiff's claims are not covered by and/or are excluded by the subject Nationwide policy.

## EIGHTH AFFIRMATIVE DEFENSE

The accident was unavoidable.

## NINITH AFFIRMATIVE DEFENSE

The accident was caused by sudden emergency.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of release.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the failure to follow the terms of the policy and of the

Delaware Uninsured Motorists Statute, by failing, among other things, to exhaust all possible liability insurance policies applicable to the tortfeasors.

### TWELFTH AFFIRMATIVE DEFENSE

This answering Defendant cannot be held jointly liable with any of the other co-defendants.

**WHEREFORE,** Defendant, Nationwide General Insurance Company, demands judgment be entered in its favor and against Plaintiff, plus interest and cost of suit.

### CROSSCLAIM AGAINST ALL CO-DEFENDANTS

1. Answering defendant Nationwide General Insurance Company (hereinafter "Nationwide") denies that it is liable to plaintiff in any respect. However, in the event that Nationwide is held liable to Plaintiff, then Nationwide is entitled to contribution and/or indemnification from the co-defendants in any amount which Nationwide may be required to pay as a result of the co-defendant's wrongful acts as alleged in the complaint, based on the relative degrees of fault determined pursuant to the provisions of Delaware Uniform Contribution among tortfeasors law, 10 **Del. C.** §§6301-6308.

2. Co-Defendants are responsible under the doctrine of *respondeat superior* for all damages caused by their agents, employees, or servants. Therefore, co-defendants are responsible for indemnification and/or contribution to Nationwide for any and all amounts Nationwide must pay to any other party.

3. Co-Defendants are otherwise responsible to Nationwide for indemnification

and/or contribution based upon a contract, Delaware Statute, and based upon tort law.

4.  Co-Defendants may have committed spoliation of vital evidence in which case co-defendants are liable to Nationwide for any amounts which Nationwide must pay to Plaintiffs.

**WHEREFORE,** answering defendant Nationwide General Insurance Company demands judgment against co-defendants for any and all sums he must pay to any party and his reasonable legal fees, costs, and expenses incurred in defending this litigation, with interest.

## DENIAL OF ALL CROSSCLAIMS

Answering defendant Nationwide General Insurance Company hereby denies all crossclaims which are or may be asserted against it.

**WHEREFORE,** answering defendant Nationwide General Insurance Company demands judgment be entered in it's favor and against co-defendants including without limitation the reasonable legal fees, costs, and expenses incurred in defending this litigation with interest.

*MORGAN SHELSBY & LEONI*

*/s/ Robert J. Leoni*
ROBERT J. LEONI, I.D. #2888
Rleoni@mslde.com

*/s/ Michael J. Logullo*
Michael J. Logullo, I.D. #3851
Mlogullo@mslde.com

131 Continental Drive, Suite 206
Newark, DE 19713
(302) 454-7430
Attorney for Defendant, Nationwide

**DATE:** May 26, 2005

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

| | | |
|---|---|---|
| SARA S. ECHEVARRIA, | ) | |
|     Plaintiff, | ) ) ) | C.A. NO. 05-284 GMS |
| v. | ) ) | |
| U-HAUL INTERNATIONAL, INC., ROGER MAYFIELD, and NATIONWIDE GENERAL INSURANCE COMPANY, U-HAUL CO. OF ARIZONA, U-HAUL CO. OF COLORADO, and U-HAUL CO. OF FLORIDA, | ) ) ) ) ) ) ) | TRIAL BY JURY OF TWELVE DEMANDED |
|     Defendants. | ) ) | |

## NOTICE OF SERVICE

**I HEREBY CERTIFY** on this 26th day of September 2006, two copies of

the foregoing Defendant, Nationwide General Insurance Company's Answer to Complaint was

sent via electronic filing system to:

Roger D. Landon, Esquire
*MURPHY SPADARO & LANDON*
1011 Centre Road
Suite 210
Wilmington, DE 19805

Steven L. Caponi, Esquire
*BLANK ROME, LLP*
1201 Market Street, Suite 800
Wilmington, DE 19801

*MORGAN SHELSBY & LEONI*

/s/ *Robert J. Leoni*
ROBERT J. LEONI, I.D. #2888
Rleoni@mslde.com

/s/ *Michael J. Logullo*
Michael J. Logullo, I.D. #3851
Mlogullo@mslde.com

131 Continental Drive, Suite 206
Newark, DE 19713
(302) 454-7430
Attorney for Defendant, Nationwide, Nationwide