IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SARA S. ECHEVARRIA, ) | |
| ) | |
| Plaintiff, ) | C. A. No. 05-284 (GMS) |
| ) | |
| v. ) | JURY TRIAL DEMANDED |
| ) | |
| U-HAUL INTERNATIONAL INC. ) | |
| ROGER MAYFIELD, and ) | |
| NATIONWIDE GENERAL INSURANCE ) | |
| COMPANY, ) | |
| ) | |
| Defendants. ) | |

## MOTION TO VACATE ENTRY OF DEFAULT JUDGMENT

Defendant, Roger L. Mayfield ("Defendant Mayfield"), by and through his undersigned counsel, moves this Court for an Order vacating the entry of default judgment, and in the alternative, dismissing the action against him without prejudice under Federal Rule of Civil Procedure ("FRCP") 60(b). In support of his Motion, Defendant Mayfield states as follows:

1. Plaintiff, Sara S. Echevarria ("Plaintiff") filed the Complaint on March 16, 2005 in the Superior Court of Delaware in and for New Castle County. A copy of the Superior Court docket sheet is attached hereto as Exhibit "A".

2. Plaintiff attempted to serve Defendant Mayfield, a Florida resident, pursuant to 10 *Del. C.* §3112(a) ("long arm motor vehicle statute"), with a copy of the Summons, Complaint and Interrogatories, by serving the Secretary of State on April 4, 2005. A copy of the Sheriff's Return is attached hereto as Exhibit "B".

3. On or about May 10, 2005, Defendant U-Haul International, Inc. filed a Notice of Filing Petition for Removal in the Superior Court and a Notice of Removal in this Court.

4. The Sheriff's Return was filed with the Superior Court on May 16, 2005. See Exhibit "B" hereto.

5. Apparently recognizing that the attempt to serve Defendant Mayfield through the long arm motor vehicle statute was improper, the Plaintiff had a special process server personally serve Defendant Mayfield with the Summons and Complaint on July 21, 2005. See Exhibit A to Plaintiff's Motion.

6. On or about August 15, 2005, Plaintiff filed her Motion for Default Judgment ("Motion") against Defendant Mayfield with this Court.

7. On or about October 5, 2005, this Court entered default judgment against Defendant Mayfield under FRCP 55(a).

8. Pursuant to 10 *Del. C.* §3112(b), Plaintiff was required to send Notice along with copies of the summons, complaint and related pleadings via registered mail to Defendant Mayfield within seven (7) days of service upon the Secretary of State. Further, if the first mailing was returned, Plaintiff was required to send Defendant Mayfield a second notice via registered mail within seven (7) days of the return of the first mailing. *Larimore v. Stella*, Del. Super., 2003 WL 22064107 at *1. According to the Affidavit of Jennifer M. Kinkus, the duly authorized agent of Plaintiff, attached to Plaintiff's Motion, Plaintiff sent a first notice to Defendant Mayfield on May 26, 2005, enclosing the Summons and Complaint, however that notice was returned to Plaintiff's counsel without having been accepted by Defendant Mayfield. A copy of the her Affidavit is attached as Exhibit "C". However, Plaintiff failed to send the required second notice by registered mail to Defendant within seven (7) days of the return of the

first mailing. Because service was not properly effectuated on Defendant Mayfield, the Court's entry of default judgement against Defendant Mayfield is void under FRCP 60(b)(4) and should be vacated.

9. Along with Plaintiff not sending the required second notice via registered mail within seven (7) days of the return of the first mailing, pursuant to 10 *Del. C.* §3112(e), if the mail is returned undelivered counsel is also required to file a proof of nonreceipt and an affidavit of mailing within seven (7) days of the Sheriff's return. *Larimore* at *1; *See also Franklin v. Millsboro Nursing & Rehabilitation Ctr., Inc.*, Del. Super., C.A. No. 95C-11-008, Graves, J. (June 10, 1997) (Mem. Op.). Moreover, this seven day period is statutory and not subject to enlargement by rule of Court. *Lamontagne v. Wise*, Del. Super, 2003 WL 1999898 at *1 (citing *Purnell v. Dodman*, 297 A.2d 391, 394 (Del. Super. 1972)). Further, the Court has no power to excuse non-compliance with the statute. *O'Donnell v. Lilly*, Del. Super., C.A. No. 01C-10-291, Cooch, J. (Oct. 25, 2002) (Mem. Op.). Proof of nonreceipt includes the receipt given by the post office at the time of mailing and the original envelope of the undelivered registered article. *Larimore* at *1. A review of the Superior Court docket indicates that the Plaintiff failed to file the proof of nonreccipt and affidavit of mailing within seven (7) days of the Sheriff's return. Accordingly, because service upon Defendant Mayfield was not properly effectuated, the Court's entry of default judgment is void under FRCP 60(b)(4) and should be vacated.

10. The Plaintiff next attempted to serve Defendant Mayfield through a special process server pursuant to FRCP 4(e), however, because federal jurisdiction in this case is based upon diversity of citizenship, in personam jurisdiction is determined in accordance with the law of the state, i.e. 10 *Del. C.* §3112, in which the Court sits, with federal law, i.e., FRCP, entering the picture only for the purpose of deciding whether a state's assertion of jurisdiction contravenes a

constitutional guarantee. *Wilmington Supply Co. v. Worth Plumbing & Heating, Inc.* 505 F. Supp. 777 (D.Del. 1980). Thus, because Plaintiff was required to serve Defendant Mayfield pursuant to the strict procedures set forth in 10 *Del. C.* §3112, her personal service of Defendant Mayfield by special process server was invalid.

11. In the alternative, under FRCP 4(m) and/or Superior Court Civil Rule 4(j), an action must be dismissed if service is not made upon a defendant within 120 days of the filing of the complaint, unless good cause is shown why timely service was not made within that period. According to the Superior Court docket sheet, Plaintiff filed her complaint on March 16, 2005 and Defendant Mayfield was personally served by special process server on July 21, 2005, which exceeds the 120 day period to effectuate timely service upon him. Thus, unless the Plaintiff can demonstrate good cause for her failure to effectuate proper service upon Defendant Mayfield within 120 days of the filing of the complaint, the Court should dismiss this action against Defendant Mayfield.

WHEREFORE, Defendant Mayfield requests that this Court enter an Order vacating its entry of default judgment, and/or in the alternative, dismiss this action against Defendant Mayfield without prejudice for Plaintiff's failure to effectuate timely service of process upon him.

FERRY, JOSEPH & PEARCE, P.A.

/s/Robert K. Pearce
ROBERT K. PEARCE, ESQUIRE
I.D. No. 191
824 Market Street, Suite 904
Wilmington, DE 19899
(302) 575-1555
rpearce@ferryjoseph.com
Attorney for Defendant
Roger Mayfield

Dated: November 22, 2006