# FERRY, JOSEPH & PEARCE, P. A.

ATTORNEYS AT LAW
824 MARKET STREET
SUITE 904
P. O. BOX 1351
WILMINGTON, DELAWARE 19899

(302) 575-1555
FAX (302) 575-1714

www.ferryjoseph.com

DAVID J. FERRY, JR.*
MICHAEL B. JOSEPH +
ROBERT K. PEARCE
THEODORE J. TACCONELLI *
EDWARD F. KAFADER
JOHN D. MATTEY
RICK S. MILLER
JASON C. POWELL
LISA L. COGGINS **
STEVEN G. WEILER ++
THOMAS R. RIGGS

(*ALSO PA BAR)
(+ALSO NJ BAR)
(**ALSO FL, MA AND NY BARS)
(++NJ BAR ONLY)

THOMAS HERLIHY, III
OF COUNSEL

ARTHUR F. DISABATINO
(1962-2001)

November 30, 2006

<u>Hand Delivered</u>
The Honorable Gregory M. Sleet
U.S. District Court for the District of Delaware
844 N. King Street
Wilmington, DE 19801

  Re: <u>Echevarria v U-Haul International, Inc., et. al.</u>
    C. A. No. 05-284-GMS

Dear Judge Sleet:

  Enclosed are the unreported decisions which were inadvertently omitted from the defendant Roger Mayfield's Motion to Vacate Entry of Default Judgment.

          Respectfully,

          */s/ Robert K. Pearce*

          Robert K. Pearce

RKP/mec

Enclosure

  cc: Chase Brockstedt, Esq. - By Fax - 472-8135
     Steven L. Caponi, Esq. - By Fax - 425-6464
     Robert J. Leoni, Esq. - By Fax - 995-6121
     Frank Lococo, Esq.
     Clerk of Court

Westlaw.

Not Reported in A.2d                                                                                                          Page 1

Not Reported in A.2d, 2003 WL 22064107 (Del.Super.)
(Cite as: Not Reported in A.2d)

Larimore v. Stella Del.Super.,2003.Only the Westlaw citation is currently available.
UNPUBLISHED OPINION. CHECK COURT RULES BEFORE CITING.
Superior Court of Delaware.
Denise LARIMORE
v.
Patrick STELLA and Asphalt Maintenance, Inc.
No. Civ.A. 02C-11-006.

Aug. 29, 2003.

Dear Counsel:
STOKES, J.
*1 Pending before this Court are Defendants' motion to quash service and dismiss the action. Defendant's motion is denied for the reasons set forth herein.

Reviewing the record, the present action was commenced on November 13, 2002. Plaintiff served Defendants pursuant to 10 *Del. C.* § 3112 by serving the Secretary of State on November 25, 2002. The sheriff's return is dated December 4, 2002. Plaintiff sent the required notice to Defendants by registered mail on December 10, 2002. The addresses were taken from the police report issued as a result of the accident. The post office returned and marked Patrick Stella's letter unable to forward with a new address. Asphalt Maintenance's letter was returned unclaimed after the post office attempted delivery to a forwarding address not known by Plaintiff.

With this background, a second letter was sent to Mr. Stella by registered mail on December 16, 2002. A diligent search was made and both Defendants' actual addresses could not be located. The numbers listed in the phone book and police report for Asphalt Maintenance are incorrect. The number listed in the police report for Patrick Stella is incorrect, and there is no listing in the phone book. Further efforts were made to locate the Defendants' addresses including contacting the insurance adjuster without success.

On May 9, 2003, Plaintiff filed an alias praecipe directing service of Defendants by serving the Secretary of State. The sheriff served the Secretary of State on May 29, 2003. Plaintiff sent the required notice to Defendants by registered mail on May 30, 2003. Plaintiff has submitted copies of all the registered mail receipts. Plaintiff submitted an affidavit of mailing on June 6, 2003. An amended complaint was also filed on June 6, 2003.

Under 10 *Del. C.* § 3112(a), nonresident owners or operators of motor vehicles make the Secretary of State their agent for service of process for actions arising out of Delaware accidents. 10 *Del. C.* § 3112(a). Plaintiff is required to sent notice via registered mail to the Defendants within seven days of service upon the Secretary of State. 10 *Del. C.* § 3112(b). Pursuant to 10 *Del. C.* § 3112(e), if the mail is returned undelivered counsel may submit proof of nonreceipt and an affidavit of mailing within seven days of the return. 10 *Del. C.* § 3112(e). Proof of nonreceipt includes the receipt given by the post office at the time of mailing and the original envelope of the undelivered registered article. *Id.* Of course, no citation is needed to show that multiple mailings are constitutionally required to provide notice of pending litigation.

Here, Plaintiff sent notice by registered mail as required by section 3112(b). Plaintiff also sent the required second notice within seven days of the return of the first mailing. However Plaintiff did not file an affidavit and proof of nonreceipt after the first set of mailings. Accordingly, these first attempts at service were invalid for failure to comply with 10 *Del. C.* § 3112(e). *See also Franklin v. Millsboro Nursing & Rehabilitation Ctr., Inc.,* Del.Super., C.A. No. 95C-11-008, Graves, J. (June 10, 1997) (Mem.Op.). Later, Plaintiff filed an alias praecipe and sent the required notices which were received by Defendants. At that time, Plaintiff filed an affidavit of delivery as

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d                                                                                          Page 2

Not Reported in A.2d, 2003 WL 22064107 (Del.Super.)
**(Cite as: Not Reported in A.2d)**

required by 10 *Del. C.* § 3112(b). This second attempt at service was valid.

*2 Nevertheless, under Superior Court Civil Rule 4(j), an action must be dismissed if service is not made within 120 days of the filing of the complaint, unless good cause is shown why timely service was not made within that period. *Del.Super. Ct. Civ. R.* 4(j). Good cause requires a showing of good faith and excusable neglect such as when "the plaintiff has made all possible efforts to comply with Rule 4, but has not been able to obtain service within 120 days." *Franklin v. Millsboro Nursing & Rehabilitation Ctr., Inc.,* Del.Super., C.A. No. 95C-11-008, Graves, J. (June 10, 1997) (Mem.Op.).

Plaintiff has demonstrated good cause for the failure to effect service within 120 days of filing the complaint. Plaintiff made diligent efforts to locate the Defendants' addresses and sent out mailings at addresses that were reasonably calculated to reach the Defendants. *Sommers v. Gaston,* 295 A.2d 578, 580 (Del.Super.1972). Defendants changed their addresses a number of times during this time period. *See DeFrancis v. Bush,* 859 F.Supp. 1022 (E.D.Tex.1994) (good cause existed for failure to serve defendant within 120 days after the complaint was filed where plaintiff has justifiable difficulty in locating roving defendant). Arguably, Defendants also failed in their obligation to notify the authorities of their correct address. *Id.* at 581. Moreover, public policy favors permitting the litigant to have their day in court. *Dolan v.. Williams,* 707 A.2d 34, 36 (Del.1998).

