IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SARA S. ECHEVARRIA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | NO.: 05-284 GMS |
| ) | |
| U-HAUL INTERNATIONAL, INC., ) | |
| ROGER MAYFIELD, ) | TRIAL BY JURY DEMANDED |
| NATIONWIDE GENERAL ) | |
| INSURANCE COMPANY,  U-HAUL ) | |
| CO. OF ARIZONA, U-HAUL CO. OF ) | |
| COLORADO and U-HAUL CO. OF ) | |
| FLORIDA, ) | |
| ) | |
| Defendants. ) | |

## PLAINTIFF'S, SARA S. ECHEVARRIA, RESPONSE IN OPPOSITION TO DEFENDANT MAYFIELD'S MOTION TO VACATE ENTRY OF DEFAULT JUDGMENT

Plaintiff Sara S. Echevarria hereby files this Response in Opposition to Defendant Roger L. Mayfield's Motion to Vacate the Entry of Default Judgment or in the alternative, dismiss the action against him with prejudice pursuant to FRCP 60(b).  In support thereof, Plaintiff states as follows:

1. Mayfield asserts that the default judgment against him should be lifted and/or the case against him dismissed because Plaintiff failed to perfect service of process on him pursuant to the procedures set forth in 10 Del. C. §3112(b), and, by virtue of failing to properly effectuate service, failed to serve Defendant Mayfield within 120 days of filing the complaint pursuant to FRCP 4(m) and/or Sup. Ct. Civ. R. 4(j).  Plaintiff agrees that service of process was not perfected against Mayfield as prescribed by the procedures set forth in §3112(b).  However, Plaintiff's failure does not warrant vacation of the judgment nor does it warrant a dismissal.

2.      Plaintiff filed the Complaint on March 16, 2005.  Although Plaintiff attempted service through §3112(b) in April and May, 2005, Mayfield was personally served by special process server on July 21, 2005.  Therefore, as of that date, Mayfield had actual notice of the suit commenced against him.  Additionally, the insurer for Mayfield, Republic Western Insurance, had notice of the incident and had "carefully examined the facts and surrounding circumstances of this matter" as of July 2, 2004 – some ten months before the lawsuit was filed.  See correspondence, Ex. A.  Additionally, Republic Western continued to correspond with Plaintiff's prior counsel and Nationwide Insurance Company, the PIP insurer for Plaintiff, regarding the factual issues of the case and potential liability.  See correspondence, Ex. B.

3.      Despite Mayfield's actual knowledge of the lawsuit on July 21, 2005 and Republic Western's knowledge of the facts and circumstances of the incident as early as July 2, 2004, both Mayfield and Republic Western remained idle as default judgment against him was entered.  Moreover, Republic Western remained silent on this issue as the case has proceeded through discovery.  It was only on the brink of mediation that Republic Western hired counsel to enter an appearance and file the instant motion.  Simply, at this juncture, the issues raised by Mayfield and his insurer have come too late.

5.      Nevertheless, even if Mayfield were to prevail in having the default vacated and the case against him dismissed, Plaintiff has two means of recourse.  First, FRCP 15(c) governing relation back of amendments permits Plaintiff to amend the complaint to add Mayfield and then properly serve him pursuant to the long arm statute.  FRCP 15(c) permits relation back of a claim or defense that "arose out of the conduct, transaction, or occurrence set forth or attempted to set forth in the original pleading."  FRCP 15(c)(2).  Additionally, relation back is permitted when the party to be brought in by the amendment had notice of the action within the

statute of limitations. FRCP 15(c)(3). See, Mullen v. Alarmguard of Delmarva, Inc. 625 A.2d 258 (Del. 1993). In considering a possible amendment, the trial judge has discretion and must weigh resolving the litigation on the merits against potential prejudice or surprise to the opposing party. Bellanca Corp. v. Bellanca, 169 A.2d 620 (Del. 1961).

6.  Plaintiff can also utilize 10 Del. C. §8118, known as the "savings statute." Should the judgment be vacated and the action against Mayfield abated, Plaintiff would then have one year from the date of the dismissal to file a second, identical, suit against Mayfield and properly serve him pursuant to the long arm statute. Section 8118 has a remedial purpose and should be construed liberally. Gosnell v. Whetsel, 198 A.2d 924, 926 (Del. 1964). Further, application of the statute is designed to have controversies be decided on the merits of the dispute rather than procedural technicalities. Hownet Corp. v. City of Wilmington, 285 A.2d 423 (Del. 1971). Great weight is given to the fact that a defendant, or his insurer, had timely notice of the action or intent to litigate. Viars v. Surbaugh, 335 A.2d 285, 288 (Del. Super. 1975).

7.  Although Plaintiff, through her prior counsel, failed to strictly adhere to the technical procedures of §3112, whereby it is possible for service to be perfected upon Mayfield without him receiving actual notice, Plaintiff did provide Mayfield with actual notice. Moreover, his insurer knew of the facts and circumstances of the incident and the lawsuit well before service was attempted and a default was entered. Since vacating the judgment and dismissing the action against him would not permanently dispose of the claims against Mayfield, Plaintiff respectfully requests the Court deny the motion or, in the alternative, vacate the judgment but not dismiss the case against him. Neither Mayfield nor his insurer would be prejudiced for having the case decided on the merits.

**WHEREFORE**, Sara S. Echevarria respectfully requests this Court deny Mayfield's Motion to Vacate Entry of Default Judgment and/or in the alternative permit the judgment to be vacated and not dismiss Mayfield.

MURPHY SPADARO & LANDON

/s/ Chase T. Brockstedt
ROGER D. LANDON, No. 2460
CHASE T. BROCKSTEDT, No. 3815
1011 Centre Road, #210
Wilmington, DE 19805
(302) 472-8109
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SARA S. ECHEVARRIA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO.: 05-284 GMS |
| | ) | |
| U-HAUL INTERNATIONAL, INC., | ) | |
| ROGER MAYFIELD, | ) | TRIAL BY JURY DEMANDED |
| NATIONWIDE GENERAL | ) | |
| INSURANCE COMPANY, U-HAUL | ) | |
| CO. OF ARIZONA, U-HAUL CO. OF | ) | |
| COLORADO and U-HAUL CO. OF | ) | |
| FLORIDA, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**CERTIFICATE OF SERVICE**

I, Chase T. Brockstedt, Esq., do hereby certify that on this 9th day of January, 2007, copies of the foregoing **PLAINTIFF'S, SARA S. ECHEVARRIA, RESPOSNE IN OPPOSITION TO DEFENDANT MAYFIELD'S MOTION TO VACATE THE ENTRY OF DEFAULT JUDGMENT** were delivered via electronic filing to the following individual(s):

Stephen L. Caponi, Esquire
Blank Rome, LLP
Chase Manhattan Centre
1201 Market Street, Suite 800
Wilmington, DE 19801

Robert J. Leoni, Esquire
Michael J. Logullo, Esquire
Shelsby & Leoni
221 Main Street
Stanton, DE 19804

Francis H. LoCoco, Esquire
Quarles & Brady LLP
411 East Wisconsin Avenue
Milwaukee, WI 53122

00138446.DOC

                        MURPHY SPADARO & LANDON

                        /s/ Chase T. Brockstedt
                        ROGER D. LANDON, No. 2460
                        CHASE T. BROCKSTEDT, No. 3815
                        1011 Centre Road, #210
                        Wilmington, DE  19805
                        (302) 472-8109
                        Attorneys for Plaintiff

00138446.DOC