IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SARA S. ECHEVARRIA, ) | |
| ) | |
| Plaintiff, ) | C. A. No. 05-284 (GMS) |
| ) | |
| v. ) | JURY TRIAL DEMANDED |
| ) | |
| U-HAUL INTERNATIONAL INC. ) | |
| ROGER MAYFIELD, and ) | |
| NATIONWIDE GENERAL INSURANCE ) | |
| COMPANY, ) | |
| ) | |
| Defendants. ) | |

**MOTION IN LIMINE**

Defendant, Roger L. Mayfield ("Defendant Mayfield"), by and through his undersigned counsel, moves this Court for an Order excluding portions of the testimony of Frank Costanzo, and in support of his Motion, states as follows:

On May 15, 2004, a car driven by Plaintiff Sara S. Echevarria collided with a U-Haul trailer being towed by defendant Roger Mayfield ("Mayfield"). Plaintiff hired Frank Costanzo ("Costanzo") to analyze the facts surrounding the accident to determine whether the cause of the accident could be determined within a reasonable degree of scientific certainty. *See* Collision Reconstruction Report, October 20, 2006, attached as Exhibit A ("Costanzo's Report"). As will be discussed further herein, Costanzo opined that Mayfield was negligent in operating the trailer, and his negligence contributed to the accident. However, as will be explained, Costanzo's opinion regarding Mayfield's actions is a legal conclusion, lacks a proper scientific basis, and will not assist the trier of fact, and should be excluded accordingly.

1

Federal Rule of Evidence 702 obligates judges to ensure that any scientific or technical testimony admitted is relevant and reliable. *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147-49 (1999); *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589 (1993). Rule 702 provides that "if scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise...." The party offering the expert testimony has the burden of proving admissibility. *See Daubert*, 509 U.S. at 592 n.10 (citation omitted). The expert must explain how and why he or she has reached the conclusion being proffered and must have as a basis more than a subjective belief or speculation. *See General Elec. Co. v. Joiner*, 522 U.S. 136, 144 (1997) (noting failure of plaintiffs to explain "how and why [they]...could have extrapolated their opinions"); *Kumho Tire*, 526 U.S. at 152 (an expert must employ "in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field"); *Daubert*, 509 U.S. at 590 (expert's testimony "must be supported by appropriate validation). Further, Rule 702 requires that expert testimony assist the trier of fact. In other words, it must "fit" the issues in the case by having a valid connection to the pertinent inquiry. *Daubert*, 509 U.S. at 591. An expert's opinion that amounts to a legal conclusion is not helpful to the jury, and is inadmissible. *Watkins v. New Castle County*, 374 F.Supp.2d 379, 392-93 (D.Del.2005). An expert opinion is only admissible when the subject matter is "beyond the ken of the average layman." *Wise v. George C. Rothwell, Inc.*, 496 F.2d 384, 390 (3d Cir. 1974).

In the case at hand, Costanzo concludes, among other things, that "Mr. Roger Mayfield failed to prevent the U-Haul trailer from becoming fully detached from his truck. His actions

2

were contributory to the cause of this collision." Exhibit A, p.18, ¶5. When questioned regarding this conclusion, Costanzo elaborated that Mr. Mayfield was negligent because he could have simply not used the trailer once he discovered that it was not functioning properly, or he could have contacted U-Haul to have the trailer replaced. *See* Deposition of Frank M. Costanzo, January 24, 2007, pp.79-82, attached as Exhibit B.

Any opinion offered by Costanzo that Mr. Mayfield was negligent in operating the trailer is a legal conclusion that will not assist the trier of fact. Thus, any such opinion offered by Costanzo is inadmissible as a matter of law, and should be excluded. Furthermore, the subject matter of Costanzo's opinion regarding Mr. Mayfield's actions is not "specialized knowledge" that is "beyond the ken of the average layman." Costanzo asserts that Mr. Mayfield could have simply not used the trailer if it was defective, or called U-Haul to have the trailer replaced or repaired. Put simply, expert testimony is not required for a finder of fact to understand these simple alternatives, and Costanzo's opinion regarding them should be excluded.

Costanzo also opined that Mr. Mayfield did not properly attach safety chains. Exhibit B, pp.29-30. The only basis for this opinion is Costanzo's assertion that if the safety chains were attached properly, the trailer would not have broken free from the truck that Mr. Mayfield was driving. Exhibit B, pp. 29-30. Costanzo has offered no opinion whatsoever as to how the safety chains were not properly attached. In fact, this is a result-oriented approach which fails to set forth any factual basis other than Costanzo's subjective belief or speculation. Moreover, no special technical or scientific knowledge is required in order to determine whether Mr. Mayfield attached the safety chains on the trailer; either Mr. Mayfield attached the chains or he did not. Since Costanzo has failed to offer any scientific basis in support his opinion regarding the safety

chains, and expert testimony will not assist the trier of fact to determine whether Mr. Mayfield attached the chains, Costanzo's opinion regarding this issue should be excluded.

WHEREFORE, Defendant Roger Mayfield respectfully requests that the Court exclude the aforementioned testimony by Frank M. Costanzo.

                                        FERRY, JOSEPH & PEARCE, P.A.

                                        /s/Robert K. Pearce
                                        ROBERT K. PEARCE, ESQ (ID # 191)
                                        THOMAS R. RIGGS, ESQ (ID #4631)
                                        824 Market Street, Suite 904
                                        Wilmington, DE 19899
                                        (302) 575-1555
                                        rpearce@ferryjoseph.com
                                        Attorneys for Defendant
                                        Roger Mayfield

Dated: February 1, 2007