## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SARA S. ECHEVARRIA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO.: 05-284 GMS |
| | ) | |
| U-HAUL INTERNATIONAL, INC., | ) | |
| ROGER MAYFIELD, NATIONWIDE | ) | TRIAL BY JURY DEMANDED |
| GENERAL INSURANCE COMPANY, | ) | |
| U-HAUL CO. OF ARIZONA, U-HAUL | ) | |
| CO. OF COLORADO and U-HAUL CO. | ) | |
| OF FLORIDA, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## JOINT PROPOSED FINAL PRETRIAL ORDER

On Tuesday, February 13, 2007 at 9:30 a.m., counsel for Plaintiff Sara S. Echevarria

("Echevarria"), counsel for Defendant U-Haul Co. of Florida ("U-Haul"), counsel for Defendant

Roger Mayfield ("Mayfield"), and counsel for Defendant Nationwide General Insurance

Company ("Nationwide") will participate in a pretrial conference before this Court pursuant to

Rule 16 of the Federal Rules of Civil Procedure, Local Rule 16.4 of this Court, and this Court's

January 12, 2007 Oral Order.

**Plaintiff's Counsel**:

> Roger D. Landon, Esq.
> Chase T. Brockstedt, Esq.
> Murphy & Landon
> 1011 Centre Road, Suite 210
> Wilmington, DE 19805

**Defendant U-Haul's Counsel**:

> Stephen L. Caponi, Esq.
> Blank Rome, LLP

Chase Manhattan Centre
1201 Market Street, Suite 800
Wilmington, DE 19801

Francis H. LoCoco, Esq.
Quarles & Brady LLP
411 East Wisconsin Avenue, Suite 2040
Milwaukee, WI 53202-4497

**Defendant Mayfield's Counsel:**

Robert K. Pearce, Esq.
Ferry Joseph & Pearce, P.A.
824 North Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899

**Defendant Nationwide's Counsel:**

Robert Joseph Leoni, Esq.
Michael James Logullo, Esq.
Shelsby & Leoni
221 Main Street
Stanton, DE 19804

## I.    NATURE OF THE ACTION:

This dispute involves personal injury claims by plaintiff, Sara S. Echevarria, against

Defendants Roger Mayfield, and U-Haul Co. of Florida and breach of contract claims against

Nationwide General Insurance Company.  The suit stems from a motor vehicle accident that

occurred on May 15, 2004.  This Court has diversity jurisdiction pursuant to 28 U.S.C. §

1332(a).

Plaintiff has asserted various legal theories against Defendants including negligence,

strict liability and breach of warranty.  Defendants U-Haul and Nationwide answered the

complaint.  Nationwide asserted crossclaims against all co-defendants.  Default judgment was

entered against Defendant Mayfield on October 5, 2005.  (Docket Id. No. 20).  On November 22,

2006, Defendant Mayfield filed a motion to vacate the default judgment.  (Docket Id. No. 61).

On January 9, 2007, Plaintiff filed her response (Docket Id. No. 63). The motion is fully briefed and awaiting a decision. Plaintiff has requested trial by jury of her claims.

## II.    JURISDICTION:

This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). This case was removed from the Superior Court of Delaware in and for New Castle County. Jurisdiction is not disputed. Damages in excess of $75,000 could reasonably be awarded as plaintiff claims serious personal injuries including closed head injury, post-concussive syndrome, spinal cord compression, herniated cervical discs and emotional injury.

## III.    STATEMENT OF UNCONTROVERTED FACTS

1.    Plaintiff is a resident and citizen of the State of Delaware.

2.    Defendant Roger Mayfield is a resident and citizen of the State of Florida.

3.    Defendant Nationwide General Insurance Company is an insurance company authorized to conduct and is conducting insurance business within the State of Delaware.

4.    Defendant U-Haul Co. of Florida is a Florida Corporation and that entity rented the U-Haul truck and trailer to Defendant Mayfield.

