IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT COURT OF DELAWARE

| | |
|---|---|
| SARA S. ECHEVARRIA, | : |
| Plaintiff, | : Case No.: 05-284 (GMS) |
| v. | : Removed from Superior Court, New Castle County, Delaware |
| U-HAUL CO. OF FLORIDA, ROGER MAYFIELD, and NATIONWIDE GENERAL INSURANCE | : C.A. No.: 05C-03-188 WCC |
| Defendants. | : |

### DEFENDANT U-HAUL CO. OF FLORIDA'S MOTION TO EXCLUDE THE TESTIMONY OF FRANK COSTANZO

Defendant, U-Haul Co. of Florida (hereinafter "Defendant"), by and through its undersigned counsel, moves this Court for an Order excluding the testimony of Frank Costanzo, and in support of its Motion, states as follows:

### FACTUAL BACKGROUND

On May 12, 2004, Roger Mayfield rented a truck and trailer from U-Haul Co. of Florida. The trailer was initially hooked up to the truck at the rental center; however, after driving hundreds of miles without incident, Mayfield disconnected and reconnected the trailer. On May 15, 2004, plaintiff was traveling eastbound on Delaware Route 2 in her 2003 Volkswagen Jetta, and Mayfield was traveling westbound with the truck/trailer combination, when the trailer that Mayfield was towing started to sway and broke free of the truck, crossed the median and crashed into plaintiff's vehicle, causing it to flip over and slide down the road. Plaintiff's vehicle landed on its roof, and she was trapped in her vehicle until extricated by emergency personnel.

Plaintiff then filed suit against multiple parties for various claims, including negligence, strict liability and breach of warranty. The only remaining defendants are U-Haul Co. of Florida,

Roger Mayfield and Nationwide General Insurance Company. In support of its claims, plaintiff retained Frank Costanzo. In his report, Mr. Costanzo proffered opinions relating to defects associated with the trailer. (*See* Report, attached hereto as Ex. A). His opinions were further fleshed out at his deposition. (*See* 1/24/07 Dep., attached hereto as Ex. B). It is clear from his testimony that Mr. Costanzo is not qualified to render opinions in this case, and he has not done the requisite scientific work to support his opinions.

## ARGUMENT

### COSTANZO'S PROFFERED OPINION TESTIMONY MUST BE EXCLUDED BECAUSE IT FAILS TO SATISFY *DAUBERT*.

The admission of expert evidence is governed by Fed. R. Evid. 702, as explained by *Daubert v. Merrell Dow Pharm.*, 509 U.S. 579 (1993) and its progeny. Under Rule 702 and *Daubert*, district courts are required to act as "gatekeepers" and admit expert testimony only if it is both reliable and relevant. *Daubert*, 509 U.S. at 589. *See Ward v. Shoney's, Inc.*, 817 A.2d 799, 802-03 (Del. 2003) (noting that the gatekeeping purpose is to ensure the expert employs the "same level of intellectual rigor" in the courtroom as the field) (citing *Kumho*, 526 U.S. at 151).

To fulfill its obligation under *Daubert*, a district court must determine whether (1) the expert is qualified to testify; (2) his methodology is sufficiently reliable; and (3) the testimony "fits" such that it is relevant and assists the trier of fact. *See, e.g., Calhoun v. Yamaha Motor Corp., U.S.A.*, 350 F.3d 316 (3d Cir. 2003). Plaintiff, as the party offering Costanzo's expert testimony, bears the burden of satisfying this standard by a "preponderance of proof." *See Oddi v. Ford Motor Co.*, 234 F.3d 136 (3d Cir. 2000) (citations omitted). This is a burden Plaintiff has not and cannot discharge because Mr. Costanzo is not qualified to give expert testimony in this case; moreover, his opinion testimony is wholly unreliable and would not assist the trier of fact.

A.  **Costanzo Lacks The Qualifications Necessary To Give Expert Testimony.**

Rule 702 requires, among other things, that a proffered expert witness be qualified "by knowledge, skill, experience, training, or education." Costanzo conceded his claimed expertise is limited in all aspects. He admitted that he is not an engineer of any sort, that he has never designed a trailer or any of its component parts and that he has never designed a warning or instruction for a trailer. (Dep. at 16-17). He has also never worked on a case that involved towing a U-Haul trailer or a similar coupler mechanism. (*Id.* at 19-20, 46). In fact, his only real experience with a U-Haul trailer is that he has rented one in the past. (*Id.* at 17-18, 38).

His knowledge about the coupler mechanism is also very limited. He admitted that he is not familiar with all of its parts and that he could not agree or disagree with many of Defendants' expert's observations and findings because he did not understand their significance due to his limited knowledge about the coupler mechanism. (*Id.* at 37, 49-50, 70-71). Costanzo further testified that he would only get a thorough understanding of the coupler mechanism by taking it apart, something which he has not done. (*Id.* at 74-75). He also has never hooked up a U-Haul trailer and has never operated a coupler mechanism onto the ball to see how it works. (*Id.* at 39).

