# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SARA S. ECHEVARRIA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO.: 05-284 GMS |
| | ) | |
| ROGER MAYFIELD, NATIONWIDE | ) | |
| GENERAL INSURANCE COMPANY | ) | TRIAL BY JURY DEMANDED |
| and U-HAUL CO. OF FLORIDA, | ) | |
| | ) | |
| Defendants. | ) | |

### PROPOSED JURY INSTRUCTIONS

Roger D. Landon, Esq.
Chase T. Brockstedt, Esq.
Murphy & Landon
1011 Centre Road, Suite 210
Wilmington, DE 19805

Stephen L. Caponi, Esq.
Blank Rome, LLP
Chase Manhattan Centre
1201 Market Street, Suite 800
Wilmington, DE 19801

Of Counsel:
Francis H. LoCoco, Esq.
Quarles & Brady LLP
411 East Wisconsin Avenue, Suite 2040
Milwaukee, WI 53202-4497

Robert K. Pearce, Esq.
Ferry Joseph & Pearce, P.A.
824 North Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899

Robert Joseph Leoni, Esq.
Michael James Logullo, Esq.
Shelsby & Leoni
221 Main Street
Stanton, DE 19804

February 8, 2007

**APPENDIX A**
**PROPOSED JURY INSTRUCTIONS**
**<u>TABLE OF CONTENTS</u>**

<u>Instruction</u>                                                                                          <u>Page</u>

Jury Instruction No. 1 General Information - Province of the Court and Jury ................................... 1

Jury Instruction No. 2 Multiple Defendants ........................................................................... 2

Jury Instruction No. 3 Evidence in the Case
-- Stipulations -- Judicial Notices - - Inferences Permitted ................................. 3

Jury Instruction No. 4 Preponderance of the Evidence .......................................................4

Jury Instruction No. 5 "If you Find," or "If you Decide" ................................................. 5

Jury Instruction No. 6 Inferences Defined........................................................................... 6

Jury Instruction No. 7 Credibility of Witnesses - - Weighing Conflicting Testimony........................ 7

Jury Instruction No. 8 Number of Witnesses ..................................................................... 8

Jury Instruction No. 9 Opinion Evidence -- Expert Witness ............................................... 9

Jury Instruction No. 10 Depositions - - Use as Evidence ................................................. 10

Jury Instruction No. 11 Impeachment -- Inconsistent Statements or Conduct
-- Falsus in Uno Falsus in Omnibus........................................................................... 11

Jury Instruction No. 12 Effect of Prior Inconsistent Statements or Conduct
-- By a Witness Not a Party -- By a Party.................................................................... 12

Jury Instruction No. 13 All Available Evidence Need Not be Produced ........................................ 13

Jury Instruction No. 14 Plaintiff's Claim - Damages for Personal Injuries
- Negligence ......................................................................................................... 14

Jury Instruction No. 15 Unintentional Tort - Negligence - Defined .................................. 15

Jury Instruction No. 16 Ordinary Care ............................................................................. 16

Jury Instruction No. 17 Ordinary Care - A Relative Term ................................................. 17

Jury Instruction No. 18 Strict Liability ................................................................................. 18

Jury Instruction No. 19 "Proximate Cause" - Defined .......................................................... 19

Jury Question No. 20 Joint Tortfeasors .................................................................................. 20

Jury Question No. 21 Damages Claimed for Personal Injuries - In General ................................ 21-22

Jury Question No. 22 Compensatory Damages ...................................................................... 23

Jury Question No. 23 Inference from Fact of Accident .......................................................... 24

Jury Instruction No. 24 Effect of Instruction as to Damages ................................................. 25

Jury Instruction No. 25 Expert Opinion Must be to a Reasonable Probability ...................... 26

Jury Instruction No. 26 Statements Made by Patient to Doctor -
Subjective and Objective Symptoms ..................................................................................... 27

## Verdict Sheet

Verdict Sheet ............................................................................................................................ 1

## Nationwide's Proposed Jury Instructions

Actions Taken in Emergency ................................................................................................... 1

Unavoidable Accident .............................................................................................................. 2

Preexisting or Independent Condition ..................................................................................... 3

Mitigation of Damages -- Personal Injury .............................................................................. 4

No-Fault Insurance ................................................................................................................... 5

**Jury Instruction No. 1 [1]General Introduction – Province of the Court and Jury**[2]

MEMBERS OF THE JURY:

Now that you have heard the evidence and the argument, it becomes my duty to give you the instructions of the Court as to the law applicable to this case.

