IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SARA S. ECHEVARRIA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | NO.: 05-284 GMS |
| ) | |
| ROGER MAYFIELD, NATIONWIDE ) | |
| GENERAL INSURANCE COMPANY ) | TRIAL BY JURY DEMANDED |
| and U-HAUL CO. OF FLORIDA, ) | |
| ) | |
| Defendants. ) | |

**PRELIMINARY JURY INSTRUCTIONS**

**INTRODUCTION**

Members of the jury: Now that you have been sworn, I am going to give you some preliminary instructions to guide you in your participation in the trial.

**THE PARTIES AND THEIR CONTENTIONS**

Before I begin with those instructions, however, allow me to give you an overview of who the parties are and what each contends.

The parties in this case are the plaintiff, Sara S. Echevarria, now known as Sara Smith, and the defendants, Roger Mayfield, Nationwide General Insurance Company and U-Haul Co. of Florida.

In this case, Sara Echevarria, alleges that she was injured as a result of the negligence of the defendants, Roger Mayfield and U-Haul Co. of Florida. Negligence is the lack of ordinary care or the failure to act as a reasonably careful and prudent person would act under similar circumstances. Sara Echevarria also alleges that her own insurance company, Nationwide General Insurance Company, is liable to pay any judgment against Roger Mayfield to the extent that judgment exceeds Mayfield's insurance coverage up to the limits of insurance which Sara Echevarria bought from Nationwide. That insurance coverage is known as underinsured motorist coverage and protects people like Sara Echevarria from other negligent drivers who carry less insurance coverage then she has.

00139256                                1

**Nationwide asserts that it is not liable to Plaintiff if there is a finding of liability against U-haul.[1]  Nationwide and Mayfield assert that as to Defendant Mayfield, the accident was unavoidable and/or caused by a sudden emergency.[2]**

*U-Haul Co. of Florida alleges the accident was solely caused by the negligence of Roger Mayfield.[3]*

You will be asked to determine the negligence, if any, of Roger Mayfield and U-Haul Co. of Florida.

If appropriate, you will be asked to determine the amount of money damages necessary to compensate Sara Echevarria for all of her injuries.

## DUTIES OF THE JURY

So, let me begin with those general rules that will govern the discharge of your duties as jurors in this case.

It will be your duty to find from the evidence what the facts are. You and you alone will be the judges of the facts. You will then have to apply those facts to the law as I will give it to you both during these preliminary instructions and at the close of the evidence. You must follow that law whether you agree with it or not. All the instructions are important, and you should consider them together as a whole.

Perform these duties fairly. Do not let any bias, sympathy, or prejudice that you may feel toward one side or the other influence your decision in any way. Also, do not let anything that I may say or do during the course of the trial influence you. Nothing that I may say or do is intended to indicate, or should be taken by you as indicating, what your verdict should be.

## EVIDENCE

---

[1] **This language proposed by Defendant Nationwide.  Plaintiff, Defendant U-Haul and Defendant Mayfield object to this language.**
[2] **This language proposed by Defendant Nationwide and joined by Defendant Mayfield.  Plaintiff and Defendant U-Haul object to this language.**
[3] **This language proposed by Defendant U-Haul.**

00139256                                    2

The evidence from which you will find the facts will consist of the testimony of witnesses; (the testimony of witnesses consist of the answers of the witnesses to questions posed by the attorneys or the court -- you may not ask questions). Evidence will also consist of documents and other things received into the record as exhibits, and any facts that the lawyers agree to or stipulate to or that I may instruct you to find.

Certain things are not evidence and must not be considered by you. I will list them for you now:

1. Statements, arguments, and questions by lawyers are not evidence.

2. Objections to questions are not evidence. Lawyers have an obligation to their clients to make objections when they believe evidence being offered is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it. If the objection is sustained, ignore the question. If it is overruled, treat the answer like any other. If you are instructed that some item of evidence is received for a limited purpose only, you must follow that instruction.

3. Testimony that the court has excluded or told you to disregard is not evidence and must not be considered.

4. Anything you may have seen or heard outside the courtroom is not evidence and must be disregarded. You are to decide the case solely on the evidence presented here in the courtroom.

