**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| SARA S. ECHEVARRIA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO.: 05-284 GMS |
| | ) | |
| ROGER MAYFIELD, NATIONWIDE | ) | |
| GENERAL INSURANCE COMPANY | ) | TRIAL BY JURY DEMANDED |
| and U-HAUL CO. OF FLORIDA, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**JOINT PROPOSED VOIR DIRE**

Good morning, ladies and gentlemen. The Honorable Gregory M. Sleet will be presiding over the trial for which a jury is about to be selected in the case. The parties are Plaintiff Sara S. Echevarria, now known as Sara Smith, and Defendants Roger Mayfield, Nationwide General Insurance Company and U-Haul Co. of Florida. The trial involves a motor vehicle accident which occurred on May 15, 2004 in Newark, Delaware. Trial is expected to last five days.

I am going to ask you a series of "yes or no" questions, the purpose of which is to (1) enable the court to determine whether any prospective juror should be excused for cause; and (2) enable counsel for the parties to exercise their individual judgment in helping to determine the final composition of the jury. If any of you have a "yes" answer to any of my questions, please keep track of that in your own mind. When I have concluded asking all the questions I will ask all those who had a "yes" answer to any of my questions to raise their hands. Then we will call you to the bench individually to speak with you about your affirmative response or responses.

1.  As I mentioned, trial is expected to take five or less business days. Is there any member of the panel who would be unable to sit as a juror in the case for that period of time?

2.  Do you know anything about this case?

00138999

3.   Plaintiffs are represented by Roger D. Landon and Chase T. Brockstedt of the law firm Murphy & Landon. Do you know, or are you a client of Roger Landon, Chase Brockstedt or the law firm Murphy & Landon?

4.   Defendant Roger Mayfield is represented by Robert K. Pearce of the law firm Ferry Joseph & Pearce, PA. Do you know, or are you a client of Robert Pearce or the law firm Ferry Joseph & Pearce, PA?

5.   Defendant Nationwide General Insurance Company is represented by Robert J. Leoni and Michael J. Logullo of the law firm Shelsby & Leoni. Do you know, or are you a client of Robert J. Leoni, Michael J. Logullo or the law firm Shelsby & Leoni?

6.   Defendant U-Haul Co. of Florida is represented by Steven L. Caponi of the law firm Blank Rome, LLP and Francis H. LoCoco of the law firm Quarles and Brady LLP. Do you know, or are you a client of Steve Caponi or Francis LoCoco or the law firms Blank Rome LLP or Quarles and Brady, LLP?

7.   Is any member of the panel related to or personally acquainted with any of the parties, either the Plaintiff Sara Echevarria or Defendants U-Haul, Roger Mayfield or Naitonwide General Insurance Company?

8.   Are you or any of your family members a present or former employee of Defendants U-Haul or Nationwide General Insurance Company?

9.   Do you know any of the witnesses who may appear in the trial? They are:

   1.   John Townsend, M.D.
   2.   Anthony L. Cucuzzella, M.D.
   3.   William Sommers, D.O.
   4.   Frank Costanzo
   5.   Sara Smith formerly Sara Echevarria
   6.   Roger Mayfield

       7.     Todd Rarick

       8.     Cpl. Robert Truitt

       9.     Clay Echevarria

      10.    Darlene Wynne

      11.    Hamid Hameli

      12.    Paulette Smoak

      13.    Harlan Tenenbaum

      14.    Sara Lang

      15.    Vivian Reese

      16.    Brenda Bernie

      17.    Vivian Smith

      18.    Sarah Ryan

      19.    Thomas J. Boll, Ph.D.

      20.    Ali Kalamchi, M.D.

      21.    M. Mark Leonard

    10.    The law allows Plaintiff to recover for personal injuries. Is there anything about the relationship between the parties in this case that would not allow you to be fair and impartial in your judgment in this case?[1]

    11.    If Plaintiff establishes by a preponderance of the evidence that U-Haul and/or Roger Mayfield were negligent in failing to exercise reasonable care, would you be able to return a verdict in favor of Plaintiff? *Similarly, if plaintiff fails to establish by a preponderance of the evidence that U-Haul and/or Roger Mayfield were negligent in failing to exercise reasonable care, would you be able to return a verdict in favor of U-Haul and/or Roger Mayfield?*[2]

---

[1] **Defendant Mayfield objects to this instruction.**
[2] **This language proposed by Defendant U-Haul.**

12. Are any of you, or are members of your immediate families, employed by, or have you been employed by, a vehicle leasing company or insurance company?

