IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SARA S. ECHEVARRIA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-284 (GMS) |
| | ) | |
| NATIONWIDE GENERAL INSURANCE | ) | |
| COMPANY, ROGER MAYFIELD, and | ) | |
| U-HAUL CO. OF FLORIDA, | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER**

1.  On March 16, 2005, Sara S. Echevarria ("Echevarria") filed this personal injury action in the Superior Court of the State of Delaware, New Castle County (the "Superior Court") against U-Haul International, Inc. ("U-Haul"), Roger Mayfield ("Mayfield"), and Nationwide General Insurance Company ("Nationwide").[1] On May 10, 2005, U-Haul filed a Notice of Removal (D.I. 1) pursuant to 28 U.S.C. § 1446, based on the court's diversity jurisdiction under 28 U.S.C. § 1332(a). Prior to U-Haul's removal, Echevarria attempted to serve Mayfield pursuant to 10 Del. C. § 3112(b), the Delaware statute outlining service of process on non-resident drivers of motor vehicles.

2.  After removal, on July 21, 2005, Echevarria personally served Mayfield by special process server. (See D.I. 15.) Mayfield did not answer the complaint and, on August 15, 2005, Echevarria filed a Motion for Default Judgment (D.I. 16). On October 5, 2005, default was entered against

---

[1] Subsequently, Echevarria filed an amended complaint (D.I. 35) to add the following defendants: U-Haul Company of Arizona ("U-Haul Arizona"), U-Haul Company of Colorado ("U-Haul Colorado"), and U-Haul Company of Florida ("U-Haul Florida"). On February 1, 2007, the parties filed a Stipulation of Dismissal (D.I. 67) with respect to U-Haul, U-Haul Arizona, and U-Haul Colorado.

Mayfield. (See D.I. 20.)

3.On February 9, 2006, the court issued a Notice of Default Judgment Hearing to the parties. The default judgment hearing was scheduled to occur on February 27, 2006. On February 27, 2006, counsel for the parties met with the court to discuss the default judgment hearing. (See Transcript of default judgment hearing, dated February 27, 2006 ("Tr.")). During the conference, at least one of the parties suggested that the court postpone the default judgment hearing until the matter went to trial, because discovery would be complete and the parties would be in a better position to present their evidence. (See Tr. at 2-3.) The court acceded to the request and scheduled the remainder of the matter.[2] (See Id.)

4.On November 22, 2006, Mayfield filed a Motion to Vacate Entry of Default Judgment (D.I. 61). The motion asserts that the court should vacate the entry of default because service of process was defective under Delaware law. The motion asserts, in the alternative, that the court should dismiss the action against Mayfield without prejudice because the judgment is void under Federal Rule of Civil Procedure 60(b)(4), due to the defective service.

5.On January 9, 2007, Echevarria filed a Response in Opposition to the Motion to Vacate (D.I. 63). Echevarria asserts that, although service of process was not perfected against Mayfield pursuant to 10 Del. C. § 3112 (b), he had actual knowledge of the lawsuit on July 21, 2005, because he was personally served on that date.

---

[2] According to the Scheduling Order (D.I. 31), fact discovery was to close on October 16, 2006, expert discovery was to close on January 31, 2007, case dispositive motions were due on January 12, 2007, the pretrial conference was scheduled for March 20, 2007, and the trial was set to begin on April 9, 2007. On August 14, 2006, U-Haul filed a Motion to Continue the Trial Date (D.I. 51). The court granted the motion and continued the trial of this matter to March 5, 2007. The court also rescheduled the pretrial conference for February 13, 2007.

6.      After having considered the parties' submissions and relevant law, the court concludes that it will not vacate the default entered against Mayfield. At the outset, the court notes that both Mayfield and Echevarria have mischaracterized their submissions, as Mayfield has default entered against him, not a default judgment.[3] Nevertheless, as set forth below, the standard for vacating default is the same as the standard for vacating a default judgment. In view of this fact, the court will now consider the motion.

7.      The entry of default and default judgment is disfavored by the Third Circuit, which encourages decisions on the merits, but it is a decision left to the sound discretion of the trial court. *Harad v. Aetna Cas. & Sur. Co.*, 839 F.2d 979, 982 (3d Cir. 1988). Federal Rule of Civil Procedure 55(c) governs the setting aside of default and states, "[f]or good cause shown the court may set aside an entry of default. . . ." Fed. R. Civ. P. 55(c). Under Third Circuit law, three factors are used to determine whether to set aside default under Rule 55(c): (1) whether the plaintiff will be prejudiced if default is not granted; (2) whether the defendant has a meritorious defense; and (3) whether the defendant's delay was the result of culpable misconduct. *See U.S. v. $55,518.05 in U.S. Currency*, 728 F.3d 192, 194-95 (3d Cir. 1984).

