# SHELSBY & LEONI

GILBERT F. SHELSBY, JR. (MD, DC, DE)
ROBERT J. LEONI (DE)

A PROFESSIONAL ASSOCIATION

MICHAEL J. LOGULLO (DE)
STACEY L. PAOLI (PA)

OF COUNSEL
MICHAEL C. ROSENDORF (MD, DC, DE)

221 MAIN STREET
STANTON, DELAWARE 19804
302-995-6210
FACSIMILE 302-995-6121

February 23, 2007

*VIA E-FILING*
The Honorable Gregory M. Sleet
U.S. District Court for the District of Delaware
844 N. King Street
Wilmington, DE 19801

> Re:  **Sara S. Echevarria v. Nationwide, et al.**
> **C.A. No. 05-284 (GMS)**
> **My File No. 153.05154**

Dear Judge Sleet:

I represent Defendant Nationwide General Insurance Company ("Nationwide") in the above-referenced case. At the Pre-Trial Conference held on February 13, 2007, the Court asked Nationwide to submit a letter memorandum regarding the issue of whether Nationwide, as the UIM carrier for Plaintiff, is bound by the default entered by the Court against the Co-Defendant tortfeasor, Roger Mayfield, thereby precluding Nationwide from litigating and defending the claims against it as to the liability of Mayfield. The parties were unable to resolve this issue, so please accept this letter as Nationwide's memorandum of law.

## *PROCEDURAL POSTURE*

Plaintiff filed suit against Mayfield, the driver of a U-Haul vehicle, the U-Haul Defendants as owner of the vehicle, and Nationwide as the uninsured motorist insurer for Plaintiff. Originally, it was believed by Plaintiff that there was no insurance as to Mayfield. Subsequently, once U-Haul produced the insurance policy insuring the U-Haul vehicle rented to Mayfield, it was learned that Mayfield did have insurance through a policy on the U-Haul vehicle, purchased by U-Haul, purportedly providing the Delaware minimum mandatory liability limits of $15,000.00/$30,000.00. The claims against Nationwide were asserted as being for uninsured/underinsured motorists benefits.

The Honorable Gregory M. Sleet
February 23, 2007
Page 2

On August 15, 2005, Plaintiff filed a Motion for Default Judgment as to Mayfield. (See D.I 16) On August 17, 2005, Nationwide filed a Response to Plaintiff's Motion for Default Judgment against Mayfield. (See D.I. 17) Nationwide objected to the entry of default judgment against Mayfield to the extent that Plaintiff would allege that Nationwide would be precluded from litigating the negligence and proximate cause issues by virtue of the default judgment against Mayfield. On October 5, 2005, the clerk filed an Entry of Default as to Mayfield. (See D.I. 20).

On February 27, 2006, the Court held a default hearing. (See Transcript of Hearing attached hereto as Exhibit "B"). At the default hearing, counsel for Nationwide raised with the Court the entry of the default and wanted to be clear that Nationwide was not waiving its rights to litigate negligence of Mayfield, etc. *Id.* at Pg. 4. The Court confirmed, at that point that the default is only against Mayfield and Nationwide has waived nothing. *Id.*

On November 22, 2006, Mayfield, through counsel retained by the insurance carrier for the U-Haul vehicle, filed a Motion to Vacate the default. (See D.I. 61). On February 9, 2007, the Court entered an Order denying the Motion to Vacate. (See D.I. 78).

At the Pre-Trial Conference, Nationwide asserted its legal right to defend the claims against it liability and damages. Plaintiff and Co-Defendant U-Haul asserted that Nationwide should be bound by the default and that the liability of Mayfield should not be litigated.

## *LEGAL ARGUMENT*

The Nationwide policy provides that Nationwide will "...pay damages, i ncluding derivitive claims, which are due by law to you or a relative from the owner or driver of an uninsured motor vehicle because of bodily injuries suffered by you...". (See Nationwide Policy Pg. U1 attached hereto as Exhibit "A"). The subject policy further provides under the "RECOVERY" section that provided "3. Any judgment against the uninsured (including underinsured) will be binding on us only if it has our written consent." (See policy Pg. U2 attached hereto as Exhibit "A"). The Delaware uninsured motorist statute, 18 *Del. C.* §3902, provides that a carrier shall provide uninsured and underinsured vehicle coverage to persons insured who are legally entitled to recover damages from owners or operators of such uninsured and/or underinsured motor vehicles.

In *Sutch v. State Farm Mutual Automobile Insurance Company,* 672 A.2d 17 (Del. 1995), the Delaware Supreme Court addressed the issue of whether a judgment on a arbitration award entered pursuant to Delaware Superior Court Civil Rule of Procedure 16, which was not appealed by either party, was binding on the UIM carrier when the award was entered as a

The Honorable Gregory M. Sleet
February 23, 2007
Page 3

judgment. The *Sutch* Court specifically adopted decisions from other jurisdictions which addressed the issue directly on point in the present case, whether an insurer is bound by default judgment taken against a tortfeasor? The *Sutch* Court determined that other jurisdictions have concluded that UM/UIM statutes do not mandate that an insurer be bound by a default judgment against the tortfeasor in all circumstances. The UIM insurer will be bound by the default judgment **only** where the insured had full notice and adequate opportunity to intervene and present any defenses and arguments necessary to protect its position. *Id.* at 21, *citing Champion Ins. Co. v. Denney*, 555 So. 2d 137, 139 (Ala. 1989).

