*EXHIBIT "C"*

# Westlaw.

Not Reported in A.2d
Not Reported in A.2d, 1992 WL 354223 (Del.Super.)
(Cite as: Not Reported in A.2d)

Page 1

H
Daw v. TownsendDel.Super.,1992.Only the Westlaw citation is currently available.
UNPUBLISHED OPINION. CHECK COURT RULES BEFORE CITING.
Superior Court of Delaware.
Romaine N. **DAW**
v.
John R. TOWNSEND, Jr., Townsend Marketing Corporation, a Delaware Corporation, and State Farm Mutual Automobile Insurance Company
Civ. A. No. 91C-06-026.

Submitted: Aug. 21, 1992.
Decided: Oct. 22, 1992.

Jon W. Sargent, Rockville, Md.
Louis B. Ferrara, James J. Haley, Jr., Wilmington.
GRAVES, Judge.

*1 This is the Court's decision on plaintiff's Motion for Summary Judgment.

*1 1. On July 1, 1989, Romaine **Daw** ("plaintiff"), a Maryland resident, was involved in a motor vehicle accident in Sussex County, Delaware. Her vehicle was struck by a vehicle which John R. Townsend, Jr. was driving. Townsend Marketing Corporation owned this vehicle Mr. Townsend was driving. Plaintiff was injured in the automobile accident.

*1 2. On July 1, 1989, plaintiff's automobile insurance policy was with State Farm Mutual Automobile Insurance Company ("State Farm"). The plaintiff and State Farm entered into the policy in the State of Maryland. It is undisputed that plaintiff is a Maryland resident and that the vehicle she operated was registered in Maryland, garaged in Maryland and insured with State Farm under Maryland law.

*1 3. Neither John R. Townsend, Jr. nor Townsend Marketing Corporation had motor vehicle insurance at the time of the accident.

*1 4. Plaintiff filed suit in Superior Court in and for Sussex County against John R. Townsend, Jr., Townsend Marketing Corporation, and State Farm. The action against State Farm, her carrier, was to seek enforcement of the uninsured motorist coverage in her policy in the amount of $25,000.00.

*1 5. Neither John R. Townsend, Jr. nor Townsend Marketing Corporation filed an answer. State Farm filed an answer and in same, alleged the contributory negligence of plaintiff.

*1 6. Default judgment was entered as to the non-answering defendants. At inquisition, this Court set plaintiff's damages at $125,000.00.

*1 7. Plaintiff has filed a motion for summary judgment alleging that the default judgment and damages determined at the inquisition must be considered as *res judicata* against State Farm, and therefore, that plaintiff should be granted summary judgment in the amount of the uninsured coverage, i.e., $25,000.00.

*1 8. State Farm opposes the motion, arguing that the default judgment and determination of damages against the non-answering defendants cannot be considered *res judicata* as to State Farm because it properly filed an answer raising an appropriate defense and is therefore entitled to a trial on the facts as to whether or not its insured, Ms. **Daw**, was comparatively negligent in excess of 50% of the liability.

*1 9. The parties are in dispute as to whether or not the law to be applied should be that of the State of Maryland or that of the State of Delaware.

*1 10. Delaware courts apply the "most significant relationship" test to resolve conflict issues arising out of contracts. *Travelers Indem. Co. v. Lake,* Del.Supr., 594 A.2d 38 (1991). Based upon the facts of this case, it is clear that the State of Maryland is the state with the most significant relationship to the parties as to any matters concerning contract construction or interpretation.

*1 11. But this is not a question of contract interpretation or construction. The present issue

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d                                                                                                        Page 2
Not Reported in A.2d, 1992 WL 354223 (Del.Super.)
**(Cite as: Not Reported in A.2d)**

before the Court is whether or not a default judgment obtained against the tort-feasor is *res judicata* as to the uninsured motorist carrier under the factual circumstances where the uninsured motorist carrier is a party to the litigation and has filed an answer defending itself. This is a procedural question, and the law of the State of Delaware shall apply. *Friday v. Smoot,* Del.Supr., 211 A.2d 594, 595 (1965), *overruled on other grounds, Travelers Indem. Co. v. Lake, supra.*[FN1]

*2 12. Plaintiff has provided no legal authority to support its position that in Delaware the uninsured motorist carrier is automatically bound by the principles of *res judicata* to a default judgment obtained against the third-party tort-feasor.

