# FERRY, JOSEPH & PEARCE, P. A.

ATTORNEYS AT LAW

824 MARKET STREET

SUITE 904

P. O. BOX 1351

WILMINGTON, DELAWARE 19899

(302) 575-1555

FAX (302) 575-1714

www.ferryjoseph.com

DAVID J. FERRY, JR.*
MICHAEL B. JOSEPH +
ROBERT K. PEARCE
THEODORE J. TACCONELLI *
EDWARD F. KAFADER
JOHN D. MATTEY
RICK S. MILLER
JASON C. POWELL
LISA L. COGGINS **
STEVEN G. WEILER +
THOMAS R. RIGGS

THOMAS HERLIHY, III
OF COUNSEL

ARTHUR F. DiSABATINO
(1962-2001)

(*ALSO PA BAR)
(+ALSO NJ BAR)
(**ALSO FL, MA AND NY BARS)

February 23, 2006

<u>VIA E-FILING</u>
The Honorable Gregory M. Sleet
U.S. District Court for the District of Delaware
844 N. King Street
Wilmington, DE 19801

    Re: <u>Echevarria v U-Haul International, Inc., et. al.</u>
         C. A. No. 05-284-GMS

Dear Judge Sleet:

    A Pre-Trial Conference in this matter was held on February 13, 2007. At the Conference, a question arose as to whether Defendant Roger Mayfield is entitled to contest damages and to present evidence related to the apportionment of liability at the upcoming trial, since a default has been entered against him. The Court requested that each party submit a Memorandum of Law setting forth its position on this issue. The following is Defendant Roger Mayfield's Memorandum in response to the Court's request.

    Plaintiff filed a Motion for Default pursuant to Fed.R.C.P. 55(a) against Defendant Roger Mayfield ("Mr. Mayfield") on August 15, 2005, which was granted by this Court on October 5, 2005. Mr. Mayfield filed a motion to vacate the default, which was subsequently denied by this Court. Trial is currently scheduled to begin on March 5, 2007. As will be discussed more fully herein, while Mr. Mayfield may not contest the factual allegations against him as pled in the Complaint, he is entitled participate in the trial in order to contest the damages claimed by the Plaintiff. Moreover, since the Complaint seeks to hold Mr. Mayfield and Defendant U-Haul jointly liable, Mr. Mayfiled may present evidence related to the apportionment of liability between himself and Defendant U-Haul.

A consequence of the entry of default against a defendant is that "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3rd Cir. 1990); 10 C. Wright, A. Miller, & M. Kane, *Federal Practice and Procedure*, § 2688 at 444 (2d ed. 1983)(citing *Thomson v. Wooster*, 114 U.S. 104 (1885). When a plaintiff obtains a default against a defendant as to liability, if the damages are not for "a sum certain or for a sum which can by computation be made certain, the court may conduct such hearings or order such references as it deems necessary and proper. *Comdyne I, Inc.* 908 F.2d at 1149; Fed.R.Civ.P. 55(b)(1)-(2). Claims for personal injuries are typically not "sums certain" which can "by computation be made certain;" rather, they are considered to be "unliquidated damages," which must be determined by evidentiary hearings, even when a defendant has defaulted. *Finch v. Big Chief Drilling Company*, 56 F.R.D. 456, 457-58 (E.D. Tex. 1972); *Brinton v. Gaffney*, 554 F.Supp. 388, 389 (E.D.Pa. 1983).

Furthermore, where a plaintiff has demanded a trial by jury pursuant to Fed.R.Civ.P. 38(b), a defendant who has defaulted as to liability is entitled to a trial by jury on the issue of damages. *See generally Kormes v. Weis, Voisin & Co., Inc.*, 61 F.R.D. 608 (E.D.Penn. 1974); *Hutton v. Fisher*, 359 F.2d 913, 916 (3d. Cir. 1966)(noting, "For even one who fails to contest liability on an unliquidated claim has a vital interest in the subsequent determination of damages and is entitled to be heard on that matter.") Finally, in a hearing to determine damages, a defaulting defendant may not deny or dispute any of the material facts adjudicated against him by the default, but is entitled to present evidence to determine the extent of its liability and to apportion liability among any co-defendants. *See generally Fehlhaber v. Indian Trails, Inc.*, 45 F.R.D. 285 (D.Del. 1968); *Comdyne I, Inc.*, 908 F.2d at 1149.

In the case at hand, there is no question that Mr. Mayfield may not contest the well-pled factual allegations against him in the Complaint since a default as been entered against him. In effect, he may not dispute that he was negligent as alleged in the Complaint. However, Plaintiff's personal injury claims are clearly not "liquidated," and the amount, if any, of her damages remains to be determined at trial. Furthermore, Plaintiff demanded a jury trial when she filed her Complaint. Mr. Mayfield has never consented to a withdrawal of the jury demand, as the Plaintiff has never made any attempt to have the issue adjudicated otherwise. Accordingly, as discussed, *supra*, Mr. Mayfield is certainly entitled to participate in the jury trial for the purpose of contesting the damages.

Moreover, pursuant to *Indian Trails*, Mr. Mayfield may present evidence related to the apportionment of liability between himself and Defendant U-Haul since the Plaintiff seeks to hold them jointly liable for her alleged injuries. In *Indian Trails*, the third party defendant had a default entered against it, and later, at trial, the third party plaintiff was found to be liable to the Plaintiff. 45 F.R.D. at 286. The third party plaintiff argued that it was entitled to a judgment for contribution from the defaulting third party defendant amounting to the entire judgment assessed against it. *Id.* The third party defendant argued that the default operated only to admit liability, leaving unresolved the extent of liability. *Id.* The Court agreed, and ultimately ordered a hearing pursuant to Fed.R.C.P. 55(b)(2) in order to "assure an equitable distribution of the common liability," since the issue had not been fairly addressed at trial. *Indian Trails*, 45 F.R.D. at 287.

Similarly, in the case at bar, the jury will be required to apportion liability among the defendants. It is important to note that Mr. Mayfield's participation with respect to this aspect of the case will not affect the Plaintiff's cause of action; by operation of the default, Mr. Mayfield will be liable for any amount awarded to the Plaintiff. Mr. Mayfeld would be participating in order to determine whether, and to what extent, the other defendants are also liable to the Plaintiff. In other words, he should be able to participate in order to "assure an equitable distribution of the common liability."

## CONCLUSION

For the foregoing reasons, Defendant Roger Mayfield respectfully submits that he is entitled to participate at trial for the limited purposes of contesting the amount of damages, and apportioning liability among the co-defendants.

Respectfully,
/s/Robert K. Pearce
Robert K. Pearce

RKP/mec

cc: Roger D. Landon, Esq.
Steven L. Caponi, Esq.
Robert J. Leoni, Esq.
Michael James Logullo
Frank Lococo, Esquire
Clerk of the Court