IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SARA S. ECHEVARRIA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 05-284 (GMS) |
| ) | |
| U-HAUL CO. OF FLORIDA, ) | |
| ROGER MAYFIELD, and NATIONWIDE ) | |
| GENERAL INSURANCE COMPANY, ) | |
| ) | |
| Defendants. ) | |

## ORDER

WHEREAS, on February 13, 2007, the court held a pretrial conference in the above-captioned matter;

WHEREAS, during the course of the pretrial conference the parties raised several issues, including whether Nationwide General Insurance Company ("Nationwide"), as Sara S. Echevarria's ("Echevarria") uninsured/underinsured motorist ("UM/UIM") carrier, is bound by the defendant Roger Mayfield's ("Mayfield") default in this action;

WHEREAS, the court directed the parties to meet and confer on the issue and, if they could not reach agreement, to file letter memoranda stating their positions and citing authority;

WHEREAS, on February 23, 2007, Nationwide, Echevarria, and U-Haul Co. of Florida ("U-Haul Florida") submitted letter memoranda (D.I. 80, 82, 83) stating their respective positions on the issue and citing authority;

WHEREAS, the Delaware Supreme Court in *Sutch v. State Farm Mut. Auto Ins. Co.*, 622 A.2d 17 (Del. 1995), following several courts from other jurisdictions, has held that Delaware's UM/UIM statute "do[es] not mandate that an insurer be bound by a default judgment against the

tortfeasor in all circumstances"[1];

WHEREAS, the Delaware Supreme Court further held that an "insurer will be bound by the default judgment only where the insurer 'had full notice and adequate opportunity to intervene and present any defenses and arguments necessary to protect its position,'" and did not so intervene and defend[2]; and

WHEREAS, after having considered the parties positions, as well as the relevant law, the court concludes that Nationwide has properly appeared in this action, and presented defenses and arguments necessary to protect its position[3];

IT IS HEREBY ORDERED that:

1. Nationwide shall be given the opportunity to defend itself in this matter as though Mayfield is not in default.

---

[1] 622 A.2d at 21.

[2] *Id.* (citing *Champion Ins. Co. v. Denney*, 555 So.2d 137, 139 (Ala. Super. 1989)); *see Daw v. Townsend*, Civ. A. No. 91C-06-026, 1992 WL 354223 (Del. Super. Oct. 22, 1992) (finding that UM/UIM carrier was not bound by a default judgment obtained against a third-party tortfeasor when it answered the complaint and raised issue with respect to liability).

[3] U-Haul Florida argues that Nationwide could have preserved its position by filing an answer on behalf of Mayfield, or asking the court to refrain from entering a default while it sought to obtain Mayfield's appearance. The court disagrees, because having Nationwide enter its appearance, or litigate, on behalf of Mayfield could result in a conflict of interest and ethical issues. The following is an illustration of the conflict of interest that could arise in this case: (1) Nationwide enters its appearance on Mayfield's behalf prior to his default; (2) the case proceeds to trial and the jury awards Echevarria a substantial amount; (3) Nationwide files a lawsuit against Mayfield; and (4) Nationwide now alleges that Mayfield was negligent, when previously it had argued that Mayfield was innocent. *See* Eric Mills Holmes, Appleman on Insurance 2d § 149.5, at 165-67 (2004) (illustrating conflicts that may arise in this type of litigation, as well as ethical considerations, such as whether an attorney hired by the insurance company can ethically appear for a client whom that attorney has never seen).

2.   The jury shall determine both Mayfield's and U-Haul Florida's liability, but the jury verdict will not effect the determination that the court has already made with respect to Mayfield.

3.   The court will hold a subsequent hearing to determine the apportionment of any awarded damages between the defendants.

Dated: February 27, 2007                                              /s/ Gregory M. Sleet
                                                                                    UNITED STATES DISTRICT JUDGE