IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SARA S. ECHEVARRIA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | Civil Action No. 05-284 (GMS) |
| U-HAUL CO. OF FLORIDA, ) | |
| ROGER MAYFIELD, and NATIONWIDE ) | |
| GENERAL INSURANCE COMPANY, ) | |
| ) | |
| Defendants. ) | |

### ORDER

WHEREAS, on February 13, 2007, the court held a pretrial conference in the above-captioned matter;

WHEREAS, U-Haul Co. of Florida ("U-Haul Florida") filed a motion in limine (D.I. 72) to exclude the testimony of Sara S. Echevarria's ("Echevarria") expert, which the court granted;

WHEREAS, as a result of the exclusion of Echevarria's expert, U-Haul Florida contended that Echevarria could not maintain her claim against it for strict tort liability;

WHEREAS, the court directed the parties to meet and confer on the issue and, if they could not reach agreement, to file letter memoranda stating their positions and citing authority;

WHEREAS, on February 23, 2007, Echevarria and U-Haul Florida filed letters (D.I. 81, 83) setting forth their positions with respect to the issue;

WHEREAS, after having considered the parties submissions, as well as the relevant law, the court concludes that Echevarria can maintain a claim for strict tort liability against U-Haul in this action[1];

---

[1] *See Martin v. Ryder Truck Rental, Inc.*, 353 A.2d 581 (Del. 1976) (holding that strict tort liability is applicable to a bailment-lease). U-Haul Florida argues that Delaware's legislature

WHEREAS, U-Haul Florida's letter further asserts that Echevarria cannot maintain her claims for negligence and breach of warranty against it, based on its research and reading of the relevant case law; and

WHEREAS, the court concludes that it will not address the additional issues raised by U-Haul Florida's letter – really a stealth motion for summary judgment filed too late in the day – as the court directed the parties to address only the issue of strict liability;

IT IS HEREBY ORDERED that:

1. The plaintiff can maintain a claim against U-Haul Florida for strict liability. U-Haul Florida's letter request (D.I. 83) for dismissal of the plaintiff's strict liability claim is DENIED.

---

has pre-empted the common law doctrine of strict liability for lease transactions. However, no Delaware court has definitively ruled on the issue. *Baylis v. Red Lion Group*, No.-06-1010, 2007 WL 188879, at * 2 n.6 (3d Cir. Jan 27, 2007). In other words, no Delaware court has issued an opinion overruling *Martin*, a fact that U-Haul Florida concedes in its letter. Accordingly, Echevarria's claim stands because *Martin* is still good law.

U-Haul Florida also argues that Echevarria cannot produce any evidence to meet her burden for establishing strict liability under Delaware Law. *See Baylis v. Red Lion Group*, No. Civ. A. 04-1462-KAJ, 2005 WL 3309613, at * 3 ("Where there is no direct evidence of a manufacturing defect based on expert examination of the product, a plaintiff may make out a circumstantial prima facie case that the product was defective by showing '(1) a malfunction and (2) evidence eliminating abnormal use or reasonable secondary causes for the malfunction.'") U-Haul Florida, however, did not file a motion for summary judgment with respect to Echevarria's strict liability claim. As such, the court will not entertain arguments pertaining to the sufficiency of Echevarria's circumstantial evidence at this time. Indeed, the only issue that the court can recall from the pretrial conference is whether Echevarria is entitled to advance a strict liability claim without an expert. Here, the court has already determined that she is entitled to such a claim.

    2.    The court will not address any other issues raised by U-Haul Florida in its February 23, 2007 letter submission.

Dated: February 27, 2007                      /s/ Gregory M. Sleet
                                                      UNITED STATES DISTRICT COURT