IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SARA S. ECHEVARRIA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-284 (GMS) |
| | ) | |
| U-HAUL CO. OF FLORIDA, | ) | |
| ROGER MAYFIELD, and NATIONWIDE | ) | |
| GENERAL INSURANCE COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

WHEREAS, on February 13, 2007, the court held a pretrial conference in the above-captioned matter;

WHEREAS, during the course of the pretrial conference the parties raised several issues, including whether Roger Mayfield ("Mayfield"), a defendant in default, is entitled to contest damages and to present evidence related to the apportionment of damages at the jury trial scheduled to begin on March 5, 2007;

WHEREAS, the court directed the parties to meet and confer on the issue and, if they could not reach agreement, to file letter memoranda stating their positions and citing authority;

WHEREAS, on February 23, 2007, Mayfield filed a letter (D.I. 84), asserting that he is entitled to participate in the jury trial of this matter;

WHEREAS, the Third Circuit has noted that the provisions of Rules 38 and 39 of the Federal Rules of Civil Procedure, concerning notice and consent in connection with requests for, and waivers

of, a jury trial "are not expressly made applicable to default situations in which damages must be tried"[1];

WHEREAS, the Third Circuit has also noted that "even one who fails to contest liability on an unliquidated claim has a vital interest in the subsequent determination of damages and is entitled to be heard on that matter"[2];

WHEREAS, the Third Circuit, however, has not held that a defendant in default is entitled to a jury trial on the damages issue[3];

WHEREAS, the court concludes that it will hold a bench hearing in the present case to determine the apportionment of awarded damages after the jury trial on liability[4]; and

---

[1] *Hutton v. Fisher*, 259 F.2d 913, 916 (3d Cir. 1966).

[2] *Id.*

[3] In *Hutton*, the Third Circuit discussed, in dicta, the possible applicability of jury trials on damages when a defendant has defaulted. In that case, the court pointed to an unintentional misrepresentation of fact made by the plaintiff's counsel to the judge regarding an informal agreement between the parties. *Id.* at 915. According to the court, the entry of default would have been avoided or quickly challenged, but for the misrepresentation. *Id.* Additionally, the court stated that one of the defendants was a minor, and that Rule 55 of the Federal Rules of Civil Procedure prohibits the entry of a default judgment against a minor. *Id.* Further, the plaintiff demanded a jury trial and then subsequently moved for and obtained an order for a non-jury hearing to assess damages. *Id.* at 916. The plaintiff again changed his position later in the case, and moved for and obtained an order for a jury trial on the issue of damages. *Id.* Both orders were issued without notice to the defendants. *Id.* It is under these circumstances that the court discussed the jury trial issue and noted that while not expressly made applicable to default, the requirements of consent and notice for jury trial waivers should be applied to "cases of the present type." *Id.* Accordingly, *Hutton* is distinguishable from the present case on its facts. It is also noteworthy that the court vacated the default, but did not order a new trial on damages. *Id.* at 917.

[4] The court further questions whether an attorney-client relationship can exist between an attorney who was hired by the insurance company that insured Mayfield under his rental agreement with U-Haul, and has never met or spoken to Mayfield. *See* Eric Mills Holmes, Appleman on Insurance 2d § 149.5, at 165-67 (2004) (illustrating ethical issue that can arise

WHEREAS, the court further concludes that Mayfield is not entitled to participate in the jury trial, but is entitled to participate in the bench hearing regarding damages;

IT IS HEREBY ORDERED that:

1. Mayfield's letter request (D.I. 84) to participate in the jury trial of this matter is DENIED.

2. The court will hold a subsequent bench hearing, in which Mayfield is entitled to participate,[5] to determine the apportionment of liability between Mayfield and the other defendants.

Dated: March 1, 2007

/s/ Gregory M. Sleet
UNITED STATES DISTRICT JUDGE

---

when an attorney hired by the insurance company appears on behalf of a client whom he or she has never seen). During the pretrial conference, Mayfield's attorney stated that he "has never spoken to Mr. Mayfield." (Transcript of February 13, 2007 pretrial conference ("Tr") at 60:7-9.) Based on this statement, the court questions whether any attorney-client relationship exists, or has ever existed, between Mayfield and counsel hired by Republic Western Insurance. However, the court is unwilling to make a determination on the issue at the present time, without the benefit of further input from Mayfield's purported attorney.

[5] The court recognizes that Mayfield is entitled to participate in the damages hearing, but expresses no opinion at this time with respect to whether Mayfield's current attorney will be entitled to participate in the hearing, given the court's concern as to whether an attorney-client relationship actually exists.