## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SARA S. ECHEVARRIA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) NO.: 05-284 GMS |
| U-HAUL INTERNATIONAL, INC., | ) |
| ROGER MAYFIELD, NATIONWIDE | ) |
| GENERAL INSURANCE COMPANY, U- | ) |
| HAUL CO. OF ARIZONA, U-HAUL CO. | ) |
| OF COLORADO and U-HAUL CO. OF | ) |
| FLORIDA, | ) |
| | ) |
| Defendants. | ) |

### DEFENDANT U-HAUL CO. OF FLORIDA'S MOTION FOR
### JUDGMENT AS A MATTER OF LAW

Defendant, U-Haul Co. of Florida (hereinafter "Defendant" or "U-Haul"), by and through

its attorneys, hereby moves this Honorable Court for judgment as a matter of law pursuant to

Rule 50 of the Federal Rules of Civil Procedure as no reasonable jury would have a legally

sufficient evidentiary basis to find for Plaintiff on any of her claims. In support of the motion,

Defendant states as follows:

### ARGUMENT

### I.    LEGAL STANDARD FOR JUDGMENT AS A MATTER OF LAW.

Rule 50(a) of the Federal Rules of Civil Procedure provides, in relevant part,

> If a party has been fully heard on an issue during a jury trial and
> the court finds that a reasonable jury would not have a legally
> sufficient evidentiary basis to find for the party on that issue, the
> court may . . . resolve the issue against the party; and . . . grant a
> motion for judgment as a matter of law against the party on a claim
> or defense that, under the controlling law, can be maintained or
> defeated only with a favorable finding on that issue.

Fed. R. Civ. Proc. 50(a). *See also Walter v. Holiday Inns, Inc.*, 985 F.2d 1232 (3d Cir. 1993). In analyzing such motions, federal courts seek to determine "not whether there is literally no evidence supporting the party against whom the motion is directed but whether there is evidence upon which the jury could properly find a verdict for that party." *Id.* at 1238 (citations omitted).

A.    **The Evidence Fails to Establish That a Negligent Act By U-Haul Is The Only Possible Cause of Plaintiff's Injuries.**

With Plaintiff having rested her case, the **only** evidence before the jury to suggest that U-Haul may have acted negligently is: (i) Roger Mayfield's testimony regarding a loosening hand wheel on the trailer hitch; and (ii) the mere fact that an accident occurred. The Delaware Supreme Court, however, has unequivocally stated that this type of circumstantial evidence is insufficient to permit the issue of negligence to proceed to a jury. Accordingly, Plaintiff cannot meet her burden of establishing negligence.

It is a statement of the obvious to note that "negligence is never presumed. It must be proven." *Joseph v. Jamesway Corp.*, 1997 Del. Super LEXIS 264, *10 (Del. Super. 1997). Proof of negligence can be established through either direct or circumstantial evidence. *Ciociola v. Delaware Coca Cola Bottling Co.*, 172 A.2d 252 (Del. 1961). By attempting to carry her burden of proof using circumstantial evidence Plaintiff faces a higher burden. As noted in a recent Delaware Superior Court decision:

> In order to prove defendant's negligence by circumstantial evidence … it is necessary that the conclusion of negligence be the **only** inference possible from the admitted circumstances.

*Austin v. Happy Harry's, Inc.*, 2006 Del. Super. LEXIS 515 (Del. Super. 2006) *quoting Ciociola v. Delaware Coca Cola Bottling Co.*, 172 A.2d 252 (Del. 1961)(emphasis added).

Plaintiff cannot establish U-Haul's negligence using circumstantial evidence because she has failed to carry her burden of affirmatively excluding all other possible causes for the accident. While Mayfield's testimony regarding the loose handwheel, if believed, may provide a basis for alleging U-Haul was negligent in renting the trailer, Plaintiff clearly has not proven that negligence by U-Haul is the only inference possible from the admitted evidence. For example, plaintiff has failed to rebut U-Haul's liability expert, Mr. Leonard, who testified that the coupler mechanism at issue was not defective or damaged, and in fact was working properly. Plaintiff also failed to rebut the evidence showing Mayfield was negligent by failing to have the mechanism repaired or the trailer replaced before proceeding on his journey, even if his testimony can be believed. Furthermore, Plaintiff's now dismissed expert admitted and Mr. Leonard testified that it was possible Mayfield caused the accident by failing to properly attach the coupler mechanism and safety chains.

Even under the most favorable examination of the evidence, Plaintiff has at most shown that negligence by Mr. Mayfield or U-Haul are equally plausible conclusions based on the circumstantial evidence. This, however, is not enough for this case to proceed to the jury. For, the Delaware Supreme Court has stated that:

> [i]f, therefore, the proven circumstances are as consistent with the absence of negligence as with the existence of negligence, neither conclusion can be said to have been established by legitimate proof and the issue may not therefore be submitted to the jury.

