*[handwritten: Filed in open Court on 3/8/07 by Judge Sleet]*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SARA S. ECHEVARRIA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO.: 05-284 GMS |
| | ) | |
| ROGER MAYFIELD, NATIONWIDE | ) | |
| GENERAL INSURANCE COMPANY | ) | TRIAL BY JURY DEMANDED |
| and U-HAUL CO. OF FLORIDA, | ) | |
| | ) | |
| Defendants. | ) | |

### FINAL JURY INSTRUCTIONS

March _d_, 2007

**APPENDIX A**
**PROPOSED JURY INSTRUCTIONS**
<u>**TABLE OF CONTENTS**</u>

<u>Instruction</u>                                                                                                          <u>Page</u>

Jury Instruction No. 1 Introduction ................................................................................. 1, 2

Jury Instruction No. 2 Multiple Defendants ................................................................... 3

Jury Instruction No. 3 Evidence Defined......................................................................... 4

Jury Instruction No. 4 Direct and Circumstantial Evidence ................................................ 5

Jury Instruction No. 5 Consideration of Evidence........................................................... 6

Jury Instruction No. 6 Statements of Counsel ................................................................ 7

Jury Instruction No. 7 Credibility of Witnesses.............................................................. 8

Jury Instruction No. 8 Preponderance of Evidence ........................................................ 9

Jury Instruction No. 9 "If You Find," or "If You Decide" ................................................ 10

Jury Instruction No. 10 Inferences Defined .................................................................... 11

Jury Instruction No. 11 Number of Witnesses.................................................................. 12

Jury Instruction No. 12 Opinion Evidence -- Expert Witness.......................................... 13

Jury Instruction No. 13 Depositions -- Use as Evidence ................................................ 14

Jury Instruction No. 14 Impeachment -- Inconsistent Statements
or Conduct -- Falsus in Uno........................................................................................... 15

Jury Instruction No. 15 Effect of Prior Inconsistent Statements
or Conduct By a Witness Not a Party -- By a Party......................................................... 16

Jury Instruction No. 16 All Available Evidence Need Not Be Produced .......................... 17

Jury Instruction No. 17 Plaintiff's Claim -- Damages for Personal Injuries -- Negligence............... 18

Jury Instruction No. 18 Unintentional Tort -- Negligence -- Defined............................... 19

i

Jury Instruction No. 19 Ordinary Care............................................................................. 20

Jury Question No. 20 Ordinary Care -- A Relative Term.................................................. 21

Jury Question No. 21 "Proximate Cause" -- Defined ...................................................... 22

Jury Question No. 22 Joint Tortfeasors ........................................................................... 23

Jury Instruction No. 23 Damages Claimed for Personal Injuries -- In General ...........................24, 25

Jury Instruction No. 24 Compensatory Damages ............................................................ 26

Jury Instruction No. 25 Inference form Fact of Accident................................................. 27

Jury Instruction No. 26 Effect of Instruction as to Damages............................................ 28

Jury Instruction No. 27 Expert Opinion Must be to a Reasonable Probability................................. 29

Jury Instruction No. 28 Statements Made by Patient to Doctor
- - Subjective and Objective Symptoms............................................................................. 30

Jury Instruction No. 29 Deliberation and Verdict............................................................. 31

Jury Instruction No. 30 Unanimous Verdict ..................................................................... 32

Jury Instruction No. 31 Duty to Deliberate...................................................................... 33

Jury Instruction No. 32 Court Has No Opinion ................................................................ 34

**Jury Instruction No. 1 Introduction**

Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case.

Each of you has been provided a copy of these instructions. You may read along as I deliver them if you prefer, however, I would encourage you to focus your attention on me while the instructions are being read. You will be able to take your copies with you into your deliberations and refer to them at that time, if necessary.

I will start by explaining your duties and the general rules that apply in every civil case.

Then I will explain some rules that you must use in evaluating particular testimony and evidence.

I will explain the positions of the parties and the law you will apply in this case.

Finally, I will explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return.

Please listen very carefully to everything I say.

Members of the Jury, it is important that you bear in mind the distinction between your duties and my duties. You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you saw and heard here in court. You are the sole judges of the facts. It is your judgment, and your judgment alone, to determine what the facts are, and nothing I have said or done during this trial was meant to influence your decisions about the fact in any way.

