# EXHIBIT A

THE INFORMATION CONTAINED IN THIS FACSIMILE MESSAGE IS PRIVILEGED AND CONFIDENTIAL INFORMATION. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE. THANK YOU

Case 1:05-cv-00284-GMS   Document 106-2   Filed 04/05/2007   Page 2 of 2

# FERRY, JOSEPH & PEARCE, P. A.

ATTORNEYS AT LAW
824 MARKET STREET
SUITE 904
P. O. BOX 1351
WILMINGTON, DELAWARE 19899

(302) 575-1555
FAX (302) 575-1714

www.ferryjoseph.com

DAVID J. FERRY, JR.*
MICHAEL B. JOSEPH+
ROBERT K. PEARCE
THEODORE J. TACCONELLI*
EDWARD F. KAFADER
JOHN D. MATTEY
RICK S. MILLER
JASON C. POWELL
LISA L. COGGINS**
STEVEN G. WEILER+
THOMAS R. RIGGS

THOMAS HERLIHY, III
OF COUNSEL

ARTHUR F. DISABATINO
(1948-2001)

(*ALSO PA BAR)
(+ALSO NJ BAR)
(**ALSO FL, MA AND NY BARS)

March 21, 2007

Via Facsimile (302) 472-8135
Roger D. Landon, Esquire
Murphy, Spadaro & Landon
1011 Centre Road, Suite 210
Wilmington, DE 19805

Re: Echevarria v. Mayfield, et. al.
C. A. No. 05-284-GMS

Dear Roger:

This will confirm our telephone conversation on March 21, 2007. In short, you were kind enough to agree to provide me with a complete copy of your client's Nationwide policy that was in effect on the date of the accident. You denied my request, however, to provide me with a copy of the release/settlement agreement between your client and Nationwide. You stated that the agreement has not yet been completed, but that you cannot voluntarily provide the agreement in any event because it will contain a confidentiality provision.

Notwithstanding the confidentiality agreement, it is my client's position that he is entitled to a copy of the agreement because he is entitled to a set off against the judgment that is ultimately entered against him for the amount paid by Nationwide. Accordingly, I reiterate my request that you provide me with a copy of that release/settlement agreement.

Sincerely,

Robert K. Pearce

RKP/mec

cc: Mr. Roger Mayfield