# EXHIBIT D



Not Reported in A.2d                                                                                     Page 1

Not Reported in A.2d, 1989 WL 12229 (Del.Super.)
(Cite as: Not Reported in A.2d)

▶
Lankford v. RichterDel.Super.,1989.Only the Westlaw citation is currently available.
UNPUBLISHED OPINION. CHECK COURT RULES BEFORE CITING.
Superior Court of Delaware, New Castle County.
Martha P. LANKFORD, Plaintiff,
v.
Sterling H. RICHTER and Agnes Gawronski, Defendants,
Sterling H. RICHTER, Third-Party Plaintiff,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Third-Party Defendant.
Submitted Jan. 9, 1989.
Decided Jan. 27, 1989.

Bayard J. Snyder, of Phillips & Snyder, for plaintiff.
Joanne B. Wills, and Richard Galperin, of Morris, James, Hitchens & Williams, for Sterling H. Richter.
Colin M. Shalk, and Donald M. Ransom, of Tybout, Redfearn, Casarino & Pell, for State Farm Mutual Automobile Insurance Company.

*MEMORANDUM OPINION*
BABIARZ, Judge.
*1 This is a personal injury action arising out of a seven-car collision. Defendant Richter has joined State Farm Mutual Automobile Insurance Company, plaintiff's uninsured motorist carrier, as a third-party defendant in order to obtain contribution and indemnification in the event Richter is found jointly liable with an uninsured defendant for plaintiff's damages. State Farm has moved for summary judgment and this is the Court's disposition of that motion.

Plaintiff was in the fifth car of a seven-car chain collision. She alleges that the driver of the first car was negligent for stopping suddenly and without warning on an entrance ramp to the interstate highway when her car was thrown into park during a quarrel. Plaintiff further alleges that the driver of the sixth vehicle, Richter, was also negligent for failing to stop before colliding with her car.

The driver of the first car, Agnes Gawronski, was uninsured at the time of the accident on October 12, 1983. State Farm first denied the plaintiff's claim for uninsured motorist benefits on October 16, 1983, asserting that the plaintiff was contributorily negligent. On March 19, 1987, a default judgment was entered against the uninsured driver of the first vehicle. On November 20, 1987, summary judgment was entered in favor of State Farm when the Court determined that plaintiff's claim for uninsured motorist coverage was barred by the statute of limitations. The plaintiff did not oppose the entry of that judgment. On May 10, 1988, defendant Richter filed a third-party complaint against State Farm seeking contribution and indemnification under plaintiff's uninsured motorist coverage.

State Farm has moved for summary judgment. It argues that a joint tortfeasor may not seek contribution or indemnification against the plaintiff's uninsured motorist carrier, any such liability being inconsistent with the Uniform Contribution Among Tort-Feasors Act. State Farm further argues that since it is immune from suit by the plaintiff by reason of the statute of limitations, it is not obligated to provide contribution to defendant Richter. Finally, in the event the Court finds that State Farm has a duty to provide contribution, State Farm seeks a ruling that defendant Richter cannot seek contribution until the limits of his own liability insurance have been exhausted, and also that State Farm is entitled to recover from the plaintiff any amount paid by State Farm to defendant Richter up to the amount of minimum coverage required by the Financial Responsibility Law. This is the Court's decision on those motions.

The first issue is whether a joint tortfeasor may seek contribution from plaintiff's uninsured motorist carrier. Defendant Richter points to 10 *Del.C.* Ch.

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d                                                                                           Page 2

Not Reported in A.2d, 1989 WL 12229 (Del.Super.)
(Cite as: Not Reported in A.2d)

63, the Uniform Contribution Among Tort-Feasors Law, as authority for the proposition that the right of contribution exists under the facts of this case.

Section 6302 of this Act states that "[t]he right of contribution exists among joint tort-feasors." Section 6301 provides the following definition:

*2 For the purposes of this chapter, "joint tort-feasors" means 2 or more persons jointly or severally liable in tort for the same injury to person or property, whether or not judgment has been recovered against all or some of them.

Prior to the enactment of this statute, no common law right of contribution existed between joint tortfeasors. *Distefano v. Lamborn*, Del.Super., 81 A.2d 675 (1951). Therefore, the right of contribution exists against State Farm only if State Farm falls within the definition of "joint tortfeasor." This Court finds that State Farm does not fall within that definition because it is not jointly or severally liable *in tort*.

