IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SARA S. ECHEVARRIA, | ) |
| | ) |
|        Plaintiff, | ) |
| | ) |
|   v. | )   NO.: 05-284 GMS |
| | ) |
| ROGER MAYFIELD, | ) |
| NATIONWIDE GENERAL | )   TRIAL BY JURY DEMANDED |
| INSURANCE COMPANY, and U- | ) |
| HAUL CO. OF FLORIDA, | ) |
| | ) |
|        Defendants. | ) |

**PLAINTIFF'S ANSWERING BRIEF
IN SUPPORT OF HER OPPOSITION TO DEFENDANT ROGER MAYFIELD'S
MOTION TO ALTER OR AMEND JUDGMENT**

MURPHY & LANDON

/s/ Roger D. Landon
ROGER D. LANDON, No. 2460
CHASE T. BROCKSTEDT, No. 3815
1011 Centre Road, #210
Wilmington, DE  19805
(302) 472-8112
Attorneys for Plaintiff

Dated: 4/10/07

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................. ii

NATURE AND STAGE OF THE PROCEEDINGS ......................................................... 1

SUMMARY OF ARGUMENT ........................................................................................ 2

STATEMENT OF FACTS ............................................................................................... 3

ARGUMENT .................................................................................................................... 4

    I.    **Defendant Roger Mayfield is not legally entitled to any set-off of the judgment entered against him on March 23, 2007 in the amount of $125,000.** ................................................................................. 4

CONCLUSION ................................................................................................................. 7

**Table of Authorities**

*North River Ins. Co. v. CIGNA Reinsurance Co.*
  52 F.3d 1194, 1218 (3rd Cir. 1995) .................................................................................. 4

*Lomax v. Nationwide Mutual Insurance Company*
  964 F.2d 1343 (3rd Cir. 1992) ...................................................................................... 4, 5

*Saienni v. Anderson*
  669 A.2d 23 (Del. Supr. 1995) ........................................................................................ 5

*Yarrington v. Thornberg*
  205 A.2d 1 (Del. Supr. 1964) .......................................................................................... 6

## **NATURE AND STAGE OF THE PROCEEDINGS**

Plaintiff adopts the Nature and Stage of the Proceedings in Defendant Mayfield's Opening Brief.

## SUMMARY OF ARGUMENT

I.    Defendant Roger Mayfield is not legally entitled to any set-off of the judgment entered against him on March 23, 2007 in the amount of $125,000.

## STATEMENT OF FACTS

Plaintiff incorporates Defendant's Statement of Facts with one exception. The exception is the statement by Mayfield that "the plaintiff and Nationwide entered into a settlement agreement for less than Nationwide's underinsured policy limits, … ". The settlement agreement between the plaintiff and Nationwide is for a confidential sum. Mayfield does not know the amount of the settlement because it is confidential and has not been disclosed to him nor to his counsel. It is accurate that the settlement was reached before any judgment was entered against Nationwide and plaintiff dismissed all her claims against Nationwide as a condition of the settlement.

# ARGUMENT

### 1. Standard

In his brief, Mayfield asserts three grounds for a motion to alter or amend judgment under F.R.C.P. 59(e). He then argues that he is relying upon the third stated ground; that is, "the need to correct clear error [of law] or prevent manifest injustice." citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3rd.Cir. 1995).

### 2. Defendant Roger Mayfield is not legally entitled to any set-off of the judgment entered against him on March 23, 2007 in the amount of $125,000.

When this Court entered judgment against Mayfield at the request of plaintiff for the amount of the jury verdict ($125,000), doing so did not constitute a clear error of law nor did it result in manifest injustice. To the contrary, the judgment is supported by substantial precedent from the U.S. Court of Appeals for the Third Circuit and the Delaware Supreme Court. In fact, as will be discussed, decisions from those two Courts strongly support the notion that an individual tortfeasor should bear full responsibility for damages he inflicts on an innocent plaintiff as a result of his negligence notwithstanding that plaintiff's prudent decision to otherwise protect herself by purchasing underinsured motorist coverage.

