IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SARA S. ECHEVARRIA, | ) | |
| | ) | |
| Plaintiff, | ) | C. A. No. 05-284 (GMS) |
| | ) | |
| v. | ) | JURY TRIAL DEMANDED |
| | ) | |
| U-HAUL INTERNATIONAL INC. | ) | |
| ROGER MAYFIELD, and | ) | |
| NATIONWIDE GENERAL INSURANCE | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT ROGER MAYFIELD'S REPLY BRIEF IN SUPPORT OF HIS MOTION TO ALTER OR AMEND JUDGMENT**

FERRY, JOSEPH & PEARCE, P.A.

/s/Robert K. Pearce
ROBERT K. PEARCE, ESQ (ID # 191)
THOMAS R. RIGGS, ESQ (ID #4631)
824 Market Street, Suite 904
Wilmington, DE 19899
(302) 575-1555
rpearce@ferryjoseph.com
Attorneys for Defendant
Roger Mayfield.

Dated: April 17, 2007

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    1.      The *Lomax* decision does not address whether a tortfeasor is entitled to contribution from a UM/UIM carrier . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    2.      The *Saienni* decision is not applicable to the case at hand. . . . . . . . . . . . . . . 2

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

## TABLE OF AUTHORITIES

*Johnson v. Bowman*, 1997 WL 719354 (Del.Super.) .................................. 2-3

*Lomax v. Nationwide Mutual Insurance Company*, 964 F.2d 1343 (3rd Cir. 1992) .......... 1,3

*Saienni v. Anderson*, 669 A.2d 23 (Del.1995) .................................. *passim*

**ARGUMENT**

In Plaintiff's Answering Brief, she argues that Third Circuit and Delaware case law support her argument that she is entitled to recover more than the amount of her damages as determined by the jury, and relies primarily upon *Lomax v. Nationwide Mutual Insurance Company*, 964 F.2d 1343, 1346 (3rd Cir. 1992) and *Saienni v. Anderson*, 669 A.2d 23 (Del.1995) to support her assertion. As will be discussed, both of these cases are distinguishable from the case at hand, and do not stand for the proposition that a plaintiff may sue her underinsured motorist carrier, and then seek a settlement with it after the jury has returned a verdict, thereby permitting the plaintiff to double recover under the guise of the collateral source rule.

1. **The *Lomax* decision does not address whether a tortfeasor is entitled to contribution from a UM/UIM carrier**

As previously discussed in Defendant's Opening Brief, the *Lomax* court did not specifically address whether a *tortfeasor* is entitled to a set-off for amounts paid by a plaintiff's underinsured motorist carrier; the Lomax decision only addressed whether *an uninsured motorist carrier* was entitled to a set-off for amounts previously received by its insured. Since the insurer collected and kept premiums in exchange for providing uninsured motorist benefits, it could not avoid its contractual responsibility merely because its insured had received benefits from another source. The Court recognized that to rule otherwise would result in the insurer "realiz[ing] an unwarranted windfall advantage, benefitting from the receipt of premiums and being relieved of the obligation to pay UM benefits." *Lomax v. Nationwide Mutual Insurance,* 664 F.2d at 1347. *Lomax*, then, deals with the contractual relationship between a UM carrier and its insured, and says nothing about whether a tortfeasor is entitled to a set-off for amounts paid by a UM/UIM

1

carrier.

2.  **The *Saienni* decision is not applicable to the case at hand.**

Nor is the *Saienni* case on point, as is best demonstrated by the court's ruling in *Johnson v. Bowman*, 1997 WL 719354 (Del.Super.)(attached hereto as Exhibit A). In *Bowman*, the plaintiffs were the occupants of a car, owned by the State of Delaware, that was struck by the defendant's car when the plaintiffs stopped to avoid another car driven by an uninsured motorist. The plaintiffs brought suit against the uninsured motorist, the defendant, and the State of Delaware, which provided uninsured motorist coverage. The State tendered its policy limits and received a dismissal and release of all claims from the plaintiffs. The defendant brought a cross-claim against the State of Delaware seeking contribution for the amount it paid as a result of its uninsured motorist coverage, and the State moved for a dismissal, arguing that the *Saienni* decision dictated that the defendant could not obtain contribution from the State in its capacity as an uninsured motorist carrier. The trial court refused to grant the State's motion, and ultimately ruled that the defendant was entitled to seek recovery in contribution from the State. The court's discussion regarding the differences between the case before it and the *Saienni* case is instructive:

