# EXHIBIT
# A



Not Reported in A.2d                                                                                                Page 1

Not Reported in A.2d, 1997 WL 719354 (Del.Super.)
**(Cite as: Not Reported in A.2d)**

C
Johnson v. Bowman
Del.Super.,1997.
Only the Westlaw citation is currently available.
UNPUBLISHED OPINION. CHECK COURT RULES BEFORE CITING.
Superior Court of Delaware.
Michael A. JOHNSON and Linda S. Duckery, Plaintiffs,
v.
Michelle L. BOWMAN, Pedro Castaneda and The State of Delaware, Defendants.
**No. CIV. A. 95C-07-106-JOH.**

Sept. 25, 1997.

Upon Motion of Defendant The State of Delaware for Summary Judgment on Cross-Claim of Defendant Michelle L. Bowman-DENIED.

Frederick S. Freibott, Esq., of Woloshin, Tenenbaum & Natalie, for plaintiffs.
Stephen P. Casarino, Esq., (argued) of Casarino, Christman & Shalk, for defendant Michelle L. Bowman.
George H. Seitz, III, Esq., (argued) of Prickett, Jones, Elliott, Kristol & Schnee, for defendant State of Delaware as to cross-claim.
B. Wilson Redfearn, Esq., of Tybout, Redfearn & Pell, for defendant State of Delaware.
Mr. Pedro Castaneda, of Newark, Delaware, pro se.

*MEMORANDUM OPINION*
HERLIHY, J.
*1 Presently before the Court is the State of Delaware's motion to dismiss based on the claim that it cannot be deemed a joint tortfeasor. Defendant Michelle L. Bowman has opposed the motion.

*FACTS AND PROCEDURAL HISTORY*

Plaintiffs Michael A. Johnson and Linda S. Duckery were the occupants of a vehicle owned by the State of Delaware. Their vehicle was struck in the rear by Bowman when plaintiffs stopped suddenly to avoid another vehicle driven by Pedro Castaneda. At the time of the accident, plaintiffs were within the course and scope of their State employment. They have sued Bowman, Castaneda and the State, jointly and severally. Castaneda is uninsured.[FN1] In the complaint, plaintiffs seek uninsured motorist coverage from the State. The State tendered its "policy limits" of $25,000 to plaintiffs and received a dismissal/release of all claims from Johnson and Duckery.[FN2]

> FN1. Castaneda answered the complaint *pro se,* but has taken no further action.

> FN2. The State does not carry an uninsured policy. Instead, the payments come directly from the State, not any insurance carrier.

Bowman answered the complaint and requested an apportionment of fault between herself and Castaneda. In addition, Bowman asserted a cross-claim against the State seeking contribution from it as a joint tortfeasor.

*APPLICABLE STANDARD*

The State has filed a motion to dismiss. There are factual matters beyond the complaint which the parties have argued and upon which the Court has relied to reach its decision. Thus, the Court must view the State's motion as one for summary judgment.[FN3] Summary judgment may only be granted where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law.[FN4] There are no contested facts in regard to this motion, therefore, the only question is whether the State is entitled to

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d                                                                                                              Page 2
Not Reported in A.2d, 1997 WL 719354 (Del.Super.)
**(Cite as: Not Reported in A.2d)**

judgment as a matter of law.

> FN3. *Mann v. Oppenheimer,* Del.Supr., 517 A.2d 1056, 1059 (1986).
>
> FN4. *Merrill v. Crothall-American, Inc.,* Del.Supr. 606 A.2d 96, 99-100 (1992).

### DISCUSSION

The State contends that this Court should grant its motion based upon the Supreme Court's holding in *Saienni v. Anderson* [FN5] Plaintiffs and the State have entered into a settlement agreement and have agreed to a dismissal of all their claims against the State pursuant to that settlement agreement. The sole remaining claim against the State is the cross-claim of Bowman. In support of its position, the State claims that the cross-claim cannot stand because the State, an uninsured motorist carrier, is not a joint tortfeasor. According to the State, the holding by the Supreme Court in *Saienni* states that a carrier providing uninsured motorist coverage does not occupy the status of a joint tortfeasor.[FN6] Therefore, Bowman's cross-claim is invalid and must be dismissed.[FN7]

> FN5. Del.Supr., 669 A.2d 23 (1995).
>
> FN6. State's motion to dismiss at ¶ 6.
>
> FN7. *Id.*