Considering the foregoing, the motion to quash service and dismiss the complaint is denied.FN1

> FN1. Even if the motion were granted, the Plaintiff should be able to successfully refile the complaint, notwithstanding the two year statute of limitations for suits of this nature, under a savings statute that protects against abatement of suits. *See* 10 *Del. C.* § 8818, the cases cited in the *Franklin* case on this point and the multiple filings presented in *O'Donnell & Lilly,* Del.Super., C.A. No. 01C-10-291,

Cooch, J. (Oct. 25, 2002) (Mem.Op.). To paraphrase then Judge Christie the equities weigh heavily to prevent a forfeiture when a Defendant actually has notice of a suit. *See Gaspero v. Douglas,* Del.Super., C.A. No. 80C-DE-45, Christie, J. (Nov. 6, 1981)(ORDER). The insights of a trial judge who later served Delaware well as Chief Justice are as cogent today as when first expressed.

Del.Super.,2003.
Larimore v. Stella
Not Reported in A.2d, 2003 WL 22064107 (Del.Super.)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Not Reported in A.2d                                                                                                          Page 1

Not Reported in A.2d, 2003 WL 21999898 (Del.Super.)
**(Cite as: Not Reported in A.2d)**

Lamontagne v. WiseDel.Super.,2003.Only the Westlaw citation is currently available.
UNPUBLISHED OPINION. CHECK COURT RULES BEFORE CITING.
Superior Court of Delaware.
Herold LAMONTAGNE and Bryan Montagne
v.
Robert W. WISE
**No. Civ.A.02C-07-024RFS.**

Aug. 20, 2003.

Dear Counsel:
STOKES, J.
*1 Pending before the Court is Plaintiff's motion to dismiss. An order will be entered denying Plaintiff's motion for default judgment absent submission to this court of proof of effective service upon the defendant within ten days of this letter. Pursuant to Delaware Superior Court Civil Rule 55(b) default judgment may be entered "when a party against whom a judgment for affirmative relief is sought, has failed to appear, plead or otherwise defend as provided by these Rules." *Del.Super. Ct. Civ. R.* 55(b). Following a review of the record, it appears to the Court that the complaint was filed on July 23, 2002. The Secretary of State was served on August 5, 2002 pursuant to 10 *Del. C.* § 3112. A notice along with copies of the complaint, summons and related pleadings were purportedly sent by registered mail to defendant on August 29, 2002. This is more than seven days from the sheriff's return of service. There have been no copies of the receipts for the mailings filed with the court.

Plaintiff is required to sent notice via registered mail to the defendants within seven days of service upon the Secretary of State. 10 *Del. C.* § 3112(b). " This seven day period is statutory and not subject to enlargement by rule of Court." *Purnell v. Dodman,* 297 A.2d 391, 394 (Del.Super.1972). If service is defective, the court cannot acquire jurisdiction of the matter and the action must be dismissed if effective service is not procured within the period of the statute of limitations. *Id.* at 395. "The Court has no power to excuse non-compliance with the statute." *O'Donnell v. Lilly,* Del.Super., C.A. No. 01C-10-291, Cooch, J. (Oct. 25, 2002) (Mem.Op.). Here, plaintiff failed to send notice by registered mail as required by section 3112(b). Although, defendant has not appeared or filed any responsive pleadings in this matter,[FN1] service has not been effectuated. Thus, default judgment is inappropriate in the absence of effective service. Accordingly, plaintiff's motion for default judgment will be denied in the absence of effective service upon the defendant.

> FN1. Plaintiff's counsel states in his motion that counsel has entered an appearance for defendant. However, a review of the docket sheet and the file evidences no such entry of an appearance on behalf of the defendant.

Del.Super.,2003.
Lamontagne v. Wise
Not Reported in A.2d, 2003 WL 21999898 (Del.Super.)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Not Reported in A.2d

Page 1

Not Reported in A.2d, 1997 WL 363950 (Del.Super.)
**(Cite as: Not Reported in A.2d)**

C
Franklin v. Millsboro Nursing & Rehabilitation Center, Inc.Del.Super.,1997.Only the Westlaw citation is currently available.
UNPUBLISHED OPINION. CHECK COURT RULES BEFORE CITING.
Superior Court of Delaware.
Albert T. FRANKLIN and Charlotte A. Gum, Individually, and as
Co-Administrator/Administratrix of the Estate of Edna Franklin, and the Estate of Edna Franklin, Plaintiffs,
v.
MILLSBORO NURSING AND REHABILITATION CENTER, INC., a corporation of the State of Delaware, Jeannie Aydellote, Gary Rust, Judy Davis, Donna Flood, Nicole Scott, Patricia Lathbury, Irv Bainum, Eve Bainum and Frederico Arthes, M.D., Defendants.
**No. CIV. A. 95C11008.**

Submitted March 4, 1997.
Decided June 10, 1997.

Bruce A. Rogers, Esquire, 104 East Pine Street, P.O. Box 976, Georgetown, DE 19947, attorney for Plaintiffs.
Clayton E. Bunting, Esquire, Wilson, Halbrook & Bayard, 107 West Market Street, P.O. Box 690, Georgetown, DE 19947, attorney for Defendant.

MEMORANDUM OPINION
GRAVES, Judge.
*1 This action arises from a complaint filed by Plaintiffs Albert T. Franklin and Charlotte A. Gum ("Plaintiffs") alleging wrongful death against Defendants Millsboro Nursing and Rehabilitation Center, Inc. ("Millsboro Nursing Home"), and various employees of the Millsboro Nursing Home, including Frederico Arthes, M.D. ("Arthes"), the Medical Director of Millsboro Nursing Home. Pending before this Court is Arthes' Motion to Quash Attempted Service of Summons and Complaint and to Dismiss ("Motion to Quash") and Plaintiffs' Motion for Enlargement of Time ("Motion to Enlarge").[FN1]

*FACTS AND PROCEDURAL HISTORY*

On February 27, 1994, Edna Franklin was injured while she was a patient at Millsboro Nursing Home. She died on March 14, 1994. On May 20, 1994, Plaintiffs' counsel, Bruce A. Rogers, Esquire, sent a letter to Arthes at the Millsboro Nursing Home requesting medical records concerning his treatment of Ms. Franklin. Mr. Rogers sent a request on July 5, 1994 and another on September 1, 1994, after which the records were received. Mr. Rogers sent a letter to Arthes on October 11, 1994, explaining Plaintiffs' theory of Arthes' liability and then sent Arthes a letter on October 27, 1994 requesting settlement negotiations. On December 21, 1994, Plaintiffs' counsel received a letter from the Claims Supervisor of Arthes' professional liability insurance carrier stating that Arthes had forwarded the October 11 and October 27 letters to the insurance company. On January 9, 1995, Mr. Rogers received a letter from Arthes' insurance carrier stating that Arthes had not deviated in the standard of care in his treatment of Ms. Franklin.