5.    On Saturday, May 15, 2004, at approximately 12:09 p.m., Plaintiff was operating her vehicle eastbound on Delaware Route 2, in the left traffic lane, passing through the intersection of Upper Pike Creek Road, Newark, Delaware.

6.    At the same time, Defendant Mayfield was driving a U-Haul truck and towing a U-Haul trailer, traveling westbound on Delaware Route 2 in the left traffic lane approaching the intersection of Upper Pike Creek Road, Newark, Delaware.

7.    As Plaintiff was proceeding into the intersection of Route 2 and Upper Pike Creek Road, the U-Haul trailer being towed by Defendant Mayfield broke free from the hitch and

traveled westbound, jumping the center concrete median, and continued westbound into the eastbound traffic lane and struck Plaintiff's vehicle.

8.  As a result of the contact, Plaintiff's vehicle flipped onto its roof.

9.  Plaintiff had to be extracted from her vehicle.

10. Mayfield pled guilty to a charge of violating 21 <u>Del</u>. <u>C</u>. § 4371.

11.  Mayfield has $15,000 of liability insurance coverage and plaintiff's underinsured motorist coverage with Nationwide provides a maximum of $100,000 in coverage.  (Defendants concede the accuracy of this statement but object to its admissibility).

## IV.    ISSUES OF LAW

1.  Whether Mayfield's Motion to Vacate Default should be granted and, if so, whether his Motion to Dismiss should be granted.

2.  Whether, if Nationwide and U-Haul are both found liable, such liability is several as opposed to joint.

3.   Whether plaintiff's expert, Frank Costanzo, should be precluded from testifying as to the negligence of Mr. Mayfield because the opinions that he has rendered on this issue do not require expertise, and are without legal, factual or scientific basis.  A *motion in limine* is being filed on February 1, 2007.

4.     Whether, if the jury finds U-Haul liable, that finding extinguishes Plaintiff's claims against Nationwide since U-Haul is bonded and insured well in excess of the amount of the Nationwide UIM coverage, since both the subject Nationwide policy and 19 <u>Del</u>. <u>C</u>. §3902 require plaintiff to exhaust all available policy limits of the tortfeasors, and Delaware case law provides that the total amount of those policy limits must be less than the Nationwide UIM limit.

V.    **STATEMENTS OF THE ISSUES OF FACT THAT THE PARTIES CONTEND REMAIN TO BE LITIGATED:**

A.    **Plaintiff's issues of fact:**

1.  Whether trailer coupling mechanism was not working properly when the truck and trailer were rented to Mayfield so as to render U-Haul strictly liable and/or negligent.

2.  If Mayfield default is lifted, whether Mayfield was negligent in a manner proximately causing the trailer detachment.

3.  Nature and extent of plaintiff's claimed injuries caused by the incident.

B.    **Defendant U-Haul's issues of fact:**

1.    If the default is lifted, whether defendant Mayfield was negligent in unhooking the trailer from the truck and reconnecting it in a manner that proximately caused the trailer detachment.

2.    To what extent Nationwide is required to contribute to plaintiff's damages and what offset should be given to U-Haul for that contribution.

3.    The nature and extent of plaintiff's claimed injuries caused by this incident.

4.    Whether plaintiff's proffered expert, Mr. Costanzo, should be precluded from testifying pursuant to a *Daubert* challenge.

C.    **Defendant Mayfield's issues of fact:**

1.    Whether Mayfield was negligent in a manner which proximately caused the plaintiff's injuries.

2.    Whether the truck and/or trailer rented by U-Haul were defective so as to make U-Haul strictly liable, or in the alternative, whether U-Haul was negligent in a manner which proximately cause the plaintiff's injuries.

3.    The nature and extent of the plaintiff's injuries.

  **D.**  **Defendant Nationwide's issues of fact:**

  1.  Causation and nature and extent of Plaintiff's alleged injuries and damages.

  2.  Negligence and liability of the tortfeasor Defendants.

  3.  As to the claims against Nationwide, Plaintiff must still prove that Defendant Mayfield was negligent in a manner proximately causing the said accident.