Nevertheless, in his report and during his deposition, Costanzo offers opinions as to how and why the trailer was defective and caused Plaintiff's injuries. Given his own admissions, it is plain that Mr. Costanzo lacks the qualifications necessary to give any expert opinions in this case. For the above reasons, U-Haul requests that this Court find Mr. Costanzo unqualified to give expert testimony under Rule 702 and bar his testimony in this case.[1]

---

[1] Courts have excluded expert testimony for similar reasons. *See, e.g., Calhoun*, 350 F.3d at 316 (upholding exclusion of portions of three experts' testimony where they were not qualified because they had insufficient general and specialized knowledge and experience and also conducted an adequate investigation); *Surace v. Caterpillar*,

B.     **Costanzo's Opinions Are Unreliable And Will Not Assist The Jury.**

Even if Costanzo was qualified, his opinions are unreliable. In ascertaining reliability under the second prong of *Daubert*, the Third Circuit has identified several factors, which are not exhaustive, taken from *Daubert* and *United States v. Downing*, 753 F.2d 1224 (3d Cir. 1985), that guide the analysis:

> (1) whether a method consists of a testable hypothesis; (2) whether the method has been subject to peer review; (3) the known or potential rate of error; (4) the existence and maintenance of standards controlling the technique's operation; (5) whether the method is generally accepted; (6) the relationship of the technique to methods which have been established to be reliable; (7) the qualifications of the expert witness testifying based on the methodology; and (8) the non-judicial uses to which the method has been put.

*Calhoun*, 350 F.3d at 321 (citing *In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 741 (3d Cir. 1994)). Therefore, district courts have discretion in assessing an expert's reliability. *See, e.g., Cantor v. Perelman*, No. 97-586-KAJ, 3 (D. Del. Nov. 30, 2006) (citations omitted) (attached hereto as Exhibit C).

An expert's opinion is reliable when it is based on "methods and procedures of science" rather than on "subjective belief or unsupported speculation"; in other words, "the expert must have good grounds for his or her belief." *United States v. Trala*, 162 F. Supp. 2d 336, 345 (D. Del. 2001) (Sleet, J.) (citations and quotation marks omitted). *See also Montgomery County v. Microvote Corp.*, 320 F.3d 440, 448 (3d Cir. 2003) ("[A] court may conclude that there is simply too great a gap between the data and the opinion proffered."); *Oddi v. Ford Motor Co.*, 234 F.3d

---

*Inc.*, 111 F.3d 1039 (3d Cir. 1997) (holding that expert was unqualified where he had insufficient knowledge, through training or experience, on the theory which was the crux of his opinion).

4

136, 158 (3d Cir. 2000) (noting that mere *ipse dixit* will not withstand *Daubert* scrutiny). Thus, a court can and should exclude testimony that is based on subjective belief or speculation.

The essence of Costanzo's opinion against this Defendant is that the detachment of this trailer occurred because of a "defect" in the latch tang (a/k/a "dog switch"). (Dep. at 23, 43-45). However, he clarified that this "defect" was really that the locking mechanism failed to operate properly and that this is "most likely" the cause for the detachment. (*Id.* at 23). He could not specifically identify the "defect" and could only point to the fact that the detachment occurred as the primary basis for that opinion. (*Id.* at 26, 40-41). Any attempt at explaining the defect resulted in him making many factual assumptions and repeatedly failing to validate his methodology (or identify any testable methodology), which was likely due to his failure to conduct any tests, manipulate a coupler or hook/unhook the exemplar trailer to see how it worked, review any engineering or like principles on the issues involved, design or create any warnings/prototypes/designs, etc. during his investigation. (*See id.* at 39, 53-56, 72-74).

Costanzo also could not rule out other causes for the detachment and admitted that the accident and detachment would not have occurred if Mayfield had properly attached the safety chains or had the trailer repaired or replaced when he noticed the hand wheel was loose. (*Id.* at 28-29). As noted above, he also could not discount Defendant's expert's observations and findings, which were based on actual evidence and engineering principles and which indicated that the coupler mechanism was in fact functioning properly. It is no exaggeration to state that Mr. Costanzo has done <u>nothing</u> whatsoever to support his assertion that U-Haul's trailer was defective, thereby causing Plaintiff's injury.

Thus, Mr. Costanzo's opinion that the detachment was caused by some sort of failure with the latch tang is nothing more than his own personal belief, based not on scientific or factual

evidence or any testable methodology, but rather on pure speculation and guesswork. As a result, his opinions in this case are nothing more than *ipse dixit* masquerading as scientific methodology and surely do not meet the reliability standard under *Daubert*. Such testimony is unreliable and not helpful to a jury.

## CONCLUSION

For each of the foregoing reasons, Defendant respectfully requests that the Court exclude the proffered expert testimony of Frank Costanzo.

Dated this 1st day of February, 2007.

BLANK ROME, LLP

_____
Steven L. Caponi (#3484)
Chase Manhattan Centre
1201 Market Street, Suite 800
Wilmington, Delaware 19801
(302) 425-6408
Attorneys for Defendant U-Haul Co. of Florida

6

QBMKE\6034396.1

## CERTIFICATE OF SERVICE

I, Steven L. Caponi, hereby certify that on this 1st day of February, 2007, true and correct copies of Defendant U-Haul Co. of Florida's Motion to Exclude the Testimony of Frank Costanzo was served via electronic filing upon the following counsel:

Roger D. Landon  
Murphy, Spadaro & Landon  
1011 Centre Road  
Suite 210  
Wilmington, DE 19805  

Robert K. Pearce, Esquire  
Ferry, Joseph & Pearce, P.A.  
824 Market Street, Suite 904  
Wilmington, DE 19899  

Robert J. Leoni  
Michael J. Logullo  
Morgan Shelsby & Leoni  
131 Continental Drive, Suite 206  
Newark, DE 19713  

_____  
Steven L. Caponi (# 3484)

123128.00601/40161237v.1