It is your duty as jurors to follow the law as I shall state it to you, and to apply that law to the facts as you find them from the evidence in the case. You are not to single out one instruction alone as stating the law, but must consider the instructions as a whole. Neither are you to be concerned with the wisdom of any rule of law stated by me.

---

[1] **All instructions jointly proposed unless otherwise noted.**
[2] *See* 3 DEVITT & BLACKMAR, FEDERAL JURY PRACTICE AND INSTRUCTIONS § 71.01 (4TH ED. 1992)

**<u>Jury Instruction No. 2 Multiple Defendants</u>**[3]

Although there are several defendants in this action, it does not follow from that fact alone that if one is liable, all are liable.  Each defendant is entitled to a fair consideration of his own defense, and is not to be prejudiced by the fact, if it should become a fact, that you find against the other.  Unless otherwise stated, all instructions given you govern the case as to each defendant.

---

[3]  *See* 3 DEVITT & BLACKMAR, FEDERAL JURY PRACTICE AND INSTRUCTIONS § 71.06 (4TH ED. 1992).

**<u>Jury Instruction No. 3 Evidence in the Case -- Stipulations -- Judicial Notice -- Inferences Permitted</u>**[4]

Statements and arguments of counsel are not evidence in the case. When, however, the attorneys on both sides stipulate or agree as to the existence of a fact, the jury must, unless otherwise instructed, accept the stipulation and regard that fact as proved.

The Court may take judicial notice of certain facts or events. When the Court declares it will take judicial notice of some fact or event, the jury must, unless otherwise instructed, accept the Court's declaration as evidence, and regard as proved the fact or event which has been judicially noticed.

Unless you are otherwise instructed, the evidence in the case always consists of the sworn testimony of the witnesses, regardless of who may have called them; and all exhibits received in evidence, regardless of who may have produced them; and all facts which may have been admitted or stipulated; and all facts and events which may have been judicially noticed.

Counsel have quite properly referred to some of the governing rules of law in their arguments. If, however, any difference appears to you between the law as stated by counsel and that stated by the Court in these instructions, you are of course to be governed by the Court's instructions.

Any evidence as to which an objection was sustained by the Court, and any evidence ordered stricken by the Court, must be entirely disregarded.

---

[4]  *See* 3 Devitt & Blackmar, Federal Jury Practice and Instructions §§ 71.08, 71.01 (4th ed. 1992).

<u>**Jury Instruction No. 4 Preponderance of Evidence**</u>[5]

The burden is on the plaintiff in a civil action, such as this, to prove every essential element of his claim by a preponderance of the evidence.  That burden, then, rests with Sara Echevarria.  If the proof should fail to establish any single essential element of her claims by a preponderance of the evidence in this case, the jury should find for the defendants as to that claim.

To "establish by a preponderance of the evidence" means to prove that something is more likely so than not so.  In other words, a preponderance of the evidence in the case means such evidence as, when considered and compared with that opposed to it, has more convincing force, and produces in your minds belief that what is sought to be proved is more likely true than not true.  This rule does not, of course, require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

In determining whether any fact in issue has been proved by a preponderance of the evidence in the case, the jury may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

---

[5] *See* 3 DEVITT & BLACKMAR, FEDERAL JURY PRACTICE AND INSTRUCTIONS § 72.01 (4TH ED. 1992).

**<u>Jury Instruction No. 5 "If You Find," or "If You Decide"</u>**[6]

When I say in these instructions that a party has the burden of proof on any proposition, or use the expression "if you find," or "if you decide," I mean you must be persuaded, considering all the evidence in the case, that the proposition is more probably true than not true.

---

[6] *See* 3 DEVITT & BLACKMAR, FEDERAL JURY PRACTICE AND INSTRUCTIONS § 71.06 (4TH ED. 1992).