There are two kinds of evidence: direct and circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness. Circumstantial evidence is proof of facts from which you may infer or conclude that other facts exist. As a general rule, the law makes no distinction between these two types of evidence, but simply requires that you find facts from all the evidence in the case, whether direct or circumstantial or a combination of the two.

**CREDIBILITY OF WITNESSES - WEIGHING CONFLICTING TESTIMONY**

You are the sole judges of each witness' credibility. You should consider each witness's

means of knowledge; strength of memory; opportunity to observe; how reasonable or unreasonable the testimony is; whether it is consistent or inconsistent; whether it has been contradicted; the witness's biases, prejudices, or interests; the witness's manner or demeanor on the witness stand; and all circumstances that, according to the evidence, could affect the credibility of the testimony.

If you find the testimony to be contradictory, you must try to reconcile it, if reasonably possible, so as to make one harmonious story of it all. But if you can't do this, then it is your duty and privilege to believe the testimony that, in your judgment, is most believable and disregard any testimony that, in your judgment, is not believable. This instruction applies to the testimony of all witnesses, including expert witnesses.

**SUMMARY OF APPLICABLE LAW**

I will give you detailed instructions on the law at the end of the case, and those instructions will control your deliberations and decision. But in order to help you follow the evidence, I will now give you a brief summary of the elements which Sara Echevarria must prove to make her case.

Ms. Echevarria alleges that Roger Mayfield and U-haul were negligent. Negligence is the lack of ordinary care; that is, the absence of the kind of care a reasonably prudent and careful person would exercise in similar circumstances. That standard is your guide. If a person's conduct in a given circumstance doesn't measure up to the conduct of an ordinarily prudent and careful person, then that person was negligent. On the other hand, if the person's conduct does measure up to the conduct of a reasonably prudent and careful person, the person wasn't negligent.[4]

Ms. Echevarria alleges that the negligence of Mr. Mayfield and U-haul were the proximate causes of her injuries. A party's negligence, by itself, is not enough to impose legal responsibility on that party. Something more is needed: the party's negligence must be shown by a preponderance of the evidence to be a proximate cause of the injuries.

---

[4] Sup. Ct. Civ. PATTERN JURY INSTRUCTIONS §5.1; *See also* Russell v. Kmart, 761 A.2d 1, 5 (Del. 2000).

Proximate cause is a cause that directly produces the harm, and but for which the harm

Case 1:05-cv-00284-GMS    Document 76-2    Filed 02/08/2007    Page 5 of 10

00139256                                5

would not have occurred. A proximate cause brings about, or helps to bring about, the injuries, and it must have been necessary to the result.[5]

Ms. Echevarria also alleges that U-haul is strictly liable for the negligent act or acts of Mr. Mayfield by virtue of the lease agreement for the trailer. One who leases a product that is in a defective condition and is unreasonably dangerous to the user of the product, or to others, is liable without proof of negligence if:

(a)     the lessor is engaged in the business of leasing such products; and

(b)     the product is expected to and does reach the user without substantial change in its condition when leased.

A substantial change occurs when the leased product is changed by someone other than the lessor in a way that the lessor could not have reasonably foreseen, given the product's internal use. The liability applies even if the lessor exercised all possible care in preparing and leasing the product.[6] *[Note: Defendant U-Haul objects to the instructions re: strict liability].*

**In order for Ms. Echevarria to be awarded a judgment against Nationwide, she must first exhaust all insurance of Defendant Mayfield and self-insurance of Defendant U-Haul.[7]**

**When a person is involved in an emergency situation not of his or her own making and not created by his own negligence, that person is entitled to act as a reasonably prudent person would under similar circumstances.**

---

[5] Sup. Ct. Civ. PATTERN JURY INSTRUCTIONS §21.1; *See also* Wilmington Country Club v. Cowee, 747 A.2d 1087, 1097 (Del. 2000).

[6] Sup. Ct. Civ. PATTERN JURY INSTRUCTIONS, §9.8; *See also* Martin v. Ryder Truck Rental, Inc., 353 A.2d 581, 586 (Del. 1976).