13. Have you or members of your immediate family now or ever been employed as a claims adjuster or otherwise by a company or concern which in whole or in part is engaged in the casualty or liability insurance business or the business of investigating claims?

14. Have you ever been a party in a lawsuit?

15. Have you or a family member had an experience that was so positive or so negative with an insurance company as to make you unable to be a fair and impartial juror in the case?

16. Do you have an opinion or belief for or against people who file lawsuits, or persons who are sued in this type of case, such that you may not be fair and impartial in your judgment of this case?

17. Is there anything that you have heard in the news media regarding civil lawsuits or "tort reform" which would prevent you from rendering a monetary award in a civil damages case?[3]

18. Would any member of the jury arbitrarily set a limit ("cap") on monetary damages for pain and suffering without regard to the evidence or law which allows such damages without arbitrary limits?[4]

19. The judge will instruct you that your decision should be based on the facts, and not on sympathy. Will you have any difficulty following that instruction?

20. Ladies and Gentlemen, the Plaintiff has the burden of proof in this case. However, I want you to understand how different our burden is from the burden of proof in a criminal case. I will instruct you further on this matter, but you should know now that Plaintiff is

---

[3] **Defendant Mayfield objects to this instruction.**
[4] **Defendant Mayfield objects to this instruction.**

required to have merely a majority or 50.1%, of the weight of the evidence in order for you to give the Plaintiff a favorable verdict. Plaintiff is <u>not</u> required to prove her case beyond a reasonable doubt. Is there anyone here who would require the Plaintiff in this case to prove the case beyond a reasonable doubt before awarding money damages to the Plaintiff?[5]

21.     Do you know of any other matter which you believe should be called to the court's attention as having some bearing upon your qualifications or ability to sit as a juror, or which you think may prevent you from rendering fair and impartial verdict based solely upon the evidence and the Court's instructions of the law?

22.     *Have any of you or a family member ever rented any piece of U-Haul equipment from U-Haul Co. of Florida? Have any of you or a family member ever rented any piece of U-Haul rental equipment?*

23.     *Do any of you believe that just because a lawsuit has been filed that the defendant or defendants must be liable?*

24.     *Have any of you or a family member ever been seriously injured in a motor vehicle accident?*

25.     *Do any of you or a close family member have any education or training in the medical field?*[6]

26.     *Do any of you or a close family member have any education or training in any engineering discipline?*[7]

27.     *Do any of you or a close family member suffer from chronic pain?*[8]

---

[5] **Defendants Nationwide, U-Haul and Mayfield object to paragraph #20.**
[6] **Defendant Mayfield objects to this instruction.**
[7] **Defendant Mayfield objects to this instruction.**
[8] **The language in paragraphs 22-27 proposed by Defendant U-Haul.**

00138999                                              5

MURPHY & LANDON

BY: /s/ Roger D. Landon
ROGER D. LANDON (I.D. #2460)
CHASE T. BROCKSTEDT (I.D. #3815)
1011 Centre Road, #210
Wilmington, DE 19805
*Counsel for Sara Echevarria*

FERRY JOSEPH & PEARCE, P.A.

BY: /s/ Robert K. Pearce
ROBERT K. PEARCE (I.D. #191)
824 North Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899
*Counsel for Roger Mayfield*

BLANK ROME, LLP

BY: /s/ Stephen L. Caponi
STEPHEN L. CAPONI (I.D. #3484)
Chase Manhattan Centre
1201 Market Street, Suite 800
Wilmington, DE 19801
*Counsel for U-Haul International, Inc.*

Of Counsel:
Francis H. LoCoco
Quarles & Brady LLP
411 East Wisconsin Avenue, Suite 2040
Milwaukee, WI 53202-4497

SHELSBY & LEONI

BY: /s/ Robert J. Leoni
ROBERT JOSEPH LEONI (I.D. #288)
MICHAEL JAMES LOGULLO
(I.D. #3851)
221 Main Street
Stanton, DE 19804
*Counsel for Nationwide General Insurance Company*