8.      Applying the standard set forth in *$55,518.05 in U.S. Currency*, as well as considering the totality of circumstances and making all equitable determinations, the court concludes that vacating the entry of default would produce an unjust result for several reasons. First, Mayfield does not even address the factors that the court must consider under Rule 55(c). That is, nowhere in his motion does he argue that he has a meritorious defense. Nor does the motion state the reason that he

---

[3] In view of this fact, the court will not address Mayfield's argument regarding Rule 60(b)(4), as that rule contemplates a situation in which default judgment is entered against a defendant.

delayed appearing in this action for over one year and three months – less than three and one half months before the trial – after he was personally served with the complaint in July 2005 and noticed for a deposition in May 2006. Instead, his entire motion is devoted to the fact that Echevarria failed to perfect service upon him under 10 Del. C. § 3112.[4] Consequently, the court cannot engage in a meaningful consideration of the motion.

9.      Furthermore, Mayfield's motion seems to confuse the issue of personal jurisdiction with that of service of process. In making his arguments, he cites a District of Delaware case for the proposition that "because federal jurisdiction in this case is based upon diversity of citizenship, in personam jurisdiction is determined in accordance with the law of the state, i.e. 10 Del. C. § 3112, in which the Court sits, with federal law, i.e., FRCP, entering the picture only for the purpose of deciding whether a state's assertion of jurisdiction contravenes a constitutional guarantee." (D.I. 61, at 3-4) (citing *Wilmington Supply Co. v. Worth Plumbing & Heating, Inc.*, 505 F. Supp. 777 (D. Del. 1980)). Mayfield's argument misses the mark, however, because personal jurisdiction is "the power of the court over the person of a defendant," whereas service of process refers to "[t]he exhibition or delivery of a writ, summons and complaint . . . by an authorized person to a person who is thereby officially notified of some action or proceeding in which he is concerned, and is thereby advised or warned of some action or step which he is commanded to take or to forbear." Blacks Law Dictionary 1144, 1368 (7th ed. 1999). In the present case, the court is addressing a motion to vacate based on defective service of process, not an argument regarding lack of personal

---

[4] Likewise, Echevarria's response does not specifically address the Rule 55(c) factors. However, her response does assert that, despite knowing about he action since at least July 21, 2005, Mayfield waited until the "brink of mediation" to file the motion to vacate. (D.I. 63 ¶¶ 2-3.) According to Echevarria, the issues that Mayfield has raised have "come too late." (Id. ¶ 3.)

jurisdiction raised in a motion to dismiss. Accordingly, Mayfield's citation to *Wilmington Supply Co.* is inapposite, since the issue facing the court in that case was whether the court had personal jurisdiction over a non-resident defendant.

10.     With respect to Mayfield's defective service of process argument, the court notes that, pursuant to Federal Rule of Civil Procedure 4(e), "service upon an individual . . . other than an infant or an incompetent person, may be effected in any judicial district of the United States: . . . (2) by delivering a copy of the summons and of the complaint to the individual personally. . . ." Fed. R. Civ. P. 4(e)(2). Here, after the case was removed from state court, Echevarria personally served Mayfield with the summons and complaint. Thus, under the Federal Rules of Civil Procedure, she perfected service upon this defendant. As a result, Mayfield's argument is unconvincing, especially given his delay in appearing in this action.

11.     Finally, the court addresses the factors that it must consider. Since neither party has addressed these factors, the court will endeavor to address them by considering the record before it. The record does permit the court to consider the prejudice to Echevarria if default is not granted. The record, however, is devoid of any facts that would indicate to the court whether Mayfield has a meritorious defense, or whether his delay was the result of culpable conduct. Based on the record, the court concludes that vacating the default entered against Mayfield at this date would be inequitable and prejudice Echevarria. Supporting this conclusion are the following facts: (1) Mayfield was personally served on July 21, 2005, and had actual notice of this action against him as of that date; (2) Mayfield was noticed on May 25, 2006 for a July 26, 2006 deposition, an event that also should have given him notice of this action; (3) fact discovery in this case closed on October 16, 2006; (4) the pretrial conference is set to take place on February 13, 2007; and (5) trial

is expected to begin on March 5, 2007. At this late date, permitting a new defendant to enter the case would prejudice Echevarria, who is expecting to go to trial in less than one month. Additionally, it would be inequitable to set aside default against a defendant who had notice of the case, but chose not to answer the complaint.[5]

Therefore, IT IS HEREBY ORDERED that:

1. Mayfield's Motion to Vacate Entry of Default Judgment (D.I. 61) is DENIED.

2. Mayfield's Motion in Limine (D.I. 69) is DENIED as moot.


Dated: February 9, 2007                    /s/ Gregory M. Sleet
                                           UNITED STATES DISTRICT JUDGE

---

[5] Because the court will not vacate the entry of default against Mayfield, the Motion in Limine (D.I. 69) he filed on February 1, 2007 is denied as moot.