In *Chamption*, the UIM carrier was put on notice of the action against the tortfeasor and failed to intervene or take any other action whatsoever to protect its interests and defend on liability and damages. The *Champion* Court held that an insurer "should not be bound by such a judgment unless it had full notice and adequate opportunity to intervene and present any defenses and arguments necessary to protect its position. *Id.* at 140. The *Champion* Court found that the carrier had such notice and opportunity and failed to act to protect its position, and therefore, it was bound by the judgment against the tortfeasor.

In *Watkins v. Matthews*, 1996 WL 111007 (Del. Sup.), the Delaware Superior Court addressed a Motion to Intervene filed by a UIM carrier in the wake of the *Sutch v. State Farm* decision.[1] The *Watkins* Court found that the intervention which was sought after an arbitration award was entered against the tortfeasor but before the 20 day appeal period should be permitted so that the UIM carrier could protect its position. In *Georgia Mutual Insurance Company v. Willis*, 230 S.E. 2d 363 (Ga. App. 1976), the Court addressed the situation where the UM/UIM insured was a named Defendant along with the tortfeasor. The tortfeasor failed to file an Answer and default judgment was entered against him. The failure to file an Answer was an admission of liability for the alleged injuries of Plaintiff. The *Willis* Court held that while it was a correct statement of the law that the failure of the tortfeasor to file an Answer amounted to an admission of liability, it was harmful error to give an instruction to that affect when the UM carrier for Plaintiff was contesting the suit in its own name. *Id.* at 365.

Finally, the Delaware Superior Court opinion in *Daw v. Townsend*, 1992 WL 354223 (Del.Super.) is directly on point. The **Daw** Court was confronted with the situation, as here, where the UM carrier, State Farm, was sued along with the tortfeasor. The tortfeasor failed to answer, was defaulted, and the Court held an inquisition hearing on damages and awarded Plaintiff damages. The UM carrier did not appear at the inquisition so Plaintiff bind the UM carrier by the judgment. The Court refused to do so noting that the UM carrier had entered its appearance, properly answered, and defended the case. The Court took note that the main

---

[1] All unreported decisions are attached hereto as Exhibit "C".

The Honorable Gregory M. Sleet
February 23, 2007
Page 4

argument of the carrier was on liability and not damages, and nonetheless, refused to bind the UM carrier by the default judgment.

Here, Nationwide was sued along with the tortfeasor. Nationwide filed an Answer to the Complaint and has defended itself properly. The *Sutch* Court held that a UIM carrier could only be bound where it had adequate notice of the suit against the tortfeasor and failed to intervene or take any action to protect its interests. Nationwide has taken every action possible to protect its interests.

It is believed that Plaintiff and/or Co-Defendant U-Haul will argue that Nationwide should have filed an Answer to the Complaint on behalf of Mayfield. However, Nationwide is not in privity of contract with the tortfeasor. As such, it has no duty under any coverage of the subject policy to provide a defense to the tortfeasor. In addition, Nationwide has no contractual or other legal right to enter and represent Mayfield or to take any action on behalf of Mayfield.

Second, Nationwide's interests were opposite to that of Mayfield and, indeed, Nationwide file a crossclaim against Mayfield. The Complaint against Nationwide included claims for uninsured motorist benefits due to the fact that Mayfield was believed to be uninsured and the U-Haul insurance carrier had failed to agree to provide coverage and defense to Mayfield. If such coverage did not exist, then Nationwide has valid crossclaims against Mayfield for contribution. It was not until the insurer for the U-Haul vehicle retained counsel to file the Motion to Vacate Default Judgment in November 2006 that that liability insurance carrier took affirmative action to acknowledge its coverage.

Third, it would be unethical for an attorney retained by Nationwide, absent some statutory authority otherwise, to enter a defense for Mayfield without any attorney/client relationship. Since Nationwide had no contractual or other relationship with Mayfield, any attorney retained by Nationwide to represent Mayfield would not have any legal relationship with Mayfield either.

As contemplated by *Sutch* and *Champion*, Nationwide has taken all action to present all defenses and arguments necessary to protect its position. The *Sutch* Court held that the UIM carrier will be bound unless it intervenes in the action on its own behalf to protect its interests. If Nationwide, having answered, defended itself and protected its position, will be bound anyway, the *Sutch* decision, and the procedure put in place by the Delaware Supreme Court for protection of its position, will be made pointless. Here, there is a strong dispute as to liability, and Nationwide has presented all defenses, both on liability and damages.

The Honorable Gregory M. Sleet
February 23, 2007
Page 5


    Nationwide should not be bound by the U-Haul insurance carrier's failure to properly defend Mayfield. Nationwide has properly reserved its defenses as to the liability and damages issues in the case. Nationwide proposes that the Court have the jury determine whether Mayfield was negligent in a manner proximately causing the accident along with a determination as to U-Hauls liability. While the jury verdict will not effect Mayfield if he is found not liable, Nationwide will have been given the opportunity to fully defend itself in this matter.



                           Respectfully Submitted,

                           */s/ Robert J. Leoni*
                           Robert J. Leoni
                           rleoni@mslde.com

cc:    Frank LoCoco, Esquire-*(via e-file & mail)*
       Roger Landon, Esquire-*(via e-file & mail)*
       Robert Pearce, Esquire-*(via e-file & mail)*