*2 13. On the date of the inquisition, State Farm did not appear although it had notice of the inquisition hearing. The attorneys for plaintiff and State Farm had been in communication, and I conclude that because of its answer contesting liability and plaintiff's communication to State Farm that plaintiff would not be seeking a default judgment against State Farm at the inquisition, State Farm did not believe it would be prejudiced by its non-appearance at the inquisition. Additionally, the inquisition was for the purpose of setting damages, not for the purpose of determining liability, which is the substance of State Farm's defense. Therefore, the Court refuses to accept plaintiff's proposition that State Farm's failure to appear at the inquisition, for whatever reasons, bound it not only to the determination of damages but to liability also when liability was not at issue at the inquisition hearing.

*2 Under the facts of this case, I do not accept plaintiff's position which would foreclose State Farm from its day in Court. The motion for summary judgment is denied.

*2 IT IS SO ORDERED.

> FN1. Alternatively, contrary to plaintiff's argument, the Maryland caselaw cited by plaintiff does not support her under the particular facts of this case. In *Nationwide Mut. Ins. Co. v. Webb,* Md.Ct.Sp.App., 409 A.2d 1127 (1980), it was held that the uninsured motorist carrier had a "privy" relationship to the uninsured tort-feasor and upon notice had the right to intervene and defend the alleged liability of the uninsured tort-feasor. Nationwide declined, relying on provisions in the insurance contract with its insured. The Special Court of Appeals ruled that public policy of Maryland required the Court to apply *res judicata* to Nationwide as to any defenses of the uninsured tort-feasor so long as Nationwide had notice and an opportunity to defend. In the present case, State Farm was sued. It had answered and had raised the liability issue. There has been no liability determination other than as to the non-appearing defendants.

Del.Super.,1992.
Daw v. Townsend
Not Reported in A.2d, 1992 WL 354223 (Del.Super.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Not Reported in A.2d                                                                                              Page 1
Not Reported in A.2d, 1992 WL 354223 (Del.Super.)
(Cite as: Not Reported in A.2d)

H
Daw v. TownsendDel.Super.,1992.Only the Westlaw citation is currently available.
UNPUBLISHED OPINION. CHECK COURT RULES BEFORE CITING.
Superior Court of Delaware.
Romaine N. **DAW**
v.
John R. TOWNSEND, Jr., Townsend Marketing Corporation, a Delaware Corporation, and State Farm Mutual Automobile Insurance Company
Civ. A. No. 91C-06-026.

Submitted: Aug. 21, 1992.
Decided: Oct. 22, 1992.

Jon W. Sargent, Rockville, Md.
Louis B. Ferrara, James J. Haley, Jr., Wilmington.
GRAVES, Judge.
*1 This is the Court's decision on plaintiff's Motion for Summary Judgment.

*1 1. On July 1, 1989, Romaine **Daw** ("plaintiff"), a Maryland resident, was involved in a motor vehicle accident in Sussex County, Delaware. Her vehicle was struck by a vehicle which John R. Townsend, Jr. was driving. Townsend Marketing Corporation owned this vehicle Mr. Townsend was driving. Plaintiff was injured in the automobile accident.

*1 2. On July 1, 1989, plaintiff's automobile insurance policy was with State Farm Mutual Automobile Insurance Company ("State Farm"). The plaintiff and State Farm entered into the policy in the State of Maryland. It is undisputed that plaintiff is a Maryland resident and that the vehicle she operated was registered in Maryland, garaged in Maryland and insured with State Farm under Maryland law.

*1 3. Neither John R. Townsend, Jr. nor Townsend Marketing Corporation had motor vehicle insurance at the time of the accident.

*1 4. Plaintiff filed suit in Superior Court in and for Sussex County against John R. Townsend, Jr., Townsend Marketing Corporation, and State Farm. The action against State Farm, her carrier, was to seek enforcement of the uninsured motorist coverage in her policy in the amount of $25,000.00.