*Ciociola,* 172 A.2d at 487-88. In light of the facts in evidence, Plaintiff cannot be permitted to submit the issue of U-Haul's alleged negligence to the jury.

Even if, however, the Court were to find Plaintiff has eliminated all other causes for the accident, Plaintiff still has not met her burden of showing that any conduct by U-Haul was the

proximate cause of her injuries. In Delaware, the plaintiff must show that the injury would not have occurred "but for" the defendant's conduct, and, if the injury would have occurred regardless of the defendant's conduct, then the defendant's conduct is not the cause of the injury. *Drummond*, 365 F. Supp. 2d at 585. In order to satisfy the "but for" test, proximate cause must be one that occurs "in a natural continuous sequence, unbroken by any intervening cause, produces the injury and without which the result would not have occurred." *Id.* (citations omitted).

It is undisputed that Mayfield was the last person to hook up the trailer to the truck prior to the accident. (*See, e.g.*, Mayfield Dep. Designations at 74-76). Therefore, Mayfield's actions, of unhooking and reattaching the trailer on his own accord, constitute an intervening cause, that broke the natural and continuous sequence of events from the delivery of the truck and trailer to Mayfield, and the collision. Clearly, Plaintiff has failed to provide any evidence, let alone sufficient evidence, upon which this reasonable jury could find U-Haul negligent.

### B.   Plaintiff Cannot Sustain a Claim for Strict Liability

As with negligence, a plaintiff can only support a claim for strict liability related to a defective product by proving that a defect was the only plausible cause of the plaintiff's injuries. *See, e.g., Baylis v. Red Lion Group, Inc.*, No. Civ. A. 04-1462-KAJ, 2005 WL 31773 (D. Del. Dec. 7, 2005) (citations omitted). In *Baylis*, this Court, applying Delaware law, held that "[w]here there is no direct evidence of a manufacturing defect based on expert examination of the product, a plaintiff may make a circumstantial *prima facie* case that the product was defective by showing (1) a malfunction and (2) evidence eliminating abnormal use or reasonable

secondary causes for the malfunction." *Baylis*, 2005 U.S. Dist. LEXIS 31773 at \*7 (citations and internal quotation marks omitted).[1]

As a result of this Court's ruling that excluded Plaintiff's expert, Plaintiff must rely solely on the testimony of Mayfield and the fact that an accident occurred in proving that the U-Haul trailer rented to Mayfield was defective. The circumstantial evidence presented by Plaintiff is wholly insufficient under Delaware law and Plaintiff has not, as a matter of law, sustained her burden. At best, Mayfield's testimony regarding the loose hand wheel, if believed, may provide a basis for alleging a "malfunction" of the coupler mechanism, but it does not establish a defect. In contrast to alluding to a defect, U-Haul's liability expert, Mr. Leonard, whose testimony is un-rebutted, stated that the coupler mechanism was not defective and was in proper working order at the time of the accident.

Furthermore, Plaintiff has not produced any evidence that eliminates the "abnormal use or reasonable secondary causes for the malfunction." Plaintiff was also unable to show that the product left U-Haul in a defective condition and was in that same condition at the time of the accident. Rather, the facts clearly show that Mayfield altered the truck/trailer combination before the accident occurred. Simply put, Plaintiff has not presented any evidence to disprove that the accident was caused by anything other than Mayfield's negligent unhooking and improper re-hooking of the trailer to the truck. As such, Defendant is entitled to judgment as a matter of law.

---

[1] *See also Dilenno v. Libbey Glass Div.*, 668 F. Supp. 373 (D. Del. 1987) (finding expert's opinion that the jar had to have been defective to shatter the way it did was insufficient to show a defect and simply showing the accident occurred did not show a manufacturing defect); *Fatovic v. Chrysler Corp.*, No. Civ.A. 00C08299 HLA, 2003 Del. Super. LEXIS 442 (Feb. 28, 2003) (granting summary judgment because Plaintiff failed to negate other reasonable causes of the product's malfunction through circumstantial evidence or expert testimony); *Joseph v. Jamesway Corp.*, No. Civ. 93C-12-182-JOH, 1997 Del. Super. LEXIS 264 (July 9, 1997) (holding that merely showing that the bicycle at issue had broken was insufficient to show that it was defective and that Plaintiff's use of circumstantial evidence did not show that negligence was the only possible inference).

## CONCLUSION

U-Haul Co. of Florida respectfully requests this Honorable Court for the entry of an Order of Judgment as a matter of law in its favor under Rule 50 of the Federal Rules of Civil Procedure and for such other and further relief as this Court deems appropriate and just.

Dated this 7th day of March, 2007.

BLANK ROME LLP

Steven L. Caponi  (I.D. No. 3484)
1201 Market Street, Suite 800
Wilmington, DE 19801
Telephone:  (302) 425-6400

Attorneys for U-Haul Co. of Florida