Your second duty is to take the law that I give you, apply it to the fact, and decide if, by a preponderance of the evidence, the defendants are liable.

Now, as far as my duty is concerned, I have the duty of advising you about the law that you

1

should apply to the facts as you find them. You are not to consider whether the principles I state to you are sound or whether they accord with your own views about the policy. You are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. You must accept them despite how you feel about their wisdom. This includes the instructions that I gave you before and during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

Perform these duties fairly. Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

**Jury Instruction No. 2 Multiple Defendants**

Although there are several defendants in this action, it does not follow from that fact alone that if one is liable, all are liable.  Each defendant is entitled to a fair consideration of his own defense, and is not to be prejudiced by the fact, if it should become a fact, that you find against the other.  Unless otherwise stated, all instructions given you govern the case as to each defendant.

**Jury Instruction No. 3 Evidence Defined**

You must make your decision based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath, the exhibits that I allowed into evidence, and the stipulations to which the lawyers agreed.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. The arguments of the lawyers are offered solely as an aid to help you in your determination of the facts. Their questions and objections are not evidence. My legal rulings are not evidence. My comments and questions are not evidence.

During the trial I may have not let you hear answers to some of the questions the lawyers asked. I may also have ruled that you could not see some of the exhibits that the lawyers wanted you to see. You must completely ignore all of these things. Do not speculate about what a witness might have said or what an exhibit might have shown. These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

Make your decision based only on the evidence, as I have defined here, and nothing else.

4

**<u>Jury Instruction No. 4 Direct and Circumstantial Evidence</u>**

You have heard the terms direct and circumstantial evidence.

Direct evidence is like the testimony of an eyewitness which, if you believe it, directly proves a fact. If a witness testified that she saw it raining outside, and you believed her, that would be direct evidence that it was raining.

Circumstantial evidence is a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one, nor does it say that one is any better than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

**Jury Instruction No. 5 Consideration of Evidence**

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to conclusion, you are free to reach that conclusion.

**Jury Instruction No. 6 Statements of Counsel**

A further word about statements and arguments of counsel. The attorney's statements and arguments are not evidence. Instead, their statements and arguments are intended to help you review the evidence presented. If you remember the evidence differently from the attorneys, you should rely on your own recollection

The role of attorneys is to zealously and effectively advance the claims of the parties they represent within the bounds of the law. An attorney may argue all reasonable conclusions from evidence in the record. It is not proper, however, for an attorney to state an opinion as to the truth or falsity of any testimony or evidence. What an attorney personally thinks or believes about the testimony or evidence in a case is not relevant, and you are instructed to disregard any personal opinion or belief concerning testimony or evidence that an attorney has offered during opening or closing statements, or at any other time during the course of the trial.

**Jury Instruction No. 7 Credibility of Witness**

You are sole judges of each witness's credibility. You should consider each witness' means of knowledge; strength or memory; opportunity to observe; how reasonable or unreasonable the testimony is; whether it is inconsistent; whether it has been contradicted; the witness' biases, prejudices, or interests; the witness' manner or demeanor on the witness stand; and all circumstances that, according to the evidence, could affect the credibility of the testimony.

If you find the testimony to be contradictory, you must try to reconcile it, if reasonably possible, so as to make one harmonious story of it all. But if you can't do this, then it is your duty and privilege to believe the testimony that, in your judgment, is most believable and disregard any testimony that, in your judgment, is not believable.

In determining the weight to give the testimony of a witness, you should ask yourself whether there is evidence tending to prove that the witness testified falsely about some important fact, or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something that was different from the testimony he or she gave at trial. You have the right to distrust such witness' testimony in other particulars and you may reject all or some of the testimony of that witness or give it such credibility as you may think it deserves.

You should remember that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth. People may tend to forget some things or remember other things inaccurately. If a witness has made a misstatement, you must consider whether it was simply an innocent lapse of memory or an intentional falsehood, and that may depend upon whether it concerns an important fact or an unimportant detail.

This instruction applies to all witnesses.

**Jury Instruction No. 8 Preponderance of Evidence**

The burden is on the plaintiff in a civil action, such as this, to prove every essential element of her claim by a preponderance of the evidence. That burden, then, rests with Sara Echevarria. If the proof should fail to establish any single essential element of her claims by a preponderance of the evidence in this case, the jury should find for the defendants as to that claim.