The Delaware Supreme Court has held, in fact, that actions based on uninsured motorist coverage claims are "actions *ex contractu.*" *Allstate Ins. Co. v. Spinelli*, Del.Supr. (en banc), 443 A.2d 1286, 1290 (1982). State Farm's liability, if any, is governed by the contract with the plaintiff and the applicable insurance laws. Under principles of contract law, an incidental beneficiary to a contract has no standing to enforce the contract. *Insurance Co. of North America v. Waterhouse*, Del.Supr., 424 A.2d 675, 679 (1980). There is no evidence that either of the parties to the contract intended to benefit a joint tortfeasor.

Nor is the Court aware of any expression of intent on the part of the Delaware legislature to include an uninsured motorist carrier within the definition of "joint tortfeasor". In the absence of a clear legislative mandate to the contrary, this Court finds that the uninsured motorist carrier does not share a common liability with the joint tortfeasor, and that the carrier is not liable *in tort*. State Farm, falling outside the definition, is not subject to contribution from defendant Richter, and the third-party complaint must therefore be dismissed.

The Court notes that other jurisdictions have reached the same result. The District Court of Delaware, interpreting Maryland law, held that the uninsured motorist insurer did not share a common liability in tort with the other defendants. *Robinson v. Adco Metals, Inc.*, D.Del., 663 F.Supp. 826, 831 (1987). It reasoned that the purpose of uninsured coverage is to protect the insured and not third-party tortfeasors. *Id.* See also *Harleysville Mut. Ins. Co. v. Nationwide Mut. Ins. Co.*, 4th Cir., 789 F.2d 272 (1987) (Virginia law). *Thaxton v. Travelers Indem. Co.*, Tenn.Supr., 555 S.W.2d 718 (1977); *Motors Ins. Corp. v. Surety Ins. Co.*, S.C.Supr., 134 S.E.2d 631 (1964); *Shirley v. Aetna Cas. & Surety Co.*, La.App., 256 So.2d 462 (1972).

Delaware Courts have addressed this question but with inconsistent results. See *Robinson v. Adco Metals, Inc., supra* at 830 n. 9. *Brown v. Comegys*, Del.Super., 500 A.2d 611 (1985) held that principles of joint and several liability and contribution among joint tortfeasors lend support to the conclusion that the legislative policy behind the uninsured motorist statute would be contravened if the plaintiff were required to exhaust the coverage of the joint tortfeasors' liability insurance before pursuing plaintiff's uninsured motorist policy. See also *Fisher v. Nationwide Ins. Co.*, Del.Super., C.A. No. 84C-AU-29, Ridgely, J. (April 22, 1986) (following and explaining *Brown v. Comegys* ). A different result was reached in *Crystal v. Walker*, Del.Super., C.A. Nos. 81C-MY-97 and 82C-JL-62, Gebelein, J. (Jan. 24, 1985). In *Crystal*, the Court ruled that any uninsured motorist protection was to be applied only if the amount of damages exceeded the amounts recovered from tortfeasors with liability coverage. In *Hall v. Hickman*, Del.Super., C.A. No. 82C-MR-18, Lee, J. (Sept. 8, 1987) the Court was persuaded that, based on *Brown* and *Fisher*, the joint tortfeasor has a right of contribution from the uninsured vehicle insurer " who is in effect standing in the shoes of the uninsured tortfeasor." *Hall v. Hickman, supra* at 8, 9. *Brown* and *Fisher*, however, concern the rights of the plaintiff vis-a-vis his uninsured motorist carrier. They do not address the standing of a joint tortfeasor to demand contribution from plaintiff's uninsured carrier. In the absence of legislative authority to do so, this Court is unable to impose a

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d                                                                                       Page 3

Not Reported in A.2d, 1989 WL 12229 (Del.Super.)
**(Cite as: Not Reported in A.2d)**

duty on plaintiff's uninsured motorist carrier to compensate a joint tortfeasor.

*3 This finding in no way conflicts with the principles of relative culpability and apportionment of damages which are the law in this State. Defendant Richter still may seek contribution from defendant Gawronski.

State Farm next urges this Court to dismiss Richter's claim for indemnification. The area in which a party held liable for negligence may pass that liability on to another party is closely circumscribed. *Ianire v. University of Delaware,* Del.Super., 255 A.2d 687 (1969). It does not encompass the situation found in this case where the role of neither of the tortfeasors could be characterized as passive. Richter has no right of indemnification under these facts. Otherwise, the concept of comparative negligence, which is the law of this state, would be violated. The claim for indemnification is therefore also dismissed.

In view of the fact that this Court has found that defendant Richter has no right of contribution or indemnification against State Farm, it is unnecessary to decide the additional motions in limine.

State Farm's motion for summary judgment is hereby granted. IT IS SO ORDERED.

Del.Super.,1989.
Lankford v. Richter
Not Reported in A.2d, 1989 WL 12229 (Del.Super.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.