Mayfield has acknowledged in his brief that the Third Circuit has applied the collateral source rule in the context of uninsured motorist insurance ("UM") payments citing *Lomax v. Nationwide Mutual Insurance Company*, 964 F.2d 1343 (3rd Cir. 1992). In *Lomax*, the Third Circuit in 1992 had to predict what the Delaware Supreme Court would decide in a case where a party was asserting that the collateral source rule should be applied in the UM context. In that case, the plaintiff was injured in a motor vehicle accident and had received payment of medical expenses from a health insurance policy provided through his employer. He also sought recovery of those benefits as part of his claim against his UM/UIM carrier. After reviewing

relevant Delaware Supreme Court case law and after noting that a majority of jurisdictions apply the collateral source rule to UM actions, the Third Circuit predicted that the Delaware Supreme Court would apply the collateral source rule in the UM context and permitted the plaintiff to collect UM benefits even though that resulted in double recovery by the plaintiff of benefits that he had already collected from his health insurance coverage. In deciding the case, the Third Circuit noted that the application of the collateral source rule to UM actions serves the public policy of favoring the innocent party over the tortfeasor. Id. at 1347, FN 5.

The Third Circuit's prediction in *Lomax* turned out to be correct. Three years after *Lomax* was decided, the Delaware Supreme Court in *Saienni v. Anderson*, 669 A.2d 23 (Del. Supr. 1995), a case remarkably similar to Echevarria's case but not cited in Mayfield's brief, the Supreme Court applied the collateral source rule denying the at-fault tortfeasor a credit against the judgment entered against him for money that the plaintiff had received from his UM carrier in a settlement before trial. In *Saienni*, the plaintiff alleged injuries as a result of negligence by two separate motorists. One of the motorists was uninsured. The plaintiff settled with his uninsured motorist carrier prior to trial and then a verdict was entered against both motorists. The plaintiff was entitled to collect her entire jury verdict against the insured defendant even though she had already collected $15,000 in UM benefits from her own carrier for the liability of the uninsured motorist. The Supreme Court made two points in permitting the plaintiff to enjoy duplicative recovery. First, the plaintiff's UM carrier and the non-settling motorist were not joint tortfeasors because the plaintiff's claim against the UM carrier was a contractual claim whereas the claim against the motorist was a tort claim. Therefore, under the joint tortfeasor statute, the verdict did not have to be reduced by the contractual settlement with the UM carrier. Second, the Court noted that the collateral source rule was well established in Delaware and does not

permit the tortfeasor to benefit from the plaintiff's decision to protect himself by purchasing uninsured motorist coverage.

Defendant's argument in this case reveals a fundamental misunderstanding of the collateral source rule. The rule in Delaware dates back at least 43 years to the Delaware Supreme Court's decision in *Yarrington v. Thornberg*, 205 A.2d 1 (Del. Supr. 1964). Explaining the rationale for the rule, the Court held,

> The collateral source doctrine is predicated upon the theory that a tortfeasor has no interest in, and therefore no right to benefit from, monies received by the injured person from sources unconnected with the defendant. Id. at 2.

Using some very twisted logic, Mayfield argues that somehow the plaintiff's UIM carrier (Nationwide) is "in effect acting for Mayfield" because "Nationwide has stepped into Mayfield's shoes and is only liable because of Mayfield's actions." Mayfield's Brief at page 7. This is, of course, a total distortion of the collateral source rule. In reality, Mayfield has no connection whatsoever to Nationwide. The plaintiff paid the premiums for the insurance coverage provided by Nationwide -- not Mayfield. Nationwide is not "acting for Mayfield," it is acting for Echevarria by providing her insurance benefits which she contracted and paid for.

The Third Circuit and the Delaware Supreme Court have clearly indicated that it is better for a plaintiff in these circumstances to receive a double recovery than for an at-fault defendant to be relieved of liability simply because the plaintiff was prudent enough to buy appropriate insurance coverage. Whether Echevarria ever actually recovers anything from Mayfield is irrelevant and, in any event, difficult to predict. As a practical matter, her best chance of a recovery would be to obtain an assignment of Mayfield's bad faith claim against Republic Western and then file suit against Republic Western for its failure to properly defend Mayfield for the period of time prior to Mayfield's current counsel's entry into this case.

## CONCLUSION

For the foregoing reasons, plaintiff respectfully requests that Mayfield's motion be denied in its entirety.

        MURPHY & LANDON

        */s/ Roger D. Landon*
        ROGER D. LANDON, No. 2460
        CHASE T. BROCKSTEDT, No. 3815
        1011 Centre Road, #210
        Wilmington, DE 19805
        (302) 472-8112
        Attorneys for Plaintiff