> At first glance, the holding in *Saienni* seems to be dispositive. It is important to note, however, that in *Saienni*, State Farm was not a party to the case. Moreover, it was only after the jury award that the defendant filed a remittitur to bring State Farm into the litigation. This timing is crucial to the holding in *Saienni*. First, State Farm had settled with the plaintiff prior to trial. Second, a jury found that defendants *Saienni* and Oat were joint tortfeasors. The Supreme Court has stated that a settling defendant determined free of liability by a jury is not a joint tortfeasor. Consequently, in *Saienni*, State Farm was a settling defendant and was not judicially determined to be liable because they were not a party to the action.

*Id.* at *2. Since, in *Bowman*, the State had been a party to the action both as a defendant and on

the cross-claim, the court found the factual setting to be suitably different from *Saienni* so as to prevent the application of its holding. The *Bowman* court concluded, "[T]his court finds that [defendant] has a right to seek recovery in contribution from the State, just like the plaintiffs had a right to seek recovery from the State under the uninsured motorist coverage provision of their policy." *Id.* at *4.

As discussed by the *Bowman* court, the *Saienni* decision simply does not apply to the facts at hand because, in the instant case, Nationwide had been a party to the case since the Complaint was filed. Moreover, Nationwide did not settle the case until after trial, and after the jury determined that Nationwide was obligated to pay the limits of its UIM coverage. Plaintiff's sole reason for settling with Nationwide after the trial is to attempt to collect more than the amount that a jury has already established her actual damages to be. Plaintiff made no attempt to dispute this in her Answering Brief. Nor did she dispute that such legal maneuvering flies in the face of the purpose of Delaware's UM/UIM statute, which is to place the insured in the same position he or she would have been in if the tortfeasor had carried the same liability coverage which the insured carried. *Lomax v. Nationwide Mutual Insurance Company*, 964 F.2d 1343, 1346 (3rd Cir. 1992). In order to prevent a manifest injustice, it is respectfully submitted that this Court should apply the rationale of the *Bowman* court, and find that, just as the Plaintiff had the right to, and did, seek recovery from Nationwide pursuant to the UIM provision in their policy, so should Mayfield have the right to obtain recovery in contribution from Nationwide.

## CONCLUSION

For the foregoing reasons, Defendant Roger Mayfield respectfully requests that the judgment entered against him be altered or amended to reflect a $100,000 set-off for Nationwide's contribution to Plaintiff's damage award.

FERRY, JOSEPH & PEARCE, P.A.

/s/Robert K. Pearce
ROBERT K. PEARCE, ESQ (ID # 191)
THOMAS R. RIGGS, ESQ (ID #4631)
824 Market Street, Suite 904
Wilmington, DE 19899
(302) 575-1555
rpearce@ferryjoseph.com
Attorneys for Defendant
Roger Mayfield.

Dated: April 17, 2007

## CERTIFICATE OF SERVICE

    I, Robert K. Pearce, Esquire do hereby certify that on April 17, 2007 I electronically filed the foregoing *Defendant Roger Mayfield's Reply Brief in Support of his Motion to Amend or Alter Judgment* with the Clerk of Court using CM/ECF which will send notification of such filing to the following:

Roger D. Landon, Esq.
Murphy, Spadaro & Landon
1011 Centre Road
Suite 210
Wilmington, DE 19805

Steven L. Caponi, Esq.
Blank Rome LLP
1201 N. Market Street
Suite 800
Wilmington, DE 19801

Robert J. Leoni, Esq.
Morgan, Shelsby & Leoni
221 Main Street
Stanton, DE 19804

Michael James Logullo, Esq.
Morgan, Shelsby & Leoni
221 Main Street
Stanton, DE 19804

    I, hereby certify that on April 17, 2007, I have mailed by United States Postal Service, the document to the following non-registered participants:

Frank Lococo, Esquire
Quarles & Brady
411 East Wisconsin Avenue
Milwaukee, WI 53202-4497

                                        /s/Robert K. Pearce
                                        ROBERT K. PEARCE, ESQUIRE
                                        I.D. No. 191

Dated: April 17, 2007