In *Saienni,* the insured motorist sued two other motorists for injuries suffered in an accident. The jury awarded the plaintiff $60,500 against both defendants jointly. The jury also apportioned fault between the two defendants: 22 percent against Saienni and 78 percent against Oat. Oat, however, was an uninsured motorist who did not appear at trial. State Farm was the plaintiff's carrier. Saienni became responsible for the entire judgment as a joint obligor. Saienni then filed a remittitur in this Court seeking credit for $15,000 State Farm paid to the plaintiff for uninsured motorist coverage, pursuant to 10 *Del. C.* § 6304(a) of the Uniform Contribution Among Tort-Feasors Law.

This Court denied Saienni's motion and ruled that State Farm's uninsured motorist payment to the plaintiff was not considered paid on behalf of a joint tortfeasor. The Supreme Court affirmed, citing *Medical Center of Delaware v. Mullins* [FN8], in which the credit is applicable to joint tortfeasors only.[FN9]

> FN8. Del.Supr., 637 A.2d 6 (1994).
>
> FN9. *Id.* at 8.

*2 In addition, the Supreme Court ruled that a party who settled a claim before trial was not a joint tortfeasor because he had not been found liable.[FN10] The Supreme Court also found that Saienni had failed to establish that the payor of consideration, State Farm, was a "joint tortfeasor," but found that State Farm had paid under a contractual obligation supported by separate consideration.[FN11] Thus, since the obligation arose from the contract, it could not be tort based.[FN12] The Supreme Court further found that because the plaintiff released State Farm from its contractual claim, but did not release the uninsured tortfeasor, plaintiff's claim against Saienni was not subject to reduction.[FN13]

> FN10. *Saienni,* 669 A.2d at 24.
>
> FN11. *Id.*
>
> FN12. *Id.*
>
> FN13. *Saienni,* 669 A.2d at 24.

In his defense, Saienni argued that, if the Court found the payment was not a credit, the result would be a windfall for the plaintiff.[FN14] The Supreme Court held that the uninsured motorist carrier could subrogate in the event of a recovery against the tortfeasor.[FN15] In that regard, the Court stated, "[s]ince State Farm did not assert a subrogation claim in connection with its payment of uninsured motorist benefits, we need not, and do not, address the scope, or effect, of a subrogation claim vis-a-vis joint tortfeasor or an insured in other fact situations.

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d                                                                                   Page 3
Not Reported in A.2d, 1997 WL 719354 (Del.Super.)
**(Cite as: Not Reported in A.2d)**

" FN16

> FN14. *Id.* at 25.
>
> FN15. *Id.*
>
> FN16. *Id.*

Bowman cites one case in support of her opposition, *Brown v. Comegys* [FN17]. According to Bowman, the Court in *Brown* found it more desirable to determine the circumstances, causation and liability in one proceeding. Further, Bowman asserts that the facts in the instant case differ from those set forth in *Saienni*. In particular, the State did not have a contractual agreement with the plaintiffs and the State was not a party in that litigation.

> FN17. Del.Super., 500 A.2d 611 (1985).

The *Brown* case involves two alleged tortfeasors; one is defendant Comegys and the other is the unknown truck driver. Similar to *Saienni*, *Brown* includes an unknown, hence uninsured, owner or operator that may have contributed to the cause of the accident. Valley Forge is the uninsured motorist carrier which stood in the shoes of that unknown truck driver. The Court stated that "[w]here more than one tortfeasor may have caused the accident it is desirable to have the circumstances and causation of the accident and the determination of the liability of all whose negligence may have contributed to the accident be resolved in a single proceeding." [FN18]

> FN18. *Brown,* 500 A.2d at 612.

It appears that the factual differences between the instant case and cited cases are pivotal. At first glance, the holding in *Saienni* seems to be dispositive. It is important to note, however, that in *Saienni*, State Farm was not a party to the case. Moreover, it was only after the jury award that the defendant filed a remittitur to bring State Farm into the litigation. This timing is crucial to the holding in *Saienni*. First, State Farm had settled with the plaintiff prior to trial. Second, a jury found that defendants Saienni and Oat were joint tortfeasors. The Supreme Court has stated that a settling defendant determined free of liability by a jury is not a joint tortfeasor.[FN19] Consequently, in *Saienni*, State Farm was a settling defendant and was not judicially determined to be liable because they were not a party to the action.