On November 9, 1995, Plaintiffs filed a complaint alleging that Defendants Millsboro Nursing Home, et. al, and Arthes were negligent and that their negligence was the proximate cause of Ms. Franklin's death. Plaintiffs seek to recover damages for her wrongful death, pursuant to 10 *Del. C.* § 3724. Arthes is a resident of Maryland and therefore Plaintiffs attempted to serve him pursuant to the long-arm statute, 10 *Del. C.* § 3104. On November 20, 1995, the summons and a copy of the complaint were served on the Secretary of State by the Sheriff of Kent County. On November 22, 1995, the Sheriff's return of service was filed with the Prothonotary of Sussex County and Plaintiffs' counsel received the Sheriff's return. On that day,

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d                                                                                                               Page 2

Not Reported in A.2d, 1997 WL 363950 (Del.Super.)
**(Cite as: Not Reported in A.2d)**

Mr. Rogers prepared the notice required by 10 *Del. C.* § 3104 and mailed it, by registered mail, return receipt requested, to Arthes at 3 Bay Street, Berlin, MD 21811. On November 28, 1995, the registered mail package addressed to Arthes was returned to Plaintiffs' counsel marked "Forwarding Order Expired" by the Post Office. On that same date, Marie L. Smith, Mr. Rogers' secretary called Dr. Arthes and obtained a new mailing address from him of 1622 A Ocean Pines, Berlin, MD 21811, and sent the notice by registered mail, return receipt requested, to Arthes at the Ocean Pines address.

*2 On December 18, 1995, the registered mail package was returned to Plaintiffs' counsel, marked "Unclaimed", noting that on two occasions the Post Office attempted to deliver the package to the Ocean Pines address. On December 19, 1995, Plaintiffs filed an amended complaint containing the two original receipts given by the post office at the time of mailing the two notices by registered mail; photocopies of both envelopes of the undelivered registered articles and an affidavit of Marie Smith, specifying the date upon which the packages containing the notices were sent by registered mail, the date upon which the packages were returned to sender, that copies of the packages, with dates, were attached, and that the receipts obtained at the time of the mailing were the receipts filed with the affidavit.

On February 23, 1996, Arthes' counsel, Clayton E. Bunting, Esquire, called Plaintiffs' counsel to seek a 30-day-extension to file an answer on behalf of Arthes, which Marie Smith granted on behalf of Mr. Rogers. Arthes asserts that the extension was granted without prejudice in any way to his interests. The 30-day extension was confirmed between Mr. Rogers and Mr. Bunting on the morning of February 26, 1996 in Mr. Bunting's office. Plaintiffs assert that in exchange for the extension of time to file an answer, Mr. Bunting agreed to waive any personal service defenses. In Arthes' Reply Brief in support of his Motion to Quash, he asserts that "[a]fter the previously-granted extension of time, without prejudice, was immediately ratified and confirmed, any discussion which was had during that impromptu conversation while standing in the kitchen was incidental to the extreme." [FN2]

On March 29, 1996, Arthes filed the pending Motion to Quash. On April 4, 1996, Plaintiffs filed an Alias Praecipe directing the Prothonotary to issue summons for the Sheriff of Sussex County for service on Arthes at his place of employment or any such other place as he may be found in the State of Delaware. Plaintiffs also filed on April 4, 1996, an Amendment to the Amended Complaint, attaching the original envelopes from the undelivered mailings previously mailed to Arthes on November 22, 1995 and November 28, 1995, returned by the Post Office marked "Forwarding Order Expired" and "Unclaimed," respectively, to be incorporated into the Amended Complaint. On April 8, 1996, the Prothonotary delivered the Alias Summons to the Sheriff of Sussex County. On May 3, 1996, the writ was returned *non est inventus* because Arthes could not be found at his place of employment.

Arthes moves to quash the previous attempts at service because of an insufficiency of service of process, resulting in a failure to obtain *in personam* jurisdiction over him. Arthes further seeks to dismiss the complaint with prejudice based on a failure to serve Arthes within 120 days of filing the complaint and running of the statute of limitations to file the suit. Plaintiffs counter that the service was not defective and therefore they have obtained in personam jurisdiction over Arthes. In the event the Court finds that service was defective, Plaintiffs have filed a Motion to Enlarge, requesting that the Court enlarge the amount of time in which they must file proof of service on Arthes until April 4, 1996, when the original envelopes were filed, or in the alternative, enlarge the period of time within which they may perfect proof of service of process, should the Court deem perfection has not occurred to date.

*DISCUSSION*

*3 In his motion, Arthes asserts that he has not been brought under the *in personam* jurisdiction of this Court due to an insufficiency of service of process under Superior Court Rule 12(b)(5). Arthes claims that Plaintiffs failed to comply with the provisions

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d                                                                                               Page 3
Not Reported in A.2d, 1997 WL 363950 (Del.Super.)
(Cite as: Not Reported in A.2d)

of 10 *Del. C.* § 3104, which specify the means for obtaining personal jurisdiction over nonresident defendants. In 10 *Del. C.* § 3104, it is provided in pertinent part as follows:
(d) Service of the legal process provided for in this section with the fee of $2 shall be made upon the Secretary of State of this State in the same manner as is provided by law for service of writs of summons, and when so made shall be as effectual to all intents and purposes as if made personally upon the defendant within this State; provided, that not later than 7 days following the filing of the return of services of process in the court in which the civil action is commenced or following the filing with the court of the proof of the nonreceipt of notice provided for in subsection (g) of this section, the plaintiff or a person acting in the plaintiff's behalf shall send by registered mail to the nonresident defendant ... a notice consisting of a copy of the process and complaint served upon the Secretary of State of this State, and that under this section such service is as effectual to all intents and purposes as if it had been made upon such nonresident personally within this State.
(g) The plaintiff or the plaintiff's counsel of record in the action may within 7 days following the return of any undelivered notice mailed in accordance with subsection (d) of this section other than a notice, delivery of which is shown by the notation of the postal authorities on the original envelope to have been refused by the defendant or the defendant's agent, file with the court in which the civil action is commenced proof of the nonreceipt of the notice by the defendant or the defendant's agent, which proof shall consist of the usual receipt given by the post office at the time of mailing to the person mailing the registered article containing the notice, the original envelope of the undelivered registered article, and an affidavit made by or on behalf of plaintiff specifying (1) the date upon which the envelope containing the notice was mailed by registered mail; (2) the date upon which the envelope containing the notice was returned to the sender; (3) that the notice provided for in subsection (d) of this section was contained in the envelope at the time it was mailed; and (4) that the receipt, obtained at the time of mailing by the person mailing the envelope containing the notice, is the receipt filed with the affidavit.