  4.  Whether the accident was unavoidable by Defendant Mayfield or caused by a sudden emergency.

**VI.**  **EXHIBITS:**

**A.**  **Plaintiff's Exhibits:**

  1.  JP Court disposition of charges against Mayfield;

  2.  Nationwide policy declarations page;

  3.  Scene photos;

  4.  Photos of plaintiff's injuries;

  5.  Photos of truck/trailer/coupler;

  6.  Exemplar photos from Vehicle Sciences, Inc. report;

  7.  U-HAUL rental documents UHI0061 through 0068

  8.  C.V.'s of Townsend, Cucuzzella & Costanzo

  9.  Medical records:

    a.  Millcreek Ambulance;

    b.  Christiana Emergency Room;

    c.  Dr. Mansoory;

    d.  Delaware Ophthalmology Associates;

    e.  Dr. Yacoub;

  f.  Dr. Schwarz;

  g.  Dr. Cucuzzella;

  h.  Advanced Plastic Surgery - Dr. Chang;

  i.  Family Chiropractic;

  j.  Pro Physical Therapy;

  k.  Dr. Koyfman;

  l.  Neurology Associates;

  m.  Diagnostic Imaging Associates;

  n.  Brandywine Imaging Center;

  o.  American Radiology Associates;

  p.  Papastavros Associates;

  q.  Touch of Health Massage Alliance.

10.  Plaintiff incorporates all other parties' exhibits to which plaintiff does not object, or to which plaintiff's objections are overruled.

  **B.**  **Defendant U-Haul's objections to Plaintiff's Exhibits:**

  1.  U-Haul objects to Plaintiff's submission of Costanzo's CV (#8) as being irrelevant.  Costanzo should not be allowed to testify in this matter because his testimony does not meet the requirements of *Daubert*.  U-Haul will be filing a motion to that effect on or about February 5, 2007.  Defendant U-Haul further reserves its rights to object to specific portions of the medical records listed on relevancy and/or hearsay grounds.

  **C.**  **Defendant Mayfield's objections to Plaintiff's Exhibits:**

None.

**D.** **Defendant Nationwide's objections to Plaintiff's Exhibits:**

1.      Nationwide reserves the right to use any exhibit of any other party which is not objected to herein and which is properly admitted at trial.

2.      Nationwide objects to the actual reports of any expert being admitted at trial.

3.      Nationwide objects to the Plaintiff's Exhibit No. 1 as hearsay.

4.      Nationwide agrees to the certified Nationwide policy as being admitted as a court exhibit, but objects to the Plaintiff admitting it as evidence to the jury.

5.      Nationwide objects to Plaintiff's Exhibit No. 4 as being cumulative, unduly prejudicial, and counsel request to be shown the exact photos which are proposed to be admitted into evidence.

**E.** **Defendant U-Haul's Exhibits:**

1.      Photos of the subject truck, trailer and plaintiff's vehicle;

2.      Scene photos;

3.      Mark Leonard's Expert Report;

4.      Mark Leonard's CV;

5.      Dr. Thomas Boll's IME Report;

6.      Dr. Thomas Boll's CV;

7.      State of Delaware Uniform Traffic Collision Report;

8.      Rental Contract Documents for the subject truck and trailer;

9.      Trailer User's Instructions;

10.      Contract Addendum and Document Holder;

11.      Trailer User Instruction decal;

12.      Repair and Maintenance Records for the subject truck and trailer;

13.     R & D Tags for the subject truck and trailer; and

14.     Demonstrative coupler mechanism.

15.     Exhibits to the deposition of Todd Rarick

16.     Exhibits to the deposition of Roger Mayfield

17.     Exhibits to the deposition of Frank Costanzo

**F.     Plaintiff's objections to Defendant U-Haul's Exhibits:**

Nos. 3 and 5 are cumulative and hearsay

No. 7 21 Del. C. §313(b)

No. 14 relevance

No. 16 authenticity, relevance, hearsay

No. 17 plaintiff reserves all objections

**G.     Defendant Mayfield's Objections to Defendant U-Haul's Exhibits:**

7.     The traffic collision report is inadmissible pursuant to 21 Del.C.

§313(b) and 21 Del.C. §4203(e).