**<u>Jury Instruction No. 6 Inferences Defined</u>**[7]

You are to consider only the evidence in the case. But in your consideration of the evidence you are not limited to the bald statements of the witnesses. In other words, you are not limited to what you see and hear as the witnesses testify. You are permitted to draw, from facts which you find have been proved, such reasonable inferences as seem justified in the light of your experience.

Inferences are deductions or conclusions which reason and common sense lead the jury to draw from facts which have been established by the evidence in the case.

---

[7] *See* 3 DEVITT & BLACKMAR, FEDERAL JURY PRACTICE AND INSTRUCTIONS § 72.04 (4TH ED. 1992).

**<u>Jury Instruction No. 7 Credibility of Witnesses – Weighing Conflicting Testimony</u>**[8]

You are the sole judges of each witness's credibility. That includes the parties. You should consider each witness's means of knowledge; strength of memory; opportunity to observe; how reasonable or unreasonable the testimony is; whether it is consistent or inconsistent; whether it has been contradicted; the witnesses' biases, prejudices, or interests; the witnesses' manner or demeanor on the witness stand; and all circumstances that, according to the evidence, could affect the credibility of the testimony.

If you find the testimony to be contradictory, you may try to reconcile it, if reasonably possible, so as to make one harmonious story of it all. But if you can't do this, then it is your duty and privilege to believe the testimony that, in your judgment, is most believable and disregard any testimony that, in your judgment, is not believable.

---

[8] *See* 3 Devitt & Blackmar, Federal Jury Practice and Instructions § 73.01 (4th ed. 1992).

**<u>Jury Instruction No. 8 Number of Witnesses</u>**[9]

You are not bound to decide any issue of fact in accordance with the testimony of any number of witnesses which does not produce in your minds belief in the likelihood of truth, as against the testimony of a lesser number of witnesses or other evidence which does produce such belief in your minds.

The test is not which side brings the greater number of witnesses, or presents the greater quantity of evidence; but which witness, and which evidence, appeals to your minds as being most accurate, and otherwise trustworthy.

The testimony of a single witness which produces in your minds belief in the likelihood of truth is sufficient for the proof of any fact, and would justify a verdict in accordance with such testimony, even though a number of witnesses may have testified to the contrary, if, after consideration of all the evidence in the case, you hold greater belief in the accuracy and reliability of the one witness.

---

[9] *See* 3 DEVITT & BLACKMAR, FEDERAL JURY PRACTICE AND INSTRUCTIONS §§ 72.13, 72.14 (4TH ED. 1992).

**<u>Jury Instruction No. 9 Opinion Evidence -- Expert Witness</u>**[10]

The rules of evidence ordinarily do not permit witnesses to testify as to opinions or conclusions.  An exception to this rule exists as to those whom we call "expert witnesses." Witnesses who, by education and experience, have become expert in some art, science, profession, or calling, may state their opinions as to relevant and material matters, in which they profess to be expert, and may also state their reasons for the opinion.

You should consider each expert opinion received in evidence in this case, and give it such weight as you may think it deserves.  If you should decide that the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude that the reasons given in support of the opinion are not sound, or if you feel that it is outweighed by other evidence, you may disregard the opinion entirely.

---

[10] *See* 3 DEVITT & BLACKMAR, FEDERAL JURY PRACTICE AND INSTRUCTIONS § 72.08 (4TH ED. 1992).

**<u>Jury Instruction No. 10 Depositions -- Use as Evidence</u>**[11]

During the trial of this case, certain testimony has been presented to you by way of deposition, consisting of sworn recorded answers to questions asked of the witness in advance of the trial by one or more of the attorneys for the parties to the case.  The testimony of a witness who, for some reason, cannot be present to testify from the witness stand may be presented in writing under oath.  Such testimony is entitled to the same consideration, and is to be judged as to credibility, and weighed, and otherwise considered by the jury, in so far as possible, in the same way as if the witness had been present, and had testified from the witness stand.

---

[11] *See* 3 DEVITT & BLACKMAR, FEDERAL JURY PRACTICE AND INSTRUCTIONS § 73.02 (4TH ED. 1992).