[7] **This language proposed by Defendant Nationwide. Plaintiff, Defendant U-Haul and Defendant Mayfield object to this language.**

**The mere fact that an accident occurred does not mean that someone was negligent. There may have been an unavoidable accident for which no party is responsible. Such an accident is one that could not have been avoided through the exercise of proper care. If none of the parties was guilty of negligence proximately causing the accident, then the accident was unavoidable and the Defendants cannot be held liable.[8]**

**BURDEN OF PROOF**

As I told you during the voir dire, this is a civil case. Sara Echevarria has the burden of proving her case by what is called a preponderance of the evidence. That means she has to produce evidence which, considered in the light of all the facts, leads you to believe that what she claims is more likely true than not. To put it differently, if you were to put the plaintiff's and the defendants' evidence on opposite sides of a scale, the evidence supporting Sara Echevarria would have to make the scale tip somewhat on her side. If she fails to meet this burden, the verdict must be for the defendants. The plaintiff must also prove her damages by a preponderance of the evidence.

Those of you who have sat on criminal cases will have heard of proof beyond a reasonable doubt. That requirement does not apply to a civil case; therefore, you should put it out of your mind.

**CONDUCT OF THE JURY**

Now, a few words about your conduct as jurors.

First, I instruct you that during the trial you are not to discuss the case with anyone or permit anyone to discuss it with you. Until you retire to the jury room at the end of the case to deliberate on your verdict, you simply are not to talk about this case. If any lawyer, party, or witness does not speak to you when you pass in the hall, ride the elevator, or the like, remember it is because they are not supposed to talk with you nor you with them. In this way, any unwarranted and unnecessary suspicion about your fairness can be avoided. If anyone should try to talk to you about it, bring it

---

[8] **This language proposed by Defendant Nationwide and is joined by Defendant Mayfield. Plaintiff and Defendant U-Haul object to this language.**

to the court's attention promptly.

Second, do not read or listen to anything touching on this case in any way.

Third, do not try to do any research or make any investigation about the case on your own.

Finally, do not form any opinion until all the evidence is in. Keep an open mind until you start your deliberations at the end of the case.

During the trial, I will permit you to take notes. A word of caution is in order. There is always a tendency to attach undue importance to matters which one has written down. Some testimony which is considered unimportant at the time presented, and thus not written down, takes on greater importance later in the trial in light of all the evidence presented. Therefore, you are instructed that your notes are only a tool to aid your own individual memory and you should not compare your notes with other jurors in determining the content of any testimony or in evaluating the importance of any evidence. Your notes are not evidence, and are by no means a complete outline of the proceedings or a list of the highlights of the trial. Above all, your memory should be your greatest asset when it comes time to deliberate and render a decision in this case.

So, if you do take notes, leave them in your seat at the end of the day, and my Deputy will collect them and return them to your seat the next day. And, remember that they are for your own personal use.

I will give you detailed instructions on the law at the end of the case, and those instructions will control your deliberations and decision.

**COURSE OF THE TRIAL**

This trial, like most jury trials, comes in seven stages or phases. We have already been through the first phase, which was to select you as jurors. The remaining stages are:

(2)   These preliminary instructions to you;

(3)   Opening statements which are intended to explain to you what each side intends to prove and are offered to help you follow the evidence. The lawyers are not required

    to make opening statements at this time or they may defer this opening until it is their turn to present evidence.

(4) The presentation of the evidence which will include live witnesses and may also include previously recorded testimony, as well as documents and things;

(5) My final instructions on the law to you;

(6) The closing arguments of the lawyers which will be offered to help you make your determination; and, finally,

(7) Your deliberations where you will evaluate and discuss the evidence among yourselves and determine the outcome of the case.

  Please keep in mind that evidence is often introduced somewhat piecemeal. So, as the evidence comes in, you as jurors need to keep an open mind.

  We will begin shortly, but first I want to outline the anticipated schedule of the trial.

**TRIAL SCHEDULE**

Though you have heard me say this during the voir dire, I want to again outline the schedule I expect to maintain during the course of this trial.

This case is expected to take 5 days to try. We will normally begin the day at 9:00 a.m. promptly. We will go until 1:00 p.m. and, after a one hour break for lunch, from 2:00 p.m. to 4:30 p.m. There will be a fifteen minute break at 11:00 a.m. and another fifteen minute break at 3:15 p.m. The only significant exception to this schedule may occur when the case is submitted to you for your deliberations. On that day, the proceedings might last beyond 5:00 p.m. We will post a copy of this schedule for your convenience in the jury deliberation room.