*1 5. Neither John R. Townsend, Jr. nor Townsend Marketing Corporation filed an answer. State Farm filed an answer and in same, alleged the contributory negligence of plaintiff.

*1 6. Default judgment was entered as to the non-answering defendants. At inquisition, this Court set plaintiff's damages at $125,000.00.

*1 7. Plaintiff has filed a motion for summary judgment alleging that the default judgment and damages determined at the inquisition must be considered as *res judicata* against State Farm, and therefore, that plaintiff should be granted summary judgment in the amount of the uninsured coverage, i.e., $25,000.00.

*1 8. State Farm opposes the motion, arguing that the default judgment and determination of damages against the non-answering defendants cannot be considered *res judicata* as to State Farm because it properly filed an answer raising an appropriate defense and is therefore entitled to a trial on the facts as to whether or not its insured, Ms. **Daw**, was comparatively negligent in excess of 50% of the liability.

*1 9. The parties are in dispute as to whether or not the law to be applied should be that of the State of Maryland or that of the State of Delaware.

*1 10. Delaware courts apply the "most significant relationship" test to resolve conflict issues arising out of contracts. *Travelers Indem. Co. v. Lake,* Del.Supr., 594 A.2d 38 (1991). Based upon the facts of this case, it is clear that the State of Maryland is the state with the most significant relationship to the parties as to any matters concerning contract construction or interpretation.

*1 11. But this is not a question of contract interpretation or construction. The present issue

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d
Not Reported in A.2d, 1992 WL 354223 (Del.Super.)
(Cite as: Not Reported in A.2d)

Page 2

before the Court is whether or not a default judgment obtained against the tort-feasor is *res judicata* as to the uninsured motorist carrier under the factual circumstances where the uninsured motorist carrier is a party to the litigation and has filed an answer defending itself. This is a procedural question, and the law of the State of Delaware shall apply. *Friday v. Smoot*, Del.Supr., 211 A.2d 594, 595 (1965), overruled on other grounds, *Travelers Indem. Co. v. Lake, supra*.[FN1]

*2 12. Plaintiff has provided no legal authority to support its position that in Delaware the uninsured motorist carrier is automatically bound by the principles of *res judicata* to a default judgment obtained against the third-party tort-feasor.

*2 13. On the date of the inquisition, State Farm did not appear although it had notice of the inquisition hearing. The attorneys for plaintiff and State Farm had been in communication, and I conclude that because of its answer contesting liability and plaintiff's communication to State Farm that plaintiff would not be seeking a default judgment against State Farm at the inquisition, State Farm did not believe it would be prejudiced by its non-appearance at the inquisition. Additionally, the inquisition was for the purpose of setting damages, not for the purpose of determining liability, which is the substance of State Farm's defense. Therefore, the Court refuses to accept plaintiff's proposition that State Farm's failure to appear at the inquisition, for whatever reasons, bound it not only to the determination of damages but to liability also when liability was not at issue at the inquisition hearing.

*2 Under the facts of this case, I do not accept plaintiff's position which would foreclose State Farm from its day in Court. The motion for summary judgment is denied.

*2 IT IS SO ORDERED.

FN1. Alternatively, contrary to plaintiff's argument, the Maryland caselaw cited by plaintiff does not support her under the particular facts of this case. In *Nationwide Mut. Ins. Co. v. Webb*, Md.Ct.Sp.App., 409 A.2d 1127 (1980), it was held that the uninsured motorist carrier had a "privy" relationship to the uninsured tort-feasor and upon notice had the right to intervene and defend the alleged liability of the uninsured tort-feasor. Nationwide declined, relying on provisions in the insurance contract with its insured. The Special Court of Appeals ruled that public policy of Maryland required the Court to apply *res judicata* to Nationwide as to any defenses of the uninsured tort-feasor so long as Nationwide had notice and an opportunity to defend. In the present case, State Farm was sued. It had answered and had raised the liability issue. There has been no liability determination other than as to the non-appearing defendants.

Del.Super.,1992.
Daw v. Townsend
Not Reported in A.2d, 1992 WL 354223 (Del.Super.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.