To "establish by a preponderance of the evidence" means to prove that something is more likely so than not so. In other words, a preponderance of the evidence in the case means such evidence as, when considered and compared with that opposed to it, has more convincing force, and produces in your minds belief that what is sought to be proved is more likely true than not true. This rule does not, of course, require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

In determining whether any fact in issue has been proved by a preponderance of the evidence in the case, the jury may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

9

**Jury Instruction No. 9 "If You Find," or "If You Decide"**

When I say in these instructions that a party has the burden of proof on any proposition, or use the expression "if you find," or "if you decide," I mean you must be persuaded, considering all the evidence in the case, that the proposition is more probably true than not true.

**Jury Instruction No. 10 Inferences Defined**

You are to consider only the evidence in the case. But in your consideration of the evidence you are not limited to the bald statements of the witnesses. In other words, you are not limited to what you see and hear as the witnesses testify. You are permitted to draw, from facts which you find have been proved, such reasonable inferences as seem justified in the light of your experience.

Inferences are deductions or conclusions which reason and common sense lead the jury to draw from facts which have been established by the evidence in the case.

**Jury Instruction No. 11 Number of Witnesses**

One more point about the witnesses. Sometimes jurors wonder if the number of witnesses who testified makes any difference.

Do not make any decisions based only on the number of witnesses who testified. What is more important is how believable the witnesses were, and how much weight you think their testimony deserves. Concentrate on that, not the numbers.

**Jury Instruction No. 12 Opinion Evidence -- Expert Witness**

      The rules of evidence ordinarily do not permit witnesses to testify as to opinions or conclusions.    An exception to this rule exists as to those whom we call "expert witnesses." Witnesses who, by education and experience, have become expert in some art, science, profession, or calling, may state their opinions as to relevant and material matters, in which they profess to be expert, and may also state their reasons for the opinion.

      You should consider each expert opinion received in evidence in this case, and give it such weight as you may think it deserves.    If you should decide that the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude that the reasons given in support of the opinion are not sound, or if you feel that it is outweighed by other evidence, you may disregard the opinion entirely.

## Jury Instruction No. 13 Depositions -- Use as Evidence

During the trial of this case, certain testimony has been presented to you by way of deposition, consisting of sworn recorded answers to questions asked of the witness in advance of the trial by one or more of the attorneys for the parties to the case. The testimony of a witness who, for some reason, cannot be present to testify from the witness stand may be presented in writing under oath. Such testimony is entitled to the same consideration, and is to be judged as to credibility, and weighed, and otherwise considered by the jury, in so far as possible, in the same way as if the witness had been present, and had testified from the witness stand.

**Jury Instruction No. 14 Impeachment -- Inconsistent Statements or Conduct -- Falsus in Uno Falsus in Omnibus**

A witness may be discredited or impeached by contradictory evidence; or by evidence that at some other time the witness has said or done something, or has failed to say, or do something which is inconsistent with the witness' present testimony.

If you believe any witness has been impeached and thus discredited, it is your exclusive province to give the testimony of that witness such credibility, if any, as you may think it deserves.

If a witness is shown knowingly to have testified falsely concerning any material matter, you have a right to distrust such witness's testimony in other particulars and you may reject all the testimony of that witness or give it such credibility as you may think it deserves.

An act or omission is "knowingly" done, if voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

**Jury Instruction No. 15 Effect of Prior Inconsistent Statements or Conduct -- By a Witness Not a Party -- By a Party**

Evidence that at some other time a witness, not a party to this action, has said or done something which is inconsistent with the witness' testimony at the trial, may be considered for the sole purpose of judging the credibility of the witness but may never be considered as evidence of proof of the truth of any such statement.

Where, however, the witness is a party to the case, and by such statement, or other conduct, admits some fact or facts against his interest, then such statement or other conduct, if knowingly made or done, may be considered as evidence of the truth of the fact or facts so admitted by such party, as well as for the purpose of judging the credibility of the party as a witness.

An act or omission is "knowingly" done, if done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

**Jury Instruction No. 16 All Available Evidence Need Not Be Produced**

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial. Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in the case.