> FN19. *Mullins,* 637 A.2d at 9 (*citing Scalf v. Payne,* Ark.Supr., 266 Ark. 231, 583 S.W.2d 51, 52-53 (1979)).

*3 *Brown* differs from the instant case, and from *Saienni*, in that the uninsured motorist carrier was a party to the action. Another difference is that Valley Forge, the uninsured motorist coverage carrier, denied fault on behalf of the uninsured motorist and asserted that the accident was caused by the other defendant. Valley Forge sought to isolate the claim against defendant Comegys from the claim against it. The Court, in rejecting that proposition, stated that "the contentions of each alleged tortfeasor that the other alleged tortfeasor caused the accident may be evaluated and a decision reached as to both alleged tortfeasors in that proceeding." [FN20] The instant case does not contain a denial of fault on behalf of the uninsured motorist, in fact, the State has settled with the plaintiffs on behalf of the uninsured motorist. The Supreme Court has addressed the situation regarding settling defendants and stated that "when one or more pretrial settlements have occurred, joint tort-feasor status is also resolved judicially by submitting the liability of a settling defendant to the trier of fact for a determination." [FN21]

> FN20. *Brown,* 500 A.2d at 612.
>
> FN21. *Mullins,* 637 A.2d at 9 (*citing Collier v. Eagle-Picker Indus., Inc.,* Md.App., 86 Md.App. 38, 585 A.2d 256, 265 (1991) *cert. denied* 323 Md. 33, 591 A.2d 249 (1991)).

This Court has addressed cases with similar facts to

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d                                                                                          Page 4

Not Reported in A.2d, 1997 WL 719354 (Del.Super.)
**(Cite as: Not Reported in A.2d)**

the present case. In *Williams v. Limpert*,[FN22] an automobile accident was caused by an unidentified motorist running a red light. The plaintiff stopped her vehicle suddenly to avoid the car and the defendant's vehicle struck the plaintiff's vehicle in the rear. The defendant filed a third-party complaint against Progressive Insurance Company, which provided the plaintiff with uninsured motorist coverage. In the third-party complaint, the defendant sought contribution and indemnification from the damages arising out of the collision. Progressive moved to dismiss and argued that a direct action could not be maintained against a tortfeasor's insurer. The Court found guidance from two other cases which stated that a joint tortfeasor has the right of recovery in contribution from the insurance company which stands in the shoes of the uninsured tortfeasor. Therefore, the Court found that the third-party complaint stated a cause of action and denied Progressive's motion to dismiss.[FN23]

   FN22. Del.Super., C.A.No. 97C-01-013, Terry, J. (July 3, 1997).

   FN23. *Brown*, 500 A.2d at 611.

In *Williams*, the Court relied upon *Hall v. Hickman*[FN24] and *Evans v. Stuard*[FN25] to support its denial of the motion to dismiss. In *Hall*, the defendant filed a third-party action against the plaintiff's insurance company seeking contribution and indemnification under the uninsured motorist coverage provision of the plaintiff's policy. Even though the plaintiff did not initially join the insurance company, the rights of the defendant were not altered. The Court found that since the plaintiffs may sue their insurance company for damages arising from the uninsured motorist, the joint tortfeasor has a right of recovery in contribution. In *Evans*, the Court rejected the defendant's argument that since there was no contractual obligation between the defendant and the plaintiff's insurance carrier, the defendant could not maintain a direct action against the plaintiff's insurance carrier.

   FN24. Del.Super., C.A.No. 82C-MR-18, Lee, J. (September 8, 1987).

   FN25. Del.Super., C.A.No. 87C-SE-22, Steele, J. (October 6, 1989).

*4 Because the State is a party to this action both as a defendant and on the cross-claim, the factual setting is suitably different to prevent the application of the holding in *Saienni* to this case. Likewise, this Court finds that defendant Bowman has a right to seek recovery in contribution from the State, just like the plaintiffs had a right to seek recovery from the State under the uninsured motorist coverage provision of their policy.

*CONCLUSION*

For the foregoing reasons, the motion of the State of Delaware for summary judgment on the cross-claim of defendant Michelle L. Bowman is DENIED.

IT IS SO ORDERED.

Del.Super.,1997.
Johnson v. Bowman
Not Reported in A.2d, 1997 WL 719354 (Del.Super.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.