In Superior Court Civil Rule 4(h), it is provided:
*Actions in Which Service of Process Is Secured Pursuant to 10 Del. C. § 3104, § 3112 or § 3113.*
In an action in which the plaintiff serves process pursuant to 10 *Del. C.* § 3104, § 3112 or § 3113, the defendant's return receipt and the affidavit of the plaintiff or the plaintiff's attorney of the defendant's nonresidence and the sending of a copy of the complaint with the notice required by the statute shall be filed as an amendment to the complaint within 10 days of the receiving by the plaintiff or the plaintiff's attorney of the defendant's return receipt; provided, however, that the amendment shall not be served upon the parties in accordance with the provisions of Rule 5(a).

*4 In Superior Court Civil Rule 4(j), it is provided:
*Summons: Time Limit for Service.* If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion.

Arthes alleges several defects in Plaintiffs' attempted service under 10 *Del. C.* § 3104. He first states that Plaintiffs failed to comply with the provisions of 10 *Del. C.* § 3104(g) by failing to file with the Court proof of the nonreceipt of the notice within seven days following the return of undelivered registered mailing marked "Forwarding Order Expired". Arthes claims that because Plaintiffs failed to file the proof of nonreceipt of the notice within seven days of its return, this first attempted service is insufficient to constitute a first mailing.

Arthes next asserts that because the first attempted service cannot constitute a first mailing, that the second attempted service, mailed on November 28, 1995 and still within the seven days after the Sheriff's return was filed, must constitute the first mailing. He claims that Plaintiffs failed to comply with the provisions of 10 *Del. C.* § 3104(d) by

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d                                                                                              Page 4

Not Reported in A.2d, 1997 WL 363950 (Del.Super.)
**(Cite as: Not Reported in A.2d)**

failing to send a second mailing by registered mail to Arthes within seven days following the December 19, 1995 filing of the proof of nonreceipt of the undelivered registered mailing marked " Unclaimed".

Arthes further contends that the Amended Complaint filed on December 19, 1995 failed to comply with both Superior Court Civil Rule 4(h) and the statutory requirements of 10 *Del. C.* § 3104(g) as to what constitutes the proof of nonreceipt. Superior Court Civil Rule 4(h) requires that the amended complaint contain "an affidavit of the plaintiff or the plaintiff's attorney of the defendant's nonresidence...." In the present case, Marie Smith, Mr. Roger's secretary, signed the affidavit filed on behalf of the Plaintiffs. Additionally, under 10 *Del. C.* 3104(g), the proof of nonreceipt of the notice must contain the "original envelope of the undelivered registered article." Plaintiffs filed photocopies of the envelopes.[FN3] Arthes further claims that the language in the affidavit fails to specify the particulars set forth in 10 *Del. C.* § 3104(g)(3) and (4). Finally, Arthes argues that because the statute of limitations has passed, the case should be dismissed with prejudice.

Plaintiffs counter that the alleged defects in the service of process may all be categorized as errors in the filing of proof of service with the Court. Plaintiffs acknowledge that they did not file the proof of nonreceipt of notice of the November 22, 1995 mailing within seven days of it's return and that in their Amended Complaint, filed December 19, 1995, they provided photocopies of the two envelopes of the returned, undelivered registered mailings rather than the two original envelopes. However, Plaintiffs assert that because the acknowledged defects are failures in the filing of the proof of service rather than failures in the actual service, that such defects are not jurisdictional barriers.

*5 Plaintiff's rely on *Lightburn v. Delaware Power & Light Co.,* Del.Supr., 158 A.2d 919 (1960), in asserting that the late filing of the amended complaint with the proof of nonreceipt does not affect the validity of the service. In *Lightburn,* the Court, addressing the nonresident motor vehicle statute in Delaware, stated that " 'it is the process and service thereof that confers jurisdiction. The return is no part of the service, but evidence only of such service.' " 158 A.2d at 923 (quoting *Nelson v. District Court,* 136 Colo. 467, 320 P.2d 959, 962). The Court held that once the Superior Court had acquired jurisdiction through compliance with the statute, it had the power to consider an application to enlarge the time for filing the affidavit pursuant to Rule 6(b). However, *Lightburn* is distinguishable from the case at bar. In *Lightburn,* the Court addressed the issue of a failure to timely file the amended complaint, pursuant to Superior Court Rule 4(h), where the notice was actually received by the defendant and the plaintiff was merely late in filing the proof of the receipt. The present case deals with a nonreceipt of the notice.

Whereas the procedures for filing the proof of a received or refused notice are governed by Superior Court Civil Rule 4(h), the statutory requirements for filing a proof of nonreceipt of notice are jurisdictional, and therefore cannot be waived or relaxed by the Court. *Griffin v. Granger,* Del.Supr., 306 A.2d 725, 727 (1973); *Purnell v. Dodman,* Del. Super, 297 A.2d 391, 394 (1972); *Adkins v. Carter,* Del.Super., C.A. No. 94J-01-034, Howard, Commissioner (February 28, 1995) (ORDER).

In *Adkins v. Carter, supra,* the plaintiff served the Secretary of State and sent the defendant the proper notice pursuant to 10 *Del. C.* § 3104(d). The notice was returned unclaimed to the plaintiff's attorney on June 15, 1993, but the plaintiff did not file an affidavit pursuant to 10 *Del. C.* § 3104(g) until August 27, 1993. Having determined that the defendant had a different address from that at which the original service was attempted, the plaintiff had an alias writ issued on August 27, 1993 and attempted the service process anew. After the notice was returned unclaimed, the plaintiff never sent the second notice required pursuant to 10 *Del. C.* § 3104(d). The Court vacated the default judgment entered against the defendant, holding that the second notice and the time within which it must be filed are jurisdictional and therefore the plaintiff never obtained jurisdiction over the defendant.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d

Page 5

Not Reported in A.2d, 1997 WL 363950 (Del.Super.)
**(Cite as: Not Reported in A.2d)**

A federal case applying Delaware law is also factually similar to the case at bar. In *King v. Kendrick,* D. Del., C.A. No. 86-80, Wright, J. (November 18, 1986), the plaintiffs filed a complaint, served the Secretary of State, and sent a notice to defendants as required by Delaware's Motor Vehicle Long-Arm statute.FN4 The plaintiffs never filed the proof of nonreceipt of the first notice with the Court before sending out the second notice. The Court stated: "*A fortiori* the requisite second letter could not have been mailed in the statutorily mandated seven days following the filing with the Court of the notice of the non-receipt of the first. Plaintiffs, therefore, have failed to comply with the long-arm statute." Because the failure was jurisdictional, the Court dismissed the case. *See also Penn-America Insurance Co. v. Harris,* Del.Super., C.A. No. 82C-JA-114, Walsh, J. (March 7, 1983) (dismissing case for lack of jurisdiction where plaintiff filed amended complaint 12 days after the return of the undelivered notice, and mailed second notice eight days before filing the amended complaint, rather than within the seven days following the filing of the proof of nonreceipt).