9.     The trailer user's instructions have not been produced to defendant

Mayfield.

11.     The trailer user's instruction decal has not been produced to

defendant Mayfield.

14-17.  Defendant Mayfield reserves the right to object to the documents on

the grounds of hearsay and relevance.

**H.     Defendant Nationwide's Objections to Defendant U-Hauls Exhibits:**

Nationwide reserves the right to use any exhibit of any other party which is not objected

to herein and which is properly admitted at trial.

Nationwide objects to the actual reports of any expert being admitted at trial.

Nationwide objects to U-Haul Exhibit No. 7 as inadmissible pursuant to Delaware statute.

**I.    Defendant Mayfield's Exhibits:**

Defendant Mayfield reserves the right to introduce any document identified by the opposing parties.

**J.    Plaintiff's objections to Defendant Mayfield's Exhibits:**

Plaintiff reserves and incorporates objections to other parties' exhibits.

**K.    Defendant U-Haul's Objections to Defendant Mayfield's Exhibits:**

U-Haul reserves and incorporates all objections to other parties' exhibits.

**L.    Defendant Nationwide's Objections to Defendant Mayfield's Exhibits:**

Defendant Nationwide reserves the right to use any exhibit of any other party which is not objected to herein and which is properly admitted at trial.

Defendant Nationwide objects to the actual reports of any expert being admitted at trial.

**M.    Defendant Nationwide's Exhibits:**

    1.    Plaintiff's Medical Records

        a.    Dr. Lawrence Chang

        b.    Dr. Andrew Barrett

        c.    Diagnostic Imaging

        d.    Mansoory & Marovati

        e.    Dr. Eric Schwartz

        f.    American Radiology Services

        g.    Pro Physical Therapy

        h.    Delaware Neurosurgical Group

         i.        Dr. Tony Cucuzzella

         j.        Neurology Associates

2.    Plaintiff's Employment Records

         a.      Adoption House, Inc.

         b.      Payroll Management Assistance (Adoption House, Inc.)

3.    Plaintiff's Tax Returns

4.    Certified Nationwide Policy and Declaration Pages as a Court Exhibit

5.    CV of Ali Kalamchi, M.D.

**N.**    **Plaintiff's objections to Defendant Nationwide's Exhibits:**

Nos. 2 and 3 - relevance.

**O.**    **Defendant U-Haul's Objections to Defendant Nationwide's Exhibits:**

Nos. 2 and 3 - relevance.

**P.**    **Defendant Mayfield's Objections to Defendant Nationwide's Exhibits:**

Nos. 2 and 3 - relevance.