**<u>Jury Instruction No. 11 Impeachment -- Inconsistent Statements or Conduct -- Falsus in Uno Falsus in Omnibus</u>**[12]

A witness may be discredited or impeached by contradictory evidence; or by evidence that at some other time the witness has said or done something, or has failed to say, or do something which is inconsistent with the witness' present testimony.

If you believe any witness has been impeached and thus discredited, it is your exclusive province to give the testimony of that witness such credibility, if any, as you may think it deserves.

If a witness is shown knowingly to have testified falsely concerning any material matter, you have a right to distrust such witness's testimony in other particulars and you may reject all the testimony of that witness or give it such credibility as you may think it deserves.

An act or omission is "knowingly" done, if voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

---

[12] *See* 3 DEVITT & BLACKMAR, FEDERAL JURY PRACTICE AND INSTRUCTIONS § 73.04 (4TH ED. 1992).

**Jury Instruction No. 12 Effect of Prior Inconsistent Statements or Conduct -- By a Witness Not a Party -- By a Party**[13]

Evidence that at some other time a witness, not a party to this action, has said or done something which is inconsistent with the witness' testimony at the trial, may be considered for the sole purpose of judging the credibility of the witness but may never be considered as evidence of proof of the truth of any such statement.

Where, however, the witness is a party to the case, and by such statement, or other conduct, admits some fact or facts against his interest, then such statement or other conduct, if knowingly made or done, may be considered as evidence of the truth of the fact or facts so admitted by such party, as well as for the purpose of judging the credibility of the party as a witness.

An act or omission is "knowingly" done, if done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

---

[13] *See* 3 DEVITT & BLACKMAR, FEDERAL JURY PRACTICE AND INSTRUCTIONS § 73.09 (4TH ED. 1992).

**<u>Jury Instruction No. 13 All Available Evidence Need Not Be Produced</u>**[14]

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial. Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in the case.

---

[14] *See* 3 DEVITT & BLACKMAR, FEDERAL JURY PRACTICE AND INSTRUCTIONS § 73.11 (4TH ED. 1992).

**<u>Jury Instruction No. 14 Plaintiff's Claim – Damages for Personal Injuries – Negligence</u>**[15]

The plaintiff in this case claims damages for personal injuries, alleged to have been suffered as a result of negligence on the part of the defendants.

---

[15] *See* 3 DEVITT & BLACKMAR, FEDERAL JURY PRACTICE AND INSTRUCTIONS § 80.01 (4TH ED. 1992).

**Jury Instruction No. 15 Unintentional Tort – Negligence – Defined**[16]

Negligence is the lack of ordinary care, that is, the absence of the kind of care a reasonably prudent and careful person would exercise in similar circumstances.  That standard is your guide.  If a person's conduct in a given circumstance doesn't measure up to the conduct of an ordinarily prudent and careful person, then that person was negligent.  On the other hand if the person's conduct does measure up to the conduct of a reasonably prudent and careful person, the person wasn't negligent.

---

[16] Sup. Ct. Civ. PATTERN JURY INSTRUCTION §5.1; *See also* <u>Russell v. Kmart</u>, 761 A.2d 1,5 (Del. 2000).

**<u>Jury Instruction No. 16 Ordinary Care</u>**[17]

Ordinary care is that care which reasonably prudent persons exercise in the management of their own affairs, in order to avoid injury to themselves or their property, or the persons or property of others.

---

[17] *See* 3 DEVITT & BLACKMAR, FEDERAL JURY PRACTICE AND INSTRUCTIONS § 80.04 (4TH ED. 1992).

**<u>Jury Instruction No. 17 Ordinary Care – A Relative Term</u>**[18]

      Ordinary care is not an absolute term, but a relative one.  That is to say, in deciding whether ordinary care was exercised in a given case, the conduct in question must be viewed in the light of all the surrounding circumstances, as shown by the evidence in the case.

---

[18] *See* 3 DEVITT & BLACKMAR, FEDERAL JURY PRACTICE AND INSTRUCTIONS § 80.05 (4TH ED. 1992).