**Jury Instruction No. 17 Plaintiff's Claim – Damages for Personal Injuries – Negligence**

The plaintiff in this case claims damages for personal injuries, alleged to have been suffered as a result of negligence on the part of the defendants.

## Jury Instruction No. 18 Unintentional Tort – Negligence – Defined

Negligence is the lack of ordinary care, that is, the absence of the kind of care a reasonably prudent and careful person would exercise in similar circumstances. That standard is your guide. If a person's conduct in a given circumstance doesn't measure up to the conduct of an ordinarily prudent and careful person, then that person was negligent. On the other hand if the person's conduct does measure up to the conduct of a reasonably prudent and careful person, the person wasn't negligent.

## Jury Instruction No. 19 Ordinary Care

Ordinary care is that care which reasonably prudent persons exercise in the management of their own affairs, in order to avoid injury to themselves or their property, or the persons or property of others.

**Jury Instruction No. 20 Ordinary Care – A Relative Term**

Ordinary care is not an absolute term, but a relative one. That is to say, in deciding whether ordinary care was exercised in a given case, the conduct in question must be viewed in the light of all the surrounding circumstances, as shown by the evidence in the case.

**Jury Instruction No. 21 "Proximate Cause" – Defined**

A party's negligence, by itself, is not enough to impose legal responsibility on that party. Something more is needed: the party's negligence must be shown by a preponderance of the evidence to be a proximate cause of the injuries.

Proximate cause is a cause that directly produces the harm, and but for which the harm would not have occurred. A proximate cause brings about, or helps to bring about, the injuries, and it must have been necessary to the result.

22

**Jury Instruction No. 22 Joint Tortfeasors**

If two or more defendants are negligent, and their negligence combines to cause injury, you must determine their relative degrees of fault. Using 100% as the total amount of the defendants' negligence, you must decide the percentage of each defendant's negligence, if any. I will give you special-verdict form for this purpose. Your answers in this form will enable me to apportion damages.

**Jury Instruction No. 23 Damages Claimed for Personal Injuries – In General**

If you do not find that Ms. Echevarria has sustained her burden of proof, the verdict must be for defendants.  If you do find that Ms. Echevarria is entitled to recover for damages proximately caused by the accident, you should consider the compensation to which she is entitled.

The purpose of a damages award in a civil lawsuit is just and reasonable compensation for the harm or injury done.  Certain guiding principles must be employed to reach a proper damages award.  First, damages must be proved with reasonable probability and not left to speculation. Damages are speculative when there is merely a possibility rather than a reasonable probability that an injury exists.  While pain and suffering are proper elements on which to determine monetary damages, the damages for pain and suffering must be fair and reasonably determined and may not be determined by a fanciful or sentimental standard.  They must be determined from a conclusion about how long the suffering lasted, the degree of suffering, and the nature of the injury causing the suffering.

If you find for Ms. Echevarria, you should award to her the sum of money that in your judgment will fairly and reasonably compensate her for the following elements of damages that you find to exist by a preponderance of the evidence:

(1)    compensation for pain and suffering that she has suffered to date;

(2)    compensation for pain and suffering that it is reasonably probable that Ms. Echevarria will suffer in the future; and

(3)    compensation for permanent impairment.

In evaluating pain and suffering, you may consider its mental as well as its physical

24

consequences. You may also consider such things as discomfort, anxiety, grief, or other mental or emotional distress that may accompany any deprivation of usual pleasurable activities and enjoyments.

In evaluating impairment or disability, you may consider all the activities that Ms. Echevarria used to engage in, including those activities for work and pleasure, and you may consider to what extent these activities have been impaired because of the injury and to what extent they will continue to be impaired for the rest of her life expectancy. It has been agreed that a person of Ms. Echevarria's age and sex would have a life expectancy of 82 years.

The law does not prescribe any definite standard by which to compensate an injured person for pain and suffering or impairment, nor does it require that any witness should have expressed an opinion about the amount of damages that would compensate for such injury. Your award should be just and reasonable in light of the evidence and reasonably sufficient to compensate Ms. Echevarria fully and adequately.

**Jury Instruction No. 24 Compensatory Damages**

      If you should find that a defendant is liable to a plaintiff, then you must determine an amount that is fair compensation for that plaintiff's damages. You may award compensatory damages only for injuries that that plaintiff proves were caused by a defendant's allegedly wrongful conduct. The damages that you award must be fair compensation, no more and no less.