*6 Similarly, in the present case, Plaintiffs failed to file the proof of the nonreceipt of the November 22, 1995 mailing within the seven days following the return of the undelivered notice marked "Forwarding Order Expired." Plaintiffs failed to comply with the statutory mandates of § 3104(g) and therefore this first attempt at service was invalid. After contacting Defendant and obtaining a new mailing address from him, Plaintiffs mailed the notice of service on the Secretary of State by registered mail, return receipt requested on November 28, 1995. This mailing was still within the seven days of the sheriff's return of service, and was in full compliance with § 3104(d). After this notice of service was returned as "unclaimed" on December 18, 1995, to obtain jurisdiction over Defendant, Plaintiffs could have either filed an alias praecipe to re-serve the Secretary of State and begin the registered mail service of process anew, or employed the procedure permitted under § 3104(d) by sending out a second notice to the Ocean Pines address within seven days of their filing the proof of nonreceipt, pursuant to § 3104(g), on December 19, 1995. Plaintiffs sent out the notice to Arthes at the new address and filed an amended complaint, but never sent out the second notice.

"Once the Plaintiff becomes aware that his initial notice has not been received he may elect to prove non-receipt by filing a [§ 3104(g) ] affidavit, but subjects himself to the alternate procedure set forth in [§ 3104(d) ] which requires the sending of a notice to the defendant" not later than seven days after filing the proof of nonreceipt with the Court. *Purnell v. Dodman,* 297 A.2d 391, 394 (1972) (addressing a failure to comply with the proof of nonreceipt requirements of the nonresident motorist statute). Plaintiffs failed to send a second notice to Defendant at the Ocean Pines address and therefore failed acquire jurisdiction over Defendant.

Because the statutory requirement for filing the proof of nonreceipt is jurisdictional, this Court cannot enlarge the time to file the amended complaint and affidavit. *Purnell, supra,* at 394. Because this defect cannot now be cured, the Court does not need to address Arthes' other alleged defects in the filing of the amended complaint. Obtaining personal service on a nonresident where the defendant did not receive the mailing (i.e. the notice) mandates strict compliance with the statutory requirements. This is an area where the Court cannot bend the statutory requirements even when one is close to compliance, regardless of the facts. Therefore, Arthes' Motion to Quash is granted.

The next issue is whether the case must be dismissed pursuant to Superior Court Civil Rule 4(j) because the complaint was not served within 120 days of the filing of the complaint. The Court has two choices before it: (1) grant Arthes' Motion to Dismiss the based on Plaintiffs' failure to serve Arthes within a 120 days of filing the complaint; or (2) grant the Plaintiffs' Motion to Enlarge to allow them to effect valid service on Arthes. The Court will address both of these options below.

*7 Because the failure to file the proof of nonreceipt within the seven days of the return of the November 22, 1995 and the failure to send a second notice after the return of the unclaimed November 28, 1995 mailing are both jurisdictional, the Court

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d                                                                                                              Page 6
Not Reported in A.2d, 1997 WL 363950 (Del.Super.)
**(Cite as: Not Reported in A.2d)**

does not have the discretion to enlarge the time to perfect either of those attempts of service. Furthermore, because Plaintiffs have not served Arthes within the 120 days required by Superior Court Rule 4(j), the case must be dismissed if the Court determines that Plaintiffs have not shown good cause as to why they have failed to serves Arthes within the 120 days.

If the Court dismisses the action, Plaintiffs may possibly avail themselves of the Savings Statute, 10 Del. C. § 8818.[FN5] However, it would not be appropriate to rule at this time on whether Plaintiffs successfully may bring suit under the Savings Statute. *See, Liles v. Cyback,* Del.Supr., 357 A.2d 739 (1976); *Gosnell v. Whetzel,* Del.Supr., 198 A.2d 924 (1964); *Giles v. Rodolico,* Del.Supr., 140 A.2d 263 (1958); *Viars v. Surbaugh,* Del.Super., 335 A.2d 285 (1975); *Purnell v. Dodman,* Del.Super. 311 A.2d 877 (1973); *Howmet Corp. v. City of Wilmington,* Del.Super., 285 A.2d 423 (1971); *Muzzi v. Lewis,* Del.Super., C.A. No. 95C-01-017, Lee, J. (January 23, 1997); *Gaspero v. Douglas,* Del.Super., CA. No. 80-DE-45, Christie, J. (November 6, 1981).

The Court's second option is to grant Plaintiffs' Motion to Enlarge beyond the 120 days to allow them to effectuate service. Whereas the Court cannot enlarge the time for filing the proof of nonreceipt of a particular service of process, the Court may enlarge the period of time in which a plaintiff must serve the defendant.

In Superior Court Civil Rule 6(b), it is provided:
(b) *Enlargement.* When by these Rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the Court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect....

The 120 day requirement is pursuant to Superior Court Civil Rule 4(j), and therefore the Court may extend this period of time if a plaintiff demonstrates excusable neglect.

Rule 4(j) must be applied strictly unless the plaintiff establishes good cause for failure to serve the complaint within a 120 days of the filing thereof. *Muzzi v. Lewis,* Del.Super., C.A. No. 95C-01-017, Lee, J. (January 23, 1997) (citing *Wass v. Calloway,* Del.Super., C.A. No. 94C-11-010, Ridgely, P.J. (February 21, 1996) (ORDER)). Good cause requires a showing of good faith and excusable neglect, which is some reasonable basis for non-compliance within the time limit specified in the Rule. *Wass v. Calloway, supra,* at 7. Excusable neglect may exist where the plaintiff has made all possible efforts to comply with Rule 4, but has not been able to obtain service within 120 days. *Id.* (Court found excusable neglect where plaintiffs' efforts had been diligent and the failure of service was attributable to a genuine inability to locate defendant); *Furches v. Gibson,* Del.Super., C.A. No. 91C-10-034, Graves, J. (November 2, 1993) (Plaintiff's inability to locate defendant, coupled with medical problems of plaintiff's counsel constituted excusable neglect in failing to serve defendant within 120 days). Compare *Muzzi v. Lewis,* Del.Super., CA. No. 9SC-01-017, Lee, J. (January 23, 1997) (Court declined to find excusable neglect where plaintiff offered no excuse for his failure to comply with Rule 4(j) and failed to establish any estoppel argument against defendant). Whether a party's failure to act constitutes excusable neglect is a matter of judicial discretion. *Radzewicz v. Neuberger,* 490 A.2d 588, 591 (1985) (citing *Doherty v. Straughn,* Del.Supr., 407 A.2d 207, 211 (1979); *Lightburn v. Delaware Power & Light Co.,* Del.Supr., 158 A.2d 919, 923 (1960)).