**VII.**    **WITNESSES:**

    **A.**    **Plaintiff's Witnesses:**

        **Experts**

        1.    John Townsend, M.D.

        2.    Anthony L. Cucuzzella, M.D.

        3.    Frank Costanzo (accident reconstruction)

        4.    William Sommers, D.O.

        **Fact Witnesses**

        5.    Sara Smith formerly Sara Echevarria

      6.      Roger Mayfield (by deposition)

      7.      Todd Rarick (by deposition as U-Haul of Florida corporate designee and/or live at trial)

      8.      Cpl. Robert Truitt

      9.      Clay Echevarria

      10.     Harlan Tenenbaum

      11.     Sara Lang

      12.     Vivian Reese

      13.     Brenda Bernie

      14.     Vivian Smith

      15.     Sarah Ryan

**B.**      <u>**Defendant U-Haul's Witnesses:**</u>

<u>**Experts**</u>

      1.      Mark Leonard (liability)

      2.      Thomas Boll,  Ph. D.

<u>**Fact Witnesses**</u>

      3.      Sara Smith (f/k/a Sara Echevarria)

      4.      Roger Mayfield

      5.      Todd Rarick

      6.      Cpl. Roger Truitt

**C.**      <u>**Defendant Mayfield's Witnesses:**</u>

      1.      Roger Mayfield (By Deposition)

2.     Defendant Mayfield reserves the right to call any witness identified by the opposing parties.

**D.     Defendant Nationwide's Witnesses:**

**Expert**

1.     Ali Kalamchi, M.D.

2.     Thomas Boll, Ph.D.

**Fact Witnesses**

3.     Corporal Robert Truitt, Delaware State Police

4.     Roger L. Mayfield

5.     Darlene Wynne

6.     Hamid Homeli

7.     Paulette Smoak

8.     Todd Rarick

- Nationwide reserves the right to call any witness identified by any other party.

- Nationwide objects to any witness who was not properly named prior to discovery.

- Nationwide objects to evidence of the cost of future treatment or any future economic claim as those costs have not been reduced to present value by an expert economist.

## VIII.   BRIEF STATEMENT OF WHAT PLAINTIFF EXPECTS TO PROVE IN SUPPORT OF HER CLAIM, INCLUDING DETAILS OF DAMAGES SOUGHT AS OF THIS DATE:

U-Haul rented a trailer with a defective coupling mechanism to Mayfield.  Mayfield was negligent in continuing to use the trailer when he knew or should have known it was likely to become detached.  Plaintiff suffered substantial and permanent injury as a result of the trailer detachment which exceeds Mayfield's liability coverage and is, therefore, entitled to recover underinsured motorist benefits from Nationwide.  Any recovery from Nationwide is from a collateral source (as to U-Haul) and does not diminish any recovery plaintiff may be entitled to from U-Haul.  Plaintiff seeks to hold Mayfield and U-Haul jointly liable as joint tortfeasors.  However, she seeks to hold Nationwide and U-Haul severally liable.  Plaintiff seeks general damages for past and future physical and emotional injury, pain and suffering and permanent impairment.

### A.    Defendant U-Haul's Defense

Plaintiff's claim against U-Haul rests on an allegedly defective coupler mechanism.  However, Plaintiff has no support for that contention as its expert, Frank Costanzo, is not qualified to testify as to the alleged defect in the coupler nor is his testimony on the subject reliable.  Further, Mayfield drove this trailer approximately 1,000 miles without incident prior to the time of the accident.  It was not until he unhooked the trailer from the truck and reconnected it himself that the trailer became detached.  Thus, his actions were, at the very least, an intervening and/or superseding cause of this accident.  Mayfield's contention that the hand wheel was loose the whole time is also without merit.  In fact, there is physical evidence observable in the post-accident photographs that conclusively establish that Mayfield's testimony about the coupler is simply not possible.  Had the coupler been loose the whole time, he should have and

could have taken it to any U-Haul dealer or rental center to have it looked at or repaired. Plaintiff's own expert agreed that the accident would not have happened had Mayfield properly attached the safety chains or replaced the trailer and/or had gotten the hand wheel fixed, even assuming it was indeed loose, as he claims it was, during his trip.

U-Haul does not agree with plaintiff's assessment of the application of several liability as between it and Nationwide.[1]  Finally, the plaintiff's injuries are not as alleged.

### B.    **Defendant Mayfield's Defense**:

Defendant Mayfield was not negligent in a manner which proximately caused the plaintiff's injuries.   The plaintiff's injuries are not as alleged.

### C.    **Defendant Nationwide's Defense**:

The Defendant Nationwide admits that an accident occurred on the date outlined above, however disputes causation of the accident and the nature and extent of Plaintiff's injuries and damages.  Nationwide further asserts that the accident was unavoidable by Mayfield and/or caused by a sudden emergency, both of which are complete defenses to Plaintiff's claims. Nationwide further asserts that if the jury finds U-Haul liable, that finding extinguishes Plaintiff's claims against Nationwide since U-Haul is bonded and insured well in excess of the amount of the Nationwide UIM coverage.  Both the subject Nationwide policy and 19 Del. C. §3902 require Plaintiff to exhaust all available policy limits of the tortfeasors, and Delaware case law provides that the total amount of those policy limits must be less than the Nationwide UIM limit.