**<u>Jury Instruction No. 18 Strict Liability</u>**[19]

Plaintiff alleges that U-Haul is strictly liable for leasing a defective trailer to Mr.

Mayfield.  One who leases a product that is in a defective condition and is unreasonably

dangerous to the user of the product, or to others, is liable without proof of negligence if:

(a)  the lessor is engaged in the business of leasing such products; and

(b)  the product is expected to and does reach the user without substantial change in its

condition when leased.

A substantial change occurs when the leased product is changed by someone other than

the lessor in a way that the lessor could not have reasonably foreseen, given the product's

intended use.  The liability applies even if the lessor exercised all possible care in preparing and

leasing the product.


**<u>NOTE</u>:        DEFENDANT U-HAUL OBJECTS TO THIS INSTRUCTION**

---

[19] Sup. Ct. Civ Pattern Jury Instructions § 9.8; *See also* <u>Martin v. Ryder Truck Rental, Inc.</u>, 353 A.2d 581, 586 (Del. 1976).

**<u>Jury Instruction No. 19 "Proximate Cause" – Defined</u>**[20]

A party's negligence, by itself, is not enough to impose legal responsibility on that party. Something more is needed: the party's negligence must be shown by a preponderance of the evidence to be a proximate cause of the injuries.

Proximate cause is a cause that directly produces the harm, and but for which the harm would not have occurred. A proximate cause brings about, or helps to bring about, the injuries, and it must have been necessary to the result.

---

[20] Sup. Ct. Civ PATTERN JURY INSTRUCTIONS § 21.1; *See also* <u>Wilmington Country Club v. Cowee</u>, 747 A.2d 1087, 1097 (Del. 2000).

**<u>Jury Instruction No. 20 Joint Tortfeasors</u>**[21]

      If two or more defendants are negligent, and their negligence combines to cause injury, you must determine their relative degrees of fault.  Using 100% as the total amount of the defendants' negligence, you must decide the percentage of each defendant's negligence, if any.  I will give you special-verdict form for this purpose.  Your answers in this form will enable me to apportion damages.

---

[21] Sup. Ct. Civ PATTERN JURY INSTRUCTIONS § 5.6.

**<u>Jury Instruction No. 21 Damages Claimed for Personal Injuries – In General</u>**[22]

If you do not find that Ms. Echevarria has sustained her burden of proof, the verdict must be for defendants. If you do find that Ms. Echevarria is entitled to recover for damages proximately caused by the accident, you should consider the compensation to which she is entitled.

The purpose of a damages award in a civil lawsuit is just and reasonable compensation for the harm or injury done. Certain guiding principles must be employed to reach a proper damages award. First, damages must be proved with reasonable probability and not left to speculation. Damages are speculative when there is merely a possibility rather than a reasonable probability that an injury exists. While pain and suffering are proper elements on which to determine monetary damages, the damages for pain and suffering must be fair and reasonably determined and may not be determined by a fanciful or sentimental standard. They must be determined from a conclusion about how long the suffering lasted, the degree of suffering, and the nature of the injury causing the suffering.

If you find for Ms. Echevarria, you should award to her the sum of money that in your judgment will fairly and reasonably compensate her for the following elements of damages that you find to exist by a preponderance of the evidence:

(1)     compensation for pain and suffering that she has suffered to date;

(2)     compensation for pain and suffering that it is reasonably probable that Ms. Echevarria will suffer in the future; and

(3)     compensation for permanent impairment.

---

[22] Sup. Ct. Civ PATTERN JURY INSTRUCTIONS § 22.1.

In evaluating pain and suffering, you may consider its mental as well as its physical consequences.  You may also consider such things as discomfort, anxiety, grief, or other mental or emotional distress that may accompany any deprivation of usual pleasurable activities and enjoyments.

In evaluating impairment or disability, you may consider all the activities that Ms. Echevarria used to engage in, including those activities for work and pleasure, and you may consider to what extent these activities have been impaired because of the injury and to what extent they will continue to be impaired for the rest of her life expectancy.  [It has been agreed that a person of Ms. Echevarria's age and sex would have a life expectancy of 82 years.][23]

The law does not prescribe any definite standard by which to compensate an injured person for pain and suffering or impairment, nor does it require that any witness should have expressed an opinion about the amount of damages that would compensate for such injury.  Your award should be just and reasonable in light of the evidence and reasonably sufficient to compensate Ms. Echevarria fully and adequately.