      You may also award damages for any pain, suffering or mental anguish if you find these were caused by a defendant's allegedly illegal act.

      In determining the amount of any damages that you decide to award, you should be guided by dispassionate common sense. You must use sound discretion in fixing an award of damages, drawing reasonable inferences from the facts in evidence. You may not award damages based on sympathy, speculation or guesswork.

**<u>Jury Instruction No. 25 Inference from Fact of Accident</u>**

The mere fact that an accident happened, standing alone, does not permit the jury to draw the inference that the accident was caused by anyone's negligence.

**Jury Instruction No. 26 Effect of Instruction as to Damages**

The fact that I have instructed you as to the proper measure of damages should not be considered as indicating any view of mine as to which party is entitled to your verdict in this case. Instructions as to the measure of damages are given for your guidance only in the event you should find in favor of the plaintiff from a preponderance of the evidence in the case in accordance with the other instructions.

**<u>Jury Instruction No. 27 Expert Opinion Must be to a Reasonable Probability</u>**

You have heard experts being asked to give opinions based on a reasonable scientific probability. In Delaware, an expert may not speculate about mere possibilities. Instead, the expert may offer an opinion only if it is based on a reasonable probability. Therefore, in order for you to find a fact based on an expert's testimony, that testimony must be based on reasonable probabilities, not just possibilities.

**Jury Instruction No. 28 Statements Made by Patient to Doctor – Subjective and Objective Symptoms**

A doctor's opinion about a patient's condition may be based entirely on objective symptoms such as those revealed through observation, examination, tests or treatment. Or the opinion may be based entirely on subjective symptoms, revealed only through statements made by the patient. Or the opinion may be based on a combination of objective symptoms and subjective symptoms.

If a doctor has given any opinion based on subjective symptoms described by a patient, you may of course consider the accuracy of the patient's statements in weighing the doctor's opinion.

**Jury Instruction No. 29 Deliberation and Verdict**

That concludes the part of my instructions explaining the rules for considering some of the testimony and evidence. Now let me finish up my instructions by explaining some things about your deliberations in the jury room, and your possible verdicts.

Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case. The first thing you should do is select a foreperson. If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the jury officer. The officer will give them to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you. Any questions or messages normally should be sent to me through your foreperson.

One more thing about messages. Do not ever write down or tell anyone how you stand on your votes. For example, do not write down or tell anyone that you are split 4-4, or 6-2, or whatever your vote happens to be. That should stay secret until you are finished.

**Jury Instruction No. 30 Unanimous Verdict**

Your verdict must represent the considered judgment of each juror. In order for you as a jury to return a verdict, it is necessary that each juror agree to the verdict. Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another and to deliberate with a view towards reaching an agreement, if you can do so without violence to your individual judgment. Each of you must decide the case for yourself, but do so only after an impartial consideration of the evidence with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence solely because of the opinion of your fellow jurors, or for the purpose of returning a verdict. Remember at all times that you are not partisans. You are judges - - judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

A form of verdict has been prepared for you. You will take this form to the jury room and when you have reached unanimous agreement as to your verdict, you will have your foreperson fill in, date and sign the form. You will then return to the courtroom and your foreperson will give your verdict.

It is proper to add the caution that nothing said in these instructions and nothing in the form of verdict is meant to suggest or convey in any way or manner any intimation as to what verdict I think you should find. What the verdict shall be is the sole and exclusive duty and responsibility of the jury.

32

## Jury Instruction No. 31 Duty to Deliberate

Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room. In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement. Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say. Try your best to work out your differences. Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.

But do not ever change your mind just because other jurors see things differently, or just to get the case over with. In the end, your vote must be exactly that - - your own vote. It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

No one will be allowed to hear your decisions in the jury room, and no record will be made of what you say. So you should all feel free to speak your minds.

Listen carefully to what the other jurors have to say, and then decide for yourself.

33

**Jury Instruction No. 32 Court Has No Opinion**

      Let me finish up by repeating something that I said to you earlier. Nothing that I have said or done during the trial was meant to influence your decision in any way. You must decide the case yourselves based on the evidence presented.