*8 In the present case, Plaintiffs made several attempts to locate the defendant and made these efforts in a timely manner. When the first notice came back marked "Forwarding Order Expired", Marie Smith called Arthes, who gave her the Ocean Pines address. After Plaintiffs sent the notice to the Ocean Pines address, it came back unclaimed, after the Post Office twice attempted to deliver it. Once Plaintiffs learned that their service of process had been challenged, they had an alias praecipe issued,

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d						Page 7
Not Reported in A.2d, 1997 WL 363950 (Del.Super.)
(Cite as: Not Reported in A.2d)

to be served on Arthes at work, which was returned *non est.* All of this occurred within a five month period. Arthes assertion that the Plaintiffs have failed to use due diligence to insure continuity of the action through obtaining *in personam* jurisdiction over Arthes is not supported by the evidence.

The attorneys have submitted affidavits as to their respective recollections concerning whether or not there was an agreement to waive any personal service defenses. Obviously, there has been a complete "failure to communicate" as to this important factual question. As noted earlier, neither the statute of limitations nor the 120 days to effect service had passed as of February 26, 1996. Under these circumstances the Court is reluctant to dismiss Plaintiffs' complaint, particularly where Arthes had contacted Mr. Bunting, and was therefore aware of the lawsuit, prior to the expiration of the 120 days and the statute of limitations period. In *Furches v. Gibson, supra,* the Court, in finding that the plaintiff had demonstrated excusable neglect, stated:
[T]he application of Superior Court Civil Rule 6(b) in cases such as the one before this court is supported by the policy of promoting judicial fairness. The Rules have been enacted for the purpose of substantive resolution of legal claims on the merits. This is particularly true where a defendant has successfully and perhaps purposefully avoided service of process. *Id.* at 6.

It is apparent that the Plaintiffs have made diligent and reasonable efforts to obtain service and prosecute this case and have demonstrated excusable neglect in failing to serve Arthes within the 120 days. Therefore, although the Court must quash Plaintiffs' service on Arthes, the Court is going to enlarge the time for Plaintiffs to effect service over him.

## CONCLUSION

Based upon the foregoing reasons, Arthes' Motion to Quash for failure to acquire jurisdiction over Arthes is GRANTED. However, Arthes' Motion to Dismiss is DENIED and Plaintiffs' Motion to Enlarge is GRANTED. Plaintiffs are granted an additional 120 days in which to effect service.

IT *IS SO* ORDERED.

FN1. The Court notes that the last pleading filed in this case is Arthes' Reply Brief in Support of the Motion to Quash, which was filed on July 12, 1996. It is not clear exactly what happened to the file at that point, but it appears to have been lost in the Prothonotary's Office until the case was placed on the decision list in March 1997. The Court apologizes for the delay and any inconvenience that it may have caused. The pending decision list has always been available to counsel for review, and furthermore, it is now posted in the Prothonotary's Office so counsel may check on the status of any pending decision. If a case pending is not on the decision list, counsel can assist the Court by making Chambers and the Prothonotary's office aware of this as soon as possible.

FN2. The Court notes that this incidental and informal chat in Mr. Bunting's office took place before the statute of limitations had run on the lawsuit and before the 120 days to serve Arthes under Superior Court Civil Rule 4(j) had run.

FN3. Plaintiffs assert in their Motion to Enlarge that they filed photocopies of both of the envelopes "as per instructions from the Prothonotary's Office." Regardless of whether this is correct, the parties are duty bound to interpret the law for themselves.

FN4. While there are differences between 10 *Del. C.* § 3104 and 10 *Del. C.* § 3112 (the non resident motorist statute), the language of § 3104(d) and (g) is nearly identical to that of § 3112(b) and (e), and the Courts have examined past cases interpreting § 3112(b) and (e) for guidance

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d                                                                                                Page 8
Not Reported in A.2d, 1997 WL 363950 (Del.Super.)
**(Cite as: Not Reported in A.2d)**

in interpreting the mandates of § 3104(d) and (g).

FN5. 10 *Del. C.* § 8118 states in pertinent part:
(a) If in any action duly commenced within the time limited therefor in this chapter, the writ fails of a sufficient service or return by any unavoidable accident, or by any default or neglect of the officer to whom it is committed; or if the writ is abated, or the action otherwise avoided or defeated by the death of any party thereto, or for any matter of form; ... a new action may be commenced, for the same cause of action, at any time within one year after the abatement or other determination of the original action, or after the reversal of the judgment therein.

Del.Super.,1997.
Franklin v. Millsboro Nursing & Rehabilitation Center, Inc.
Not Reported in A.2d, 1997 WL 363950 (Del.Super.)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Not Reported in A.2d                                                                                                                                      Page 1
Not Reported in A.2d, 2002 WL 31409621 (Del.Super.)
**(Cite as: Not Reported in A.2d)**

**H**
O'Donnell v. Lilly Del.Super.,2002. Only the Westlaw citation is currently available.
UNPUBLISHED OPINION. CHECK COURT RULES BEFORE CITING.
Superior Court of Delaware.
Louis A. O'DONNELL and Carol D. O'Donnell
v.
Thomas A. LILLY and Nixon Uniform Service, Inc.
**No. C.A. 01C-10-291 RRC.**

Submitted July 29, 2002.
Decided Oct. 25, 2002.

Upon Defendant Thomas A. Lilly's Motion to Dismiss. Granted.

Bruce C. Herron, Sawyer, Akin & Herron, P.A., Wilmington, Delaware, for Plaintiffs.
William L. Doerler, White and Williams LLP, Wilmington, Delaware, for Defendants Thomas A. Lilly and Nixon Uniform Service, Inc. Dear Counsel:
COOCH, J.
*1 Currently before the Court is a motion to dismiss the complaint filed by defendant Thomas A. Lilly ("Lilly").[FN1] It is the second such motion that Lilly has filed during the progression of this and an earlier, related case. Because the Court finds that plaintiffs Louis A. and Carol D. O'Donnell ("Plaintiffs") failed to perfect service upon Lilly under Delaware's nonresident motorist "long-arm" statute (title 10, section 3112 of the Delaware Code) within the year following this Court's granting of Lilly's original motion to dismiss, the protection of Delaware's "saving statute" (title 10, section 8118 of the Delaware Code) is unavailable to Plaintiffs. Accordingly, Lilly's motion is GRANTED.

FN1. Although Lilly was apparently an employee of Nixon Uniform Service, Inc. at the time of the accident allegedly forming the basis of the subject lawsuit,

the motion currently under consideration was filed only on behalf of Lilly.