### X.    STATEMENTS OF COUNTERCLAIMS OR CROSS-CLAIMANTS:

Nationwide has crossclaimed against Mayfield and U-Haul for indemnification and/or contribution.

---

[1] At this time, U-Haul plans to submit a trial brief on this issue.

Defendant Mayfield contends that defendant U-Haul's truck and/or trailer were defective, or in the alternative, that the negligence of U-Haul proximately caused the injuries of the plaintiff.

## XI.    AMENDMENTS TO PLEADINGS

### A.    <u>Plaintiff</u>:

Plaintiff has agreed to dismiss defendants U-Haul International, Inc., U-Haul Co. of Colorado and U-Haul Co. of Arizona from this case.

### B.    <u>Defendant U-Haul</u>:

None.

### C.    <u>Defendant Mayfield</u>:

If the motion to vacate is granted and the motion to dismiss is denied, defendant Mayfield will file an Answer to the Complaint and Crossclaim.

### D.    <u>Defendant Nationwide</u>:

None.

## XII.    CERTIFICATION OF GOOD FAITH SETTLEMENT NEGOTIATIONS:

Mediation was held on November 28, 2006 before Magistrate Judge Thynge but did not result in a resolution of any issues.

## XIII.    OTHER MATTERS DEEMED APPROPRIATE BY THE PARTIES:

### A.    <u>Plaintiff</u>:

U-HAUL has scheduled video trial deposition of Mayfield to occur in Florida on February 19, 2007.  Plaintiff believes the deposition to be unnecessary as his relevant testimony was thoroughly covered at a discovery deposition (non-video) in Florida on July 26, 2006.

B.     __Defendant U-Haul__:

None.

C.     __Defendant Mayfield__:

None.

D.     __Defendant Nationwide__:

None.

XIV.   **Trial of this case is expected to take 5 days.**

XV.    **Trial by jury.**

XVI.   **The parties recommend that 8 jurors be selected at the commencement of trial.**


**THIS ORDER SHALL CONTROL THE SUBSEQUENT COURSE OF THE ACTION UNLESS MODIFIED BY THE COURT TO PREVENT MANIFEST INJUSTICE.**


MURPHY & LANDON                         BLANK ROME, LLP


BY: _/s/ Roger D. Landon_____    BY: _/s/ Stephen L. Caponi_____
ROGER D. LANDON (I.D. #2460)             STEPHEN L. CAPONI, ESQ. (I.D. #3484)
CHASE T. BROCKSTEDT (I.D. #3815)         Chase Manhattan Centre
1011 Centre Road, #210                   1201 Market Street, Suite 800
Wilmington, DE 19805                     Wilmington, DE 19801
*Counsel for Sara Echevarria*            *Counsel for U-Haul Defendants*

                                         Of Counsel:
                                         Francis H. LoCoco, Esq.
                                         Quarles & Brady LLP
                                         411 East Wisconsin Avenue, Suite 2040
                                         Milwaukee, WI 53202-4497

FERRY JOSEPH & PEARCE, P.A.                    SHELSBY & LEONI

BY: /s/ Robert K. Pearce                       BY: /s/ Robert J. Leoni
ROBERT K. PEARCE, ESQ. (I.D. #191)             ROBERT JOSEPH LEONI, ESQ. (I.D. #288)
824 North Market Street, Suite 904             MICHAEL JAMES LOGULLO, ESQ.
P.O. Box 1351                                  (I.D. #3851)
Wilmington, DE 19899                           221 Main Street
*Counsel for Roger Mayfield*                   Stanton, DE 19804
                                               *Counsel for Nationwide General Insurance*
                                               *Company*


SO ORDERED on _____, 2007.


                              _____
                              THE HON. GREGORY M. SLEET