**Note:  Defendant Mayfield objects to this instruction.**

---

[23] National Center for Health Statistics, <u>United States Life Tables</u> (2003)

**<u>Jury Instruction No. 22 Compensatory Damages</u>**[24]

If you should find that a defendant is liable to a plaintiff, then you must determine an amount that is fair compensation for that plaintiff's damages. You may award compensatory damages only for injuries that that plaintiff proves were caused by a defendant's allegedly wrongful conduct. The damages that you award must be fair compensation, no more and no less.

You may also award damages for any pain, suffering or mental anguish if you find these were caused by a defendant's allegedly illegal act.

In determining the amount of any damages that you decide to award, you should be guided by dispassionate common sense. You must use sound discretion in fixing an award of damages, drawing reasonable inferences from the facts in evidence. You may not award damages based on sympathy, speculation or guesswork.

**Note:  Defendant Mayfield objects to this instruction.**

---

[24] *See* 3 DEVITT & BLACKMAR, FEDERAL JURY PRACTICE AND INSTRUCTIONS § 104.06 (4TH ED. 1992).

**Jury Instruction No. 23 Inference from Fact of Accident**[25]

The mere fact that an accident happened, standing alone, does not permit the jury to draw the inference that the accident was caused by anyone's negligence.

---

[25] *See* 3 O'MALLEY, GRENIG & LEE, FEDERAL JURY PRACTICE AND INSTRUCTIONS § 120.20 (5TH ED. 2000).

00139443                                    24

**Jury Instruction No. 24 Effect of Instruction as to Damages**[26]

The fact that I have instructed you as to the proper measure of damages should not be considered as indicating any view of mine as to which party is entitled to your verdict in this case. Instructions as to the measure of damages are given for your guidance only in the event you should find in favor of the plaintiff from a preponderance of the evidence in the case in accordance with the other instructions.[26]

---

[26] *See* 3 O'MALLEY, GRENIG & LEE, FEDERAL JURY PRACTICE AND INSTRUCTIONS § 106.02 (5TH ED. 2000).

**Jury Instruction No. 25 Expert Opinion Must be to a Reasonable Probability**[27]

You have heard experts being asked to give opinions based on a reasonable scientific probability.  In Delaware, an expert may not speculate about mere possibilities.  Instead, the expert may offer an opinion only if it is based on a reasonable probability.  Therefore, in order for you to find a fact based on an expert's testimony, that testimony must be based on reasonable probabilities, not just possibilities.

---

[27]SUP. CT. CIV PATTERN JURY INSTRUCTIONS § 23.11

**Jury Instruction No. 26 Statements Made by Patient to Doctor – Subjective and Objective Symptoms[28]**

A doctor's opinion about a patient's condition may be based entirely on objective symptoms such as those revealed through observation, examination, tests or treatment.  Or the opinion may be based entirely on subjective symptoms, revealed only through statements made by the patient.  Or the opinion may be based on a combination of objective symptoms and subjective symptoms.

If a doctor has given any opinion based on subjective symptoms described by a patient, you may of course consider the accuracy of the patient's statements in weighing the doctor's opinion.

---

[28] SUP. CT. CIV PATTERN JURY INSTRUCTIONS § 23.13.

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SARA S. ECHEVARRIA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO.: 05-284 GMS |
| | ) | |
| ROGER MAYFIELD, NATIONWIDE | ) | |
| GENERAL INSURANCE COMPANY | ) | TRIAL BY JURY DEMANDED |
| and U-HAUL CO. OF FLORIDA, | ) | |
| | ) | |
| Defendants. | ) | |