*FACTUAL AND PROCEDURAL HISTORY*

Plaintiffs and Lilly were involved in an automobile accident on March 11, 1998. On March 7, 2000, Plaintiffs, then represented by H. James Childerston ("Childerston"), filed a complaint against Lilly and Nixon Uniform Service, Inc., alleging that Lilly was negligent and was otherwise acting within the course and scope of his employment with Nixon Uniform Service, Inc. when the accident occurred. Lilly was a resident of Pennsylvania, and Plaintiffs attempted to serve him via Delaware's nonresident motorist "long-arm" statute. Because Plaintiffs failed to comply with the technical requirements of that statute, on August 24, 2000, this Court granted Lilly's motion to dismiss the complaint for failure to perfect service upon him.[FN2]

FN2. *O'Donnell v. Lilly and Nixon Unif. Serv., Inc.,* Del.Super., C.A. No. 00C-03-072, Cooch, J. (Aug. 24, 2000) (ORDER).

Following dismissal of the complaint against Lilly, Nixon Uniform Service, Inc. sought dismissal of the complaint in that earlier case against it as well. It argued that Plaintiffs could not maintain an independent cause of action against it once Lilly was dismissed as a party to the case because the only claim lodged against it under the complaint was one for vicarious liability. No opposition was filed to this motion. The Court granted the motion by short letter opinion and order on November 14, 2000.[FN3]

FN3. The Court sent a letter to counsel indicating that "[i]n light of Plaintiffs' failure to have filed a timely response to [d]efendant [ ] [Nixon Uniform Service,

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d                                                                                                                Page 2

Not Reported in A.2d, 2002 WL 31409621 (Del.Super.)
(Cite as: Not Reported in A.2d)

Inc.'s] Motion to Dismiss, the Court deems ... [the] motion as unopposed." Letter from the Court to Counsel of 11/14/00. The Court simultaneously entered an order granting Nixon Uniform Inc.'s motion. *O'Donnell v. Lilly and Nixon Unif. Serv., Inc.,* Del.Super., C.A. No. 00C-03-072, Cooch, J. (Nov. 14, 2000) (ORDER).

Plaintiffs did not appeal or seek reargument of either the Court's August 24, 2000 decision dismissing the complaint against Lilly or of the Court's November 14, 2000 decision dismissing the complaint against Nixon Uniform Service, Inc.

In March 2001, Childerston's law practice went into receivership because Childerston had been suspended from the practice of law and was therefore unable to prosecute any of his then-open files.[FN4] As part of the receivership, those open files were distributed to various members of the Delaware bar. Plaintiffs' current counsel came to represent Plaintiffs during the week of August 27, 2001 through that distribution process.

> FN4. Letter from Donald E. Reid, Esquire, Receiver, to Marc S. Casarino, Esquire of 3/20/01 (Dkt. # 16, C.A. No. 00C-03-072 RRC).

On October 31, 2001 Plaintiffs' current counsel filed a second complaint against Lilly and Nixon Uniform Service, Inc.; again the basis for the suit was the March 11, 1998 automobile accident. (Counsel's basis for filing the second complaint was the "savings statute," which generally provides for an additional one-year time period within which to re-file a lawsuit under certain circumstances). Pursuant to the nonresident motorist "long arm" statute, the summons and complaint were served upon the Delaware Secretary of State on November 13, 2001, and the writ evidencing such service was returned on November 27, 2001.[FN5] Plaintiffs thereafter sent by registered mail a copy of the complaint and returned writ of service to Lilly on November 30, 2001.

> FN5. Dkt. # 3, *O'Donnell v. Lilly and Nixon Unif. Serv., Inc.,* C.A. No. 01C-10-291 RRC.

*2 The process served upon Lilly by registered mail was returned to counsel for Plaintiffs marked " unclaimed" on December 4, 2001. On December 10, 2001, counsel for Plaintiffs filed with the Court an amendment to the complaint reflecting service upon the Secretary of State, proof of the "unclaimed " service of process upon Lilly, and an affidavit reflecting same.[FN6] Plaintiffs' counsel took no further steps to serve Lilly. The current motion to dismiss was filed on January 8, 2002.

> FN6. Dkt. # 7, *O'Donnell v. Lilly and Nixon Unif. Serv., Inc.,* C.A. No. 01C-10-291 RRC.

*CONTENTIONS OF THE PARTIES*

Lilly argues that the second complaint must be dismissed on three different grounds. First, Lilly argues that the second complaint against him was not filed within one year of the Court's August 24, 2000 order previously dismissing the complaint, and therefore the second complaint must be dismissed as having been filed outside the one-year period afforded after abatement of the writ under the savings statute, title 10, section 8118 of the Delaware Code. Second, Lilly argues that "[e]ven if the Court assumes [that] the second complaint was filed within one year after the writ ... abated, the [']Saving[s] Statute['] does not grant ... [Plaintiffs] an automatic right to file a new complaint for the March 11, 1998 auto accident," *i.e.,* the Court must "look [ ] at the equitable considerations in allowing the complaint to be filed." [FN7] Lilly argues that the equities favor him, since he has never received notice of either lawsuit. Third, Lilly argues that "the Court lacks jurisdiction over him because of [P]laintiffs' failure to serve the complaint in accordance with the long-arm service requirements," *i.e.,* "when the receipt was returned [']unclaimed['] to [P]laintiffs' counsel, to perfect long arm service, the [P]laintiffs were required to send a second notice [to Lilly] within seven days." [FN8]

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 1:05-cv-00284-GMS   Document 61-7   Filed 11/22/2006   Page 15 of 17

Not Reported in A.2d                                                                                                           Page 3
Not Reported in A.2d, 2002 WL 31409621 (Del.Super.)
(Cite as: Not Reported in A.2d)

FN7. Def.'s Resp. Mem. "Pursuant to this Court's May 28, 2002 Order" at 2-3.

FN8. *Id.* at 3.

Counsel for Plaintiffs concedes (and Lilly agrees) that for purposes of Delaware's "savings statute," "[t]he [']writ['] [consisting of the summons and complaint] as to defendant Lilly [']abated['] when the Court granted ... [the] motion to dismiss ... defendant Lilly ... on August 24, 2000." [FN9] Nonetheless, Plaintiffs argue that they "should not be penalized for the misdeeds of their former attorney[ ]" [FN10] since current counsel did not undertake their representation until after the passage of the one-year period from the August 24, 2000 abatement of the writ as to Lilly. Second, Counsel for Plaintiffs contends that he has "fully complied" [FN11] with the technical requirements of Delaware's "long arm" statute. Specifically, counsel for Plaintiffs contends that he complied with the statute when on December 10, 2001 he filed proof of the process that was returned to him as "unclaimed." Counsel for Plaintiffs contends that he was "not required to [ ]send a second notice [ ]" [FN12] of the suit to Lilly. Third, counsel for Plaintiffs argues that even if the Court grants Lilly's motion to dismiss because of a lack of proper service, "[P]laintiffs can still proceed against Lilly's employer, defendant Nixon Uniform Service[ ][,][Inc.]," so that "the issue of service on defendant Lilly in the current action is rendered moot." [FN13]

FN9. Pls.' Mem. "Pursuant to the Court's Order of May 28, 2002" ¶ 1.