### VERDICT SHEET

1.      Was Roger Mayfield negligent in a manner proximately causing injury to Sara Echevarria?

        Yes:_____

        No:_____

2.      Was U-Haul Co. of Florida negligent in a manner proximately causing injury to Sara Echevarria?

        Yes:_____

        No:_____

**If you answered "Yes" to No. 1 and "Yes" to No. 2, do not answer No. 3.  Rather, skip No. 3 and answer No. 4.**

**If you answered "No" to No. 1 and "Yes" to No. 2, do not answer Nos. 3 and 4.  Rather, skip to No. 5.**

00139443                                    1

**If you answered "Yes" to No. 1 and "No." to No. 2, answer No. 3.**

3.      Was the trailer hitch defective at the time U-Haul Co. of Florida leased it to Roger Mayfield in a manner which proximately caused injury to Sara Echevarria?[1]

Yes:_____

No:_____

**If you answered "No" to Nos. 1, 2 and 3, please summon the bailiff.  Your verdict will be for the defendants.**

**Answer No. 4 only if you answered Nos. 1 and 2 "Yes" or if you answered Nos. 1 and 3 "Yes".  Otherwise, skip No. 4 and answer No. 5.**

4.      Using 100% as the total liability of Mayfield and U-Haul Co. of Florida, apportion liability. The two percentages must add up to 100%.

_____ % Roger Mayfield

_____ % U-Haul Co. of Florida

5.      What amount of compensatory damages do you award to Sara Echevarria?

$ _____

THE ABOVE IS THE JURY'S UNANIMOUS VERDICT.

DATED:                    _____
                                            FOREPERSON

---

[1] *Defendant U-Haul objects to this question.*

## ACTIONS TAKEN IN EMERGENCY

When a person is involved in an emergency situation not of his own making and not created by his own negligence, that person is entitled to act as a reasonably prudent person would under similar circumstances.

Therefore, if you find that Roger Mayfield was operating his vehicle in a reasonably prudent manner and was faced with a sudden emergency situation, then I instruct you that Roger Mayfield was not required to act as a reasonable person who had sufficient time and opportunity to consider what the best course of action would be, but instead that her was required only to react as a reasonable person would under the circumstances.

Superior Court Instruction 10.6

**Note:  Instruction proposed by Defendant Nationwide and joined by Defendant Mayfield. Plaintiff and Defendant U-Haul object to this instruction.**

00139443                                        1

## UNAVOIDABLE ACCIDENT

The mere fact that an accident occurred does not mean that someone was negligent. There may have been an unavoidable accident for which no party is responsible. Such an accident is one that could not have been avoided through the exercise of proper care. If none of the parties was guilty of negligence proximately causing the accident, then the accident was unavoidable and Defendant Mayfield cannot be held liable.

Superior Court Instruction 10.11

**Note: Instruction proposed by Defendant Nationwide and joined by Defendant Mayfield. Plaintiff and Defendant U-Haul object to this instruction.**

## PREEXISTING OR INDEPENDENT CONDITION

A party is not entitled to recover any damages for pain and suffering, loss of income, or other alleged injuries, not caused by Defendants.  Therefore, if you find that Plaintiff had the injuries for which she claims here before the accident or apart from the accident, then I instruct you that for the portion of the injuries that you find were not caused by the accident, there can be no recovery by Plaintiff.


Superior Court Instruction 22.2


**Note:  Instruction proposed by Defendant Nationwide.  Plaintiff objects to this instruction.**

## MITIGATION OF DAMAGES -- PERSONAL INJURY

An injured party must exercise reasonable care to reduce the damages resulting from the injury.  If you find that Plaintiff failed to undergo reasonable medical treatment to reduce her damages, then any damages resulting from that failure are not the responsibility of Defendants and should not be included in your award.

Superior Court Instruction 22.4

**Note:  Instruction proposed by Defendant Nationwide.  Plaintiff objects to this instruction.**

00139443                                4

## NO-FAULT INSURANCE

Under Delaware's no-fault Law, Plaintiff has been compensated by her own insurance company for lost wages and medical expenses incurred within two years of the date of the accident. The amounts of the bills paid are not in evidence because they have been paid. The law does not permit Plaintiff to recover losses or expenses that have been paid as part of no-fault benefits.

The claims in evidence in this case are for medical expenses, if any beyond those already paid by no-fault insurance.

Superior Court Instruction 22.22

**Note: Instruction proposed by Defendant Nationwide. Plaintiff objects to this instruction.**