FN10. Pls.' Mem. "Pursuant to the Court's Order of May 28, 2002" ¶ 3.

FN11. Pls.' Resp. to Def. Lilly's June 28, 2002 Letter Mem. at 3.

FN12. *Id.*

FN13. Letter from Bruce C. Herron, Esquire to the Court of 7/18/02, at 1.

*DISCUSSION*

\*3 Because the Court finds the issue of present jurisdiction over Lilly to be dispositive, it need not decide whether the "savings statute" applies to this particular case, and, consequently, whether the equitable considerations underlying the statute favor Lilly or Plaintiffs.[FN14] A general discussion of how the "savings statute" normally operates is however warranted, given that both parties rely on it under the several arguments that each now makes.

FN14. The Court does however note (but does not herein resolve) an apparent conflict in the case law regarding the equitable underpinnings of the "savings statute" insofar as "attorney neglect" is concerned. In deciding an "attorney neglect" case involving failure to perfect service under Delaware's "long arm" statute, the Superior Court has held that the purpose of the statute is to "mitigate against the harshness of the defense of the statute of limitations against a plaintiff, who, through no fault of his own, finds his case technically barred by lapse of time." *Gaspero v. Douglas,* C.A. No. 80C-DE-45 ADC, 1981 WL 10228, at \*1 (Del.Super.Nov. 6, 1981) (citation omitted). However, the Court of Chancery has observed that the "savings statute" "is not directed to neglect of an attorney." *Pacific Ins. Co. v. Higgins,* C.A. No. 11284, 1993 WL 133181, at \*6 n.1 (Del. Ch. Apr. 15, 1993).

Delaware's "savings statute" provides, in pertinent part,
[i]f any action duly commenced within the time limited therefor[e] [by the applicable statute of limitations] ... the writ is abated, or the action otherwise avoided or defeated ... for any matter of form ... a new action may be commenced, for the same cause of action, at any time within one year after the abatement or other determination of the original action.... [FN15]

FN15. Del.Code Ann. tit. 10, § 8118

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d

Page 4

Not Reported in A.2d, 2002 WL 31409621 (Del.Super.)
**(Cite as: Not Reported in A.2d)**

(1999).

In other words, if there has been a suit filed within the statutory period and "something operates to interfere with maintenance of the suit[,][a] plaintiff is given an extra year within which to file [a] second suit." [FN16] The statute has a remedial purpose and should be liberally construed.[FN17]

> FN16. *O'Lear v. Strucker*, 209 A.2d 755, 758 (Del.Super.Ct.1965).
>
> FN17. *Gosnell v. Whetsel*, 198 A.2d 924, 927 (Del.1964); *Gaspero*, 1981 WL 10228, at *1.

Delaware's nonresident motorist "long arm" statute codifies a detailed procedure whereby a person injured in Delaware as a result of a motor vehicle operated by a nonresident motorist has a means of civil redress against that nonresident motorist.[FN18] Under the statute, a plaintiff must first perfect service upon the Delaware Secretary of State and mail notice of same to the nonresident motorist within seven days after the return of service upon the Secretary of State. When receipt of the mailing of the notice to the nonresident motorist is returned to the plaintiff, the plaintiff, pursuant to Superior Court Civil Rule 4(h),[FN19] must file within 10 days an amendment to the complaint with an affidavit reflecting same. Where the notice to the nonresident motorist is returned "nonreceived," however, a plaintiff is "required to make two mailings to the [nonresident] defendant in order to effectuate ... jurisdictional notice," [FN20] *i.e.*, "not later than [seven] days following ... the filing with the court of the proof of the nonreceipt of notice ... the plaintiff ... [must] send by registered mail to the nonresident defendant ... a [second] notice consisting of a copy of the process and complaint [already] served upon the Secretary of State...." [FN21] Thus "the mailing of a second notice after a non-receipt of the first ... is a jurisdictional requirement under the Delaware [n]on-resident [m]otorist [s]tatute." [FN22] "While judicial construction of the [nonresident motorist] statute should be approached with a view toward accomplishing its purpose, the Court has no power to enlarge statutory time or excuse non-compliance with jurisdictional norms." [FN23]

> FN18. *See* Del.Code Ann. tit. 10, § 3112 (1999).
>
> FN19. Superior Court Civil Rule 4(h) provides in pertinent part that in an action in which a plaintiff serves process pursuant to title 10, section 3112 of the Delaware Code, "the defendant's return receipt and the affidavit of ... plaintiff's attorney of the defendant's nonresidence and the sending of a copy of the complaint with the notice required by the statute shall be filed as an amendment to the complaint within 10 days of the receiving by the ... plaintiff's attorney of the defendant's return receipt...."
>
> FN20. *Purnell v. Dodman*, 297 A.2d 391, 394-395 (Del.Super.Ct.1972); *Muzzi v. Lewis*, C.A. No. 95C-01-017 WSL, 1997 WL 127010, at *4 (Del.Super.Jan. 23, 1997).
>
> FN21. Del.Code Ann. tit. 10, § 3112(b) (1999).
>
> FN22. *Griffin v. Granger*, 306 A.2d 725, 728 (Del.1973); *Muzzi v. Lewis*, C.A. No. 95C-01-017 WSL, 1997 WL 127010, at *4 (Del.Super.Jan. 23, 1997).
>
> FN23. *Purnell*, 297 A.2d at 394.

Here, the Court finds that the technical violations of the nonresident motorist "long arm" statute require it to grant Lilly's motion to dismiss. [FN24] When current counsel failed to send the second notice of suit to Lilly following return of the first notice as "unclaimed," counsel failed to perfect a "jurisdictional requirement" [FN25] under title 10, section 3112 of the Delaware Code. The Court has no power to excuse non-compliance with the statute. [FN26] Accordingly, Lilly's motion to dismiss is GRANTED.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d                                                                                              Page 5
Not Reported in A.2d, 2002 WL 31409621 (Del.Super.)
**(Cite as: Not Reported in A.2d)**

>FN24. The Court expresses no opinion on the viability of Plaintiffs' remaining claim against Nixon Uniform Service, Inc. (as the current motion was filed only on behalf of Lilly), despite an assertion that Plaintiffs' claims of vicarious liability " must [ultimately] be dismissed because the negligence of ... [Lilly] can never be proven given the time bar to ... [Plaintiffs'] claim." Letter from Seth J. Reidenberg, Esquire to the Court of 7/29/02, at 2.
>
>FN25. *Griffin,* 306 A.2d at 728.
>
>FN26. *Purnell,* 297 A.2d at 394.

*4 IT IS SO ORDERED.

Del.Super.,2002.
O'Donnell v. Lilly
Not Reported in A.2d, 2002 WL 31409621 (Del.Super.)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.